# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE: 334 Deerwander Road, Hollis Center, ME 04042 |
| Henry W. Howe IV and Melanie B. Howe | Mortgage: April 20, 2007 Book 15139, Page 0540 York County |
| **Defendants** | |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Henry W. Howe IV and Melanie B. Howe, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by

Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in which the Defendants, Henry W. Howe IV and Melanie B. Howe, are the obligor and the total amount owed under the terms of the Note is Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 is a National Association organized under the laws of United States of America, with its principal place of business located at 1100 North Market, Wilmington, DE 19801.

5. The Defendant, Henry W. Howe IV, is a resident of Standish, County of Cumberland and State of Maine. The Defendant, Melanie B. Howe, is a resident of Hollis Center, County of York and State of Maine.

## FACTS

6. On April 20, 2007, by virtue of a Warranty Deed from Christopher J. Cote and Heather L. Cote, formerly known as Heather L. King, which is recorded in the York County Registry of Deeds in **Book 15139, Page 0538**, the property situated at 334 Deerwander Road, County of York, and State of Maine, was conveyed to the Defendants, Henry W. Howe IV and

Melanie B. Howe, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On April 20, 2007, the Defendants, Henry W. Howe IV and Melanie B. Howe, executed and delivered to Challenge Financial Investors Corp. a certain Note in the amount of $208,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. On August 12, 2014, the Defendants, Henry W. Howe IV and Melanie B. Howe, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $237,329.72 (herein after referred to as the "Loan Modification"). *See* Exhibit D (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

9. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

10. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the lawful holder and owner of the Note.

11. The total debt owed under the Note as of August 31, 2021 is Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $237,175.09 |
| Interest | $69,301.46 |
| Late Fees | $588.40 |
| Escrow Advance | $36,035.81 |

| | |
|---|---:|
| Pro Rata MIP/PMI Amount | $34.67 |
| Rec Corp Advance Balance | $9,164.48 |
| Grand Total | $352,299.91 |

*See* Exhibit C (a true and correct copy of the Payment History is attached hereto and incorporated herein).

12. Upon information and belief, the Defendants, Henry W. Howe IV and Melanie B. Howe, are presently in possession of the subject property originally secured by the Note.

13. The Defendants are not in the Military. *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

14. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 13 as if fully set forth herein.

15. On April 20, 2007, the Defendants, Henry W. Howe IV and Melanie B. Howe, executed and delivered to Challenge Financial Investors Corp. a certain Note in the amount of $208,000.00. *See* Exhibit B.

16. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Henry W. Howe IV and Melanie B. Howe.

17. The Defendants, Henry W. Howe IV and Melanie B. Howe, having failed to comply with the terms of the Note, are in breach of the Note.

18. The Defendants Henry W. Howe IV and Melanie B. Howe's breach is knowing, willful, and continuing.

19. The Defendants Henry W. Howe IV and Melanie B. Howe's breach has caused Plaintiff Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

20. The total debt owed under the Note as of August 31, 2021 is Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $237,175.09 |
| Interest | $69,301.46 |
| Late Fees | $588.40 |
| Escrow Advance | $36,035.81 |
| Pro Rata MIP/PMI Amount | $34.67 |
| Rec Corp Advance Balance | $9,164.48 |
| Grand Total | $352,299.91 |

*See* Exhibit C

21. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

22. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

23. By executing, under seal, and delivering the Note, the Defendants, Henry W. Howe IV and Melanie B. Howe, entered into a written contract with Challenge Financial Investors Corp. who agreed to loan the amount of $208,000.00 to the Defendants. *See* Exhibit B.

24. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and successor-

in-interest to Challenge Financial Investors Corp., and has performed its obligations under the Note.

25. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Henry W. Howe IV and Melanie B. Howe.

26. The Defendants, Henry W. Howe IV and Melanie B. Howe, having failed to comply with the terms of the Note, are in breach of contract.

27. The Defendants, Henry W. Howe IV and Melanie B. Howe, are indebted to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 in the sum of Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, for money lent by the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to the Defendants.

28. Defendants Henry W. Howe IV and Melanie B. Howe's breach is knowing, willful, and continuing.

29. Defendants Henry W. Howe IV and Melanie B. Howe's breach has caused Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

30. The total debt owed under the Note as of August 31, 2021 is Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $237,175.09 |

| | |
|---|---:|
| Interest | $69,301.46 |
| Late Fees | $588.40 |
| Escrow Advance | $36,035.81 |
| Pro Rata MIP/PMI Amount | $34.67 |
| Rec Corp Advance Balance | $9,164.48 |
| Grand Total | $352,299.91 |

*See* Exhibit C.

31. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

32. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. Challenge Financial Investors Corp., predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, loaned Defendants, Henry W. Howe IV and Melanie B. Howe, $208,000.00. *See* Exhibit B.

34. As a result of the Defendants` failure to perform under the terms of their obligation, the Defendants, Henry W. Howe IV and Melanie B. Howe, should be required to compensate the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1.

35. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief under the doctrine of *quantum meruit*.

36. The total debt owed under the Note as of August 31, 2021 is Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $237,175.09 |
| Interest | $69,301.46 |
| Late Fees | $588.40 |
| Escrow Advance | $36,035.81 |
| Pro Rata MIP/PMI Amount | $34.67 |
| Rec Corp Advance Balance | $9,164.48 |
| Grand Total | $352,299.91 |

See Exhibit C.

## COUNT IV –UNJUST ENRICHMENT

37. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. Challenge Financial Investors Corp., predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, loaned the Defendants, Henry W. Howe IV and Melanie B. Howe, $208,000.00. *See* Exhibit B.

39. The Defendants, Henry W. Howe IV and Melanie B. Howe, have failed to repay the loan obligation.

40. As a result, the Defendants, Henry W. Howe IV and Melanie B. Howe, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 as successor-in-interest to Challenge Financial Investors Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

41. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief.

42. The total debt owed under the Note as of August 31, 2021 is Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $237,175.09 |
| Interest | $69,301.46 |
| Late Fees | $588.40 |
| Escrow Advance | $36,035.81 |
| Pro Rata MIP/PMI Amount | $34.67 |
| Rec Corp Advance Balance | $9,164.48 |
| Grand Total | $352,299.91 |

See Exhibit C.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, prays this Honorable Court:

a) Find that the Defendants, Henry W. Howe IV and Melanie B. Howe, are in breach of the Note by failing to make payment due as of October 1, 2014, and all subsequent payments;

b) Find that the Defendants, Henry W. Howe IV and Melanie B. Howe, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendants, Henry W. Howe IV and Melanie B. Howe, are in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due October 1, 2014 and all subsequent payments;

d) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendants, Henry W. Howe IV and Melanie B. Howe have been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to restitution;

g) Find that the Defendants, Henry W. Howe IV and Melanie B. Howe, are liable to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, for money had and received;

h) Find that the Defendants, Henry W. Howe IV and Melanie B. Howe, are liable to the Plaintiff for quantum meruit;

i) Find that the Defendants, Henry W. Howe IV and Melanie B. Howe, have appreciated and retained the benefit of the Note and the subject property;

j) Find that it would be inequitable for the Defendants, Henry W. Howe IV and Melanie B. Howe, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to restitution for this benefit from the Defendants, Henry W. Howe IV and Melanie B. Howe;

l) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m) Additionally, issue a money judgment against the Defendants, Henry W. Howe IV and Melanie B. Howe, and in favor of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in the amount of Three Hundred Fifty-Two Thousand Two Hundred Ninety-Nine and 91/100 ($352,299.91) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1,
By its attorneys,

Dated: September 30, 2021

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com