UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1** | CIVIL ACTION NO: 2:21-cv-00278-NT |
| Plaintiff | **COUNTER DEFENDANT'S RESPONSE TO COUNTER PLAINTIFF'S ANSWER & AFFIRMATIVE DEFENSES, COUNTERLCAIMS, & DEMAND FOR JURY TRIAL** |
| vs. | RE: <br> **334 Deerwander Road, Hollis Center, ME 04042** |
| **Henry W. Howe IV and Melanie B. Howe** | Mortgage: <br> **April 20, 2007** <br> **Book 15139, Page 0540** |
| Defendants | |
| **Asset Acceptance LLC** | |
| Party-In-Interest | |
| **Melanie B. Howe** | |
| Counter Plaintiff | |
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1; Fay Servicing, LLC** | |
| Counter Defendant | |

NOW COMES the Counter Defendants, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("MFRA") and Fay Servicing, LLC ("Fay")(collectively "Counter Defendants") by and through undersigned counsel, and hereby responds to Counter Plaintiff's Melanie B. Howe's, ("Counter Plaintiff" or "Howe"), Answer & Affirmative Defenses, 71 paragraphs plus sub-parts, captioned "Counterclaims," & Demand for Jury

Trial as follows:

### Response to "I. INTRODUCTION & PARTIES"

1.   The Counter Defendants admit that Howe is a borrower on a note that she and her former husband, Henry W. Howe, IV, signed on or about April 20, 2007, in favor of Challenge Financial Investor's Corp., a Florida Corporation ("Challenge")(the "Howe Loan") and acknowledged and modified three times (2010, 2011 and 2014); deny that Howe's Counterclaims state any claim under Federal or State law, and deny that Counter Defendants violated the law or the loan contracts.

   a.   MFRA admits attempting to collect upon the Howe Loan, acknowledged and modified three times and in default since 2014, but denies that it is without right to do so; denies that it is precluded from doing so by a declaratory action brought against Challenge Financial Investors Corp. (the "Challenge Declaratory Judgment Action") in which Howe was a Party-in-Interest; denies that the Challenge Declaratory Judgment Action is "prior litigation;" denies that it is "splitting its claims" and further denies any remaining allegations in Paragraph 1(a).

   b.   Fay admits that it has attempted to lawfully collect the Howe Loan obligation, acknowledged and modified three times since origination and in default since 2014, but denies it has used "threatening methods of collection" and denies any remaining allegations in Paragraph 1(b).

2.   Counter Defendants admit that Howe is a borrower on a note that she and her former husband, Henry W. Howe, IV, signed on or about April 20, 2007, in favor of Challenge, the Howe loan; Counter Defendants further admit that a portion of the proceeds of the loan were used by Ms. Howe to acquire the home and property located at 334 Deerwander Road, Hollis Center, Maine 04042 (the "Property") but Counter Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations that the Property was used exclusively as Howe's family home and that the loan was used "otherwise entirely for consumer purposes." Counter Defendants further admit that the Howes remain obligated on the Loan notwithstanding the transfer of the deed from Mr. Howe to Mrs. Howe in 2022.

3. Counter Defendants admit that MFRA is, and claims to be, the assignee and holder of the Howe Note, acknowledged and modified three times, all memorializing the Howe Loan and denies that it cannot "show any assignment" by any authorized party. *See* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33; 227 A.3d 577 (2020).

    a. Counter Defendants deny that MFRA is a debt collector pursuant to 15 U.S.C. §1692a(6); deny the statement of its "principal business;" deny it purchase loans for "pennies on the dollar;" deny it "exists solely to acquire defaulted consumer debts;" and admits it uses the U.S. Postal service.

    b. Counter Defendants admit that MFRA acquired the Loan during the Challenge Declaratory Judgment Action; denies that the "enforceability and collectability of the Loan" is or was "in serious doubt" and denies the remaining allegations in Paragraph 3(b).

4. Counter Defendants deny the allegations in Paragraph 4 to the extent that they allege Fay is a "Debt Collector;" deny the applicability of 14 M.R.S. 6113 to the instant claims, and admit that Fay services this loan.

    a. Counter Defendants deny the allegations in Paragraph 4(a) as liability between a principle and an agent depends on the act; and further responds that this is an incorrect statement of the law to which no Answer is required.

    b. Counter Defendants admit that a portion of Fay's business activities include the servicing of loans as defined in 14 M.R.S. 6113 and further admit that Fay services

>  Howe's loan but deny the applicability of 14 M.R.S. 6113 to the instant claims, and even if the sections apply the Counter Defendants acted in Good Faith following the 2014 Default of the acknowledged and thrice modified loan and would be exempted under section 5.

**5.** Counter Defendants admits that they have engaged and authorized Doonan, Graves & Longoria, LLC ("DGL") to represent them with respect to the Loan, but deny that DGL is a debt collector pursuant to 15 U.S.C. §1692a(6); deny the applicability of the law to the instant claims and further respond that this paragraph contains statements, and miss-statements, of the law to which no Answer is required and if an answer is required deny same.

**Response to: II. JURISDICTION AND VENUE**

**6.** Counter Defendants admit that the Court has issued an Order dated May 13, 2022, adding Fay as a counter defendant; but deny that the counterclaims are authorized by Fed. R. Civ. P. 13. Counter Defendants deny the remaining allegations in Paragraph 6.

**7.** Counterclaim Defendants deny that Howe has pled facts sufficient to establish a Federal Question, deny that this Court has Federal Question jurisdiction pursuant to 28 U.S.C. 1331 over Counter Plaintiff's FDCPA claims and denies that this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a).

**8.** Counter Defendants admit that MFRA is the investor and holder of the Note, and that Fay is registered to do business in Maine but deny the remaining allegations in Paragraph 8.

**9.** Counter Defendants deny that Howe has been "injured" by remaining in the premises during the collection process following her default as caselaw in Maine has evolved and further that any harm or stress is offset by occupying the home without making contractual payments and while the Counter Defendants and their predecessors have advanced taxes and insurance to allow Howe to continue to reside in the premises; lack knowledge as to whether any

alleged injuries to Howe occurred in Maine but deny any wrongdoing by MFRA or Fay.

10. Counter Defendants admit the allegations in Paragraph 10.

### Response to: IV. [sic] FACTS

**A. THE GENERAL DEBT BUYER AND MORTGAGE CRISIS**

11. Counter Defendants deny Howe's characterizations of a "foreclosure crisis" and the baseless, irrelevant statements and undocumented statistics and the Counter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Counterclaim.

12. Counter Defendants deny both the substance and the relevancy of the allegations in Paragraph 12 of the Counterclaim.

   a. Counter Plaintiff purports to quote a September 2015 article from the New York Times to which no response is required. Counter Defendants deny the allegations in Paragraph 12(a) to the extent that Counter Plaintiff mischaracterizes, misquotes or takes out of context the quoted text, and further denies any relevancy of the statements made.

   b. Counter Plaintiff purports to quote a May 2016 publication from the National Consumer Law Center to which no response is required. Counter Defendants deny the allegations in Paragraph 12(b) to the extent that Counter Plaintiff mischaracterizes, misquotes or takes out of context the quoted text and further denies any relevancy of the statements made.

   c. Counter Plaintiff purports to quote a June 2015 publication from "The Center for Popular Democracy" to which no response is required. Counter Defendants deny the allegations in Paragraph 12(c) to the extent that Counter Plaintiff

mischaracterizes, misquotes or takes out of context the quoted text and further denies any relevancy of the statements made.

13. Counter Defendants admit that Counter Plaintiff purports to bring an action pursuant to the FDCPA and Maine's Mortgage Servicer Duty of Good Faith statute but denies any wrongdoing; denies the applicability of these sections and denies any remaining allegations in Paragraph 13.

B. **FACTS RELATED TO THE COUNTER PLAINTIFF**

14. Counter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 other than information that appears in the public records and court records including the probate records concerning these matters.

15. Counter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 other than information that appears in the public records and court records including the probate records concerning these matters.

16. Counter Defendants deny any violation of the law and lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16 other than information that appears in the public records and court records including the probate records concerning these matters.

17. Counter Defendants admit the allegations in Paragraph 17.

18. Counter Defendants admit that at the time of the transaction Mortgage Electronic Registration Systems, Inc. (MERS) held the right to record the mortgage. Counter Defendants further admit that, at the time of the transaction, Challenge was entitled to enforce the Note, foreclose the mortgage, and to impose and/or collect certain fees. The limitations of the MERS assignment, as a result of a narrow window of Maine caselaw, are far narrower that outlined by Howe, *see* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33; 227 A.3d 577 (2020) and the

Counter Defendants deny that any present limitations on the ability to foreclose in any way impacts the Howe's obligation to pay their loan or the Counter Defendant's ability to collect it. Counter Defendants deny the remaining allegations in Paragraph 18 including any allegation that the rights to enforce the Note and to proceed in equity remain with the originator. *See* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33 ¶¶ 9-11 and (Horton J. concurring) 14-30.

19. Counter Defendants admit that MTGLQ Investors LP held certain rights under the mortgage and held the Note, which was endorsed in blank. Counter Defendants deny the remaining allegations in Paragraph 19. To the extent that this paragraph contains an incomplete statement, or misstatement of Maine law no response is required.

20. Counter Defendants admit that MTGLQ Investors LP filed a declaratory judgment action in the Superior Court for York County, Maine against Challenge Financial Investors Corp. seeking declaration that MTGLQ Investors LP was the holder of the Note, and also had standing to bring a foreclosure action to enforce the Mortgage. Counter Defendants deny any remaining allegations in Paragraph 20.

21. Counter Defendants admit that Melanie Howe and Henry Howe were named as *Parties-in-Interest* in the Challenge Declaratory Judgment Action but deny the characterization of this action as a "Prior Action" and deny any remaining allegations in Paragraph 21.

22. Counter Defendants admit that MTGLQ Investor LP commenced the action on or about June 26, 2017 but deny the characterization of the Challenge Declaratory Judgment Action as a "Prior Action."

    a. Counter Defendants admit the allegations in Paragraph 22(a).

    b. Counter Defendants admit the allegations in Paragraph 22(b).

    c. Counter Defendants admit the allegations in Paragraph 22(c).

    d. Counter Defendants deny the allegations in Paragraph 22(d); specifically deny that in

        the Declaratory action against Challenge, in which Howe was only a Party-in-Interest, that any of the claims brought in this action were required to be "joined;" deny that any claims were "split" and further deny any further allegations in this paragraph.

    e.    Counter Defendants admit that it did not amend its Declaratory Complaint against Challenge in the Challenge Declaratory Judgment Action, to which Howe was a Party-in-Interest and not a Defendant, and further deny any remaining allegations in Paragraph 22(e).

    23.    Counter Defendants admit the allegations in Paragraph 23 that DGL represented MTGLQ Investors LP in the Challenge Declaratory Judgment Action but deny the characterization of that matter as a "Prior Action" and deny that it was litigated to its conclusion as the matter was dismissed with prejudice with a marginal notation on the motion following the *Beal Bank* decision declining to compel an assignment to establish standing in this manner.

    24.    Counter Defendants admit the Challenge Declaratory Judgment Action was brought against Challenge by MTGLQ Investors LP when that entity was the holder and owner of the Note. Counter Defendants further admit that during the pendency of the litigation, MFRA became the holder and owner of the Note, and was substituted as Plaintiff on or about December 15, 2017, but Counter Defendants deny the characterization of that matter as a "Prior Action;" deny the baseless "pennies on the dollar" allegations; deny the allegation that How Loan contractual obligation thrice modified and in default since 2014 is "*per se* unenforceable;" and deny the remaining allegations in Paragraph 24.

    25.    Counter Defendants admit that the Howe Loan has not been paid since prior to the Challenge Declaratory Judgment Action, shortly after the third modification in 2014, but deny the remainder of the allegations in this paragraph, particularly where, as here, Howe modified the loan

three times with successive holders following the Challenge origination, and in each modified contract, explicitly and implicitly acknowledges the authority and ability of the Counter Defendant's predecessor-in-interests to modify the contractual documents including the Note and the Mortgage, and further denies the balance of the allegations in Paragraph 25.

26. Counter Defendants deny the allegations in Paragraph 26 generally, deny that the modified loan is "defective" "unenforceable" and specifically deny that "its own counsel" and predecessor-in-interest believed that the modified Howe loan was not enforceable.

27. Counter Defendants admit that MFRA did not seek to amend the Complaint in the Challenge Declaratory Judgment Action. Counter Defendants further admit that DGL acted as counsel for MFRA in the Challenge Declaratory Judgment Action but deny that is relevant and further that communications are attorney client privileged.

   a. Counter Defendants admit the allegations in Paragraph 27(a) that MFRA is and was the holder of the Howe Loan and that it is entitled to enforce that loan which has been in default since 2014, but deny that the actions were the same in that the Challenge Declaratory Judgment Action which was brought against Challenge and did not include a count on the note or in equity against Howe who was a party-in-interest in that action.

   b. Counter Defendants admit that MFRA did not assert breach of note, breach of contract, or quantum meruit claims against Howe, a party-in-interest, in the Challenge Declaratory Judgment Action and denies the remaining allegations in Paragraph 27(b).

28. Counter Defendants admit that Fay became the servicer of the loan on or about September 7, 2017, and that the loan was in default at that time. Counter Defendants deny that the thrice modified Howe Mortgage Loan "was unenforceable" and deny the remaining allegations in

Paragraphs 28 and 28(a).

29. Counter Defendants admit that Fay services the Howe Loan on behalf of MFRA and that a portion of its business includes collections activities, but deny that Fay became the "Collector." Counter Defendants further admit that DGL has acted as legal counsel for MFRA and Fay in the Challenge Declaratory Judgment Action and from December 15, 2017, to present but deny the relevancy of that fact. Counter Defendants deny that the declaratory action in which Challenge was the defendant was a "Prior Action" to the instant action against Howe; and deny any remaining allegations in Paragraph 29.

30. Counter Defendants admit that following *Beal Bank* the Challenge Declaratory Judgment Action was dismissed with prejudice with a marginal note on the motion; but deny that it was a "Prior Action" against Howe; deny that it was a "final judgment in favor of Ms. Howe" a party-in-interest in the declaratory action; and deny any inference that dismissal of a declaratory case against Challenge precluded any future action except a future declaratory action against Challenge; and deny any remaining allegations in Paragraph 30.

31. Counter Defendants admit that MFRA filed a Motion to Amend Judgment Pursuant to M.R. Civ. P. 59(e) in the Challenge Declaratory Judgment Action on or about March 13, 2020, and that Counter Plaintiffs quote a portion of MFRA's Motion to Amend Judgment. Counter Defendants deny that denial of a request for clarification in the dismissal of the Challenge Declaratory Judgment Action somehow converts the dismissal of a declaratory action against a different defendant with unique claims to a "Prior Action" against Ms. Howe.

32. Counter Defendants deny the allegations in Paragraph 32; specifically deny that the Motion brought in the Challenge Declaratory Judgment Action has any relevance to the instant matter; deny that there was a "claim split" created by the claims brought or dismissed in Challenge Declaratory Judgment Action and deny the allegation that the Counterclaim Defendants have

proceeded "again and again" on the thrice modified Howe Loan.

33. Counter Defendants deny that the dismissal with prejudice of the Challenge Declaratory Judgment Action had any preclusive effect to bringing an action to enforce the Howe Loan contract at law or in equity but admits that it filed the present action on the Note and in equity with this Court.

34. Counter Defendants admit that MFRA did not file an appeal of the order in the Challenge Declaratory Judgment Action and that Fay is an agent of MFRA; but deny that this or any judgment in a declaratory action has any preclusive effect on filing an action again a party-in-interest common to both matters and denies any remaining allegations in Paragraph 34.

35. Counter Defendants admit that the February 26, 2020 Order is a matter of public record and that Fay has knowledge of the Order. Counter Defendants deny Howe's attempts to characterize the Order as having any legal import to the instant action; and denies any remaining allegations in Paragraph 35.

36. Counter Defendants deny any factual allegations implicit in this paragraph 36 and object to the characterization of the Counter Defendant entities; specifically deny that the instant litigation is in any way a duplication of the Challenge Declaratory Judgment Action; deny that the declaratory action was a "course of action" against Howe; deny that the dismissal of the Challenge Declaratory Judgment Action following *Beal Bank* was a "loss on the merits" of the claims brought against Howe in the instant matter.

37. Counter Defendants deny the interpretation of the Order entered in the Challenge Declaratory Judgment Action and related allegations in Paragraph 37; deny that the Motion was "to pursue more litigation against Ms. Howe;" and deny that that Order precludes bringing the instant action to enforce the Howe Loan agreements.

38. Counter Defendants admit that MFRA did not file an appeal in the Challenge

Declaratory Judgment Action but denies the remaining allegations in Paragraph 38.

39. Counter Defendants admit that the April 7, 2021, Order in the Challenge Declaratory Judgment Action is a matter of public record; that Fay has and had knowledge of the Order; but deny the characterization of the Order; deny the alleged preclusive impact on collections; and deny the remaining allegations in Paragraph 39.

40. Counter Defendants deny that the dismissal of the action against Challenge, the Challenge Declaratory Judgment Action, is a "Prior Action" to the instant action against Howe; deny that the dismissal of the Challenge Declaratory Judgment Action "precluded it from the right to collect from Ms. Howe;" deny that a "free house" is the explicit or implicit result of this or any declaratory action brought pre *Beal Bank* to establish standing; admit that MFRA filed a four-count Complaint against Counter Plaintiff and assert that the Complaint speaks for itself; and deny the remaining allegations in Paragraph 40.

41. Counter Defendants deny the allegations in Paragraph 41, specifically the Challenge Declaratory Judgment Action was brought against Challenge and Howe was a party-in-interest; the allegations are specifically denied where, as here, the Challenge Declaratory Action was not brought against Howe and there were no claims against Howe or any other Party-in-interest in the Challenge Declaratory Judgment Action.

42. Counter Defendants admit that Fay is aware of the instant action but denies that the dismissal of the Challenge Declaratory Judgment Action in any way impacts the ability of MFRA to bring the instant action and denies the remaining allegations in Paragraph 42.

43. Counter Defendants deny that the instant action against Howe is barred by "the doctrine of claim preclusion or collateral estoppel" by the bringing or the dismissal of the Challenge Declaratory Judgment Action; and deny the remainder of the allegations in Paragraph 43.

   a. Counter Defendants admit that MFRA was a party to the Challenge Declaratory

       Judgment Action; but deny that Howe was a Defendant in that action, as reflected in the caption throughout, Howe was named only as a *Party-in-Interest* to the Challenge Declaratory Judgment Action solely due to her interest in the underlying real property; and deny any remaining allegations in Paragraph 43(a).

    b. Counter Defendants deny the allegations in Paragraph 43(b) as the dismissal of the Challenge Declaratory Judgment Action is not a "Prior Action" to the instant matter; was not "two" judgements; and has no preclusive effect to the claims in the instant action.

    c. Counter Defendants admit that Ms. Howe had been in default on the thrice modified Howe Loan for over three years at the time the Challenge Declaratory Judgment Action was filed but deny the remaining allegations in Paragraph 43(c).

44. Counter Defendants deny that the dismissal of the Challenge Declaratory Judgment Action in any way precluded the instant action; and admit that they authorized DGL to file the instant action; deny the relevancy of that and assert that all communications thereto are attorney client privileged; deny any wrongdoing whatsoever, as well as denying any remaining allegations in Paragraph 44.

45. Counter Defendants admit that Howe has made no payments on the thrice modified Howe Mortgage Loan since October 2014; deny that the claims are time barred; deny the remaining allegations in Paragraph 45.

46. Counter Defendants admit that the statute of limitations for claims of quantum meruit and unjust enrichment under Maine law is six (6) years but deny the remaining allegations in Paragraph 46.

47. Counter Defendants admit that Fay sent a letter dated September 21; the letter speaks for itself; deny that the dismissal of the Challenge Declaratory Judgment Action permanently

eliminated the ability to foreclose the Howe Mortgage lien; (*see* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33 ¶¶ 9-11 and (Horton J. concurring) 14-30); and deny the remaining allegations in Paragraph 47.

48. Counter Defendants deny that the dismissal of the Challenge Declaratory Judgment Action is a judgment that MFRA "held no valid mortgage;" (*see* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33 ¶¶ 9-11 and (Horton J. concurring) 14-30); admit that Fay sent monthly loan statements to Counter Plaintiff as the thrice modified mortgage loan has remained in default since 2014; but deny the remaining allegations in Paragraph 48, and 48(a) – 48(d). (The present inability to establish standing through a declaratory case by virtue of the decision in *Beal Bank* and the dismissal of the Challenge Declaratory Judgment Action does not equate to an "elimination" of the modified Howe Loan; deny any allegations or inferences inconsistent with the fact that the debt remains and all efforts to collect the loan were, and continue to be, lawful. Counter Defendants further admit that DGL sent mail to all known addresses for the defendant; deny the relevance or that and assert attorney client privilege to all communications between it's law firm and itself; and deny the remaining allegations in Paragraph 48(e).

49. Counter Defendants admit that Fay engaged vendors to conduct regular inspections of the property pursuant to the terms of the contracts, Howe default in payment; but lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 49.

50. Counter Defendants admit that Fay engaged vendors to conduct regular inspections of the property pursuant to the terms of the contracts throughout the time of servicing; but lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 50.

51. Counter Defendants admit that Fay has contacted Counter Plaintiff by phone following her default on the Howe Loan; but denies the implication that the dismissal of the Challenge Declaratory Judgment Action eliminated any or all of Howe's contractual obligations for

payment of the Howe Loan and denies the remaining allegations in Paragraph 51.

    52.    Counter Defendants deny the allegations in Paragraph 52.

## COUNT I

    53.    Counter Defendants repeat and reallege their responses to Paragraphs 1-52 with the same effect as if fully set forth herein.

    54.    Counter Defendants deny the allegations in Paragraph 54.

    55.    Counter Defendants deny the allegations in Paragraph 55.

    56.    Counter Defendants deny the allegations in Paragraph 56.

    57.    Counter Defendants deny the allegations in Paragraph 57.

    58.    Counter Defendants deny the allegations in Paragraph 58.

    59.    Counter Defendants deny the allegations in Paragraph 59.

    60.    Counter Defendants deny the allegations in Paragraph 60.

    61.    Counter Defendants deny the allegations in Paragraph 61.

    62.    Counter Defendant admit that the FDCPA provides for statutory and actual damages; but deny the applicability of this law to the instant claims; deny that Counter Plaintiff is entitled to any damages under the FDCPA or any other damages theory whatsoever.

## COUNT II

    63.    Counter Defendants repeat and reallege its responses to Paragraphs 1-62 with the same effect as if fully set forth herein.

    64.    Counter Defendants admit that the Howe Note is a negotiable instrument within the meaning of 11 M.R.S.§ 3-1104; deny the applicability of 14 M.R.S. § 6113(1)(C); and deny any remaining allegations in Paragraph 64.

    65.    Counter Defendants admit the allegations in Paragraph 65.

    66.    Counter Defendants admit the allegations in Paragraph 66.

67. Counter Defendants admit the allegations in Paragraph 67.

68. Counter Defendants deny the allegations in Paragraph 68.

69. Counter Defendants deny the allegations in Paragraph 69; deny that the dismissal of the Challenge Declaratory Judgment Action eliminated the Howe Loan and the creditor's ability to collect upon default; and deny that actions to enforce the thrice modified Howe Loan violated the law.

70. Counter Defendants admit that 14 MRS 6113(4)(B) provides for statutory damages; deny that the section applies to the instant claims; and deny the remaining allegations in Paragraph 70.

71. Counter Defendants deny the allegations in Paragraph 71.

## PRAYERS FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Counter Defendants deny that Counter Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF ON COUNTERCLAIMS" including subparts (I) through (IV), and respectfully requests that the Court dismiss the Counterclaim in its entirety and enter judgment in their favor and against Counter Plaintiff.

## RESPONSE TO JURY DEMAND

Counter Defendants deny that Counter Plaintiff is entitled to a jury trial with respect to all or any of their claims.

## AFFIRMATIVE DEFENSES TO THE COUNTER CLAIMS

### FIRST DEFENSE

The Counterclaims fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Counter Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, release, acquiescence, and ratification.

### THIRD DEFENSE

Counter Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH DEFENSE

Counter Defendants have not caused Counter Plaintiff to suffer any actual damages.

### FIFTH DEFENSE

Counter Plaintiff has failed to mitigate its damages.

### SIXTH DEFENSE

Counter Plaintiff's claims are barred by the doctrine of unjust enrichment.

### SEVENTH DEFENSE

Counter Plaintiff is barred from obtaining relief due to the statute of limitations.

### EIGHTH DEFENSE

Counter Plaintiff is not entitled to the relief sought in that a balancing of the equities does not favor the Plaintiff's claims.

### NINTH DEFENSE

Any and all actions taken by Counter Defendants were performed in accordance with federal and state law.

### TENTH DEFENSE

Counter Plaintiff's claims, if any, should be set off against Counter Defendants' claims against Counter Plaintiff.

### ELEVENTH DEFENSE

Any failure to comply with the FDCPA on the part of the Counter Defendants was the result of bona fide error.

TWELFTH DEFENSE

Counter Plaintiff's claims fail because Counter Defendants are not "debt collectors" as defined in §1692a(6) and interpreted in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).

THIRTEENTH DEFENSE

Counter Plaintiff's claims fail because a declaratory judgment action has no *res judicata* effect, particularly where, as here, the a declaratory judgment action sought an order transferring the subject mortgage.

**Response to HOWE's AFFIRMATIVE DEFENSES**

This section of Howe's pleading goes beyond the assertion of "Affirmative Defenses" and is riddles with factual allegations repeated from other sections of the document filed. To the extent that the "Affirmative Defenses" contain factual allegations those allegations are denied.

**PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE based on the foregoing, the Counter Defendants requests that the Court dismiss Counter Plaintiff's Counterclaim with prejudice and enter judgment in Counter Defendants' favor against Counter Plaintiff;

WHEREFORE, Counter Defendants, request that the Court award them reasonable costs including attorney's fees for defending against this Counterclaim; and

WHEREFORE, Counter Defendants request that the Court grant and award them other such relief as is necessary and appropriate.

DATED:  June 14, 2022

        /s/Reneau J. Longoria, Esq.
        Reneau J. Longoria, Esq., Bar No. 5746
        Attorneys for Plaintiff
        Doonan, Graves & Longoria, LLC
        100 Cummings Center, Suite 303C
        Beverly, MA 01915
        (978) 921-2670
        RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 14th day of June, 2022, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042

John Z Steed, Esq.
Attorney for Melanie Howe
PO Box 386
Blue Hill, ME 04614