UNITED STATES DISTRICT COURT DISTRICT OF MAINE

| | |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1** <br><br>     Plaintiff <br><br> v. <br><br> **HENRY W. HOWE IV** <br> & <br> **MELANIE B. HOWE** <br><br>     Defendants | <br><br><br><br><br> CIVIL ACTION NO: 2:21-CV-00278-NT <br><br><br> OPPOSITION TO PLAINTIFF'S <br> MOTION TO STAY PENDING APPEAL |
| **MELANIE B. HOWE** <br><br>     Counter Plaintiff <br><br> v. <br><br> **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1** <br> & <br> **FAY SERVICING LLC** <br><br>     Counter Defendants | |

NOW COMES the Defendant/Counter Plaintiff Melanie B. Howe ("Ms. Howe"), by and through counsel, and opposes the Plaintiff's Motion to Stay Pending Appeal (Doc. 36).

SUMMARY OF ARGUMENT

The Maine Supreme Judicial Court, in *Moulton,* will address the State's *res judicata* common law as it relates to failed foreclosure actions. Here, there is no foreclosure action, nor

1

can there be one because the Plaintiff was not assigned, and will likely never be assigned, a valid mortgage interest in the Premises (Doc. 8, Exhibit A). Because there is no mortgage at issue in this matter, it is very unlikely that a decision by the Law Court will impact the outcome of this litigation.

Even if *Moulton* does change the landscape of *res judicata* and claim preclusion as they apply to this case, the bulk of the Parties' dispute will remain unchanged and it would not serve judicial economy to wait on a decision in *Moulton* that, at most, would only impact a small portion of the case—Ms. Howe's argument that this action is precluded by res judicata. The rest of Ms. Howe's Counter-Complaint alleges that Fay Servicing and Wilmington Trust told her they had a mortgage interest in her house, even though they did not and knew they did not, and that they tried to collect, and continue to try to collect, money from her related to that non-existent mortgage interest. This latter contention will not be changed by *Moulton*.

## LAW AND ARGUMENT

The question of whether to grant a stay is in the sound discretion of the Court. See *Common Cause Rhode Island v. Gorbea*, 970 F.3d 11, 15-16 (1st Cir. 2020).

> Federal courts "possess the inherent power to stay [a case] for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc*., 385 F.3d 72, 77 (1st Cir. 2004). . . A district court's discretionary power to stay "should be invoked when the interests of justice counsel in favor of such a course." *Id.* at 78. Relevant factors include "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Good v. Altria Grp., Inc*., 624 F. Supp. 2d 132, 134 (D. Me. 2009); see also Microfinancial, Inc., 385 F.3d at 78. The movant bears the burden of demonstrating that "a stay is appropriate." Emseal Joint Sys., Ltd. V. Schul Int'l Co., LLC, No. 14-cv-358-SM, 2015 WL 1457630, at *1 (D.N.H. Mar. 27, 2015).

*Frangos v. Bank of N.Y. Mellon*, 2017 DNH 216, 4-5 (D.N.H. 2017) (Citations in original).

Here, the Plaintiff has failed to establish that a stay is appropriate. It cites no hardship or iniquity if the stay is granted. The Plaintiff's suggestion that a stay serves judicial economy lacks merit. It is not likely that the decision in *Moulton* will affect this litigation, and so a stay will only serve to delay. This case and *Moulton* differ in the flavor of *res judicata* at issue.

In broad terms, the *Moulton* case now before the Maine Supreme Judicial Court address the rights of mortgagors and mortgagees after a failed foreclosure action, and the Maine Supreme Judicial Court's prior holdings that a failed mortgage action precludes any future foreclosure action on the same note and mortgage.[1] The case at bar, however, has no mortgagee, nor any foreclosure action. It is therefore unlikely that at stay will serve judicial economy since it is unlikely that any decision in *Moulton* will impact this case. (Doc. 1) (making claims for enforcement of a promissory note, and equitable relieve related to the same debt, but containing no action for foreclosure).

This action deals with a rather different *res judicata* questions of whether the Plaintiff's action in this Court could have been brought in a prior action, whether the prior action, which was for a declaratory judgment, has any preclusive effect and if, because of that prior action, the present action is now barred. (Doc. 8). It is unlikely that the decision in *Moulton* will change the substantive law on these issues.

Additionally, even if *Moulton* does change the landscape of *res judicata* and claim preclusion as they apply to this case, much of the Parties' dispute will remain unchanged  The Plaintiff still seeks a judgment on its note, and various equitable claims, Ms. Howe will challenge

---

[1] Law Court Press Release, https://www.courts.maine.gov/news/article.html?id=8695828

it on its merits, and discovery will be required; Ms. Howe still alleges that that Wilmington Trust and Fay Servicing have violated the FDCPA and that Fay violated its duty of good faith in mortgage servicing by numerous acts: referring to a mortgage interest Wilmington Trust did not have, charging her fees connected to a mortgage interest Wilmington Trust did not have, and intruding on her privacy. (Doc. 8 ¶¶ 47-48, 69). No decision in *Moulton* will alter those claims.

CONCLUSION

There is likely no holding that will come out of *Moulton*, which deals with a foreclosure action, and the finality of foreclosure judgments, that would change the outcome of this litigation, in which there is no preceding foreclosure and no mortgagee. And, even if *Moulton* did alter the State's *res judicata* law in a way that did impact this litigation, it would only impact a portion of it. Ms. Howe therefor asks that this Honorable Court deny the Plaintiff's Motion.


Dated: October 30, 2022                              /s/ John Z. Steed
                                                     John Z. Steed, Esq. Bar # 5399
                                                     Island Justice
                                                     P.O. Box 771
                                                     Stonington, ME 04681
                                                     (207) 200-7077

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer & Affirmative Defenses and Counterclaims were served on counsel for **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1** and **FAY SERVICING, LLC**, when filed with this Court's CM/ECF system.

Dated: OCTOBER 30, 2022                           /s/      John Z. Steed
                                                  John Z. Steed, Esq. Bar # 5399
                                                  Law Office of Ellen S. Best
                                                  P.O. Box 386
                                                  Blue Hill, Maine 04614
                                                  (207) 374-2573