UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1<br><br>Plaintiff<br><br>vs.<br><br>Henry W. Howe IV and Melanie B. Howe<br><br>Defendants<br><br>Melanie B. Howe<br><br>Counter Plaintiff<br><br>Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 and Fay Servicing, LLC<br><br>Counter Defendants | CIVIL ACTION NO: 2:21-cv-00278-NT<br><br>PLAINTIFF/COUNTER DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO STAY PENDING APPEAL<br><br>RE:<br>334 Deerwander Road, Hollis Center, ME 04042<br><br>Mortgage:<br>April 20, 2007<br>Book 15139, Page 0540 |

NOW COMES the Plaintiff/Counter Defendant, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, ("Wilmington") by and through the undersigned counsel, hereby responds to Defendant/Counter Plaintiff, Melanie B. Howe's Opposition to Motion to Stay Pending Appeal.

Wilmington concurs generally with the recitation of the Law by Howe. This Court has broad discretion and the decision to stay a case turns on the 1.) potential prejudice to the non-moving party; 2.) hardship and inequity to the moving party without a stay; and 3.) judicial economy. Where, as here, the delay would allow the Defendant to remain in the property, whereas the Plaintiff is paying taxes and insurance and Howe is not paying the loan obligation, factors one and two are

both met. Further, since there is no foreclosure count in this matter at this time and since the statute provides the basis for the mortgage transfer which will be clarified in the near term by *Moulton*, especially since the briefs on *Moulton* have already been submitted and oral argument held, a decision should be forthcoming relatively soon and proceeding with discovery, etc. in such a fluid environment will waste the time and money of the parties as well as judicial resources

The most compelling reason to stay this matter, however, is reflected in the Howe Opposition itself. Howe acknowledges that a portion of her claim in this case--her argument that a prior declaratory case in any way impacted Wilmington's ability to enforce the note—is within the series of issues at play in *Moulton*.[1]  Howe acknowledges, "And, even if *Moulton* did alter the State's *res judicata* law in a way that did impact this litigation, it would only impact a portion of it" and "a decision in *Moulton* that, at most, would only impact a small portion of the case—Ms. Howe's argument that this action is precluded by res judicata."[2]

As the law does not favor piecemeal determination of issues, a stay is the proper course of action in this matter.  The introduction in the Amicus Brief of the undersigned states the issue squarely:

> On March 1, 2017, the Maine Supreme Judicial Court, sitting as the Law Court ("Law Court"), invited amicus briefs on:
>
>> "[W]hether the dismissal with prejudice of a foreclosure action bars a second foreclosure action based on the same note and mortgage."
>
> *Fed. Nat'l Mortg. Ass'n v. Deschaine*, 2017 ME 190, ¶ 37, 170 A.3d 230 ("*Deschaine*") and *Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 36, 175 A.3d 103 ("*Pushard*") answered that question in the affirmative. In turn, parties and the courts have relied upon these decisions not just as a bar to "second foreclosures" but also to bar and dismiss claims through which litigants sought to enforce their interests in a mortgage loan based on alternative theories, which, following dismissals in prior cases, did not include a foreclosure count. Further,

---

[1] Opposition [ECF 38] at 2.
[2] *Id.*

> following the decision in *Beal Bank USA v. New Century Mortg. Corp.*, 2019 ME 150, 217 A.3d 731, litigants who moved to dismiss their cases without prejudice have had those cases dismissed with prejudice based upon on *Deschaine* and *Pushard*. The dismissal with prejudice of declaratory cases brought by mortgagees has then been used to support requests for the dismissal with prejudice and for summary judgment with respect to the mortgagee's subsequent equitable claims and suits on the note under *Deschaine* on the theory that such suits on the note or claims in equity could have been brought in the prior declaratory case that was dismissed with prejudice.[3]

It is precisely this issue that will be determined by this Court in the instant matter. Howe's argument that "the flavor of *res judicata* at issue" in the instant case is "different" is not persuasive. As the Law Court pointed out in the oral arguments, *Moulton* was not before the Court following a failed foreclosure.[4] The Trial Court in *Moulton*, notwithstanding a pending Motion to Dismiss filed by the Plaintiff, granted Summary Judgment in favor of Moulton and released the mortgage. One of the key issues *Moulton* may determine is whether, even if the debt is unpaid, a borrower is "released" from the obligations of the mortgage based on a failure to establish its standing to foreclose. In questioning *Moulton's* counsel, the Justices focused on the language of 14 M.R.S.A.§ 6206, "If it appears that nothing is due on the mortgage, judgments shall be rendered for the defendant and for his costs, and he shall hold the land discharged of the mortgage." Justice Horton suggested that there are two possible readings of the language 1.) if the amounts due under the loan are paid and 2.) where a case is brought and judgment against the Plaintiff on the foreclosure is rendered. Justice Horton asks if the second interpretation of the statute is a "bridge too far . . ." and discussion followed of whether the statute "slams the door" on not just future foreclosures but other causes of action on the note or in equity followed. The oral arguments in *Moulton* also raised the issue of whether the trial court "jumped the gun in releasing the mortgage."

---

[3] *See Amicus Brief at* page 1. A true and correct copy of the Brief is attached hereto.
[4] https://www.courts.maine.gov/courts/sjc/arguments-stream.html; A transcript of the Oral Argument has been ordered and will be provided upon receipt.

Here, an even more extreme argument is being made: whether, despite non-payment, a servicer can take actions to collect the debt owed or as Howe argues, the present lack of a *Greenleaf* quitclaim assignment precludes collection efforts.  Even if a Foreclosure Count cannot be brought under current precedent unless and until a quitclaim or ratification assignment is obtained, Wilmington argues it is not, and was not, precluded from efforts to collect the debt pursuant to the plain meaning of 14 M.R.S.A.§ 6206 and 33 M.R.S.A. § 508.  Howe, in essence, seeks an even more draconian solution from this Court than the second interpretation of the statute outlined by Justice Horton in claiming the Declaratory Dismissal had a prophylactic effect, and, given the questioning on this point, it is likely the Law Court's opinion in *Moulton* will shed some light on the issue.

Wherefore, based on the foregoing reasons, *Moulton* may well impact the outcome of this case and it is in the interest of judicial economy to stay the matter pending the decision.

DATED:  November 14, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 14th day of November, 2022, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC

                                                100 Cummings Center, Suite 303C
                                                Beverly, MA 01915
                                                (978) 921-2670
                                                RJL@dgandl.com

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042