UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1**<br><br>**Plaintiff**<br><br>vs.<br><br>**Henry W. Howe, IV and Melanie B. Howe**<br><br>**Defendants**<br><br>**Credit Acceptance Corp.**<br><br>**Party-in-Interest**<br><br>Melanie B. Howe<br><br>**Counter-Plaintiff**<br><br>**Wilmington Trust, National Association, not in its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 and Fay Servicing LLC**<br><br>**Counter-Defendants** | **CIVIL ACTION NO: 2:21-cv-00278-NT**<br><br>**AMENDED COMPLAINT**<br><br>RE:<br>334 Deerwander Road, Hollis Center, ME 04042<br><br><br><br><br><br><br><br>Mortgage:<br>April 20, 2007<br>Book 15139, Page 0540<br>York County Registry of Deeds |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("Wilmington"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Henry W. Howe, IV, ("H. Howe"), Melanie B. Howe ("M. Howe"), and Credit Acceptance Corp. ("C.A.C.") as follows:

.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Plaintiff is a duly formed Delaware Statutory Business Trust, in good standing and Wilmington Trust, National Association, not in its Individual Capacity, but solely as Trustee, is bringing this action in its capacity as the Trustee of the MFRA 2015-1 Trust. *See* Exhibit A (a true and correct copy of the trust documents are attached hereto and incorporated herein).

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington, in which the Defendants, Henry W. Howe, IV and Melanie B. Howe, are the obligors and the total amount owed under the terms of the Note as of May 26, 2023 is Three Hundred Eighty-Two Thousand One Hundred Twenty-One and 35/100 ($382,121.35) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

4. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

5. Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 is a National Association with its principal place of business and main office located at 1100 North Market Street, Wilmington, Delaware, 19890.

6. Pursuant to 28 U.S.C. Section 1348 and the Supreme Court's decision in *Wachovia Bank v. Schmidt*, 126 S.Ct. 941 (2006), a National Association is a citizen only of the state in which its main office is located. *See also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 459, 100 S.Ct. 1779, 1781 (1980); *Onewest Bank v. Melina,* 827 F.3rd 214, 218 2nd Cir. (N.Y). Wilmington's main office is located in the State of Delaware as set forth in the attached. *See* Exhibit B (the true and correct copy of the SEC Form T-1 is attached hereto).

7. The Defendant, Henry W. Howe, IV, is a resident of Limerick, County of York and State of Maine.

8. The Defendant, Melanie B. Howe, is a resident of Hollis Center, County of York and State of Maine.

9. The Party-in-Interest, Credit Acceptance Corp., is a Corporation incorporated in the State of Michigan, with its principal place of business and main office located in the State of Michigan at 25505 W 12 Mile Road, Southfield, MI 48034, and whose State of Maine Registered Agent is Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

10. The Counter-Defendant, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, has been named as a Counter-Defendant, per Court Order [ECF No. 23] and is citizenship is set forth in paragraph 5 above.

11. The Counter-Defendant, Fay Servicing LLC ("Fay"), per Court Order [ECF No. 23], is a single member Limited Liability Corporation, whose single managing member is Edward J. Fay, a citizen of the State of Florida with an address of 5426 Bay Center Drive, Suite 300, Tampa, FL 33609.

## FACTS

12. On April 20, 2007, by virtue of a Warranty Deed from Christopher J. Cote and Heather L. Cote, formerly known as Heather L. King, which is recorded in the York County Registry of Deeds in **Book 15139, Page 0538**, the property situated at 334 Deerwander Road, County of York, Hollis Center, and State of Maine, ("the Property") was conveyed to the Defendants, Henry W. Howe, IV and Melanie B. Howe.

13. The Property was further conveyed on February 3, 2022, from Henry W. Howe, IV to Melanie B. Howe by virtue of a Quitclaim Deed, which is recorded York County Registry of Deeds in Book **18944, Page 635**, and being more particularly described by the attached legal description. *See* Exhibit C (a true and correct copy of the legal description is attached hereto and incorporated herein).

14. On April 20, 2007, the Defendants, Henry W. Howe, IV and Melanie B. Howe, executed and delivered to Challenge Financial Investors Corp. a certain Note in the amount of $208,000.00. *See* Exhibit D (a true and correct copy of the Note is attached hereto and incorporated herein).

15. 'To secure said Note, on April 20, 2007, Defendants, Henry W. Howe, IV and Melanie B. Howe, executed a Mortgage Deed with mortgage and warranty covenants in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Challenge Financial Investors Corp, securing the property located at 334 Deerwander Road, Hollis Center, ME 04042, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15139**,

**Page 0540**. *See* Exhibit E (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

16. On July 24, 2010, Defendants, Henry W. Howe, IV and Melanie B. Howe, executed a Loan Modification Agreement (herein after referred to as the "2010 Loan Modification"). *See* Exhibit F (a true and correct copy of the 2010 Loan Modification is attached hereto and incorporated herein).

17. On July 30, 2011, Defendants, Henry W. Howe, IV and Melanie B. Howe, executed a Loan Modification Agreement (herein after referred to as the "2011 Loan Modification"). *See* Exhibit G (a true and correct copy of the 2011 Loan Modification is attached hereto and incorporated herein).

18. On July 30, 2011, Defendants, Henry W. Howe, IV and Melanie B. Howe, executed a Compliance Agreement, in consideration of receiving a modification of their Mortgage Loan. *See* Exhibit H (a true and correct copy of said Compliance Agreement is attached hereto and incorporated herein).

19. The Mortgage was assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage, dated March 4, 2013, and recorded in the York County Registry of Deeds in **Book 16559**, **Page 45**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. On August 12, 2014, the Defendants, Henry W. Howe, IV and Melanie B. Howe, executed a Loan Modification Agreement (herein after referred to as the "2014 Loan Modification"), which is recorded in the York County Registry of Deeds in **Book 16893, Page 631**. *See* Exhibit J (a true and correct copy of the 2014 Loan Modification is attached hereto and incorporated herein)

21. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage, dated January 17, 2017, and recorded in the York County Registry of Deeds in **Book 17411**, **Page 360**. *See* Exhibit K (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

22. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage, dated January 19, 2017, and recorded in the York County Registry of Deeds in **Book 17411**, **Page 478,** as affected by Recission of Assignment of Mortgage, dated December 5, 2017, and recorded in the York County Registry of Deeds in Book 19113, Page 486. *See* Exhibit L (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein) and Exhibit M (a true and correct copy of the Recission of Assignment of Mortgage is attached hereto and incorporated herein).

23. The Mortgage was then assigned to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 by virtue of an Assignment of Mortgage, dated September 12, 2017, and recorded in the York County Registry of Deeds in **Book 17568**, **Page 206**. *See* Exhibit N (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

24. To address the *Greenleaf* issue created by the above listed chain of assignments which began with a MERS assignment, a Complaint to appoint a Receiver to wrap-up the affairs of the originator, Challenge Financial Corp. was filed, Receiver appointed and quitclaim assignment executed.

25.  The Mortgage was assigned by the appointed receiver to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 by virtue of a Quitclaim Assignment of Mortgage, dated February 21, 2023, and recorded in the York County Registry of Deeds in **Book 19238**, **Page 93**. *See* Exhibit O (a true and

correct copy of the Quitclaim Assignment of Mortgage is attached hereto and incorporated herein).

26. The Quitclaim Assignment together with the authority to execute as set forth in the Order of appointment was recorded at in the York County Registry of Deeds in **Book 17568**, **Page 206**. *See* Exhibit P (a true and correct copy of the Assignment of Mortgage with Order Appointing Receiver for Challenge Financial Investors Corp. is attached hereto and incorporated herein).

27. The February 3, 2023, an Order Appointing Receiver for Challenge Financial Investors Corp. was entered by the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in Case No. 22-CA-007254, and Paul Wersant, Esq. was appointed Receiver for Challenge Financial Investors Corp. *See* Ex. P at pp. 3-5.

28. On April 14, 2023, the Defendants, Henry W. Howe IV and Melanie B. Howe, were sent a Notice of Mortgagor's Right to Cure, pursuant to 14 M.R.S. §6111 as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit Q (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

29. The Demand Letter informed the Defendants, Henry W. Howe IV and Melanie B. Howe, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Ex. Q (a true and correct copy of the Demand Letter, proof it was sent and received is attached hereto).

30. The Defendants, Henry W. Howe, IV and Melanie B. Howe, failed to cure the default prior to the expiration of the Demand Letter.

31. The Plaintiff, Wilmington, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in

conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

32. The Plaintiff, Wilmington, is the lawful holder and owner of the Note and the Original Note was presented for M. Howe's review and inspection during her May 24, 2023 deposition.

33. Credit Acceptance Corp. is a Party-in-Interest pursuant to a Writ of Execution against the Defendants, Henry W. Howe, IV and Melanie B. Howe, dated February 3, 2017, in the amount of $9,308.19, and recorded in the York County Registry of Deeds in Book 17452, Page 826.

34. The total debt owed under the Note as of May 26, 2023 is Three Hundred Eighty-Two Thousand One Hundred Twenty one and 35/100 ($382,121,35) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $237,175.09 |
| Interest | $86,464.14 |
| Late Fees | $588.40 |
| Escrow Advance | $44,959.12 |
| Rec Corp Advance Balance | $12,934.60 |
| Grand Total | $382,121.35 |

*See* Exhibit R (a true and correct copy of the Judgment Figures is attached hereto and incorporated herein).

35. Upon information and belief, the Defendant, Melanie B. Howe, is presently in possession of the subject property originally secured by the Note, and the Defendant, Henry W. Howe, IV is presently not in possession of the subject property originally secured by the Note.

36. The Defendants are not in the Military. *See* Exhibit S (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

37. The Plaintiff, Wilmington repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On April 20, 2007, the Defendants, Henry W. Howe, IV and Melanie B. Howe, executed and delivered to Challenge Financial Investors Corp. a certain Note in the amount of $208,000.00. *See* Exhibit D.

39. The Plaintiff, Wilmington, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Henry W. Howe, IV and Melanie B. Howe.

40. The Defendants, Henry W. Howe, IV and Melanie B. Howe, having failed to comply with the terms of the Note, are in breach of the Note.

41. The Defendants Henry W. Howe, IV and Melanie B. Howe's breach is knowing, willful, and continuing.

42. The Defendants Henry W. Howe, IV and Melanie B. Howe's breach has caused Plaintiff, Wilmington, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

43. The total debt owed under the Note as of May 26, 2023 is Three Hundred Eighty-Two Thousand One Hundred Twenty-one and 35/100 ($382,121.35) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $237,175.09 |
| Interest | $86,464.14 |
| Late Fees | $588.40 |
| Escrow Advance | $44,959.12 |
| Rec Corp Advance Balance | $12,934.60 |
| Grand Total | $382,121.35 |

*See* Ex. R.

44. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, Wilmington repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendants, Henry W. Howe, IV and Melanie B. Howe, entered into a written contract with Challenge Financial Investors Corp. who agreed to loan the amount of $208,000.00 to the Defendants. *See* Exhibit B.

47. The Plaintiff, Wilmington is the proper holder of the Note and successor-in-interest to Challenge Financial Investors Corp. and has performed its obligations under the Note.

48. The Plaintiff, Wilmington is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Henry W. Howe, IV and Melanie B. Howe.

49. The Defendants, Henry W. Howe, IV and Melanie B. Howe, having failed to comply with the terms of the Note, are in breach of contract.

50. The Defendants, Henry W. Howe, IV and Melanie B. Howe, are indebted to Wilmington in the sum of Three Hundred Eighty-Two Thousand Two Hundred Twenty-One and 35/100 ($382,121.35) Dollars, for money lent by the Plaintiff, Wilmington, to the Defendants.

51. Defendants Henry W. Howe, IV and Melanie B. Howe's breach is knowing, willful, and continuing.

52. Defendants Henry W. Howe, IV and Melanie B. Howe's breach has caused Plaintiff, Wilmington to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note as of May 26, 2023 is Three Hundred Eighty-Two Thousand One Hundred Twenty-one and 35/100 ($382,121.35) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $237,175.09 |
| Interest | $86,464.14 |
| Late Fees | $588.40 |
| Escrow Advance | $44,959.12 |
| Rec Corp Advance Balance | $12,934.60 |
| Grand Total | $382,121.35 |

*See* Ex. R.

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III– *QUANTUM MERUIT*

55. The Plaintiff, Wilmington repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Challenge Financial Investors Corp., predecessor-in-interest to Wilmington loaned Defendants, Henry W. Howe, IV and Melanie B. Howe, $208,000.00. *See* Exhibit D.

57. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Henry W. Howe, IV and Melanie B. Howe, should be required to compensate the Plaintiff, Wilmington.

58. As such, the Plaintiff, Wilmington is entitled to relief under the doctrine of *quantum meruit*.

59. The total debt owed as of May 26, 2023 is Three Hundred Eighty-Two Thousand One Hundred Twenty-one and 35/100 ($382,121.35) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $237,175.09 |
| Interest | $86,464.14 |
| Late Fees | $588.40 |
| Escrow Advance | $44,959.12 |
| Rec Corp Advance Balance | $12,934.60 |
| Grand Total | $382,121.35 |

*See* Ex. R.

## COUNT IV – UNJUST ENRICHMENT

60. The Plaintiff, Wilmington repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Challenge Financial Investors Corp., predecessor-in-interest to Wilmington loaned the Defendants, Henry W. Howe IV and Melanie B. Howe, $208,000.00. *See* Exhibit D.

62. The Defendants, Henry W. Howe IV and Melanie B. Howe, have failed to repay the loan obligation.

63. As a result, the Defendants, Henry W. Howe, IV and Melanie B. Howe, have been unjustly enriched to the detriment of the Plaintiff, Wilmington, as successor-in-interest to Challenge

Financial Investors Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, Wilmington is entitled to relief.

65. The total debt owed under the Note as of May 26, 2023 is Three Hundred Eighty-Two Thousand One Hundred Twenty-one and 35/100 ($382,121,35) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $237,175.09 |
| Interest | $86,464.14 |
| Late Fees | $588.40 |
| Escrow Advance | $44,959.12 |
| Rec Corp Advance Balance | $12,934.60 |
| Grand Total | $382,121.35 |

*See* Ex R.

## COUNT V – FORECLOSURE AND SALE

66. The Plaintiff, Wilmington, repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

67. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 334 Deerwander Road, Hollis Center, County of York, and State of Maine. *See* Exhibit C.

68. The Plaintiff, Wilmington, is the holder of the Note referenced in Paragraph 12, pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington, has the right to foreclosure and sale upon the subject property.

69. The Plaintiff, Wilmington, is the current owner and investor of the aforesaid Mortgage and Note.

70. The Defendants, Henry W. Howe, IV and Melanie B. Howe, are presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

71. The total debt owed under the Note and Mortgage as of May 26, 2023 is Three Hundred Eighty-two Thousand One Hundred Twenty-One and 35/100 ($382,121.35) Dollars.

72. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

73. By virtue of the Defendants, Henry W. Howe, IV and Melanie B. Howe's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

74. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Henry W. Howe, IV and Melanie B. Howe, on April 14, 2023, evidenced by the Certificate of Mailing. *See* Ex. Q.

75. The Defendants, Henry W. Howe, IV and Melanie B. Howe, are not in the Military as evidenced by the attached Ex. S.

76. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington, upon the expiration of the period of redemption;

c) Determine the priority of any junior lienholders who appear in this action;

d) Find that the Defendants, Henry W. Howe, IV and Melanie B. Howe, are in breach of the Note by failing to make payment due as of October 1, 2014, and all subsequent payments;

e) Find that the Defendants, Henry W. Howe, IV and Melanie B. Howe, are in breach of the Mortgage by failing to make payment due as of October 1, 2014, and all subsequent payments;

f) Find that the Defendants, Henry W. Howe, IV and Melanie B. Howe, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Henry W. Howe, IV and Melanie B. Howe, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2014 and all subsequent payments;

h) Find that the Plaintiff is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Henry W. Howe, IV and Melanie B. Howe have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Wilmington, to restitution;

k) Find that the Defendants, Henry W. Howe, IV and Melanie B. Howe, are liable to the Plaintiff, Wilmington, for money had and received;

l) Find that the Defendants, Henry W. Howe, IV and Melanie B. Howe, are liable to the Plaintiff for *quantum meruit*;

m) Find that the Defendants, Henry W. Howe, IV and Melanie B. Howe, have appreciated and retained the benefit of the Mortgage and the subject property;

n) Find that it would be inequitable for the Defendants, Henry W. Howe, IV and Melanie B. Howe, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

o) Find that the Plaintiff, Wilmington, is entitled to restitution for this benefit from the Defendants, Henry W. Howe, IV and Melanie B. Howe;

p) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendants, Henry W. Howe, IV and Melanie B. Howe, and in favor of the Plaintiff, Wilmington, as of May 26, 2023 in the amount of Three Hundred Eighty-Two Thousand One Hundred Twenty-One 35/100 ($382,121,35) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

r) For such other and further relief as this Honorable Court deems just and equitable.

Dated: May 26, 2023

Respectfully Submitted,
Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1,
By its attorneys,

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com