## UNITED STATES DISTRICT COURT DISTRICT OF MAINE

| | |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1**<br>　　　Plaintiff<br><br>v.<br><br>**HENRY W. HOWE IV**<br>&<br>**MELANIE B. HOWE**<br>　　　Defendants | CIVIL ACTION NO: 2:21-CV-00278-NT |
| **MELANIE B. HOWE**<br>　　　Counter Plaintiff<br><br>v.<br><br>**WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1**<br>&<br>**FAY SERVICING LLC**<br>　　　Counter Defendants | |

### DEFENDANT MELANIE HOWE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendant/Counter Plaintiff Melanie B. Howe ("Howe"), by her undersigned counsel, does hereby oppose the Motion for Leave to file an Amended Complaint (ECF. 47) ("Motion to Amend") by Plaintiff Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("MFRA") and says in opposition as follows:

### I.    INTRODUCTION

The Plaintiff's Motion should be denied. It was filed over twenty months after its Complaint, and some weeks after the deadline for such amendment as set in the Court's scheduling

orders. Both circumstances call for explanation and justification, yet the Plaintiff cites not a single case and offers no argument for why its extraordinary request should be granted. Additionally, the Motion seeks to dramatically alter the contours of the parties' claims and is based on the ill-gotten gains of a Florida lawsuit that was hidden from Ms. Howe.

## II.    Factual Background

### *The Complaint in this Matter and Ms. Howe's Affirmative Claims*

Plaintiff Wilmington Trust National Association, Not in its Individual Capacity, but Soley as Trustee for MFRA Trust 2015-1 ("MFRA") filed its initial complaint twenty (20) months ago on September 30, 2021. (ECF. 1). The Defendant Melanie Howe timely responded on December 6, 2021, asserting claims against MFRA and Fay Servicing, LLC ("Fay"). (ECF. 8). The main thrust of Ms. Howe's claims against MFRA and Fay are that this action was barred as res judicata, because it could have been brought as part of  the "Prior Action", when MRFA's predecessor, and then MRFA, pursued a lawsuit, in Maine State Courts from 2017 until 2021, related to the same note, mortgage and real property as is the subject of this matter. And that Fay is a debt collector who had been asserting a right foreclosure when it had no right to foreclose and trying to collect money it was not entitled to collect against Ms. Howe. *Id.*

### *The Prior Action*

The Prior Action was a lawsuit by MTGLQ Investors ( MFRA's predecessor) against Challenge Financial Investors Corp., ("Challenge") naming Ms. Howe and her ex-husband as parties-in-interest. A copy of the complaint in that matter is attached is Exhibit A. The Prior Action "requests that [the Maine state court] order the formal and confirmatory transfer of the Mortgage

and its ownership rights of the subject property [from Challenge to MRFA]." Exhibit A at ¶ 26. The Prior Action also sought an "an in rem permanent injunction concerning the ownership of the subject property mortgage, subject to any rights of redemption held by the mortgagees, rests with the Plaintiff." Exhibit A at p. 6.

The Prior Action was dismissed, *with prejudice*, on February 26, 2020. ECF. 8-2. MFRA filed a motion to amend the judgment dismissing their case against Challenge with prejudice on March 13, 2020, and that motion was denied on April 7, 2021. ECF. 8-1. The Plaintiff did not appeal the decision in the Prior Action. ECF. 30 ¶ 34. [1]

*The Florida Action to Gain Title to the Howe Mortgage*

About a year after it filed this case, the Plaintiff filed its second (that we are aware of) declaratory judgment complaint against Challenge about the Howe loan, but this time in Florida and this time without naming Melanie or Henry Howe. A copy of the Complaint in the Florida Action is attached as Exhibit B. The Florida Action and the Prior Action are strikingly similar. They both: name Challenge as the Defendant; attach the Howe Note, the Howe Mortgage, and the Howes' loan modifications to the Complaint; note that the Howe Loan is in default; and seek an order to transfer the Howe Mortgage from Challenge to MFRA.. See Exhibit A and Exhibit B.  Unopposed in the Florida Action, MRFA was granted the relief they had been denied when Melanie Howe successfully

---

[1] Because the Prior Action sought more than mere declaratory relief, principals *of res judicata*, including claim preclusion, apply. *Sebra v. Wentworth*, 990 A.2d 538, 542 (Me. 2010) ("in circumstances where the prior claim for declaratory relief was accompanied by a request for an injunction or other coercive relief, traditional claim preclusion principles apply"). (citing *Laurel Sand Gravel, Inc. v. Wilson*, 519 F.3d 156, 163-64 (4th Cir. 2008); *Cimasi v. City of Fentoxn*, 838 F.2d 298, 299 (8th Cir. 1988); *Mandarino v. Pollard*, 718 F.2d 845, 848-49 (7th Cir. 1983); 18A Charles Alan Wright, Arthur R. Miller Edward H. Cooper, *Federal Practice and Procedure* § 4446 at 313-14 (2002)).

defended the Prior Action. A receiver was appointed who immediately signed a mortgage assignment from Challenge to MFRA on February 27, 2023. See ECF. 49, Exhibits O and P.

### III.    The Plaintiff's Motion to Amend should be Denied Because it Cites No Authority, yet Seeks Extraordinary Relief

"Every motion shall incorporate a memorandum of law, including citations and supporting authorities." Local Rule 7(a). Failure to comply with local rules may be grounds to deny a motion lacking citation. See *Adams v. Penobscot Cmty. Health Care*, No. 1:17-CV-00229-LEW, at *1 (D. Me. May 18, 2020) (noting, in order denying motion to reconsider, that the court "denied [a] motion for failure to comply with Local Rule 7(a)"); *Valentin v. Bcpeabody Constr. Servs.*, CIVIL 21-1282 (ADC), at *1 (D.P.R. Sep. 1, 2021) (denying motion to reconsider in part because "plaintiffs make no reference whatsoever to the legal standard or case law supporting their request for reconsideration").

Plaintiff's Motion to Amend does not incorporate a memorandum of law and cites no cases. This is notable because the Motion seeks extraordinary relief. It asks to amend a complaint that was filed over 20 months ago, after the deadline set by the Court's Scheduling Order for such amendments has passed (ECF. 42 sets a deadline of March 6, 2023 and ECF. 45 may have extended that deadline by 60 days to May 6, 2023), and seeks to use the fruits of its bad-faith efforts, outlined below, to dramatically change the contours of this litigation and will extend the scope of discovery in the parties' case. The Plaintiff's motion should therefore be denied.

### IV.    MFRA's Motion to Amend comes after the deadline for Amendments set by the Court and the Plaintiff's Motion Should be Denied because it has not Shown and Cannot Show "Good Cause."

As more time passes, the standard gets stricter when reviewing a motion to amend a pleading. A complaint may be amended as a matter of course within 21 days of serving it. Fed.R.Civ. P 15(a).  Once a response is made, leave of the Court or consent of the parties is required, but the

Court should "freely give leave when justice so requires." Fed.R.Civ. P. 15(b). Once a scheduling order has been issued, the "good cause shown" standard of Rule 16, is applied to requests to amend that come after the deadlines for such amendments. *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 153-54 (1st Cir. 2004).

The Plaintiff's Motion comes after the deadline to amend has passed. So, the Plaintiff must show "good cause" for why it asks for this amendment after the deadline to do so has passed. But the Plaintiff has not offered any reason, cause, explanation, excuse, justification or explanation, for its untimely pleading.

Assuming for a moment that the Plaintiff's activities in the Florida court were proper, it still cannot justify waiting almost a year to commence the Florida Action or in waiting months from getting their mortgage assignment to filing their motion to amend. MFRA knew it had an issue with title to the Howe Mortgage when it filed this action, in September of 2021. Yet, it waited nearly a year after filing the Complaint in this matter before it filed the Florida Action. Then, after it got the assignment in February of 2023, it waited several more months before seeking to amend its complaint in this matter.[2]

The Plaintiff's Motion should be denied because they have not and cannot show good cause as to why they have sought amendment after the deadline set by this court has passed.

## V.    Even Under the Liberal Standards Applied for Motions to Amend the Plaintiff's Motion should be Denied because of Undue Delay, Bad Faith, and Prejudice to Ms. Howe.

In appropriate circumstances, such as here, leave to amend a complaint may rightly be denied – "undue delay, bad faith, futility, and the absence of due diligence on the movant's part are

---

[2]    Howe does not concede the Florida action proper. It was anything but that and any order from it is void and subject to collateral attack in this Court, and any other court, should the Mortgage be further litigated.

paradigmatic examples." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, there has been undue delay and lack of diligence by the Plaintiff in the twenty (20) months that have passed since it filed its Complaint. Likewise, there has been bad faith by the Plaintiff in hiding its actions in Florida. Finally, discovery will be closed by the time this motion is ruled upon and, if it were granted, it would mean significant additional discovery and retooling of the Counter-plaintiffs case; Ms. Howe will be unduly prejudiced by the Defendant's late and unexpected Motion to Amend, and it should be denied.

### A. It has been 20 months since the Plaintiff filed its Complaint and it has Presented no Explanation about why it Waited Such a Long Time to Amend.

"Undue delay in moving to amend, even standing alone, may be . . . an adequate reason" to deny a motion to amend. *In re Lombardo*, 755 F.3d 1, 3 (1st Cir.2014) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51-52 (1st Cir.1998)); accord Perez v. Hospital Damas, Inc., 769 F.3d 800, 802 (1st Cir.2014); *Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20 (1st Cir.2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend.").

The Plaintiff's motion comes some twenty (20) months after it filed the complaint in this matter. Much shorter periods between initial filing and requested leave to amend are upheld by the First Circuit as examples of undue delay sufficient to deny a motion for leave to amend a complaint. See *Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20 (1st Cir. 2013) (motion to amend "not filed until nearly a year" after the complaint ); *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5 (1st Cir. 1995) (fourteen months); *Acosta-Mestre v. Hilton International*, 156 F.3d 49, 52 (1st Cir. 1998) (fifteen months); *Stepanischen v. Merchants Despatch Transp*, 722 F.2d 922, 933 (1st Cir. 1983) ("seventeen month[s]").

MFRA has offered no valid reason as to why it needed twenty months to amend its complaint. But, "[w]here ... considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some `valid reason for his neglect and delay.'" *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 933 (1st Cir.1983) (emphasis added).

Undo delay, in and of itself, is sufficient reason to deny Plaintiff's Motion to Amend. Here, MFRA asks this court, after what may be an unprecedented period of time, for leave to amend its Complaint without so much as mentioning in its motion that twenty months could be considered a long time. It then fails to meet its burden to show a valid reason for the neglect and delay.

Additionally, as outlined in Section VI, below, any arguments they now raise in reply to this Opposition should be disregarded as waived.

**B.    MRFA's Action in Florida, and MFRA's other, repeated, Omissions to this Court and others, exhibit Bad Faith Justifying denial of its Motion to Amend.**

A court may look beyond the specific motives for bringing a motion to amend, to the party's conduct in the litigation itself to deny the motion because of bad faith. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1121 (1st Cir. 1989) ("We do not believe, as appellant would have it, that the lower court was limited to considering only bad faith *in the making of the motion.* Because leave to amend calls into play "the pertinent balance of equitable considerations,")(quoting *Quaker State Oil Refining Corp. v. Garrity Oil Co,* 884 F.2d 1510, 1517 (1st Cir. 1989)

MFRA has been acting in bad faith from the outset in this matter. It hid (omitted) relevant facts from this court when if filed this action, from Florida courts and from Ms. Howe. MFRA continues to hide important facts even in its filing of this Motion. The Motion does not point out the rather-obvious potential issues of delay, bad faith, or the passing of the deadline to amend, in its motion.

MFRA has repeatedly shirked its duty of candor to this Court and that lack of candor, especially in pursuing the Florida Action without notifying Ms. Howe, and of hiding the Prior Action and this action from the Florida court. MFRA hid the Prior Action from this Court. It filed the Complaint in this action without telling this court of the Prior Action. This, even though MFRA knew that the Prior Action could have a preclusive effect. ECF. 8-1. MFRA hid the Florida Action from Ms. Howe. MFRA hid the Prior Action and this action from the Florida courts. There is no mention of either the Prior Action or this matter in the Florida pleadings, yet the Florida Action and the Prior Action are strikingly similar: they are both declaratory judgments by MFRA against Challenge seeking an order that will force Challenge to give MFRA its interests in the Howe mortgage.

Plaintiff's Motion to Amend should be dismissed because the Plaintiff has acted in bad faith in hiding its actions from this Court and the Florida Court and Ms. Howe.

### C.    Ms. Howe will be prejudiced by allowing the Plaintiff to Amend

"[M]otions to amend are especially disfavored where their "timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy' *Mansor v. JPMorgan Chase Bank, N.A.*, 270 F. Supp. 3d 445, 457 (D. Mass. 2017) (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998) )

Discovery is complete in this matter on July 7, 2023. If granted, the Motion to Amend will require additional discovery and legal arguments. It brings a new claim and changes the legal footing of Ms. Howe's counterclaims. And, as alluded to above, the mortgage assignment which the Plaintiff says gives them the right to foreclose (ECF. 47, Exhibits O and P), was the fruit of the Florida

Action, filed without notice to parties and without mention of this pending action and will be subject to direct and collateral attack if the Plaintiff's motion is granted. But doing so would require additional discovery, possible litigation in Florida, and significant research, litigation, and discovery involving the rather uncommon topics of comity, the full faith and credit clause and the finality, or lack of finality, of the judgments in the Florida Action.

Ms. Howe will be prejudiced by granting the Plaintiff's Motion to Amend and it should be denied.

## VI.    Any new arguments presented by the Plaintiff in its Reply to this Opposition Should be deemed waived by MFRA.

The Plaintiff cites no cases and makes no arguments as to why it's Motion should be granted, and whatever potential arguments may exist are now waived and should be ignored if raised for the first time in their reply to this opposition. *Plumley v. Southern Container, Inc.*, No. 00-140-P-C, at *1 (D. Me. Oct. 9, 2001) ("Ordinarily, when a party first raises an issue or argument in a reply memorandum, the court will not consider it"); *Martin v. Inhabitants of the City of Biddeford*, No. 02-122-P-H, at *1 (D. Me. Apr. 1, 2003) ("This court will not consider arguments first presented in a reply memorandum.").

To the extent that the Plaintiffs attempt to raise arguments in its reply to this opposition, that it failed to raise at the outset, those arguments should be disregarded and deemed waived.

## VII.    CONCLUSION

The Plaintiff's Motion should be denied. It was filed over twenty months after its Complaint, and some weeks after the deadline for such amendment was set in the Court's scheduling orders. Both circumstances call for a justification, yet the Plaintiff cites not a single case and offers not a

single argument for why its extraordinary request should be granted. Additionally, the Motion seeks to dramatically alter the contours of the parties' claims and is based on the ill-gotten gains of a Florida lawsuit that was hidden from Ms. Howe.

Ms. Howe therefore asks that the Court deny the Plaintiffs' motion.


Dated: June 16, 2022                                    /s/ John Z. Steed
                                                John Z. Steed, Esq. Bar # 5399
                                                Island Justice
                                                P.O. Box 771
                                                Stonington, ME 04681
                                                (207) 200-7077

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer & Affirmative Defenses and Counterclaims were served on counsel for **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1** and **FAY SERVICING, LLC**, when filed with this Court's CM/ECF system.


Dated: June 16, 2022                              /s/      John Z. Steed
                                                  John Z. Steed, Esq. Bar # 5399
                                                  Law Office of Ellen S. Best
                                                  P.O. Box 386
                                                  Blue Hill, Maine 04614
                                                  (207) 374-2573