# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 | CIVIL ACTION NO: 2:21-cv-00278-NT |
| Plaintiff | PLAINITFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STAY AND REFER THE MATTER TO MEDIATION |
| vs. | RE:<br>334 Deerwander Road, Hollis Center, ME 04042 |
| Henry W. Howe IV and Melanie B. Howe | Mortgage:<br>April 20, 2007<br>Book 15139, Page 0540 |
| Defendants | |
| Melanie B. Howe | |
| Counter-Plaintiff | |
| Wilmington Trust, National Association, not in its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 and Fay Servicing LLC | |
| Counter-Defendants | |

NOW COMES the Plaintiff/Counter Defendant in this matter, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 (hereinafter "Plaintiff"), and hereby REPLIES to Defendant, Melanie B. Howe's (hereinafter "Defendant") Opposition to Plaintiff's Motion to Stay and Refer this Matter to Mediation in the Foreclosure Diversion Program pursuant to 14 M.R.S. § 6321(6). As grounds therefore, Plaintiff states the following:

The Maine Legislature has requested the courts to "adopt rules to establish a foreclosure mediation program to provide mediation in actions for foreclosure of mortgages on owner-occupied

residential property with no more than 4 units that is the primary residence of the owner-occupant." 14 M.R.S.A. § 6321-A(3).

This Court has implemented the Foreclosure Diversion Program pursuant to Section 6321-10 and Local Rule 4(b). "The Court may in its discretion require mediation for an owner-occupied residential property that is the primary residence of the owner-occupant and that is in the foreclosure process". The statute provides a number of strict guidelines for mediation through the Foreclosure Diversion Program, including that mediators must be knowledgeable in real estate and mortgage law, mortgage assistance programs, loss mitigation, and mortgage servicing regulations. *See* 14 M.R.S.A. § 6321-A(7)(A). Parties are required to mediate in good faith, *see id.* § 6321-A(12), and if mediation is not successful, the case will be returned to the regular docket. The Foreclosure Diversion Program is not available to all cases but rather cases which include a Foreclosure and Sale Count. *See* Local Rule 4(b), Maine Rule of Civil Procedure 93 and Section 6321-A(6). This matter involves an owner-occupied property and by virtue of the pending Motion to Amend the Complaint to add a count for Foreclosure and Sale, this case is now eligible for the program.

The Defendant communicated during her Deposition on May 24, 2023, that she wants to retain the home, has taken steps to address the other issues in her life that have held her back, and has a household income that is also supplemented by her oldest son who is employed outside the home. It was for this reason that immediately upon filing the Motion to Amend to add the Foreclosure and Sale Count that the Motion to Stay was filed.

The Foreclosure Diversion Program is presently working with Housing Counselors designated for each court to assist borrowers to avail themselves of the recently re-launched HAF program now administered by Maine State Housing. *See* [MaineHousing Launches New Portal For Homeowner Assistance Fund (HAF)](). As set forth in a Press Release, March 7, 2023, the Program

was re-launched under the Maine State Housing Authority with a streamlined portal, simplified guidelines and housing counselors to assist with applications:

> AUGUSTA – A new online portal and expanded benefit amount are key features of a relaunch of the Maine Homeowner Assistance Fund (HAF) that opens for applications today.
>
> Fueled with $50 million from federal pandemic relief funds, the fund is available to households earning up to 150 percent of local area median income and who have suffered a financial hardship, loss of income, or increased expenses after January 21, 2020 associated with the COVID-19 pandemic.
>
> Among other changes to the program, the maximum benefit per homeowner is increasing up to $50,000.

In the just over 90 days since the relaunch, a significant number of homeowners have received awards up to $50,000.00 to reinstate their loans and awards to combine with lender-sponsored modifications to reinstate their loans, however, resources are limited and timing is of the essence.

The opposition to the Plaintiff's Motion to Stay does not focus on the sum and substance of the Program or state that the Borrower has changed her position and no longer wants to discuss alternatives for retention, but, rather, focuses on the underlying legal arguments advanced by the parties. It is clear that the attorneys in this matter disagree on the relevant law and facts in this matter and the day may come where this Court is charged with determining the merits of those arguments. However, the point of the Foreclosure Diversion Program is to set aside such disagreements, work together to mediate in good faith and see if it is possible to come to a resolution of this matter. Staying the matter is essential to the process so that time and resources are not focused on discovery, depositions, medical record subpoenas and review and motion practice.

Wherefore, and based on the foregoing, the Plaintiff/Counter Defendant requests that its Motion to Stay and Refer this matter to the Foreclosure Diversion Program be granted.

DATED:  June 27, 2023

                                                                             /s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 27th day of June 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042

Henry W. Howe IV
83 Deer Crossing Road
Limerick, ME 04048

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614