# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1** | **CIVIL ACTION NO: 2:21-cv-00278-NT** |
| **Plaintiff** | **PLAINITFF'S REPLY MEMORANDUM OF LAW TO DEFENDANT'S OPPOSITION TO MOTION TO AMEND COMPLAINT** |
| vs. | RE:<br>334 Deerwander Road, Hollis Center, ME 04042 |
| **Henry W. Howe IV and Melanie B. Howe** | Mortgage:<br>April 20, 2007<br>Book 15139, Page 0540 |
| **Defendants** | |
| **Wilmington Trust, National Association, not in its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 and Fay Servicing LLC** | |
| **Counter-Defendants** | |

NOW COMES the Plaintiff in this matter, Wilmington Trust, National Association, not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 (hereinafter "Plaintiff"), and Files this its Memorandum of Law in Reply to Defendant, Melanie B. Howe's (hereinafter "Defendant") Opposition to Plaintiff's Motion to Amend the Complaint to include specific information regarding the diversity and citizenship of the parties; to include information pertaining to the subject mortgage and the related assignments of said mortgage; to include a Count for Foreclosure and Sale, and to add Credit Acceptance Corp. as a Party-in-Interest.   As grounds therefore, Plaintiff states the following:

**I.   Introduction**

This is the Plaintiff's first Motion to Amend its Complaint. The Motion was made pursuant to Fed.R.Civ.P.15(a) and cites this rule and details the factual basis for the Motion to Amend Complaint and includes the Proposed Amended Complaint. The original complaint, filed September 30, 2021, was

filed prior to the recent decisions focusing on diversity[1] and the Opposition does not articulate any opposition to the diversity amendments, or to the amendment to add the Party-in-Interest, Credit Acceptance Corp., which may have an interest of record in the subject premises which will be extinguished by the Foreclosure and Sale of the mortgage if the amendment is allowed. The Opposition focuses only on the portion of the Amended Complaint that would add the additional Count for Foreclosure and Sale, ("Foreclosure Count").  The Motion was filed within ten (10) days of the date of the event that established the Plaintiff's right to foreclose the Howe Mortgage Lien: the expiration of the Notice of Right to Cure served pursuant to 14 M.R.S. §6111.  It was filed during discovery and prior to the deposition of Plaintiff's representative.[2]  The parties agreed upon extension of this Court's Scheduling Order by 60 days not only extended the deadline for filing an Amended Complaint, it reflected the disclosure on the Plaintiff's intent to amend its Complaint in early March. The Defendant's claim of "surprise" is contradicted by the record.[3] The filing of the Motion to Amend shortly after the requisite Notice of Right to Cure expired, reflects prompt action considering the specific facts of this case which support the Amendment to add the additional count for relief.  The Plaintiff has established Good Cause for its request to amend its complaint 18 days later than previously agreed.  The Foreclosure Count arises out of the same transaction and occurrence, the same loan documents, same parties, as the Count on the Note in the original complaint; will be proved at trial by the same exhibits and witnesses; was filed as an amendment to the instant complaint rather than a

---

[1] *See* Orders, dated June 1, 2023 in *US Bank Trust National Association v. Werenko*, 1:23-cv-00181-LEW at ECF No. 10; *US Bank Trust NA v. Rainey*, 2:23-cv-00195-LEW at ECF No. 10, and *Wilmington Trust National Association v. Adams,* 2:23-cv-00194-LEW at ECF No. 9.
[2] The history of the case is reflected on the Docket and key dates that reflect the advancement of the case and the transparency of Plaintiff with regard to its intention to enforce its security interest in the Mortgage as soon as the Law permitted are reflected there in: [41] Motion to Stay Pending Appeal (*Moulton*); [41] Order denying Motion to Stay; [44] Motion to amend Scheduling Order "moves to amend the Scheduling Order issued on December 20, 2022, at ECF Document No. 42, to extend all deadlines by 60 days. The parties have conferred and consent to this extension. As grounds therefore, Plaintiff states that additional time is needed for an Amended Complaint to be filed and for the completion of discovery."
[3] *Id.*

separate action, followed by a motion to join with this action, in the interest of Judicial Economy. The merits of this case, if the matter is not stayed and resolved in the Foreclosure Diversion Program, will be hotly contested by the parties, but that debate is best had once, in a single case, wherein all relevant arguments can be made and evidence and testimony elicited. This is a 2014 default. The lender's effort to establish its standing and to enforce the Note and Mortgage to address the default and advances have been intertwined with major changes in the law in Maine.[4] It is also true that the rights of the parties may well be further impacted by the Law Court's anticipated decision in *Moulton*.[5] The fact remains, however, that there is a legal basis for standing established under presently controlling caselaw.[6] That claim to standing is established through the Quitclaim Assignment executed February 21, 2023, by the duly appointed Receiver for Challenge Financial Investors Corp., as authorized by Order, dated February 3, 2023, of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in Case No. 22-CA007254. That Order, entitled to full faith and credit in this Court,[7]

---

[4] This case is being litigated at a time when the law in this area is being examined in the State and Federal Courts. In this District, in a case wherein a mortgagee obtained a Quitclaim Assignment, the Court rejected an attempt, based upon *Deschaine* and *Pushard* to advance a claim that "the mortgage be treated as void as a matter of law" outside of an action to foreclose. *See Johnson-Toothaker v. Bayview Loan Servicing LLC*, Civil Action No. 20-cv-00371-JDL, 2022 WL 3278883, *5 (D. ME Aug. 11, 2022). The Law Court's 2020 decision in *U.S. Bank Nat'l Ass'n v. Gordon,* 2020 ME 33, 227 A.3d 577, both the majority opinion accepting the "ratification assignment" and the concurring opinion by Justice Horton outlining the recent departure from precedent dating back to the nineteenth century and advocating the reconsideration of recent decisions that we currently have pending a decision in *Moulton* signal shifting sands in Maine law that may well impact this case as it progresses.

[5] In *Moulton*, briefed, argued and awaiting decision since 2022, the Law Court is examining, "whether the dismissal with prejudice of a foreclosure action bars a second foreclosure action based on same note and mortgage." *Fed. Nat'l Mortg. Ass'n v. Deschaine*, 2017 ME 190, ¶ 37, 170 A.3d 230 ("*Deschaine*"). *Deschaine* and *Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 36, 175 A.3d 103 ("*Pushard*") answered that question in the affirmative. Following the decision in *Beal Bank USA v. New Century Mortg. Corp.*, 2019 ME 150, 217 A.3d 731, litigants such as the Plaintiff in the instant case brought suits on the underlying notes and began the work necessary in the states where the originators failed to appoint receivers pursuant to the laws of that state to wrap up the affairs of the failed corporation. While time consuming and expensive, since *Beal Bank* came down, receivers have been appointed for numerous originators. If *Moulton* reverses *Greenleaf*, there will be no bar to second foreclosures and the path for first foreclosures following declaratory cases is also cleared. *J.P. Morgan Acquisition Corp. vs Camille J. Moulton,* Oxf-2021-412.

[7] *R.G. Fin.Corp. v. Vergara-Nunez,* 446 F. 3d 178, 182 (1st. Cir 2006)("The Full Faith and Credit Clause provides that 'Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof,'" quoting, U.S. Const. art. IV, § 1. The implementing statute provides: "The records and judicial proceedings of any court of any . . . State, Territory or Possession . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of

is a recognized path to establish standing, by returning to the state of incorporation to obtain authority to wrap-up the affairs of the corporation that failed in that state, as anticipated in *Beal Bank*.[8] In the years since *Beal Bank* was decided, cases have been filed and Orders granted establishing similar Receiverships.[9] Where, as here, standing is now established to form the basis for the Count for Foreclosure and Sale, the Amendment is timely, and the interest of Justice support the amendments sought.

## II. Legal Standard

It is well-settled in this Circuit and Federal Rule of Civil Procedure 15 provides that a "court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). As this Court has recognized, "[u]nder this liberal standard, courts should grant leave to amend absent 'any *apparent or declared reason*—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" See *Official Committee of Unsecured Creditors vs. Calpers Corporate Partners, LLC*, Civil Action No. 1:18-cv-68-NT -JDL, 2018 WL 11313799, *1 (D. ME Oct. 12, 2018), citing *United States ex. rel. Kelly v. Novartis Pharm. Corp.*, 827 F.3d 5, 10 (1st Cir. 2016), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. "The plain language of the statute requires a federal court to give a state-court judgment the same preclusive effect that judgment would receive under the law of the state in which it was rendered." *R.G. Fin.Corp. v. Vergara-Nunez* at 182, citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984); *see also Bishay v. Citizens Bank of Mass.*, 2005 WL 2514929 *4 (state court judgment entitled to full faith and credit in federal court.

[8] *Beal Bank USA v. New Century Mortgage Corp.*, 2019 ME 150 (2019).

[9] *See, e.g, In Re Mortgage Lenders Network USA, Inc.*, 2021 WL 426240 (Del. Ch. Apr. 5, 2021) (Order appointing receiver for the purpose of executing documents including Quitclaim assignments on the lender's behalf); *In Re Aegis Mortgage Corp.*, C.A. No. 2019-0009-KSJM (Del. Ch. 2019) (Order appointing receiver for the purpose of executing documents including Quitclaim assignments on the lender's behalf); *In Re First Magnus Financial Corp.* (Az. 2021) (Appointing a Receiver for the dissolved original mortgage lender); *In Re Mader's Store for Men, Inc.*, 254 N.W.2d 171 (Wisc. 1977) (Appointment of Receiver to protect from loss of assets); *In Re Platinum Capital Group,* 22TRCV00570 (Cal. 2023) (Order appointing receiver for the purpose of executing documents including Quitclaim assignments on the lender's behalf); *In Re American Home Mortgage Corporation d/b/a American Brokers Conduit*, Index No. 608164/2023 (New York 2023); *In Re Best Rate Funding Corp.,* 30-2022-01289142-CU-MC-CIC (Cal. 2023); *In re Accredited Home Lenders, Inc. dba Home Funds Direct,* Case No.: 37-2022-00033990-CU-MC-CTL (Cal. 2023).

Rule 15(a) gives courts broad discretion in deciding whether to allow or deny leave to amend. *See U.S. ex rel. Ge v. Takeda Pharm. Co.,* 737 F.3d 116, 127 (1st Cir. 2013). The standard for allowing amendments under Fed. R. Civ. P. 15(a) has often been described as "liberal," *O'Connell v. Hyatt Hotels,* 357 F.3d 152, 154 (1st Cir. 2004), and a reviewing court "must consider the totality of the circumstances" in making the determination. *See Weinreich v. Brooks*, 340 F.R.D. 57 (2021), *59, citing *Nikitine v. Wilmington Tr. Co.,* 715 F.3d 388, 390 (1st Cir. 2013). In assessing the sufficiency of the reason for delay, "a court will take account of what the movant knew or should have known and what he did or should have done" to determine whether such alterations could have been requested earlier. *In re Lombardo,* 755 F.3d 1, 3 (1st Cir. 2014), quoting *Invest Almaz v. Temple–Inland Forest Prods. Corp.,* 243 F.3d 57, 72 (1st Cir. 2001).

It is within the Court's discretion to entertain the request, and, here, the interests of justice are best served by considering the merits of the cause of action on the Note and the cause of action on the Mortgage together and granting Plaintiff's first request to amend. *See Anderson v. University of New England*, Civil Action No. 2:21-cv-00169-GZS, 2022 WL293969, *1 (D. ME February 1, 2022), citing Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see also, e.g., Official Comm. of Unsecured Creditors v. Calpers Corp. Partners LLC,* No. 1:18-cv-00068-NT, 2018 WL 11313799, at *2 (D. Me. Oct. 12, 2018) (finding no reason to deny an initial request to amend). This Court has recently drawn the line on proposed amendments, focusing on when the party had the information they sought to include in the amended complaint, in granting in part and rejecting in part a *sixth* motion to amend*, See Cohen v. City of Portland,* Civil Action No: 2:21-cv-00267-NT 2023 WL 1437811, (D. ME February, 1, 2023), citing *Moore v. Me. Dep't of Corrs.*, 1:16-cv-00398-NT, 2018 WL 5891741, at *1 (D. Me. Nov. 9, 2018). Applying this well-settled law, the Motion to Amend clearly demonstrates Good Cause for the 18 days sought in the Motion to Amend beyond the agreed upon and ordered extension.

III.     **Good Cause to Amend Established for First Motion to Amend**

Where, as here, the Motion to Amend was filed within ten (10) days of the date of the event that established the Plaintiff's right to Foreclose the Mortgage Lien, the expiration of the Notice of Right to Cure, and only 18 days beyond the agreed upon extension of this Court's deadline, the Plaintiff has established that it did not delay. In evaluating the unique circumstances of this case wherein *Greenleaf* has not, to date, been overturned, upon denial of the Motion to Stay pending Appeal on December 15, 2022, Plaintiff had to return to the state of the failed originator, retain Florida counsel, follow the laws of that state, which provide for the appointment of a receiver to wrap up the affairs of the corporation, file a Complaint and obtain Judgment appointing a Receiver. All of this was done in less than 90 days. Once the Receiver was appointed, the Assignment was promptly presented for signature, executed, recorded and the required Notice to Cure was sent. In early March, the parties agreed to a 60-day extension to complete discovery and amend the complaint, however additional time was needed to allow the Notice of Right to Cure to expire and the Defendant would not consent to the extension or the amendment so the instant Motion was filed.[10]

### IV. **Defendant's Baseless Allegations of "Bad Faith" do not Support the Denial.**

Fed. R. Civ. P 15(a) clearly states that "leave shall be free given when justice so requires." None of the requested amendments demonstrate "bad faith" and the attempt to characterize the efforts that lenders must go to generally, and in this case specifically, to establish standing following *Greenleaf* as "bad faith" are wholly without merit. Unless and until the Law Court reconsiders its decisions on the validity of otherwise valid MERS assignments, lenders and servicers must return to the originators of the mortgage loans they seek to enforce to obtain assignments to establish standing.[11] When those

---

[10] The Opposition labels this First Amendment as "extraordinary" and asks that the Motion be denied because it "cites no authority" and did not "incorporate a "memorandum of law" but the Opposition ignores not only the agreement to extend time to file an amended complaint but also the fact that the first paragraph of the Motion included the legal basis for the motion "Fed.R.Civ.P.15(a)" [ECF 47], and a plain, clear statement of the facts that support the well-settled discretion of the courts in this Circuit to grant a first motion to amend. *Anderson v. University of New England*, at *1; *Official Comm. of Unsecured Creditors v. Calpers Corp. Partners LLC*, at *2.

[11] *See Id.*

entities have wrapped up, filed bankruptcy or otherwise ceased to exist, lenders have been forced to file actions in the states of origin for those originators ,and that process, as set forth in the Motion to Amend the Complaint, was diligently pursued. It may be that the *Moulton* decision will eliminate that need for these Quitclaim Assignments. It was for this reason that the Plaintiff sought to stay this matter in October of 2022 [ECF 36] pending a decision in *Moulton*. When that Motion was denied, Plaintiff diligently retained Florida Counsel, researched, drafted and filed an appropriate action in Florida, obtained an Order appointing a Receiver to wrap up the affairs of the failed corporation, and obtained and recorded the assignment necessary to establish its standing to foreclose and sent the requisite Notice of Right to Cure. On May 26, 2023, after asking for the Defendant's consent and not receiving agreement to amend, Plaintiff promptly filed a Motion to Amend its Complaint to address these concerns and proceed. Both of Howe's Counsel were aware of the amendment prior to the lengthy deposition of Plaintiff's witness. Plaintiff should not be denied the opportunity to resolve the concerns of diversity, to include Credit Acceptance Corp. as a proper, interested party and to amend its Complaint to include a Foreclosure and Sale Count because the Defendant was "hoping" Plaintiff would not be able to establish standing to foreclose.

**V.** **Conclusion**

Based on the forgoing argument and authorities, it is respectfully submitted that the Plaintiff has demonstrated good cause for the Foreclosure and Sale Count amendment, as well as the other amendments not contested by the Defendant. Accordingly, the Plaintiff requests that this Court allow the Amended Complaint, transfer the owner-occupied matter to the Foreclosure Diversion Program, and, if not successful, return the matter back to this Court's docket to argue the various legal issues.

DATED: June 30, 2023        /s/ Reneau J. Longoria, Esq.

Reneau J. Longoria, Esq. Bar No. 005746, Attorney for Plaintiff, Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C, Beverly, MA 01915, (978) 921-2670, RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 30th day of June 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
83 Deer Crossing Road
Limerick, ME 04048

John Z Steed, Esq.
Attorney for Melissa Howe
PO Box 386
Blue Hill, ME 04614
john@islandjusticelaw.com

Phillip Robinson Esq.
Attorney for Melissa Howe
10125 Colesville Road, Suite 378
Silverspring, MD 20901
phillip@marylandconsumer.com