UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1<br><br>**Plaintiff**<br><br>vs.<br><br><br><br>Henry W. Howe IV and Melanie B. Howe<br><br><br><br>**Defendants** | CIVIL ACTION NO: 2:21-cv-00278-NT<br><br><br><br><br><br>RE:<br>334 Deerwander Road, Hollis Center, ME 04042<br><br>Mortgage:<br>April 20, 2007<br>Book 15139, Page 0540 |

**PLAINTIFF'S RESPONSIVE PRE-FILING CONFERENCE MEMORANDUM PURSUANT TO LOCAL RULE 56(H)(3)**

NOW COMES the Plaintiff in this matter, Wilmington Trust, National Association, not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 (hereinafter "Plaintiff"), and hereby RESPONDS to Defendant/Counter Plaintiff's Melanie B. Howe's ("Howe") Pre-Filing Conference Memorandum pursuant to Local Rule 56(H)(3), in anticipation of this Court's scheduled Pre-filing conference:

    **I.    PROPOSAL ON MATTERS TO BE DISCUSSED**

        A.  <u>Issues to be Discussed in Summary Judgment</u>:  Plaintiff intends to file an Opposition to Howe's Motion for Summary Judgment concerning her affirmative defenses and will provide material facts in support of its Opposition but believes that the Motion to Amend the Complaint that is pending is essential to resolve prior to discussion of Summary Judgement. Moreover, the Defendant's memorandum offers no specificity as to the issues to be presented

and most pointedly does not reference the recent Law Court Decision of *KeyBank National Association v. Elizabeth Keniston,* 2023 ME 38 (2023) which is relevant to this matter on a number of levels, including, but not limited to, that due to the statutory nature of a Maine foreclosure action, it is not even necessary to join all parties, for a foreclosure action to proceed, specifically quoting from a prior decision "Actions under the mortgage may be treated as separate and distinct from actions under the note because notes are unsecured and separate from mortgages, presenting differing issues that may, sometimes be adjudicated in separate proceedings." (Par 16)

There are numerous other issues that should be discussed at the Court conference. Among them are clearly articulated rules in Maine for standing of a foreclosure action, conditions precedent for the bring of a foreclosure action and particular rules concerning *res judicata* and declaratory judgment actions. While counsel for the Plaintiff is ready, willing and able to discuss these and other matters with opposing counsel and the Court in anticipation of a Motion for Summary Judgment it should be incumbent upon the moving party, in these circumstance, to clearly articulate the issues it intends to bring before the Court.

B. <u>Length of Material Facts</u>: Plaintiff proposes a <u>10</u> page limit with material facts in Opposition to Howe's filing Page limit with approximately 30 material facts to be annotated with discovery and record evidence if the Amended Complaint is allowed.

C. <u>Estimated Length of Memorandum:</u> Plaintiff agrees with Howe's proposed page length for 20 pages in opening and responsive briefs and 7 pages for reply, but requests that he pending motion be decided prior to drafting.

D. <u>Briefing Schedule:</u>  Plaintiff does not agree with Howe's proposed schedule below because the briefing dates should follow the decision on the pending Motion to avoid duplication of efforts when arguing essentially the same transaction and occurrence.

Howe's Opening Brief Due on or before August 28, 2023;

Plaintiff's Responsive Brief on or before September 25, 2023;

Howe's Reply Brief Due on or before October 9, 2023

E. <u>Stipulations</u>

Plaintiff takes the position that even the existing complaint cannot be resolve as a matter of law as the multi-day depositions and extensive discovery illustrate that a number of the issues are factually disputed.  There are no stipulations in the Defendant's memo however there were a number of admissions during the depositions that will help narrow the issues.

F. <u>Experts</u>

The Defendant says this is "Not applicable" however the Defendant was treated by a number of medical professionals and is alleging medical damages so the Plaintiff does not concur that no experts will assist the Court.

## II. SUMMARY PARTIES' POSITIONS OF WHETHER MATTER IS RIPE FOR SUMMARY JUDGMENT

The parties disagree on whether the matter is ripe for summary judgment and the above positions are subject to Court's decision on the pending motion to amend.

DATED: August 7, 2023

DATED: August 7, 2023

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
John A. Doonan, Esq., Bar No. 3250
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 7th day of August, 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

<div style="text-align: right;">

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
John A. Doonan, Esq., Bar No. 3250
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

</div>

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042

Henry W. Howe IV
83 Deer Crossing Road
Limerick, ME 04048

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614

Phillip R. Robinson, Esq.
Consumer Law Center Llc
10125 Colesville Rd, Suite 378
Silver Spring, Md 20901