UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1, <br><br> Plaintiff, <br><br> v. <br><br> HENRY W. HOWE IV and MELANIE B. HOWE, <br><br> Defendants. <br><br><br> MELANIE B. HOWE, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1 and FAY SERVICING LLC, <br><br> Counterclaim-Defendants. | Docket No. 2:21-cv-00278-NT |

**LOCAL RULE 56(h) PRE-FILING CONFERENCE REPORT AND ORDER**

    A conference was held on August 17, 2023 at 2:00 p.m.

    Presiding: Nancy Torresen, United States District Judge

    For Plaintiff/Counterclaim-Defendant Wilmington Trust National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1

("**Wilmington**") and Counterclaim-Defendant Fay Servicing LLC ("**Fay**"): Reneau J. Longoria

For Defendant/Counterclaim-Plaintiff Melanie B. Howe ("**Howe**"): John Z. Steed and Phillip R. Robinson

In accordance with the procedural order issued on July 18, 2023 (ECF No. 55), I held a Local Rule 56(h) conference with counsel during which the following items were discussed:

1. **Bases for Proposed Motion for Summary Judgment**: Defendant Howe intends to move for summary judgment on certain of her affirmative defenses to Wilmington's claims and certain of her counterclaims against Wilmington and Fay.

2. **Estimated Memoranda Length**: The parties do not intend to exceed the twenty-page maximum in Local Rule 7(d).

3. **Estimated Factual Statements Length**: Howe estimates that her statement of material facts will not exceed 20 paragraphs. Wilmington/Fay estimate that their statement of material facts will not exceed an additional 30 paragraphs.

4. **Filing of the Record:** The parties shall file a stipulated summary judgment record. The record shall consist of the universe of documents that any party may cite to in its motion or statement of facts. The record shall be filed on ECF in advance of the filing of any motion, response, or statement of facts, and the parties shall make the appropriate citations to the record (see paragraph 5 outlining citations to the record). The ECF event "Local Rule 56(h) Record" can be found in the "other documents" category of the "civil events" listing on ECF.

   If during the motion practice any party determines that it needs to supplement the record, it may file a supplemental record, but shall not duplicate any record material already on the docket. Any supplemental record shall be filed on ECF in advance of the filing of any pleading so that the appropriate citations to the record can be made.

5. **Citations to the Record:** Filing the record on ECF in advance of the filing of any pleadings will generate ECF document numbers and page ID numbers.

When citing documents from the record in the statement of material facts, counsel should include the appropriate ECF document and page ID numbers.

Example: (Smith Affidavit ¶1; Doc. 52-28, #566)

6. **Cooperation of Counsel on Factual Statement**: By the conclusion of the briefing, it is the Court's preference to have one document that contains the full text of all the facts, admissions, denials, qualifications, and requests to strike produced by all parties. The Court expects the parties to work collaboratively in this endeavor.

   - All admissions, denials, qualifications, and requests to strike shall appear under the text of the proposed fact to which they refer.

   - A request to strike shall be preceded by an admission, denial, or qualification, in case the request to strike is denied.

   - All responses to requests to strike shall appear under the text of the request to strike to which they refer.

   - The parties' various statements of material facts should utilize a single, continuous sequence of paragraph numbers.

   - In accordance with Local Rule 56(d), Howe's reply statement of material facts should address only Wilmington/Fay's additional facts and requests to strike.

The following sequence should take place when compiling the factual statements:

- First, Howe shall file a "Defendant's Supporting Statement of Material Facts," pursuant to Local Rule 56(b). This includes a numbered list of the facts Howe contends are supported by the record and undisputed.

    - The PDF version should be filed on ECF using the "Statement of Fact" event, which can be found in the "other documents" category of the "civil events" listing on ECF.

    - Howe shall email Wilmington/Fay a Word version of the PDF document.

- Second, Wilmington/Fay shall file a "Plaintiff's Opposing Statement of Material Facts," pursuant to Local Rules 56(c) and 56(e). This document

3

shall reproduce the text of the facts proposed by Howe. Wilmington/Fay shall add appropriate admissions, denials, and qualifications, and, if necessary, requests to strike under each fact. Then, Wilmington/Fay may add a list of the additional facts that Wilmington/Fay contend are supported by the record, continuing with the same sequential paragraph sequence (i.e., if Howe's Statement of Material Facts ended at paragraph number 50, Wilmington/Fay shall start with paragraph number 51 for their Statement of Additional Facts).

- The PDF versions should be filed on ECF using the "Response to Statement of Fact with Additional Facts" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.

- Wilmington/Fay shall email Howe a Word version of the relevant PDF document.

• Third, Howe shall file a "Defendant's Reply Statement of Material Facts," pursuant to Local Rules 56(d) and 56(e). This document shall reproduce the text of the facts proposed by Howe and Wilmington/Fay's corresponding admissions, denials, qualifications, and requests to strike, as well as the text of Wilmington/Fay's additional facts. Howe must add appropriate admissions, denials, qualifications, and, if necessary, requests to strike under each of Wilmington/Fay's additional facts. In addition, Howe may respond to any of Wilmington/Fay's requests to strike.

- The PDF version should be filed on ECF using the "Reply to Additional Statement of Fact" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.

- Howe shall email Wilmington/Fay a Word version of the PDF document.

• Fourth, if necessary, Wilmington/Fay may file a "Plaintiff's Response to Defendant's Requests to Strike," pursuant to Local Rule 56(e). This document shall reproduce the text of Howe's facts; Wilmington/Fay's additional facts; all admissions, denials, and qualifications; all requests to strike; and Howe's responses to Wilmington/Fay's requests to strike. Wilmington/Fay may add only appropriate responses under each of Howe's

4

requests to strike. This document should be a complete account of the parties' factual statements.

- The PDF versions should be filed on ECF using the "Response to Request to Strike Per LR 56(e)" event, which can be found in the "responses and replies" category of the "civil events" listing on ECF.

- This fourth step only takes place in the event Howe has made requests to strike Wilmington/Fay's Additional Facts. If no requests to strike Wilmington/Fay's Additional Facts are made, the briefing is complete at the third step.

Following the discussion, I **ORDERED** that Howe's motion for summary judgment shall be filed by August 28, 2023. Wilmington/Fay shall file their opposition to Howe's motion on or before September 25, 2023. Howe shall file her reply by October 10, 2023. If necessary, Wilmington/Fay may file a response to any requests to strike from Howe by October 17, 2023.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 17th day of August, 2023.