MFRA v. Howe

Joint Exhibit 3

After Recording Return To:
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067

This Document Prepared By:
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$208,000.00**

Loan No: ▓
Investor Loan No: ▓
MIN Number: ▓

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this **21st** day of **July, 2011**, between **HENRY HOWE and MELANIE HOWE** ("Borrower") and **NATIONSTAR MORTGAGE LLC** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated _____, ____ and recorded in **Book/Liber N/A,** of the **Official Records (Name of Records)** of _____ **County, ME (County and State, or other Jurisdiction)** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**334 DEERWANDER ROAD, HOLLIS CENTER, ME 04042,**
(Property Address)
the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **July 1, 2011**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$223,204.66**, consisting of the unpaid amount(s) loaned to Borrower by

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument          Form 3179 1/01 (rev. 01/09)
8300 03/11                                                                        (page 1 of 6)


EXHIBIT D

Howe - 1054

Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance for the first five years at the yearly rate of **2.000%** from **July 01, 2011**, and Borrower promises to pay monthly payments of principal and interest in the amount of U.S. **$764.98** beginning on the **1st** day of **August, 2011**. During the sixth year, interest will be charged at the yearly rate of **3.000%** from **July 01, 2016**, and Borrower shall pay monthly payments of principal and interest in the amount of **$867.06** beginning on the **1st** day of **August, 2016**. During the seventh year, interest will be charged at the yearly rate of **4.000%** from **July 01, 2017**, and Borrower shall pay monthly payments of principal and interest in the amount of **$973.04** beginning on the **1st** day of **August, 2017**. During the eighth year and continuing thereafter until the Maturity Date (as hereinafter defined), interest will be charged at the yearly rate of **4.500%** from **July 01, 2018**, and Borrower shall pay monthly payments of principal and interest in the amount of **$1,026.87** beginning on the **1st** day of **August, 2018** and will continue to make monthly payments on the same day of each succeeding month until principal and interest are paid in full. If on **November 1, 2044** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument   Form 3179 1/01 (rev. 01/09)
8300 03/11   (page 2 of 6)

Howe - 1055

 (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

 (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

 (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

 (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

 (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

 (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

 (f) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee, of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument Form 3179 1/01 (rev. 01/09)
8300 03/11 (page 3 of 6)

Howe - 1056

6. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. This Agreement modifies an obligation secured by an existing security instrument recorded in County, ME, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $220,793.23. The principal balance secured by the existing security instrument as a result of this Agreement is $223,204.66, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_Henry W Howe_ _____ (Seal)
**HENRY HOWE** -Borrower

_Melanie B. Howe_ _____ (Seal)
**MELANIE HOWE** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Maine

County of _York_

The foregoing instrument was acknowledged before me on _July 30, 2011_
by _Tracey Smith_

_Tracey Smith_
(Signature of person taking acknowledgment)

_Notary_
(Title or rank)

My commission expires: _Nov. 4, 2016_

TRACEY L. SMITH
Notary Public, Maine
My Commission Expires November 4, 2016

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument      Form 3179 1/01 (rev. 01/09)
8300 03/11                                                                    (page 4 of 6)



**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal)
                                                                                                              -Lender
Name: Brady Niehaus
Title: Representative   8/23/11

_____ [Space Below This Line For Acknowledgments] _____

State of Texas

County of Denton

The foregoing instrument was acknowledged before me on August 23, 2011
by Brady Niehaus, the representative of
Nationstar Mortgage.

_____
(Signature of person taking acknowledgment)

KERI JONKER
Notary Public, State of Texas
My Commission Expires
October 24, 2012

_____
(Title or rank)

My commission expires: October 24, 2012

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument    Form 3179 1/01 (rev. 01/09)
8300 03/11                                                                  (page 5 of 6)

Howe - 1058

_____  Keenan Cain  AVP  8/23/11
Mortgage Electronic Registration Systems, Inc - Nominee for Lender

_____ [Space Below This Line For Acknowledgments] _____

State of Texas

County of Denton

The foregoing instrument was acknowledged before me on August 23, 2011
by Keenan Cain , the AVP  of
Nationstar mortgage .

_____
(Signature of person taking acknowledgment)

KERI JONKER
Notary Public, State of Texas
My Commission Expires
October 24, 2012

_____
(Title or rank)

My commission expires: October 24, 2012

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument        Form 3179 1/01 (rev. 01/09)
8300 03/11                                                                      (page 6 of 6)

Howe - 1059



-----------------[Space Above This Line for Recording Data]------------------

## LOAN MODIFICATION AGREEMENT
(Providing for Step Interest Rate)

CMI/CB # 

This Loan Modification Agreement ("Agreement"), made July 20, 2010, between MELANIE B. HOWE AND HENRY W HOWE, IV , WIFE AND HUSBAND, ("Borrower") whose address is 334 DEERWANDER RD, HOLLIS CENTER, ME 04042-3613 and CitiMortgage, Inc. ("Lender"), whose address is 1000 Technology Drive, O'Fallon, MO 63368-2240, and Mortgage Electronic Registration Systems, Inc., whose address is P.O. Box 2026, Flint, MI 48501-2026 ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated 04/20/07, and recorded on na in Book or Liber na, at page(s) na, or Document No. na, of the Recorders Office of the Records of YORK COUNTY, Maine, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 334 DEERWANDER ROAD, HOLLIS CENTER, ME 04042, the real property described being set forth in the LEGAL DESCRIPTION.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 08/01/10, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $224,186.62, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized. (The current unpaid principal balance now due and owing of $203,256.84, plus the total capitalized amount of $20,929.78 equal the Unpaid Principal Balance of $224,186.62.)

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance for the first five years at the yearly rate of 2.000%, from 08/01/10 and Borrower promises to pay monthly payments of principal and interest in the amount of $828.64, beginning on 09/01/10. During the sixth year, interest will be charged at the yearly rate of 3.000%, from 08/01/15, and Borrower shall pay monthly payments of principal and interest in the amount of $927.08 beginning on 09/01/15. During the seventh year, interest will be charged at the yearly rate of 4.000%, from 08/01/16, and Borrower shall pay monthly payments of principal and interest in the amount of $ 1,028.22 beginning on 09/01/16. During the eighth year and continuing thereafter until the Maturity date (as hereinafter defined), interest will be charged at the yearly rate of 4.375%, from 08/01/17, and Borrower shall pay monthly payments of principal and interest in the amount of $1,066.28 beginning on 09/01/17 and shall continue the monthly payments thereafter on the same day of each succeeding month until principal and interest are paid in full. If on 08/01/40 (the "Maturity Date"), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

LOAN MODIFICATION AGREEMENT--Single Family--Fannie Mae Uniform Instrument  Form 3162 (rev. 1/09)
Page 1 of 5  MODMERS2.STP (10/2006)



EXHIBIT C

Borrower will make such payments at CitiMortgage, Inc., 1000 Technology Drive, O'Fallon, MO 63368-2240 or at such other place as Lender may require.

3. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

LOAN MODIFICATION AGREEMENT--Single Family--Fannie Mae Uniform Instrument    Form 3162 (rev. 1/09)
Page 2 of 5                                                                     MODMERS2.STP (10/2006)

Howe - 1050

------------------[Space Below This Line for Acknowledgments]------------------

State of  Maine            )
                           ) SS
County of  York            )

On this  24  day of  July , 2010 , before me personally appeared HENRY W HOWE, to me known or proved to be the person(s) described in and who executed the foregoing instrument, and acknowledged that HE/SHE/THEY executed the same as HIS/HER/THEIR free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

Notary Public _____

My Commission Expires: _____

SEAN P. McQUAIDE
Notary Public, Maine
My Commission Expires October 31, 2010

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

State of  Maine            )
                           ) SS
County of  York            )

On this  24  day of  July , 2010, before me personally appeared MELANIE B HOWE, to me known or proved to be the person(s) described in and who executed the foregoing instrument, and acknowledged that HE/SHE/THEY executed the same as HIS/HER/THEIR free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

Notary Public _____

My Commission Expires: _____

SEAN P. McQUAIDE
Notary Public, Maine
My Commission Expires October 31, 2010

LOAN MODIFICATION AGREEMENT--Single Family--Fannie Mae Uniform Instrument          Form 3162 (rev. 1/09)
Page 4 of 5                                                                        MODMERS2.STP (10/2006)

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

_____      7\24\2010
HENRY W HOWE            Date

_____     7|24|2010
MELANIE B HOWE        Date

WITNESS SIGNATURE: _____
PRINT NAME: Jimmy L. Wood

WITNESS SIGNATURE: _____
PRINT NAME: _____

WITNESS SIGNATURE: _____
PRINT NAME: Ada L. Wood

WITNESS SIGNATURE: _____
PRINT NAME: _____

Mortgage Electronic Registration Systems, Inc. ("MERS"), Mortgagee

By: _____
Title: Vice President

7/27/10

Prepared By: CitiMortgage, Inc.
               5280 Corporate Drive
               Frederick, MD 21703
               Betty Clark

[MERS Corporate Seal — Mortgage Electronic Registration Systems, Inc., SEAL 1995, DELAWARE]

LOAN MODIFICATION AGREEMENT--Single Family--Fannie Mae Uniform Instrument     Form 3162 (rev. 1/09)
Page 3 of 5     MODMERS2.STP (10/2006)

Howe - 1052

