

BK 16893  PGS 631 - 637      09/22/2014  09:46:28 AM
INSTR # 2014038790           DEBRA ANDERSON
RECEIVED YORK SS             REGISTER OF DEEDS

**MFRA v. Howe**

**Joint Exhibit 4**

Return to:
Document Recording Services
P.O. Box 3008
Tallahassee, FL 32315-3008

**This Document Prepared By:**
**NATIONSTAR MORTGAGE LLC**
**350 HIGHLAND DRIVE**
**LEWISVILLE, TX 75067**
**Tatiana Vakidis**

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **April 24, 2007**
Original Loan Amount: **$208,000.00**
New Money: **$20,895.40**

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 12th day of August, 2014, between **HENRY HOWE and MELANIE HOWE** ("Borrower") and **NATIONSTAR MORTGAGE LLC, whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **April 20, 2007** and recorded in **Book/Liber 15139**, Page **0540**, Instrument No: **2007019461**, of the **Official Records (Name of Records)** of **YORK** County, **ME (County and State, or other Jurisdiction)** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**334 DEERWANDER ROAD, HOLLIS CENTER, ME 04042,**
(Property Address)

the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument          Form 3179 1/01 (rev. 06/12)
8300b 01/14                                                                      (page 1 of 6)



EXHIBIT D

1. As of **August 1, 2014**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$237,329.72**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. **$23,199.73** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$214,129.99**. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of **4.625%**, from **August 1, 2014**. Borrower promises to make monthly payments of principal and interest of U.S. **$979.92**, beginning on the **1st** day of **September, 2014**, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of **4.625%** will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be **August 1, 2054**.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may

          have otherwise been entitled; and

  (b)    all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

  (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

  (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

  (c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

  (d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

  (e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

  (f)    "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee, of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

8. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

9. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

10. This Agreement modifies an obligation secured by an existing security instrument recorded in YORK

County, ME, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $216,434.32. The principal balance secured by the existing security instrument as a result of this Agreement is $237,329.72, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**HENRY HOWE** -Borrower

_____ (Seal)
**MELANIE HOWE** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Maine

County of ____YORK____

The foregoing instrument was acknowledged before me, a Notary Public on

____8/26/2014____ by HENRY HOWE and MELANIE HOWE.      SEAL

____Martha E Huff____
(Signature of person taking acknowledgment)

____NOTARY PUBLIC____
(Title or rank)

My commission expires: May 16, 2020

    MARTHA E. HUFF
    Notary Public, Maine
    My Commission Expires May 16, 2020

**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal) - Lender
Name: _____Krista Moore_____
Title: _____Assistant Secretary_____

_____8-29-14_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TX

County of ___Denton___

Before me ___Bianca Hockensmith___ Notary Public (name/title of officer) on this day personally appeared

___Krista Moore___, the ___Assistant Secretary___ of

~~Nationstar Mortgage LLC~~,

~~known to me~~ (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ___29___ day of ___August___, A.D., ___2014___

_____
Signature of Officer

Notary Public
Title of Officer

My Commission expires: ___3/2/16___

[Notary Seal: BIANCA HOCKENSMITH, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 03-02-2016]

BK 16893   Page 636   INSTR#: 2014038790

Case 2:21-cv-00278-NT   Document 63-4   Filed 09/03/23   Page 6 of 7   PageID #: 597
Case 2:21-cv-00278-NT   Document 1-4   Filed 09/30/21   Page 6 of 7   PageID #: 22

_____ 8-29-14_  Krista Moore
**Mortgage Electronic Registration Systems, Inc - Nominee for Lender**
Title: Assistant Secretary

_____ [Space Below This Line For Acknowledgments] _____

The State of TX
County of __Denton__                    Notary Public
Before me __Bianca Hockensmith__ _____ (name/title of officer) on this day personally appeared

_____Krista Moore_____, the ___Assistant Secretary___ of
__Mortgage Electronic Registration System, Inc._____,

known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __29__ day of __August__, A.D., __2014__.

Signature of Officer
Notary Public

My Commission expires : __3/2/16__   Title of Officer



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument        Form 3179 1/01 (rev. 06/12)
8300b 01/14                                                                     *(page 6 of 6)*

# Exhibit "A"

Loan Number:

Property Address: **334 DEERWANDER ROAD, HOLLIS CENTER, ME 04042**

Legal Description:

A CERTAIN LOT OR PARCEL OF LAND WITH ANY BUILDINGS THEREON, SITUATED ON THE DEERWANDER ROAD IN THE TOWN OF HOLLIS, COUNTY OF YORK, STATE OF MAINE AND BEING LOT 1 ON A PLAN ENTITLED, PLAN OF LAND OF RUSSELL A. AND LOIS A. BLACK, 344 DEERWANDER ROAD, HOLLIS, MAINE, PREPARED BY BH2M ENGINEERS, 28 STATE STREET, GORHAM, MAINE 04038 AND RECORDED IN YORK COUNTY REGISTRY OF DEEDS ON OCTOBER 25, 2000 IN PLAN BOOK 258, PAGE 41, TO WHICH PLAN AND THE RECORD THEREOF REFERENCE SHOULD BE MADE FOR A MORE PARTICULAR DESCRIPTION.