MFRA v. Howe

Joint Exhibit 8

**PINE TREE LEGAL ASSISTANCE, INC.**
*Jonathan E. Selkowitz* ♦ *Portland Area Office*
88 Federal Street
P.O. Box 547
Portland, Maine 04112
(207) 400-3207 ♦ V/TTY: 711 ♦ (207) 828-2300 FAX
*www.ptla.org* ♦ *jselkowitz@ptla.org*

November 22, 2017

Tamara Rueda, Clerk
York County Superior Court
P.O. Box 160
Alfred, ME 04002-0160

RE:   *MTGLQ Investors, L.P. v. Challenge Financial Investors, et al.*, YORSC-CV-17-161

Dear Clerk:

Enclosed for filing in the above-referenced matter, please find the Response to Plaintiff's Motion to Substitute Parties submitted by Party-In-Interest Melanie Howe.

Thank you very much for your attention to this matter.

Sincerely,

Jonathan E. Selkowitz
Staff Attorney

Enclosures

cc:   John Doonan, Esq.

| | |
|---|---|
| **STATE OF MAINE**<br>**YORK, ss.** | **Superior Court**<br>**Location: Alfred**<br>**Docket No.: YORSC-CV-2017-161** |

| | |
|---|---|
| **MTGLQ Investors, L.P.** | )<br>) |
| **Plaintiff** | )<br>) |
| v. | )<br>) |
| **Challenge Financial Investors Corp.,** | )<br>) |
| **Defendant** | )<br>) |
| **Mortgage Electronic Registration Systems, Inc.,**<br>**Nationstar Mortgage LLC,**<br>**Henry W. Howe IV,**<br>**Melanie B. Howe,**<br>**Asset Acceptance LLC,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Parties-In-Interest** | ) |

### PARTY-IN-INTEREST MELANIE HOWE'S RESPONSE TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTIES

NOW COMES Party-In-Interest Melanie B. Howe ("Melanie Howe"), by and through her undersigned counsel, and hereby responds to Plaintiff's Motion for Substitution of Parties, and states as follows:

1. Plaintiff filed this motion alleging that "the Mortgage and Note, which are the subject of this foreclosure action, have been assigned to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by an Assignment . . . ." (Pl's Motion ¶ 1.)

2. Melanie Howe does not object to the substitution of the party, but submits this response to deny several of the allegations and conclusions that underlie Plaintiff's Motion.

3. First, this is not a foreclosure action, but a declaratory judgment action to declare that Plaintiff is the owner of Melanie Howe's Mortgage with the rights to enforce it, which it currently is not.

4. Plaintiff did not assign the Mortgage to Wilmington Trust because Plaintiff does not own the Mortgage or possess the right to assign the Mortgage. Melanie Howe will prove that fact in this case.

5. Maine Rule of Civil Procedure 25(c) permits substitution of a party when the interest in the lawsuit is transferred.

6. Here, the issue to be resolved in the lawsuit is whether Plaintiff or its alleged successor-in-interest were ever transferred the interest that is involved in this lawsuit, i.e., whether they were assigned the Mortgage, because the chain of title of this Mortgage includes an illegal and non-effective assignment that preceded Plaintiff's alleged interest.

7. Accordingly, Melanie Howe does not oppose substitution of the parties because she is eager to have this dispute resolved, but she expressly preserves the right to contest every allegation and argument offered by the original and the new Plaintiff in this declaratory judgment action.

Respectfully submitted:

Date: November 22, 2017

Jonathan E. Selkowitz, Bar # 5711
Pine Tree Legal Assistance, Inc.
88 Federal St.
P.O. Box 547
Portland, ME 04112-0547
(207) 400-3207
jselkowitz@ptla.org
*Attorneys for Party-In-Interest Melanie B. Howe*

2

## CERTIFICATE OF SERVICE

On this day I caused a true and accurate copy of the foregoing Response to Motion for Substitution of Parties by Party-in-Interest Melody Howe to be served on the following by regular mail:

John Doonan, Esq.
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 2250
Beverly, MA 01915
*Attorney for Plaintiff MTGLQ Investors, L.P.*

Date: 11/22/17

Jonathan E. Selkowitz

3