# DOONAN, GRAVES & LONGORIA, LLC
## ATTORNEYS AT LAW

Serving Massachusetts, Maine,
New York & New Hampshire
Hours: Monday – Friday 9 am – 4 pm
www.dgandl.com

100 Cummings Center, Suite 225D
Beverly, Massachusetts 01915
TEL: (978) 921-2670
FAX: (978) 921-4870

March 11, 2020

> **MFRA v. Howe**
>
> **Joint Exhibit 13**

York County Superior Court
Attn: Kathy Jones
P.O. Box 160
Alfred, ME 04002-0160

**Re:  Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 vs. Challenge Financial Investors Corp., et al.**
**334 Deerwander Road, Hollis Center, ME 04042**
**Docket No: CV-2017-161**

Dear Clerk Jones:

Enclosed for filing please find an original of the following:

1. Motion to Amend Judgment Pursuant to M.R.Civ.P. 59(e)
2. Memorandum in Support of Motion to Amend Judgment
3. Affidavit in Support of the Motion to Amend Judgment
4. Affirmation of Counsel
5. Statement of Material Facts
6. Proposed Amended Judgment
7. Proposed Order on Motion to Amend Judgment
8. Certificate of Service

Please return the Order and Amended Judgment in the enclosed self-addressed stamped envelope. If you have any questions, please contact me at (978) 921-2670 ext.148.  Thank you for your assistance in this matter.

Very truly yours,

Alyson Malavich
Paralegal

51619

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
LOCATION: ALFRED
DOCKET NO.  CV-2017-161

Wilmington Trust, National Association,
Not in Its Individual Capacity, but Solely as
Trustee for MFRA Trust 2015-1

Plaintiff

vs.

Challenge Financial Investors Corp.

Defendant

Mortgage Electronic Registration Systems,
Inc., as nominee for Challenge Financial
Investors Corp.,
Henry W. Howe IV,
Melanie B. Howe,
Asset Acceptance LLC

Parties-In-Interest

MOTION TO AMEND JUDGMENT
PURSUANT TO M.R.Civ.P. 59(e)

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:
334 Deerwander Road
Hollis Center, ME 04042
Book 15139, Page 0540

**NOW COMES** Plaintiff, Wilmington Trust, National Association, Not in Its Individual

Capacity, but Solely as Trustee for MFRA Trust 2015-1, and hereby files this Motion to Amend

Judgment Pursuant to M.R.Civ.P. 59(e).

As grounds therefore, Plaintiff states that the February 26, 2020 Judgment dismissing the

case With Prejudice, entered February 28, 2020, requires further clarification to specify that the

Dismissal with Prejudice only precludes a future action brought by Wilmington Trust, National

Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1

("Wilmington Trust"), or a successor-in-interest, for the claims advanced in this action.  It is

acknowledged that this method of establishing standing through a declaratory action brought

against the originator and any Party-In-Interest with a record interest in the property was precluded

by the Law Court's decision in *Beal Bank v. New Century*, 217 A.3d 731, 2019 WL 4782959 (2019).

The proposed Amended Judgment of Dismissal with Prejudice confirms that the dismissal

with prejudice is just as to the claims advanced in this case.

**WHEREFORE** Wilmington seeks to amend the Judgment of Dismissal With Prejudice pursuant to M.R.Civ.P. 59(e) to specify that the Dismissal with Prejudice is as to the claims advanced in this case.

DATED: _____March 11_____, 2020

John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
MaineService@dgandl.com

## NOTICE

Please be advised that pursuant to Maine Rules of Civil Procedure Rule 7 any opposition to this motion must be filed not late than 21 days after the filing of the motion.  Failure to file timely opposition will be deemed a waiver of all objections to the motion, which may be granted without further notice or hearing.

| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | SUPERIOR COURT<br>LOCATION: ALFRED<br>DOCKET NO.  CV-2017-161 |
| Wilmington Trust, National Association,<br>Not in Its Individual Capacity, but Solely as<br>Trustee for MFRA Trust 2015-1 | |
| Plaintiff | [PROPOSED] ORDER ON MOTION TO<br>AMEND JUDGMENT |
| vs. | |
| Challenge Financial Investors Corp. | TITLE TO REAL ESTATE IS INVOLVED |
| Defendant | |
| Mortgage Electronic Registration Systems,<br>Inc., as nominee for Challenge Financial<br>Investors Corp.,<br>Henry W. Howe IV,<br>Melanie B. Howe,<br>Asset Acceptance LLC, | MORTGAGED PREMISES:<br>334 Deerwander Road<br>Hollis Center, ME 04042<br>Book 15139, Page 0540 |
| Parties-In-Interest | |

The Parties' Motion to Amend Judgment Pursuant to M.R.Civ.P. 59(e) is hereby granted and

the Proposed Judgment is hereby approved.


DATED:


_____

Justice, Superior Court

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
LOCATION: ALFRED
DOCKET NO.  CV-2017-161

Wilmington Trust, National Association,
Not in Its Individual Capacity, but Solely as
Trustee for MFRA Trust 2015-1

Plaintiff

[PROPOSED] AMENDED JUDGMENT

vs.

Challenge Financial Investors Corp.

TITLE TO REAL ESTATE IS INVOLVED

Defendant

Mortgage Electronic Registration Systems,
Inc., as nominee for Challenge Financial
Investors Corp.,
Henry W. Howe IV,
Melanie B. Howe,
Asset Acceptance LLC,

MORTGAGED PREMISES:
334 Deerwander Road
Hollis Center, ME 04042
Book 15139, Page 0540

Parties-In-Interest

The Judgment of Dismissal with Prejudice is hereby amended to specify that this Dismissal

with Prejudice is only as to the claims advanced in this action.

DATED:

_____
Justice, Superior Court

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
LOCATION: ALFRED
DOCKET NO.  CV-2017-161

Wilmington Trust, National Association,
Not in Its Individual Capacity, but Solely as
Trustee for MFRA Trust 2015-1

        Plaintiff

        vs.

Challenge Financial Investors Corp.

        Defendant

Mortgage Electronic Registration Systems,
Inc., as nominee for Challenge Financial
Investors Corp.,
Henry W. Howe IV,
Melanie B. Howe,
Asset Acceptance LLC,

        Parties-In-Interest

MEMORANDUM IN SUPPORT OF
MOTION TO AMEND JUDGMENT

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:
334 Deerwander Road
Hollis Center, ME 04042
Book 15139, Page 0540

**NOW COMES** Plaintiff, Wilmington Trust, National Association, Not in Its Individual

Capacity, but Solely as Trustee for MFRA Trust 2015-1, and the Party-In-Interest, Melanie B. Howe,

by and through undersigned counsel, and hereby files this its Memorandum in Support of its

Motion Amend Judgment Pursuant to M.R.Civ.P. 59(e).

       Plaintiff respectfully submits that the February 26, 2020 Judgment dismissing the case With

Prejudice, entered February 28, 2020, requires further clarification to specify that the Dismissal with

Prejudice is only as to the claims brought in this action.  This clarification will help avoid litigation

on this issue in a future action brought by Wilmington Trust, National Association, Not in Its

Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("Wilmington Trust"), or a

successor-in-interest. It is acknowledged that establishing standing through a Declaratory Action

such as this was precluded by the Law Court's decision in *Beal Bank v. New Century*, 217 A.3d 731,

2019 WL 4782959 (2019).  While not providing clear guidance as to the precise path forward, it was

not the ruling of *Beal Bank* that all future actions to enforce a note or mortgage would be precluded by the dismissal of a Declaratory Action wherein the borrower was named as a party-in-interest or not named at all.

The proposed Amended Judgment of Dismissal with Prejudice filed herewith confirms that this dismissal is as to the claims brought in this action only.

The Plaintiff seeks clarification and amendment of the Judgment of Dismissal to avoid an unjust interpretation of this Court's Order. Hundreds of Declaratory Actions filed throughout Maine were stayed pending the Law Court's Decision *Beal Bank*. Prior to the *Beal* decision, hundreds of Judgments confirming standing in this manner were entered. *Beal* marked a significant change in the law, and as a result pending Declaratory Action cases have been dismissed—the vast majority without prejudice. The danger in a Dismissal *With Prejudice,* without further clarification is, in essence, a free house. It could be interpreted that the Dismissal with Prejudice would preclude any future action to enforce the Note, Mortgage or other contracts even if standing is established in a manner other than by declaratory action. This is a "form over substance" type of decision the Law Court noted in *U.S. Bank v. Manning*, 214 ME 96. ¶¶13, 20, 97 A.D.3d 605, 611 (2014) (It is "the rare case that requires the ultimate sanction" of dismissal with prejudice).

Like *Manning,* wherein the Law Court reversed the Cumberland County Superior Court's decision dismissing a foreclosure complaint based on the payment of a one hundred and fifty ($150.00) dollar sanction eight (8) days late, the dismissal with prejudice and without qualification in the instant case could be used to bar a future suit on the Howe Note, or action to foreclose the Mortgage based on a quitclaim assignment or other equitable basis. Like *Manning,* the dismissal with prejudice, without clarification, could be used to dispose of a future case without addressing the underlying merits.

As the Law Court cautioned in *Manning* and *Sawyer*,

> Although "[t]he imposition of sanctions . . . remains a discretionary decision," we have cautioned that "[d]ismissal with prejudice is a severe sanction that has constitutional implication and will be given close scrutiny on appeal."

*Manning* at 610, ¶10, *quoting U.S. Bank v. Sawyer*, 2014 ME 81, ¶11, 95 A.3d 608.

It is well-settled that dismissal with or without prejudice is within the Court's discretion, but as *Manning* cautions, that discretion is to be exercised sparingly and the party "seeking to prevent a grant of voluntary dismissal 'must demonstrate a clear and manifest abuse of that discretion and must demonstrate that [denying] such motion is necessary to prevent injustice.'" *Wheeler v. Northern Utilities Corp.* Cum CV 02-84 (July 31, 2003) and *US Bank, NA v. American Home Mortgage, et al.* Oxf CV 19-34 (March 2, 2020).

For this reason, even if not reversed and entered without prejudice, the Order of Dismissal should provide clarification that it is only as to the claims brought in this case, and, as such only precludes a future declaratory action among the named parties or their successors-in-interest. The Plaintiff submits that the proposed language in the Amended Judgment of Dismissal with Prejudice addresses the issues raised by Ms. Howe in her Opposition, while making certain the Court's Order is not used to bar all future efforts to enforce the Note or Mortgage.

DATED: _March 11,_, 2020

John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
MaineService@dgandl.com

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
LOCATION: ALFRED
DOCKET NO.  CV-2017-161

Wilmington Trust, National Association,
Not in Its Individual Capacity, but Solely as
Trustee for MFRA Trust 2015-1

        Plaintiff

        vs.

Challenge Financial Investors Corp.

        Defendant

Mortgage Electronic Registration Systems,
Inc., as nominee for Challenge Financial
Investors Corp.,
Henry W. Howe IV,
Melanie B. Howe,
Asset Acceptance LLC,

        Parties-In-Interest

AFFIDAVIT IN SUPPORT OF MOTION
TO AMEND JUDGMENT

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:
334 Deerwander Road
Hollis Center, ME 04042
Book 15139, Page 0540

I, Alyson Malavich, being duly sworn, deposes and says as follows:

1. My name is Alyson Malavich.  I am a Paralegal at Doonan, Graves & Longoria, LLC.
   My office represents the Plaintiff, Wilmington Trust, National Association, not in its
   individual capacity, but Solely as Trustee for MFRA Trust 2015-1, in the within action.

2. The Declaratory Complaint filed in this action, to establish foreclosure standing only,
   was filed June 26, 2017.

3. The scheduling order issued September 29, 2017, and the parties filed a consented
   Motion to stay the matter pending the Law Court's consideration of *Beal Bank v. New
   Century*, 217 A.3d 731, 2019 WL 4782959 (2019) on October 6, 2018.

4. The Order granting the Motion to Stay Action was entered October 12, 2018.

5. The Law Court issued its decision in *Beal Bank v. New Century*, 217 A.3d 731, 2019 WL

4782959 (2019) on October 1, 2019.

6.  On December 12, 2019, this Court issued an Order to Show Cause as to why the matter

    should not be dismissed with Prejudice on January 10, 2020.

7.  On December 17, 2019, the Plaintiff filed a Motion to Dismiss its Declaratory

    Complaint pursuant to *Beal Bank v. New Century,* without prejudice.

8.  On or about December 19, 2019, Counsel for party-in-interest Melanie B. Howe filed an

    Opposition and Request for Dismissal with Prejudice.

9.  Paragraph 7 of the opposition specifically asks that the dismissal be with prejudice so

    that Ms. Howe "is not subject to a future lawsuit containing the same claim."

Sworn to under the pains and penalties of perjury, this ____ day of March, 2020.

                                              Alyson Malavich, Paralegal
                                              Doonan, Graves & Longoria, LLC
                                                100 Cummings Center, Suite 225D
                                              Beverly, MA 01915
                                              (978) 921-2670
                                              MaineService@dgandl.com

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
COUNTY OF ESSEX

                                            Dated this ____ day of March, 2020

On this ____ day of March, 2020, before me the undersigned notary public personally appeared Michelle Dole, who proved to me through satisfactory evidence of identification to be the person whose name is signed on this document, who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

                                              Notary Public
                                              My Commission Expires:

MICHELLE L. DOLE
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
January 23, 2026

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
LOCATION: ALFRED
DOCKET NO.  CV-2017-161

Wilmington Trust, National Association,
Not in Its Individual Capacity, but Solely as
Trustee for MFRA Trust 2015-1

       Plaintiff

       vs.

Challenge Financial Investors Corp.

       Defendant

Mortgage Electronic Registration Systems,
Inc., as nominee for Challenge Financial
Investors Corp.,
Henry W. Howe IV,
Melanie B. Howe,
Asset Acceptance LLC,

       Parties-In-Interest

STATEMENT OF MATERIAL FACTS

TITLE TO REAL ESTATE IS INVOLVED

MORTGAGED PREMISES:
334 Deerwander Road
Hollis Center, ME 04042
Book 15139, Page 0540

The following material facts are established by the Affidavit of Alyson Malavich.

1.  The Declaratory Complaint filed in this action, to establish foreclosure standing only, was filed June 26, 2017. *Id.,* ¶ 2.

2.  The scheduling order issued September 29, 2017, and the parties filed a consented Motion to stay the matter pending the Law Court's consideration of *Beal Bank v. New Century*, 217 A.3d 731, 2019 WL 4782959 (2019) on October 6, 2018. *Id.,* ¶ 3.

3.  The Order granting the Motion to Stay Action was entered October 12, 2018. *Id.,* ¶ 4.

4.  The Law Court issued its decision in *Beal Bank v. New Century*, 217 A.3d 731, 2019 WL 4782959 (2019) on October 1, 2019. *Id.,* ¶ 5.

5.  On December 12, 2019, this Court issued an Order to Show Cause as to why the matter should not be dismissed with Prejudice on January 10, 2020. *Id.,* ¶ 6.

6.  On December 17, 2019, the Plaintiff filed a Motion to Dismiss its Declaratory

    Complaint pursuant to *Beal Bank v. New Century,* without prejudice. *Id.,* ¶ 7.

7.  On or about December 19, 2019, Counsel for party-in-interest Melanie B. Howe filed an

    Opposition and Request for Dismissal with Prejudice. *Id.,* ¶ 8.

8.  Paragraph 7 of the opposition specifically asks that the Dismissal be with prejudice so

    that Ms. Howe "is not subject to a future lawsuit containing the same claim." *Id.,* ¶ 9.

DATED:  March  11 , 2020

> John A. Doonan, Esq., Bar No. 3250
> Reneau J. Longoria, Esq., Bar No. 5746
> Attorneys for Plaintiff
> Doonan, Graves & Longoria, LLC
> 100 Cummings Center, Suite 225D
> Beverly, MA 01915
> (978) 921-2670
> MaineService@dgandl.com

| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | SUPERIOR COURT<br>LOCATION: ALFRED<br>DOCKET NO.  CV-2017-161 |

| | |
|---|---|
| Wilmington Trust, National Association,<br>Not in Its Individual Capacity, but Solely as<br>Trustee for MFRA Trust 2015-1 | |
| Plaintiff | AFFIRMATION OF RENEAU J.<br>LONGORIA |
| vs. | |
| Challenge Financial Investors Corp. | TITLE TO REAL ESTATE IS INVOLVED |
| Defendant | |
| Mortgage Electronic Registration Systems,<br>Inc., as nominee for Challenge Financial<br>Investors Corp.,<br>Henry W. Howe IV,<br>Melanie B. Howe,<br>Asset Acceptance LLC, | MORTGAGED PREMISES:<br>334 Deerwander Road<br>Hollis Center, ME 04042<br>Book 15139, Page 0540 |
| Parties-In-Interest | |

I, Reneau J. Longoria, Esq., being duly sworn, deposes and says as follows:

1. My name is Reneau J. Longoria, Esq.  I am a member of Doonan, Graves & Longoria, LLC.

2. My office represents the Plaintiff, Wilmington Trust, National Association, not in its individual capacity, but Solely as Trustee for MFRA Trust 2015-1, in the within action.

3. On December 17, 2019, Plaintiff filed a Motion to Dismiss its Declaratory Complaint pursuant to *Beal Bank v. New Century*, without prejudice.

4. On or about December 19, 2019, Counsel for party-in-interest Melanie B. Howe filed an Opposition and Request for Dismissal with Prejudice.

5. A Hearing on Plaintiff's Motion to Dismiss the Declaratory Judgment action, without Prejudice, was held on February 26, 2020.

6. I was scheduled to attend this hearing.

7. Due to the sudden death of a close friend and preparation for her memorial service on February 29, 2020, I, as counsel for Plaintiff, inadvertently failed to attend the Hearing on February 26, 2020.

8. I extend my sincerest apologies to this Court and to Counsel for Ms. Howe for my failure to appear.

Signed under the pains and penalties of perjury, this ___11___ day of March, 2020.

Reneau J. Longoria, Esq.
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
MaineService@dgandl.com

STATE OF MAINE                    SUPERIOR COURT
YORK, ss.                             LOCATION: ALFRED
                                      DOCKET NO.  CV-2017-161

Wilmington Trust, National Association,
Not in Its Individual Capacity, but Solely as
Trustee for MFRA Trust 2015-1

             Plaintiff

               vs.

Challenge Financial Investors Corp.        TITLE TO REAL ESTATE IS INVOLVED

            Defendant

Mortgage Electronic Registration Systems,    MORTGAGED PREMISES:
Inc., as nominee for Challenge Financial       334 Deerwander Road
Investors Corp.,                                Hollis Center, ME 04042
Henry W. Howe IV,                        Book 15139, Page 0540
Melanie B. Howe,
Asset Acceptance LLC,

           Parties-In-Interest

## CERTIFICATE OF SERVICE

I, _Reneau J Longoria_, hereby certify that a true and correct copy of the documents listed below has been served by placing same in the United States Mail, postage prepaid, on this the 11 day of March 2020, to all of the individuals on the following service list.

- Motion to Amend Judgment Pursuant to M.R.Civ.P. 59(e)
- Memorandum in Support of Motion to Amend Judgment
- Affidavit in Support of the Motion to Amend Judgment
- Affirmation of Counsel
- Statement of Material Facts
- Proposed Amended Judgment
- Proposed Order on Motion to Amend Judgment
- Certificate of Service

                                     John A. Doonan, Esq., Bar No. 3250
                                     Reneau J. Longoria, Esq., Bar No. 5746
                                     Attorneys for Plaintiff
                                     Doonan, Graves & Longoria, LLC
                                     100 Cummings Center, Suite 225D
                                     Beverly, MA 01915
                                     (978) 921-2670
                                     MaineService@dgandl.com

## SERVICE LIST

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042

Melanie B. Howe
c/o Jonathan E. Selkowitz, Esq.
Pine Tree Legal Assistance
88 Federal Street
Portland, ME 04101

Challenge Financial Investors Corp.
c/o Maine Secretary of State, BOC
111 Sewall Street
Augusta, ME 04330

Mortgage Electronic Registration Systems, Inc.
c/o Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Mortgage Electronic Registration Systems, Inc.
1818 Library Street
Reston, VA 20190

Asset Acceptance, LLC
c/o Corporation Service Company
45 Memorial Circle
Augusta, ME 04330

STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 2019 00034

US BANK, NA

v.

ORDER ON PLAINTIFFS
MOTION TO DISMISS

AMERICAN HOME MORTGAGE *et. al,*

This case comes before the Court on Plaintiff's Motion to Dismiss pursuant to

M.R.Civ.P. 41(a)2 without prejudice.  Party in Interest Nicholas Bull ("Bull") filed an objection

on his own behalf.  At oral argument, counsel appeared for Plaintiff and Bull.  None of the other

parties either filed a written response or appeared at the hearing.  Therefore, those parties have

not objected.

Because Bull had filed an Answer, the Rule requires that the dismissal be "upon order of

the court and upon such terms and conditions as the court deems proper." M.R.Civ.P. 41(a)(2).

A Rule 41 dismissal is without prejudice unless otherwise specified in the order. *Id.*

The Court is not aware of any case law providing significant guidance on when a court

should grant a Rule 41 motion to dismiss without prejudice.   The Plaintiff provides a Superior

Court decision that suggests that the burden is on the party seeking to prevent the motion to

establish that a denial of the motion is necessary to prevent injustice. *Wheeler v. Northern*

*Utilities Corp.* CUM CV 02 84, (July 31, 2003).  That case relies on case law treating decisions

on amending pleadings and provides limited guidance. *See e.g. John Goodwin, Inc. v. Fox,* 642

A.2d 1339, 1340 (Me. 1990). The Court's primary consideration is the degree of prejudice to the party opposing the motion

Plaintiff moved to dismiss for business reasons arising out of the decision in *Beal Bank NA v. New Century Mortgage Corp.*, 2019 ME 150, 217 A.3d 731. Plaintiff argues that that Jane Bull had not been served, no discovery had been completed, and that Bull will suffer no prejudice from the dismissal.

Bull argues that he will suffer prejudice by an involuntary dismissal. He is seriously ill and desires a resolution, he had put some work into the issues raised by the case, and the Clerk's Complaint was recorded. He would like to resolve the case, and dismissal would slow that process down.

The Court finds that a dismissal would cause little or no prejudice. Bull's desire to resolve the case now that Plaintiff engaged the issue has some appeal, but nothing will prevent negotiations towards a resolution of the mortgage once the case is dismissed. Bull had not commenced any discovery since he filed his Answer on July 1. Furthermore, dismissal will leave him in a similar position than he would be in if the case never had been filed. The bank would be alleging the Note was in default with no action being taken to foreclose. Bull would still be free to commence an action challenging the Plaintiff's status as the owner of the Note if he wishes to press the issue. Plaintiff would record dismissal of the suit at the Registry, negating the Clerk's certificate.

Because little had been done on the case and one of the parties had yet to be even served, it is proper to grant the Motion to Dismiss without prejudice and no additional terms or conditions.

Plaintiff's Motion to Dismiss is GRANTED. The case is DISMISSED without prejudice.

DATE: March 2, 2020

JUSTICE, SUPERIOR COURT