MFRA v. Howe

Joint Exhibit 14

| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | SUPERIOR COURT<br>LOCATION: ALFRED<br>DOCKET NO. CV-2017-161 |
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1<br><br>Plaintiff<br><br>vs.<br><br>Challenge Financial Investors Corp.<br><br>Defendant<br><br>Mortgage Electronic Registration Systems, Inc., as nominee for Challenge Financial Investors Corp.,<br>Henry W. Howe IV,<br>Melanie B. Howe,<br>Asset Acceptance LLC<br><br>Parties-In-Interest | MOTION TO AMEND JUDGMENT PURSUANT TO M.R.Civ.P. 59(e)<br><br><br>TITLE TO REAL ESTATE IS INVOLVED<br><br><br>MORTGAGED PREMISES:<br>334 Deerwander Road<br>Hollis Center, ME 04042<br>Book 15139, Page 0540 |

**NOW COMES** Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, and hereby files this Motion to Amend Judgment Pursuant to M.R.Civ.P. 59(e).

As grounds therefore, Plaintiff states that the February 26, 2020 Judgment dismissing the case With Prejudice, entered February 28, 2020, requires further clarification to specify that the Dismissal with Prejudice only precludes a future action brought by Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("Wilmington Trust"), or a successor-in-interest, for the claims advanced in this action. It is acknowledged that this method of establishing standing through a declaratory action brought against the originator and any Party-In-Interest with a record interest in the property was precluded by the Law Court's decision in *Beal Bank v. New Century*, 217 A.3d 731, 2019 WL 4782959 (2019).

The proposed Amended Judgment of Dismissal with Prejudice confirms that the dismissal

with prejudice is just as to the claims advanced in this case.

**WHEREFORE** Wilmington seeks to amend the Judgment of Dismissal With Prejudice pursuant to M.R.Civ.P. 59(e) to specify that the Dismissal with Prejudice is as to the claims advanced in this case.

DATED: _March 11_, 2020

John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
MaineService@dgandl.com

ORDER

As Justice O'Neil was not available to review the motion to amend judgment I have reviewed the file, the motion and the arguments for and against it. The entry is:

Motion to amend judgment is dismissed as untimely. If timely, the motion to amend judgment would be denied.

April 7, 2021

Paul A. Fritzsche
Active Retired Justice, Superior Court

ENTERED ON THE DOCKET ON: 4/8/2021