MFRA v. Howe

Joint Exhibit 16

Filing # 164919109 E-Filed 01/18/2023 09:33:57 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA.

CASE NO. 292022CA007254A001HC
DIVISION: E

WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1
    Plaintiff,

vs.

CHALLENGE FINANCIAL INVESTORS CORP.
    Defendant(s).
_____/

## MOTION TO APPOINT RECEIVER

Plaintiff, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1, by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.610 and 1.620, hereby moves this Court for the appointment of a receiver for the defunct Defendant, CHALLENGER FINANCIAL INVESTORS CORP.

1. Plaintiff respectfully request this Court to appoint a receiver for the defunct Defendant.

2. Ordinarily, a hearing is required before appointment of a receiver. *Edenfield v. Crisp,* 186 So.2d 545, 548 (Fla. 2d DCA 1966); *Phillips,* 994 So.2d at 373. Pursuant to rule 1.610, a receiver can be appointed without notice or a hearing if: (1) "it appears from the *specific facts* shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage *will* result to the movant before the adverse party can be heard in opposition"; (2) "the

movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required"; and (3) the trial court's order "define[s] the injury, state[s] findings by the court why the injury may be irreparable, and give[s] the reasons why the order was granted without notice if notice was not given." *See* Fla. R. Civ. P. 1.610(a)(1)-(2) (emphasis added); *Phillips,* 994 So.2d at 373.

    3.    Appointment of a receiver is within the discretion of the trial court; it is an abuse of discretion to appoint a receiver in the absence of a showing that property is subject to a serious loss. A*lafaya Square Ass'n v. Great W. Bank,* 700 So.2d 38 (Fla. 5th DCA 1997). "To authorize the appointment of a receiver, the petitioner must show clear legal right ... to the property in controversy, or that he has some lien upon or property right in it, or that it constitutes a special fund of which he is entitled to satisfaction of his demand." *Apalachicola N.R. Co. v. Sommers,* 79 Fla. 816, 85 So. 361, 361 (1920).

    4.    On April 20, 2007, Henry Howe, IV and Melanie B. Howe ("the Howes") executed and delivered a certain Note ("Howe Note") to Challenge in the original amount of $208,000.00 for the property located at 334 Deerwander Road, Hollis Center, Maine, 04042 (the "Property"). *See* Exhibit A (a true and correct copy of the original Howe Note endorsed in blank is attached hereto and the Original is in the possession of Plaintiff's Maine Counsel, Doonan, Graves and Longoria LLC).

    5.    Plaintiff is in possession of the Howe Note.

    6.    On or around April 20, 2007, the Howes executed a Mortgage ("Howe Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Challenge, securing the Property, recorded in the York County Registry of Deeds in Book 15139, Page 540. *See* Exhibit B (a true and correct copy of the Howe Mortgage as recorded is attached hereto).

7. On or around July 24, 2010, the Howes executed a Loan Modification Agreement, evidencing the Mortgage Loan. *See* Exhibit C (a true and correct copy of the Loan Modification is attached hereto).

8. On or around July 30, 2011, the Howes executed a second Loan Modification Agreement, evidencing the Mortgage Loan. *See* Exhibit D (a true and correct copy of the second Loan Modification is attached hereto).

9. On or around March 4, 2013, an Assignment of Mortgage was executed, assigning the interest in the Howe Mortgage from MERS to Nationstar Mortgage LLC, recorded in the York County Registry of Deeds in Book 16559, Page 45. *See* Exhibit E (a true and correct copy of the Assignment as recorded is attached hereto).

10. On or around August 26, 2014, Henry Howe and Melanie Howe executed a third Loan Modification Agreement with Nationstar Mortgage LLC, evidencing the Mortgage Loan, recorded in the York County Registry of Deeds in Book 16893, Page 631. *See* Exhibit F (a true and correct copy of the third Loan Modification is attached hereto).

11. On or around January 17, 2017, an Assignment of Mortgage was executed, assigning interest in the Mortgage from Nationstar Mortgage LLC to MTGLQ Investors, L.P., recorded in the York County Registry of Deeds in Book 17411, Page 360. *See* Exhibit G (a true and correct copy of the Assignment as recorded is attached hereto).

12. On or around January 19, 2017, a repetitive Assignment of Mortgage to MTGLQ Investors, L.P. was executed on behalf of Nationstar Mortgage LLC by MTGLQ Investors, L.P., its attorney-in-fact, recorded in the York Country Registry of Deeds in Book 17448, Page 478. *See* Exhibit H (a true and correct copy of the Assignment as recorded is attached hereto).

13. On or around September 12, 2017, an Assignment of Mortgage was executed, assigning interest in the Mortgage from MTGLQ Investors, L.P. to Plaintiff, Wilmington Trust, recorded in the York County Registry of Deeds in Book 17568, Page 206. *See* Exhibit I (a true and correct copy of the Assignment as recorded is attached hereto).

14. Notwithstanding the fact that Plaintiff is the current owner and older of the Howe Note evidencing the Howe Mortgage Loan on the Property, Plaintiff is unable to foreclose the Mortgage Loan under Maine Law.

15. Plaintiff holds the original Note evidencing the Mortgage Loan and thus seeks the Appointment of a Receiver to obtain an assignment reflecting its valid interest in the Mortgage for the purpose of foreclosing the same.

16. Since 2014, unique case law in Maine[1] provides, inter alia, that an Assignment of Mortgage from MERS is ineffective to establish the standing necessary to enable the assignee to initiate foreclosure proceedings, and that only an assignment directly from the originating lender (Challenge) will permit the assignee to foreclose the Mortgage.

17. Under Maine case law, the Assignment chain from MERS to the Plaintiff is ineffective to provide standing to foreclose the subject mortgage.

18. The Howe Mortgage has been in default since October 1, 2014.

19. Thus, without a Quitclaim Assignment of Mortgage from the now defunct Challenge to Plaintiff, Plaintiff cannot foreclose pursuant to the terms of the Howe Mortgage.

20. Challenge is for all intents and purposes defunct since its operations have ceased and it has been a suspended corporation for more than 12 years.

---

[1] *Bank of America, N.A. v. Greenleaf,* 96 A.3d 700 (Me. 2014) (*Greenleaf I*); *Bank of America, N.A. v. Greenleaf*, 124 A.3d 1122 (Me. 2015)(*Greenleaf II*).

21. Upon information and belief, that Challenge exists for the purposes of winding up its affairs only.

22. Upon information and belief, that, although Challenge was previously qualified to do business in Maine, the State of Maine revoked Challenge's authority to transact business on September 10, 2008.

23. Accordingly, Plaintiff requires the appointment of a Receiver to execute an Assignment of the Howe Mortgage from Challenge directly to Plaintiff, Wilmington Trust, and to execute Assignments of Mortgage for other mortgages on behalf of Challenge as the need arises.

24. Plaintiff seeks the appointment of a Receiver for the purposes of winding up Challenge's affairs, including but not limited to executing an Assignment of the Howe Mortgage directly to Plaintiff, and to execute other assignments of other mortgages as the need arises.

25. Here the Plaintiff suffers a risk a loss by no appointment of a receiver to execute the Assignment in order to complete its foreclosure of the lien.   As to the principles from *Polycoat Corporation v. City National Bank of Miami*, 327 So.2d 126 (Fla. 4th DCA 1976), which apply here, appellee made adequate allegations, and its motion for appointment of a receiver was supported by business documents and a certain amount of testimony—some of it by appellant's officers.

WHEREFORE, Plaintiff respectfully request this Court enter an order appointment a receiver and for any such further relief this Court deems proper and just .

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. Mail, Facsimile, or electronic mail this 18th of January 2023 to:

CHALLENGE FINANCIAL INVESTORS CORP
 C/O NATIONAL REGISTERED AGENTS, INC.
128 STATE ST. #3
AUGUSTA, ME 04300

> By: */s/ Adam A. Diaz*
> Adam A. Diaz
> Florida Bar No.: 98379
> Diaz Anselmo & Associates, P.A.
> Attorneys for Plaintiff
> 499 NW 70th Ave., Suite 309
> Fort Lauderdale, FL 33317
> Telephone: (954) 564-0071
> Service E-mail: answers@dallegal.com

1491-187175