**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

MFRA v. Howe

Joint Exhibit 20

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 | CIVIL ACTION NO: 2:21-cv-00278-NT |
| **Plaintiff** | **COUNTER DEFENDANTS' RESPONSE TO COUNTER PLAINTIFF'S ANSWER & AFFIRMATIVE DEFENSES, COUNTERCLAIMS, OPPOSITION TO DEMAND FOR JURY TRIAL** |
| **vs.** | RE: 334 Deerwander Road, Hollis Center, ME 04042 |
| Henry W. Howe, IV and Melanie B. Howe | Mortgage: April 20, 2007 Book 15139, Page 0540 |
| **Defendants** | |
| Asset Acceptance LLC | |
| **Party-In-Interest** | |
| Melanie B. Howe | |
| **Counter Plaintiff** | |
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1; Fay Servicing, LLC | |
| **Counter Defendants** | |

NOW COMES the Counter Defendants, Fay Servicing, LLC ("Fay") and Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("MFRA") by and through undersigned counsel, and hereby responds to Counter Plaintiff Melanie B. Howe's ("Counter Plaintiff" or "Howe")[1] Answer & Affirmative Defenses (including discrete

---

[1] Henry W. Howe was defaulted on January 27, 2022 and all references herein to "Howe" are to Melanie B. Howe.

portions of the "Answer"), paragraphs plus sub-parts, captioned "Counterclaims," & Demand for Jury Trial as follows:[2]

## I.

### RESPONSE GENERALLY TO DISCRETE PORTIONS OF THE "ANSWER"

1. In the first 42 paragraphs of the "Answer" Howe goes beyond admitting or denying the allegations set forth in the Complaint and thus response is necessary to discrete portions which contain additional allegations.

2. Paragraph 1 of the Answer denies paragraph 1 of the complaint, however, the paragraph goes on in the next eleven lines to allege that the Trustee does not exercise "sufficient degree of control over the MFRA Trust 2015-1" to "control the question of diversity" and as such, to the extent that this paragraph of the "Answer" contains an affirmative challenge to jurisdiction it is denied.

3. Howe appears to attempt to change the burden of proof for certain aspects in this matter to "strict compliance" with no basis for such a change under the Federal Rules nor Maine statutory or caselaw and the Court should in general reject this rewriting of the applicable law.

4. Howe having admitted the execution of the subject Note and the default thereunder,[3] MFRA and Fay seeks the justice of collecting from the Defendants moneys they owe to

---

[2] On June 14, 2022, [DK 30] Counter Defendants Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("MFRA") and Fay Servicing, LLC ("Fay")(collectively "Counter Defendants") responded to Counter Plaintiff's Melanie B. Howe's, ("Counter Plaintiff" or "Howe"), Answer & Affirmative Defenses, 71 paragraphs plus sub-parts, captioned "Counterclaims," & Demand for Jury Trial following this Court's Order on Howe's Motion for leave to add Fay as a Defendant. [DK 23] On September 8, 2022, this Court Ordered Howe to show Cause why she had not served Fay, [Dk 31], and Fay was thereafter served triggering the Answer deadline which was extended pending consideration of the Motion to Stay Pending Appeal [DK 36] and following this Court's Order on that Motion [DK40] which included a revised Answer deadline of December 29, 2022.  Fay and MFRA incorporates the prior Answer, DK 30, by reference, and for clarity restate the Answer with additional defenses unique to Fay herein.
[3] In paragraphs 7, 15, 23, 33 and 38 Howe repeatedly "denies" the allegations and then "admit[s] that she signed a note to Challenge Financial Investors, Corp., on or about April 20, 2007."

MFRA.

5. Specifically in paragraphs 21 and 31 of the "Answer" following general denials, Howe makes the unrelated statement that "Defendant would also note that Plaintiff's action is an injustice since it lost in state court and is simply forum shopping without the right to do so since it never appealed the adverse decisions against it" and to the extent that this section of the "Answer" contains an allegation that the instant action is in any way barred by the prior declaratory action it is denied.

6. In general, the circumstances of this action do not implicate the so-called *Rooker-Feldman* Doctrine nor does the prior litigation referenced by Howe give rise to the application of *res judicata*, collateral estoppel nor claims preclusion due to the nature of the prior litigation. [First and Second Affirmative Defenses-Denied]

7. The Fair Debt Collection Practices Act and 14 M.R.S. § 6113 do not apply to the circumstances of this matter under Maine Law. [Third and Fourth Affirmative Defenses-Denied]

8. The general affirmative defenses raised by the Defendant without supporting allegations, Statute of Limitations; Failure to State a Claim; Latches; Jurisdiction; Waiver are without basis under the facts of this matter as well as the applicable Federal Law or the Law of Maine. [Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth and Fifteenth Affirmative Defenses-Denied]

9. The allegations contained within the Eighth Affirmative Defense are denied to the extent that they are discernable and the claim that the "prior court order from the state court" . . . "denied the relief and claims asserted in this action" is likewise denied.

10. Despite allegations to the contrary, 14 M.R.S. §1422(1) (sic) is inapplicable to this matter under the facts and circumstances of this matter. [Eleventh Affirmative Defense-

Denied]

11. The Fourteenth Affirmative Defense requesting a set off against damages for "injuries" plead in the counterclaims is specifically denied both as to her entitlement to settlement and her proof of any damages caused by the conduct alleged.

II.

**RESPONSE TO "INTRODUCTION AND PARTIES"**

12.    (CC para 1) The Counter Defendants admit that Howe is a borrower on a note that she and her former husband, Henry W. Howe, IV, signed on or about April 20, 2007, in favor of Challenge Financial Investors, Corp., a Florida Corporation ("Challenge")(the "Howe Loan") and acknowledged and modified three times, (2010, 2011 and 2014); deny that Howe's Counterclaims state any claim under Federal or State law, and deny that the Counter Defendants violated the law or the loan contracts.

  a.    MFRA and Fay admit attempting to collect upon the Howe Loan once in default, as said loan was voluntarily acknowledged and modified three times by Howe and in default since 2014, but deny that they are without right to do so; deny that they "previously sought the right to collect the same sums"; deny that they are precluded from doing so by a declaratory action brought against Challenge Financial Investors, Corp. (the "Challenge Declaratory Judgment Action") in which Howe was a Party-in-Interest; deny that the Challenge Declaratory Judgment Action is "prior litigation;" deny that it is "splitting its claims" and further deny any remaining allegations in Paragraph 1(a).

  b.    MFRA and Fay admit that they have attempted to lawfully collect the Howe Loan obligation, voluntarily acknowledged and modified three times since origination, and in default since 2014, but deny they have used "threatening

methods of collection" and deny any remaining allegations in Paragraph 1(b).

13.     (CC para 2) MFRA and Fay admit that Howe is a borrower on a note that she and her former husband, Henry W. Howe, IV, signed on or about April 20, 2007, in favor of Challenge, ("the Howe loan"); MFRA and Fay further admit that a portion of the proceeds of the loan were used by Ms. Howe to acquire the home and property located at 334 Deerwander Road, Hollis Center, Maine 04042 (the "Property") but MFRA and Fay lack knowledge or information sufficient to form a belief as to the truth of the allegations that the Property was used exclusively as Howe's family home and that the loan was used "otherwise entirely for consumer purposes." MFRA and Fay further admit that both of the Howes remain obligated on the Loan notwithstanding the purported transfer of the deed in violation of Maine Law from Mr. Howe to Mrs. Howe after the filing of this action in 2022.

14.     (CC para 3) Counter Defendants admit that MFRA is, and claims to be, the assignee and holder of the Howe Note, acknowledged and modified three times, all memorializing the Howe Loan and denies that it cannot "show any assignment" by any authorized party. *See* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33; 227 A.3d 577 (2020) and the Uniform Commercial Code as adopted in Maine.

   a.   Counter Defendants deny that MFRA is a debt collector pursuant to 15 U.S.C. §1692a(6); deny the statement of its "principal business;" deny it purchases loans for "pennies on the dollar;" deny it "exists solely to acquire defaulted consumer debts;" and admit it uses the U.S. Postal service, but denies the relevancy under the aforesaid for the use of said service.

   b.   Counter Defendants admit that MFRA acquired the Loan during the Challenge Declaratory Judgment Action; deny that the "enforceability and collectability of the Loan" is or was "in serious doubt" and denies the remaining allegations in

Paragraph 3(b).

15.     (CC 4) Counter Defendants deny the allegations in Paragraph 4 to the extent that they allege Fay is a "Debt Collector;" deny the applicability of 14 M.R.S. § 6113 to the instant claims, and admit that Fay services this loan.

     a.    Counter Defendants deny the allegations in Paragraph 4(a) as liability between a principal and an agent depends on the act; and further responds that this is an incorrect statement of the law to which no Answer is required. If an Answer is necessary, both Counter Defendants deny same

     b.    Counter Defendants admit that a portion of Fay's business activities include the servicing of loans as defined in 14 M.R.S. § 6113; and further admit that Fay services Howe's Loan but deny the applicability of 14 M.R.S. §6113 to the instant claims, and even if the sections apply, the Counter Defendants acted in Good Faith following the 2014 Default of the acknowledged and thrice modified loan and would be exempted under section 5 of 14 M.R.S. §6113.

16.     (CC 5) Counter Defendants admits that they have engaged and authorized Doonan, Graves & Longoria, LLC ("DGL") to represent them with respect to the Loan, but deny that DGL is a debt collector pursuant to 15 U.S.C. §1692a(6); deny the applicability of the law to the instant claims and further respond that this paragraph contains statements, and misstatements, of the law to which no Answer is required and if an answer is required deny same. Answering further, the alleged statement 5 is a veiled attempt to circumvent the attorney-client privilege and should not be condoned by the Court.

## RESPONSE TO "II. JURISDICTION AND VENUE"

17.     (CC 6) Counter Defendant admits that the Court has issued an Order dated May 13, 2022, adding Fay as a counter defendant; but deny that the counterclaims are authorized by Fed. R.

Civ. P. 13. Counter Defendant denies the remaining allegations in Paragraph 6.

18.     (CC 7) Counterclaim Defendants deny that Howe has pled facts sufficient to establish a Federal Question, deny that this Court has Federal Question jurisdiction pursuant to 28 U.S.C. §1331 over Counter Plaintiff's FDCPA claims and deny that this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a), and deny any claims have been stated.

19.     (CC 8) Counter Defendant admits that MFRA is the investor and holder of the Note, and that Fay is registered to do business in Maine but deny the remaining allegations in Paragraph 8.

20.     (CC 9) Counter Defendant denies that Howe has been "injured" by remaining in the premises during the collection process following her default as caselaw in Maine has evolved and further allege that any harm or stress is offset by occupying the home without making contractual payments and while the Counter Defendants and their predecessors-in-interest have advanced taxes and insurance to allow Howe to continue to reside in the premises; lack knowledge as to whether any alleged injuries to Howe occurred in Maine but deny any wrongdoing caused directly or indirectly by MFRA or Fay.

21.     (CC10) Counter Defendant admits venue is proper in Maine but deny any actions occurred in Maine that damaged the Defendants.

### RESPONSE TO: IV. [sic] FACTS

### A. THE GENERAL DEBT BUYER AND MORTGAGE CRISIS

22.     (CC 11) Counter Defendants deny Howe's characterizations of a "foreclosure crisis" and the baseless, irrelevant statements and undocumented statistics, and the Counter Defendants lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations (if any) in Paragraph 11 of the Counterclaim.

23.     Counter Defendants deny both the substance and the relevancy of the allegations in Paragraph 12 of the Counterclaim.

      a.    Howe purports to quote an over 7 year old, September 2015 article from the New York Times to which no response is required. Counter Defendants deny the allegations in Paragraph 12(a) to the extent that Counter Plaintiff mischaracterizes, misquotes or takes out of context the quoted text, and further denies any relevancy of the statements made.

      b.    Howe purports to quote a May 2016 publication from the National Consumer Law Center to which no response is required. Counter Defendants deny the allegations in Paragraph 12(b) to the extent that Howe mischaracterizes, misquotes or takes out of context the quoted text and further denies any relevancy of the statements made. Answering further, there is no connection between the alleged, unsubstantiated claims made by this report nor the report referenced in the other subsections of this Paragraph and the facts of this matter.

      c.    Howe purports to quote an even older June 2015 publication from "The Center for Popular Democracy" to which no response is required. Counter Defendants deny the allegations in Paragraph 12(c) to the extent that Howe mischaracterizes, misquotes or takes out of context the quoted text and further denies any relevancy of the statements made.

24.     Counter Defendants admit that Counter Plaintiff purports to bring an action pursuant to the FDCPA and Maine's Mortgage Servicer Duty of Good Faith statute but denies any wrongdoing; denies the applicability of these sections and denies any remaining allegations in

Paragraph 13.

**RESPONSE TO: B. FACTS RELATED TO THE COUNTER PLAINTIFF**

25.     Counter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 other than information that appears in the public records and court records including the probate records concerning these matters and denies the relevancy therein.

26.     Counter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 other than information that appears in the public records and court records including the probate records concerning these matters and denies the relevancy therein.

27.     Counter Defendants deny any violation of the law and lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16 other than information that appears in the public records and court records including the probate records concerning these matters and denies the relevancy therein.

28.     Counter Defendants admit the allegations in Paragraph 17.

29.     Counter Defendant admits that, at the time of the transaction, Mortgage Electronic Registration Systems, Inc. (MERS) held the right to record the mortgage.  Counter Defendant further admits that, at the time of the transaction, Challenge was entitled to enforce the Note, foreclose the mortgage, and to impose and/or collect certain fees. The limitations of the MERS assignment, as a result of a narrow window of Maine caselaw, decided years after the execution of the loan documents and currently under review by the Law Court of the State of Maine (*See*, *J.P. Morgan Acquisition Corp. vs Camille J. Moulton* Oxf-2021-412) are far narrower that outlined by Howe, *see* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33; 227 A.3d 577 (2020) and the Counter Defendants deny that any present limitations on the ability to foreclose in any way impact the Howes' obligation to pay their loan or the Counter Defendants' ability to collect it. Counter Defendants deny the remaining allegations in Paragraph 18 including any allegation that the rights to

enforce the Note and to proceed in equity remain with the originator. *See* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33 ¶¶ 9-11 and (Horton J. concurring) 14-30.

30.   Counter Defendant admits that MTGLQ Investors LP held certain rights under the mortgage and held the Note, which was endorsed in blank. Counter Defendant denies the remaining allegations in Paragraph 19. To the extent that this paragraph contains an incomplete statement, or misstatement of Maine law no response is required.

31.   Counter Defendant admits that MTGLQ Investors, L.P. filed a declaratory judgment action in the Superior Court for York County, Maine against Challenge Financial Investors Corp. seeking declaration that MTGLQ Investors, L.P. was the holder of the Note, and also had standing to bring a foreclosure action to enforce the Mortgage. Counter Defendants deny any remaining allegations in Paragraph 20.

32.   Counter Defendants admit that Melanie Howe and Henry Howe were named as Parties-in-Interest in the Challenge Declaratory Judgment Action as purported owners of the subject property and obligors under the Howe Note and Mortgage but deny the characterization of this action as a "Prior Action" and deny any remaining allegations in Paragraph 21.

33.   Counter Defendants admits that MTGLQ Investors, L.P. commenced the action on or about June 26, 2017 but deny the characterization of the Challenge Declaratory Judgment Action as a "Prior Action."

        a.   Counter Defendants admit the allegations in Paragraph 22(a) but denies its relevancy to this matter.

        b.   Counter Defendants admits the allegations in Paragraph 22(b) but denies its relevancy to this matter.

        c.   Counter Defendants admit the allegations in Paragraph 22(c) but denies its relevancy to this matter.

    d.   Counter Defendants deny the allegations in Paragraph 22(d); specifically deny that in the Declaratory action against Challenge, in which Howe was only a Party-in-Interest, that any of the claims brought in this action were required to be "joined;" deny that any claims were "split" and further deny any further allegations in this paragraph and their relevancy to this action.

    e.   Counter Defendants admit that it did not amend its Declaratory Complaint against Challenge in the Challenge Declaratory Judgment Action, to which Howe was a Party-in-Interest and not a Defendant, and further deny any remaining allegations in Paragraph 22(e) and specifically deny that ether of them could have brought these claims at that time and their relevancy to this action.

34.    Counter Defendants admit the allegations in Paragraph 23 that DGL represented MTGLQ Investors, L.P. in the Challenge Declaratory Judgment Action but deny the characterization of that matter as a "Prior Action" and deny that it was litigated to its conclusion as the matter was dismissed with prejudice with a marginal notation on the motion following the *Beal Bank* decision declining to compel an assignment to establish standing in this manner. Answering further, this allegation continues the attempt to circumvent the attorney-client privilege as aforesaid.

35.    Counter Defendants admit the Challenge Declaratory Judgment Action was brought against Challenge by MTGLQ Investors, L.P. when that entity was the holder and owner of the Note. Counter Defendant further admits that during the pendency of the litigation, MFRA became the holder and owner of the Note, and was substituted as Plaintiff on or about December 15, 2017, but Counter Defendant denies the characterization of that matter as a "Prior Action;" deny the baseless "pennies on the dollar" allegations; deny the allegation that How Loan contractual obligation thrice modified and in default since 2014 is "*per se* unenforceable;" and deny the remaining allegations in Paragraph 24.

36.     Counter Defendants admit that the Howe Loan has not been paid since prior to the Challenge Declaratory Judgment Action, shortly after the third modification in 2014, but deny the remainder of the allegations in this paragraph, particularly where, as here, Howe modified the loan three times with successive holders following the Challenge origination, and in each modified contract, explicitly and implicitly acknowledges the authority and ability of the Counter Defendant's predecessors-in-interest to modify the contractual documents including the Note and the Mortgage, and further denies the balance of the allegations in Paragraph 25.

37.     Counter Defendant denies the allegations in Paragraph 26 generally, deny that the modified loan is "defective" "unenforceable" and specifically deny that "its own counsel" and predecessor-in-interest believed that the modified Howe loan was not enforceable.

38.     Counter Defendants admits that MFRA did not seek to amend the Complaint in the Challenge Declaratory Judgment Action. Counter Defendant further admit that DGL acted as counsel for MFRA in the Challenge Declaratory Judgment Action but deny that is relevant and further that communications are attorney client privileged.

    a.  Counter Defendant admits the allegations in Paragraph 27(a) that MFRA is and was the holder of the Howe Note and that it is entitled to enforce that loan which has been in default since 2014, but deny that the actions were the same in that the Challenge Declaratory Judgment Action which was brought against Challenge and did not include a count on the Howe Note or in equity against Howe who was not a defendant but rather a party-in-interest in that action.

    b.  Counter Defendants admit that in the Declaratory Judgment action against Challenger that it did not assert breach of note, breach of contract, or quantum meruit claims against Howe, a party-in-interest, in the Challenge Declaratory Judgment Action and denies the remaining allegations in Paragraph 27(b).

39.     Counter Defendants admit that Fay became the servicer of the loan on or about September 7, 2017, and that the loan was in default at that time. Counter Defendants deny that the thrice modified Howe Mortgage Loan "was unenforceable" and deny the remaining allegations in Paragraphs 28 and 28(a) (including "disguising fess" (sic)).

40.     Counter Defendants admit that Fay services the Howe Loan on behalf of MFRA and that a portion of its business includes collections activities but deny that Fay became the "Collector." Counter Defendants further admit that DGL has acted as legal counsel for MFRA and Fay in the Challenge Declaratory Judgment Action and from December 15, 2017, to present but deny the relevancy of that fact (especially in light of the attorney-client privilege).  Counter Defendants deny that the declaratory action in which Challenge was the defendant was a "Prior Action" to the instant action against Howe; and deny any remaining allegations in Paragraph 29.

41.     Counter Defendants admit that following *Beal Bank* the Challenge Declaratory Judgment Action was dismissed with prejudice with a marginal note on the motion; but deny that it was a "Prior Action" against Howe; deny that it was a "final judgment in favor of Ms. Howe" a party-in-interest in the declaratory action; and deny any inference that dismissal of a declaratory case against Challenge precluded any future action except a future declaratory action against Challenge in Maine; and deny any remaining allegations in Paragraph 30.

42.     Counter Defendants admit that MFRA filed a Motion to Amend Judgment Pursuant to M.R.Civ. P. 59(e) in the Challenge Declaratory Judgment Action on or about March 13, 2020, and that Counter Plaintiff quotes a portion of MFRA's Motion to Amend Judgment. Counter Defendants deny that denial of a request for clarification in the dismissal of the Challenge Declaratory Judgment Action somehow converts the dismissal of a declaratory action against a different defendant with unique claims to a "Prior Action" against Ms. Howe. Answering, further, any dicta contained therein is also irrelevant. (CC 31)

43.     Counter Defendants deny the allegations in Paragraph 32; specifically deny that the Motion brought in the Challenge Declaratory Judgment Action has any relevance to the instant matter; deny that there was a "claim split" created by the claims brought or dismissed in Challenge Declaratory Judgment Action and deny the allegation that the Counterclaim Defendants have proceeded "again and again" on the thrice modified Howe Loan.

44.     Counter Defendants deny that the dismissal with prejudice of the Challenge Declaratory Judgment Action had any preclusive effect to bringing an action to enforce the Howe Loan contract at law or in equity but admits that it filed the present action on the Note and in equity with this Court. (CC 33)

45.     Counter Defendants admit that MFRA did not file an appeal of the order in the Challenge Declaratory Judgment Action and that Fay is an agent of MFRA; but deny that this or any judgment in a declaratory action has any preclusive effect on filing an action again a party-in-interest common to both matters and denies any remaining allegations in Paragraph 34.

46.     Counter Defendants admit that the February 26, 2020 Order is a matter of public record and that Fay has knowledge of the Order. Counter Defendants deny Howe's attempts to characterize the Order as having any legal import to the instant action; and deny any remaining allegations in Paragraph 35 and the relevancy, especially under the attorney client privilege.

47.     Counter Defendants deny any factual allegations implicit in this paragraph 36 and object to the characterization of the Counter Defendant entities; specifically deny that the instant litigation is in any way a duplication of the Challenge Declaratory Judgment Action; deny that the declaratory action was a "course of action" against Howe; deny that the dismissal of the Challenge Declaratory Judgment Action in Maine following *Beal Bank* was a "loss on the merits" of the claims brought against Howe in the instant matter.

48.     Counter Defendants deny the interpretation of the Order entered in the Challenge

Declaratory Judgment Action and related duplicative allegations in Paragraph 37; deny that the Motion was "to pursue more litigation against Ms. Howe;" and deny that that Order precludes bringing the instant action to enforce the Howe Loan agreements.

49.     Counter Defendants admit that MFRA did not file an appeal in the Challenge Declaratory Judgment Action but denies the remaining duplicative allegations in Paragraph 38.

50.     Counter Defendants admit that the April 7, 2021, Order in the Challenge Declaratory Judgment Action is a matter of public record; that Fay has and had knowledge of the Order; but deny the characterization of the Order; deny the alleged preclusive impact on collections; and deny the remaining allegations in Paragraph 39 especially in light of the attorney client privilege.

51.     Counter Defendants deny that the dismissal of the action against Challenge, the Challenge Declaratory Judgment Action, is a "Prior Action" to the instant action against Howe; deny that the dismissal of the Challenge Declaratory Judgment Action "precluded it from the right to collect from Ms. Howe;" deny the applicability of the so-called *Rooker-Feldman* Doctrine to this or any declaratory action brought pre *Beal Bank* to establish standing; admit that MFRA filed a four-count Complaint against Counter Plaintiff and assert that the Complaint speaks for itself; and deny the remaining allegations in Paragraph 40.

52.     Counter Defendants deny the allegations in Paragraph 41, specifically the Challenge Declaratory Judgment Action was brought in Maine against Challenge and Howe was a party-in-interest; the allegations are specifically denied where, as here, the Challenge Declaratory Action was not brought against Howe and there were no claims against Howe or any other Party-in-interest in the Challenge Declaratory Judgment Action and MFRA and Fay continue to deny any attempts to circumvent the attorney-client privilege.

53.     Counter Defendants admit that Fay is aware of the instant action but deny that the dismissal of the Challenge Declaratory Judgment Action in Maine in any way impacts the ability of

MFRA to bring the instant action and denies the remaining allegations in Paragraph 42.

54.     Counter Defendants deny that the instant action against Howe is barred by "the doctrine of claim preclusion or collateral estoppel" by the bringing or the dismissal of the Challenge Declaratory Judgment Action; and deny the remainder of the allegations in Paragraph 43.

a.   Counter Defendants admit that MFRA was a party to the Challenge Declaratory Judgment Action; deny Fay was a party to the Challenge Declaratory Judgment Action; deny that Howe was a Defendant in that action, as reflected in the caption throughout, Howe was named only as a Party-in-Interest to the Challenge Declaratory Judgment Action solely due to her interest in the underlying real property; and deny any remaining allegations in Paragraph 43(a).

b.   Counter Defendants deny the allegations in Paragraph 43(b) as the dismissal of the  Challenge Declaratory Judgment Action is not a "Prior Action" to the instant matter; was not "two" judgements; and has no preclusive effect to the claims in the instant action.

c.   Counter Defendants admit that Ms. Howe had been in default on the thrice modified Howe Loan for over three years at the time the Challenge Declaratory Judgment Action was filed but deny the remaining allegations in Paragraph 43(c) and once again objects to the attempted circumvention of the attorney-client privilege.

55.     Counter Defendants deny that the dismissal of the Challenge Declaratory Judgment Action in any way precluded the instant action; and admit that they authorized DGL to file the instant action; deny the relevancy of that and assert that all communications thereto are attorney client privileged; deny and attempt to collect from "Ms. Doonan" (sic); deny any wrongdoing whatsoever, as well as denying any remaining allegations in Paragraph 44.

56.     Counter Defendants admit that Howe has made no payments on the thrice modified Howe Mortgage Loan since October 2014; deny that the claims are time barred; deny the remaining allegations in Paragraph 45.

57.     Counter Defendants admit that the statute of limitations for claims of quantum meruit and unjust enrichment under Maine law is six (6) years but deny the remaining allegations in Paragraph 46 and assert the ongoing nature of those claims.

58.     Counter Defendants admit that Fay sent a letter dated September 21; the letter speaks for itself; deny that the dismissal of the Challenge Declaratory Judgment Action permanently eliminated the ability to foreclose the Howe Mortgage lien; (*see* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33 ¶¶ 9-11 and (Horton J. concurring) 14-30)  and the reconsideration of ambiguities in Maine by the Law Court ( See, *J.P. Morgan Acquisition Corp. vs Camille J. Moulton* Oxf-2021-412.); and deny the remaining allegations in Paragraph 47.

59.     Counter Defendants deny that the dismissal of the Challenge Declaratory Judgment Action is a judgment that MFRA "held no valid mortgage;" (*see* M.R.S. 33 §508 and *U.S. Bank v. Gordon,* 2020 ME 33 ¶¶ 9-11 and (Horton J. concurring) 14-30);  admit that Fay sent monthly loan statements to Counter Plaintiff as the thrice modified mortgage loan has remained in default since 2014;  but deny the remaining allegations in Paragraph 48, and 48(a) – 48(d). The purported present inability to establish standing through a declaratory case by virtue of the decision in *Beal Bank* and the dismissal of the Challenge Declaratory Judgment Action does not equate to an "elimination" of the modified Howe Loan; deny any allegations or inferences inconsistent with the fact that the debt remains and all efforts to collect the loan were, and continue to be, lawful. Counter Defendants further admits that DGL sent mail to all known addresses for the defendant; deny the relevance and assert attorney client privilege to all communications between its law firm and itself; and deny the remaining allegations in Paragraph 48(e).

60.     Counter Defendants admit that Fay engaged vendors to conduct regular inspections of the property pursuant to the terms of the contracts after Howe defaulted in payment; but lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 49 and therefore deny them.

61.     Counter Defendants admits that Fay engaged vendors to conduct regular inspections of the property pursuant to the terms of the contracts throughout the time of servicing; but lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 50 and therefore deny them.

62.     Counter Defendants admit that Fay has contacted Counter Plaintiff by phone following her default on the Howe Loan; but denies the implication that the dismissal of the Challenge Declaratory Judgment Action eliminated any, let alone all of Howe's contractual obligations for payment of the Howe Loan and deny the remaining allegations in Paragraph 51.

63.     Counter Defendant denies the allegations in Paragraph 52.

## COUNT I

64.     Counter Defendants repeat and reallege their responses to Paragraphs 1-63 with the same effect as if fully set forth herein.

65.     Counter Defendants deny the allegations in Paragraph 54.

66.     Counter Defendants deny the allegations in Paragraph 55.

67.     Counter Defendants deny the allegations in Paragraph 56.

68.     Counter Defendants deny the allegations in Paragraph 57.

69.     Counter Defendants deny the allegations in Paragraph 58.

70.     Counter Defendants deny the allegations in Paragraph 59.

71.     Counter Defendants deny the allegations in Paragraph 60.

72.     Counter Defendants deny the allegations in Paragraph 61.

73.     Counter Defendants admit that the FDCPA provides for statutory and actual damages; but deny the applicability of this law to the instant claims; deny that Counter Plaintiff is entitled to any damages under the FDCPA or any other damages theory whatsoever, and deny the remaining allegations in Paragraph 62.

## COUNT II

74.     Counter Defendants repeat and reallege its responses to Paragraphs 1-73 with the same effect as if fully set forth herein.

75.     Counter Defendants admit that the Howe Note is a negotiable instrument within the meaning of 11 M.R.S.§ 3-1104; deny the applicability of 14 M.R.S. § 6113(1)(C); and deny any remaining allegations in Paragraph 64 subject to 14 M.R.S. § 6113(5).

76.     Counter Defendants admit the allegations in Paragraph 65 subject to 14 M.R.S. § 6113(5).

77.     Counter Defendants admit the allegations in Paragraph 66 subject to 14 M.R.S. § 6113(5).

78.     Counter Defendants admit the allegations in Paragraph 67 subject to 14 M.R.S. § 6113(5).

79.     Counter Defendants deny the allegations, their relevancy and further answering states that such allegations violate the attorney client privilege in Paragraph 68.

80.     Counter Defendants deny the allegations in Paragraph 69; deny that the dismissal of the Challenge Declaratory Judgment Action eliminated the Howe Loan and the creditor's ability to collect upon default; and deny that actions to enforce the thrice modified Howe Loan violated the law.

81.     Counter Defendants admit that 14 MRS §6113(4)(B) can provide for statutory damages; deny that the section applies to the instant claims; and deny the remaining allegations in

Paragraph 70.

82.    Counter Defendants deny the allegations in Paragraph 71.

## PRAYERS FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Counter Defendants denies that Counter Plaintiff is entitled to any of the relief requested in the unnumbered "PRAYER FOR RELIEF ON COUNTERCLAIMS" including subparts (I) through (IV), and respectfully requests that the Court dismiss the Counterclaim in its entirety and enter judgment in their favor and against Counter Plaintiff.

## RESPONSE TO JURY DEMAND

Counter Defendants denies that Counter Plaintiff is entitled to a jury trial with respect to all or any of their claims.

## AFFIRMATIVE DEFENSES TO THE COUNTER CLAIMS

### FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Counter Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, release, acquiescence, and ratification.

### THIRD DEFENSE

Counter Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH DEFENSE

Counter Defendants have not caused Counter Plaintiff to suffer any actual damages.

### FIFTH DEFENSE

Counter Plaintiff has failed to mitigate its damages.

### SIXTH DEFENSE

Counter Plaintiff's claims are barred by the doctrine of unjust enrichment.

SEVENTH DEFENSE

Counter Plaintiff is barred from obtaining relief due to the statute of limitations.

EIGHTH DEFENSE

Counter Plaintiff is not entitled to the relief sought in that a balancing of the equities does not favor the Plaintiff's claims.

NINTH DEFENSE

Any and all actions taken by Counter Defendants were performed in accordance with federal and state law.

TENTH DEFENSE

Counter Plaintiff's claims, if any, should be set off against Counter Defendant's claims against Counter Plaintiff.

ELEVENTH DEFENSE

Any failure to comply with the FDCPA on the part of the Counter Defendant was the result of bona fide error.

TWELFTH DEFENSE

Counter Plaintiff's claims fail because Counter Defendants are not "debt collectors" as defined in §1692a(6) and interpreted in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017) and related cases.

THIRTEENTH DEFENSE

Counter Plaintiff's claims fail because a declaratory judgment action has no *res judicata* effect, particularly where, as here, the declaratory judgment action sought an order transferring the subject mortgage.

FOURTEENTH DEFENSE

Counter Plaintiff's Claims fail due to her prior breach.

### Response to HOWE's AFFIRMATIVE DEFENSES

This section of Howe's pleading goes beyond the assertion of "Affirmative Defenses" and is riddled with factual allegations repeated from other sections of the document filed. To the extent that the "Affirmative Defenses" contain factual allegations those allegations are denied.

### PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, based on the foregoing, the Counter Defendants requests that the Court dismiss Counter Plaintiff's Counterclaim with prejudice and enter judgment in Counter Defendants' favor against Counter Plaintiff;

WHEREFORE, Counter Defendants, request that the Court award them reasonable costs including attorney's fees for defending against this Counterclaim; and

WHEREFORE, Counter Defendants request that the Court grant and award them other such relief as is necessary and appropriate.

DATED: December 28, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 28th day of December, 2022, I served

a copy of the above document by electronic notification using the CM/ECF system and/or First

Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042

John Z Steed, Esq.
Attorney for Melanie Howe
PO Box 386
Blue Hill, ME 04614