MFRA v. Howe

Joint Exhibit 22

UNITED STATES DISTRICT COURT DISTRICT OF MAINE

| | |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1**<br><br>    Plaintiff<br><br>v.<br><br>**HENRY W. HOWE IV**<br>&<br>**MELANIE B. HOWE**<br><br>    Defendants | CIVIL ACTION NO: 2:21-CV-00278-NT |
| **MELANIE B. HOWE**<br><br>    Counter Plaintiff<br><br>v.<br><br>**WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1**<br>&<br>**FAY SERVICING LLC**<br><br>    Counter Defendants | |

**NOTICE OF VIDEO DEPOSITION OF THE CORPORATE DESIGNEE WITNESS OF COUNTER-DEFENDANT FAY SERVICING LLC**

To:  Fay Servicing LLC
     c/o Reneau J. Longoria, Esq.,
     Doonan, Graves & Longoria, LLC
     100 Cummings Center, Suite 303C
     Beverly, MA 01915
     Counsel for the Counter Defendant

From: Counter Plaintiff Melanie B. Howe

Date: May 29, 2023

1

**PLEASE TAKE NOTICE**, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, that on Wednesday, May 31, 2023, commencing at 10:30 a.m., Counter Plaintiff shall take the **stenographic and video** deposition(s) of Fay Servicing LLC ("Fay"). The deposition will be taken by remote videoconference and will be recorded. Pursuant to Fed. R. Civ. P. 30(b)(6), please designate the corporate representative(s) most knowledgeable to testify on behalf of Fay concerning the below areas of inquiries.

The taking of this deposition(s) may be adjourned from day to day until completed, and may occur over several days as necessary and appropriate. The deposition will also be taken before a remote notary public or duly authorized officer qualified to administer oaths, and may be recorded by a remote videographer, at the date and time indicated above. Counter Plaintiff also provides notice to the Counter Defendant and deponent that the deposition may be used at the time of trial.

Respectfully Submitted,

*/s/ John Z. Steed*
John Z. Steed, Esq. Bar # 5399
Island Justice – Protecting Maine Consumers
43 School Street
P.O. Box 771
Stonington, Maine 04681
(207) 200-7077

# **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Areas of Inquiry is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. *Communication:* The term "communication" means the transmittal of information by any means including by telephone.

3. *Correction*: The term "correction" refers to the act or an instance of making right what is wrong and can occur in writing, orally, or both in writing and orally.

4. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document." An audio file or recording of any telephonic communication is a document within the term "document."

5. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person. If a person who you are asked to identify used to be your employee, agent, or officer and no longer services in that capacity, you shall identify the last known home address and telephone numbers of that individual in your response.

6. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

7. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the (i) Counter Complaint filed in this action on December 6, 2021 (ECF 8), and (ii) any other pleading filed in this action as the word "pleading" is defined in Fed. R. Civ. P. 7(a).

8. *Complaint*: The term "complaint" refers to the Complaint filed in this action on September 30, 2021, located at ECF 1.

9. *Counter Complaint*: The term "counter complaint" refers to the Counterclaims included in the Defendant's Answer to the Complaint filed in this action located at ECF 8.

10. *Prior Claim/Selene Claim*: The terms "prior claim" or "Selene Claim" refer to the state action filed by Selene Finance, LP against the Defendant on March 17, 2014.

11. *Prior Action/MTGLQ Action*: The terms "prior action" or "MTGLQ Action" refer to the declaratory judgment action filed in the Superior Court for York County, Maine by MTGLQ Investors, L.P. against the Defendant on June 26, 2017.

12. *Plaintiff/Counter Defendant MFRA*: The terms "plaintiff" or "counter defendant MFRA" or "MFRA" refer to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1.

13. *Counter Defendant Fay*: The terms "counter defendant Fay" or "Fay" refer to Fay Servicing LLC.

14. *Defendant/Counter Plaintiff*: The terms "defendant" or "counter plaintiff" or "Mrs. Howe" refer to Melanie B. Howe.

15. *Parties:* The terms "plaintiff(s)" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

16. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

17. *You/Your:* The terms "you" or "your" include the person(s) to whom these requests are addressed (i.e., Fay Servicing LLC and all of that person's agents, employees, independent contractors, representatives and attorneys.

18. *Loan/Subject Loan*: The terms "loan" or "subject loan" mean the Counter Plaintiff's loan that is subject to the Counter Complaint filed in this action.

19. *Privy*: The term "privy" means all secured parties for the loan and also any trustee or person associated with you including your attorneys, agents, and vendors.

20. *Rely or Reliance*: The term "rely" or "reliance" refers to the expectation of dependence or trust by a person, including when combined with action based on that dependence or trust such as

making demanded payments or communicating in response to a request.

21. *Records Management*: The term "records management" is the practice of maintaining the records of an organization from the time they are created up to their eventual disposal. This may include classifying, storing, securing, electronically sharing with borrowers, and destruction (or in some cases, archival preservation) of records. This may also include preservation of electronic records. The term "records management" also has the meaning stated in 12 C.F.R. § 1024.38(c).

22. *Defendant's Information*: The term "defendant's information" refers to all information you received directly or indirectly from any credit reporting agency relating to the Defendant.

23. *Information Inquiry*: The term "information inquiry" refers to any request for information sent by you or at your direction to any credit reporting agency about the Defendant and/or her financial status or their credit related information.

24. **If you contend that a word or term that is not specifically defined in these interrogatories is vague or capable of multiple meanings that prevent you from answering the interrogatory, then you should consult the Merriam Webster dictionary available online at http://www.merriam-webster.com for a definition that is incorporated into these requests by reference.**

## AREAS OF INQUIRY

Counter Plaintiff requests that Fay designate a Corporate Designee(s) for the following areas of inquiry:

1. Fay's preparation and answers to all discovery requests in this matter.

2. All facts which relate to its affirmative defenses in its Answer to the Defendant's Counter Complaint.

3. All facts related to any investigations you undertook in response to any discovery request related to the occurrence.

4. All facts concerning any communications between you and the Counter Plaintiff from August 28, 2017, through the present.

5. All facts concerning any communications between you and MFRA related to the subject loan from August 28, 2017, through the present.

6. All facts concerning any communications between you and MFRA related to the Selene Claim and the MTGLQ Action from March 17, 2014, through the present including those related to the Prior Claim or Prior Action.

7. All facts concerning any communications related to the subject loan between you and Selene Finance, LP from March 17, 2014, through the present through the present including those related to the Prior Claim or Prior Action.

8. All facts related to Selene Finance, LP's communications and representations made to you concerning the Selene Claim against the Defendant from March 17, 2014, through the present including those related to the Prior Claim or Prior Action.

9. All facts concerning any communications related to the subject loan between you and MTGLQ Investors, L.P. from June 26, 2017, through the present including those related to the Prior Claim or Prior Action.

10. All facts related to MTGLQ Investors, L.P.'s communications and representations made to you concerning the MTGLQ Action against the Defendant from June 26, 2017, through the present including those related to the Prior Claim or Prior Action.

11. Identification, authenticity and genuineness of all documents you produced or your employees identified in discovery and inquiry regarding all documents exchanged in discovery related to you and the subject loan.

12. Other topics that arise from your responses to the above areas of inquiry.