MFRA v. Howe

Joint Exhibit 38

**PINE TREE LEGAL ASSISTANCE, INC.**
*Jonathan E. Selkowitz* ♦ *Portland Area Office*
88 Federal Street
P.O. Box 547
Portland, Maine 04112
(207) 400-3207 ♦ V/TTY: 711 ♦ (207) 828-2300 FAX
*www.ptla.org* ♦ *jselkowitz@ptla.org*

September 14, 2017

Tamara Rueda, Clerk
York County Superior Court
P.O. Box 160
Alfred, ME 04002-0160

RE:   *MTGLQ Investors, L.P. v. Challenge Financial Investors, et al.*, YORSC-CV-17-161

Dear Clerk:

Enclosed for filing in the above-referenced matter, please find the Answer and Affirmative Defenses of Party-In-Interest Melanie Howe.

Thank you very much for your attention to this matter.

Sincerely,

Jonathan E. Selkowitz
Staff Attorney

Enclosures

cc:   John Doonan, Esq.
      Melanie Howe

| | |
|---|---|
| STATE OF MAINE<br>YORK, ss. | Superior Court<br>Location: Alfred<br>Docket No.: YORSC-CV-2017-161 |

| | |
|---|---|
| MTGLQ Investors, L.P. | )<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| Challenge Financial Investors Corp., | )<br>) |
| Defendant | )<br>) |
| Mortgage Electronic Registration<br>Systems, Inc.,<br>Nationstar Mortgage LLC,<br>Henry W. Howe IV,<br>Melanie B. Howe,<br>Asset Acceptance LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Parties-In-Interest | ) |

### ANSWER AND AFFIRMATIVE DEFENSES OF PARTY-IN-INTEREST MELANIE B. HOWEVE

NOW COMES Party-In-Interest Melanie B. Howe ("Melanie Howe"), by and through her undersigned counsel, and hereby answers the Complaint of Plaintiff MTGLQ Investors, L.P. ("Plaintiff") and states as follows:

1. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 3 and therefore denies the same.

4. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 4 and therefore denies the same.

5. Admitted.

6. Denied. Melanie Howe resides at the residence on the real property in York County at issue in this action.

7. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 7 and therefore denies the same.

8. Admitted.

9. Admitted. Plaintiff has no interest in the property at issue in this action. Melanie Howe has insufficient information to determine the interest claimed by other parties named in the Complaint as they relate to Plaintiff.

10. Denied. Melanie Howe denies there is any cloud upon the title, nor that the market value of the property is at all imparied.

11. Admitted in part, denied in part. Melanie Howe admits she and Henry Howe, IV executed a Note to Challenge Financial Investors Corp. in the amount of $208,000. Melanie Howe has insufficient information to determine the truth of the allegation that Exhibit B to the Complaint is a true and correct copy of that Note, and therefore denies that allegation.

12. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 12 and therefore denies the same. On information and belief, Plaintiff purports to have sold and transferred its ownership of the Note to another entity.

13. Admitted in part, denied in part. Melanie Howe admits she and Henry Howe, IV executed a Mortgage in favor of Challenge Financial Investors Corp., but denies the Mortgage was executed in favor of Mortgage Electronic Registration Systems, Inc. Melanie Howe has insufficient information to determine the truth of the allegation that Exhibit C to the Complaint is a true and correct copy of that Mortgage, and therefore denies that allegation.

14. Admitted.

15. Denied. The loan modification agreement is a document that speaks for itself. Melanie Howe denies the characterization and legal interpretation of that document alleged in Paragraph 15.

16. Denied. Plaintiff is not entitled to enforce the Promissory Note or Mortgage. Maine law is well-settled that title to the Mortgage has not passed to Plaintiff. Moreover, on information and belief, Plaintiff purports to have sold and transferred the Note and Mortgage at issue in this matter to another entity.

17. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 17 and therefore denies the same.

18. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 18 and therefore denies the same.

19. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 19 and therefore denies the same.

20. Admitted.

21. Denied. Melanie Howe has insufficient information to determine the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22. Denied. The allegations set forth in Paragraph 22 are conclusory legal arguments that do not require a response. To the extent that the allegations in Paragraph 22 require a response, Melanie Howe further states that the allegations set forth in this paragraph are irrelevant to the disposition of this case and therefore denies the same.

23. Denied. Under Maine law, interest in the Mortgage did not transfer to Nationstar Mortgage LLC.

24. Denied. Under Maine law, interest in the Mortgage did not transfer to Plaintiff.

25. Denied. Plaintiff never received ownership rights to the Mortgage. Moreover, on information and belief, Plaintiff purports to have sold and transferred the Note and Mortgage at issue in this matter to another entity.

26. Denied. Plaintiff is not the holder and owner of the Note or Mortgage. The remaining allegations in Paragraph 26 are conclusory legal arguments that do not require a response. To the extent these allegations do require a response, Melanie Howe denies the allegations as legally incorrect.

27. Denied. The allegations set forth in Paragraph 27 are conclusory legal arguments that do not require a response. To the extent that the allegations in Paragraph 27 require a response, Melanie Howe denies the allegations as legally incorrect.

28. Denied. The allegations set forth in Paragraph 28 are conclusory legal arguments that do not require a response. To the extent that the allegations in Paragraph 28 require a response, Melanie Howe denies the allegations as legally incorrect.

**PARTY-IN-INTEREST MELANIE B. HOWE'S AFFIRMATIVE DEFENSES**

1. Plaintiff lacks standing to bring this Complaint, as it does not have any interest in the Note, Mortgage, or real property alleged in the Complaint.

5

2. Plaintiff's claims for relief are barred on the grounds of estoppel, unclean hands, laches, and waiver.

WHEREFORE, having fully answered Plaintiff's complaint, Party-In-Interest, Melanie Howe prays that the Complaint be dismissed, for her costs, and for such further relief as the nature of the case may require.

Respectfully submitted:

Date: September 14, 2017

Jonathan E. Selkowitz, Bar # 5711
Pine Tree Legal Assistance, Inc.
88 Federal St.
P.O. Box 547
Portland, ME  04112-0547
(207) 400-3207
jselkowitz@ptla.org

*Attorneys for Party-In-Interest Melanie B. Howe*

## CERTIFICATE OF SERVICE

On this day I caused a true and accurate copy of the foregoing Answer of Party-In-Interest Melanie B. Howe to be served on the following by regular mail:

John Doonan, Esq.
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 2250
Beverly, MA 01915
*Attorney for Plaintiff MTGLQ Investors, L.P.*

Date: 9/14/17

Jonathan E. Selkowitz