## UNITED STATES DISTRICT COURT DISTRICT OF MAINE

| | |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1** <br>    Plaintiff <br><br> v. <br><br> **HENRY W. HOWE IV** <br> & <br> **MELANIE B. HOWE** <br>    Defendants | CIVIL ACTION NO: 2:21-CV-00278-NT |

**MELANIE B. HOWE**
    Counter Plaintiff

v.

**WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1**
&
**FAY SERVICING LLC**
    Counter Defendants

---

## DEFENDANT AND COUNTER-PLAINTIFF MELANIE HOWE'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Dated: September 5, 2023                    Respectfully submitted,


/s/ John Z. Steed_____          /s/ Phillip R. Robinson_____
John Zachary Steed                         Phillip R. Robinson
Island Justice                             *Admitted Pro Hac Vice*
P.O. Box 771                               Consumer Law Center, LLC
Stonington, Maine 04681                    10125 Colesville Rd., Suite 378
                                           Silver Spring, MD 20901
207.771.7011                               Telephone: 301.448.1304

john@islandjusticelaw.com                  phillip@marylandconsumer.com

**Counsel for Defendant/Counter Plaintiff**     **Counsel for Defendant/Counter Plaintiff**
**Melanie Howe**                                **Melanie Howe**

i

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION & BACKGROUND ................................................................. 1

II.     STANDARD OF REVIEW .............................................................................. 3

III.    ARGUMENT ............................................................................................. 3

        A.      MFRA's Claims in its Complaint are Barred from Proceeding in this Court ............. 3

                i.      Melanie Howe was the only Active Party, other than the Plaintiff, in the Prior
                        Action, so she has Standing to assert this Affirmative Defense.................... 5

                ii.     There was a Valid Prior Judgement ................................................... 5

                iii.    The Present Action Could Have been Brought with the Prior Action .......... 6

                iv.     The Prior Action Seeks more than just Declaratory Relief and so Claim
                        Preclusion applies ..................................................................... 8

        B.      The Court Lacks Jurisdiction to Hear MFRA's Claims, under the Rooker-Feldman
                Doctrine Because MFRA is Seeking an End Run Around its State Court Loss ........ 9

        C.      Ms. Howe is Entitled to Summary Judgment in her Favor on her Counterclaims
                under the FDCPA ........................................................................... 10

                i.      There is No Dispute of Material Fact that the Counter Defendants Qualify as
                        Debt Collectors Subject to the FDCPA .......................................... 13

                ii.     There is No Dispute of Material Fact that the Howe Loan Subject to this
                        Action Qualified as a Consumer Debt Subject to the FDCPA .................. 14

                iii.    There is No Dispute of Material Fact that Ms. Howe Qualified as a
                        Consumer Protected by the FDCPA .............................................. 14

                iv.     There is No Dispute of Material Fact that the Counter Defendants Used
                        False, Deceptive, or Misleading Representations in Connection with Their
                        Attempted Collection of the Howe Loan; alternatively, there is No Dispute
                        of Material Fact that the Counter Defendants' Attempted Collection ...... 14

        D.      Ms. Howe is Entitled to Summary Judgement in her Favor on her Counterclaims
                Against Fay under the Good Faith Statute .................................................. 16

                i.      There is No Dispute that Fay is a Mortgage Servicer Servicing an Obligation
                        Affecting Melanie Howe ............................................................. 18

IV.     CONCLUSION ............................................................................................. 19

By her undersigned counsel, Defendant and Counter Plaintiff Melanie Howe ("Defendant or "Ms. Howe") hereby moves for entry of partial summary judgment against Plaintiff/Counter Defendant Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("MFRA") and Counter Defendant Fay Servicing LLC ("Fay"). In support of her Motion, Ms. Howe incorporates her Annotated Supporting Statement of Material Facts[1] and also certain of the referenced Joint Exhibits therein[2] referred to in her Annotated Supporting Statement of Material Facts (the Parties' Joint Exhibits were filed at Doc. 63). In support of his Motion, Ms. Howe States as follows:

## I.    INTRODUCTION & BACKGROUND

Following a failed effort against Ms. Howe in the state court (the "Prior Action"), which ended in a dismissal with prejudice (**Howe 4**; **Howe 8**), MFRA commenced this action (the "Present Action") against her seeking a different result but based upon the same nucleus of facts which could have been pursued by MFRA in the Prior Action but were abandoned. **Howe 4-9**. However, in its Complaint before this Court, MRFA failed to candidly disclose the prior state court judgment against it, even though it used the same counsel in both actions, and even though both actions are part of the same campaign to enforce the Howe loan. **Howe 6**.[3] Although, not a named party in MFRA's

---

[1]     Herein Ms. Howe will cite to these material facts by reference as follows: "**Howe _____**." Each of the materials facts on the Annotated Statement cited to the supporting evidentiary record or law of case to support the fact asserted.

[2]     Ms. Howe will refer herein to some of these exhibits by referencing the record pages where they are location in the case file as outlined in the Court's Order at Doc. 60, e.g., "Doc 63-11, #566-705")

[3]     Since the 1800s the Supreme Court has recognized a party is bound by the representations of its counsel on its behalf even when it may have not known they were made. *See e.g. Putnam v. Day*, 89 U.S. 60, 66, 22 L. Ed. 764 (1874).

Complaint against Ms. Howe, Fay has controlled MFRA's actions and representations in the litigation. *See* **Howe 13**.

MFRA's claims against Ms. Howe in this action could have been raised in the Prior Action, and are barred from being pursued again by basic preclusion doctrines. Also, while every state court loser would like to be able to try its case again in Federal Court, this Court is not the appropriate forum for the state court loser to seek a do-over. Federal courts have limited jurisdiction and under basic preclusion principles and the Rooker Feldman doctrine, MFRA and those with whom it is in privity, including Fay, are not permitted to pursue piecemeal litigation asserting abandoned claims, or to split their claims from one action to the next.

Notwithstanding these bedrock limits, MFRA and Fay continued to try to collect from Ms. Howe after losing in state court. **Howe 6, 10-17**. In addition, MFRA and Fay have continued to assert a right to foreclose and to collect fees and foreclosure-related sums from Ms. Howe when they are not entitled to foreclose or collect those related fees and sums. **Howe 12**. And they have done this through direct communications with her when they knew she was represented by counsel in this action. **Howe 17**.

Upon the completion of discovery, Ms. Howe is entitled to judgment as a matter of law on her First and Second Affirmative Defenses asserting Plaintiff's violations of "Rooker-Feldman" and based on the principle of claim preclusion (See Doc. 8 at p. 6) on all of MFRA's claims. Further, since MFRA and its agent Fay have maintained their efforts to collect from Ms. Howe without the legal right to do so, even after the Prior Action was dismissed with prejudice, Ms. Howe is entitled to the entry of summary judgment as to liability in her favor on her counterclaims under the Fair Debt Collection Practices Act ("FDCPA") and the Maine Servicer of Good Faith Statute (the "Good Faith Statute") against MFRA and Fay. Addressing these claims and issues in this motion will significantly

reduce the remaining claims and issues before the Court, and if granted will leave a trial on what damages Ms. Howe is entitled under her counterclaims.

While there is a long history between the Parties as evidenced by the record, Ms. Howe's Supporting Statement of Material Facts focuses only upon those which are relevant and material for the Court's consideration of this motion.  That Statement and referenced exhibits therein are generally incorporated by this reference.

## II.      STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The party moving for summary judgment bears the initial burden of showing that no" such genuine dispute exists. *Feliciano-Munoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020). Once it does so, "the burden shifts to the nonmoving party . . . to demonstrate that a trier of fact reasonably could find in his favor" with respect to each issue on which he bears the burden of proof. *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)). "A dispute is 'genuine' if the evidence 'is such that a reasonable jury could resolve the point in the favor of the non-moving party' " *Taite v. Bridgewater State Univ., Bd. of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021) (quoting *Ellis v. Fid. Mgmt. Tr. Co.*, 883 F.3d 1, 7 (1st Cir. 2018)). Judgment should be entered "if . . . there can be but one reasonable conclusion" come trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51 (1986).

## III.     ARGUMENT

### A.  MFRA's Claims in its Complaint are Barred from Proceeding in this Court

MFRA's claims in this action could have been brought in the Prior Action, but they were not. **Howe 4-5, 7-9**.  MFRA's affirmative claims here, and the Prior Action, seek to enforce the Howes'

defaulted mortgage debt. **Howe 4-5, 7-9**. In addition, as the loser in the Prior Action in the state court (**Howe 9**), MFRA is not permitted to forum shop its theories to this Court which would effectively require review of the final judgments in the Prior Action. Simply put, MFRA is not allowed a second bite at the apple to pursue claims here that were raised, or could have been raised, in the Prior Action.

The Supreme Court has stated that the doctrine of claim preclusion "is not subject to any *ad hoc* determination of the equities of a case and that the principles of judicial administration and repose require strict adherence to the doctrine." *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 401 (1981). State law determines the claim-preclusive effect in Federal court of the dismissal of prior state law claims. *Giragosian v. Ryan,* 547 F.3d 59, 63 (1st Cir. 2008). Under Maine law, claim preclusion bars the litigation of claims that could have been brought as part of a prior action when: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action. *Portland Water Dist. v. Town of Standish,* 940 A.2d 1097, 1099-1100 (Me. 2008).

Here, there is no dispute of material fact that the three elements of claim preclusion are met and so, MFRA's claims before the Court, which it has refused to abandon, are barred from proceeding. Melanie Howe was the only active participant opposing MFRA in the Prior Action, (**Howe 8**) and continues, here, to be the only active participant opposing MFRA and its predecessor in interest. The same parties are involved in this action and the Prior Action. **Howe 4, 8.** A valid final judgment was entered in the Prior Action—a dismissal with prejudice. **Howe 9**. The Plaintiff could have brought the same claims it asserts here, to enforce the note and its purported interests in the mortgage, in the Prior Action, but it did not. **Howe 7**. Therefore, MFRA's Counts I-IV of its Complaint before the

Court, which could have been brought as part of the Prior Action are barred from proceeding in this action, and judgment in favor of Ms. Howe should be entered against MFRA on each of those claims.

           i.    <u>Melanie Howe was the only Active Party, other than the Plaintiff, in the Prior Action, so she has Standing to assert this Affirmative Defense.</u>

"[I]n determining who are the 'parties' who will be bound by a prior judgment, [Maine courts] look beyond the nominal parties of record to the real parties in interest." *Arsenault v. Carrier*, 390 A.2d 1048, 1050 (Me. 1978). "A party includes all persons who, though not nominally parties, but being directly interested in the subject-matter, have a right to make a defense, or to control the proceedings, and to appeal from the judgment of the court, which right also includes the right to adduce testimony and cross-examine witnesses offered by the other side." *Northeast Harbor Golf Club v. Town of Mount Desert*, 618 A.2d 225, 227 (Me. 1992) (quotation marks omitted).

Ms. Howe, through counsel, actively participated in and litigated the Prior Action. **Howe 8**. The goal of the Prior action was to seek a means to effectively enforce a claim against her; she fought against it, and won. **Howe 9**. Ms. Howe was therefore a party for claim preclusion purposes to both this action and the Prior Action, and claim preclusion applies. *Arsenault*, 390 A.2d at 1050; *Northeast Harbor,* 618 A.2d at 227.

           ii.    <u>There was a Valid Prior Judgment</u>

A dismissal with prejudice from the Prior Action (**Howe 9**) acts as a valid final judgment. *Johnson v. Samson Constr. Corp.,* 1997 ME 220, ¶ 8, 701 A.2d 866; *see also Warfield v. AlliedSignal TBS Holdings Inc.,* 267 F.3d 538, 542 (6th Cir. 2001) ( "a voluntary dismissal with prejudice operates as a final adjudication on the merits.").

Here, the Prior action was dismissed with prejudice (**Howe 9**), over MRFA's objection, and MFRA never took an appeal. Thus, the judgments of the Prior Action were a final adjudication of all

the claims between the parties that existed at that time. MFRA, by seeking to limit the preclusive effect of its dismissal with prejudice in the Prior Action, admitted to the state court it knew this to be the case. **Howe 9**.[4]

### iii.   The Present Action Could Have been Brought with the Prior Action.

"To determine whether the matters presented for decision in the [second] action were or might have been litigated in the prior action, [Maine courts] examine whether the same cause of action was before the court in the prior case." *Burr v. Bouffard*, 1:20-cv-00206-GZS, at *14-15 (D. Me. Jan. 29, 2021) quoting *Wilmington Trust Co. v. Sullivan-Thorne*, 2013 ME 94, ¶ 8, 81 A.3d 371 (quotation marks omitted). Maine law "define[s] the parameters of the phrase 'cause of action' by applying a transactional test, which examines the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." *Id.* quoting *Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 21, 175 A.3d 103 (quotation marks omitted). Futher, "[a] plaintiff may not split a cause of action and prosecute each of its parts in separate lawsuits." *Id.* quoting *Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 12, 705 A.2d 1109. "Claim preclusion may apply even where a suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case." *Wilmington Trust*, 2013 ME 94, ¶ 8, 81 A.3d 371 (quotation marks omitted).

The claims presented in this Present Action could have been litigated in the Prior Action. The Prior Action and this Present Action are part of the same legal effort, by the same attorneys representing the same party, toward the same end. **Howe 4-5, 7-9**. In 2017, the Howe Loan was in

---

[4]   MFRA has no basis under the doctrine of judicial estoppel to claim a different result here since it represented to the state court previously this understanding and when the state court ruled against its requested relief (**Howe 9**), it elected not to appeal the adverse judgment against it (MFRA). *Guay v. Burack*, 677 F.3d 10, 16 (1st Cir. 2012).

Default had been accelerated. **Howe 3**. MFRA sought to assert a novel legal theory in the Prior Action to obtain injunctive and coercive relief to enforce purported rights in the Howe Mortgage. **Howe 3-4**. There was nothing stopping MFRA from pursuing the same claims asserted in this action in the Prior Action, which, under Maine law, could have been pled as alternative claims to any foreclosure action. ME. R. CIV. P. 8. Instead it affirmatively abandoned those claims and knows it did so through its preclusion admission to the state court. **Howe 9**.

Claim preclusion applies here because both the Prior Action and Present Action revolve around the same aggregate of connected facts. Both actions: (i) rely upon the Howe mortgage and Note by MFRA's own admission; (ii) a prior loan modification agreement; and (iii) MFRA's purported rights to enforce the Howe Loan in its favor. **Howe 4-5, 7-9**.

"A plaintiff may not split a cause of action," but that is precisely what MFRA has done here. They have broken their cause of action up into parts. They sought, in the Prior Action an order granting them injunctive and coercive relief related to the Howe Note and the Howe Mortgage that might have made this Present Action, more profitable, (an unsecured money judgment on a note may be subject to various bankruptcy or other exemptions) or easier. They may have thought that a complaint styled a "declaratory judgment" was less likely to be hotly contested than a foreclosure.

As aptly summarized by Magistrate Judge Nivison:

> A litigant with multiple related claims must not separate, or split, the claims into multiple, successive cases, but must include in the first action all of the claims that fall within the Court's jurisdiction. *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1165 (1st Cir. 1991). Claim-splitting is similar to, but notably different from res judicata. "While claim-splitting and res judicata both promote judicial economy and shield parties from vexatious and duplicative litigation, 'claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting finality of judgments.' " *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833 (11th Cir. 2017) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). In the claim-splitting analysis, the test " 'is whether the first suit, assuming it were final, would preclude the second suit.' " *Klane v. Mayhew*, No. 1:12-cv-203-NT, 2013 WL 1245677, at *5 (D. Me. March 26, 2013) (quoting *Katz*, 655 F.3d at 1218). When claim splitting occurs, "a court may 'stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.' " *Coleman v. B.G.*

*Sulzle, Inc.*, 402 F. Supp. 2d 403, 421 (N.D.N.Y. 2005) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000)).

*Perry v. Alexander*, No. 2:15-CV-00310-JCN, 2017 WL 3084387, at *3 (D. Me. July 19, 2017).  *See also In re Kaleb D.*, 2001 ME 55, ¶ 8, 769 A.2d 179, 184.

In sum, there was nothing preventing MFRA from pursuing the claims it brings in this action in the Prior Action.  It purchased its interests in the defaulted Howe Loan during that litigation (**Howe 4**) and never sought to add the alternative claims it now wishes that it had.  That voluntary choice, however, is not grounds to permit it to pursue claims here available to it in the Prior Action.

     iv.    <u>The Prior Action Seeks more than just Declaratory Relief and so Claim Preclusion applies.</u>

The general rule is that claim preclusion does not apply to prior actions which sought only declaratory relief.  The preclusive effect of a declaratory judgment action is normally "limited to the matters actually declared." *Bray v. Grindle*, 2002 ME 130, ¶ 20, 802 A.2d 1004, 1010 (citing Restatement (Second) of Judgments § 33 (1982)). MFRA could then claim that the Prior Action cannot have any preclusive effect since it was captioned as a declaratory judgment. But this limit applies only to "a litigant who sought "solely declaratory relief: in the prior action." *Sebra v. Wentworth*, 990 A.2d 538, 542 (Me. 2010)) (citing Restatement (Second) of Judgments § 33 (1982)).

> However, in circumstances where the prior claim for declaratory relief was accompanied by a request for an injunction or other coercive relief, traditional claim preclusion principles apply. *See, e.g., Laurel Sand Gravel, Inc. v. Wilson*, 519 F.3d 156, 163-64 (4th Cir. 2008); *Cimasi v. City of Fentoxn*, 838 F.2d 298, 299 (8th Cir. 1988); *Mandarino v. Pollard*, 718 F.2d 845, 848-49 (7th Cir. 1983); 18A Charles Alan Wright, Arthur R. Miller Edward H. Cooper, *Federal Practice and Procedure* § 4446 at 313-14 (2002) ("So long as the request for declaratory relief is combined or followed with coercive relief, the claim preclusion rules that apply to actions for coercive relief apply with full force.")

*Sebra v. Wentworth*, 990 A.2d 538, 542 (Me. 2010)(citations in the original). In *Sabra*, as here (**Howe 4**), the plaintiff sought injunctive relief in a prior action along with declaratory relief, and so the Court determined that claim preclusion could apply to the claim. *Id.* ("the Wentworths sought both

declaratory and injunctive relief in the prior litigation. Accordingly, traditional claim preclusion principles apply").

There is no dispute of material fact that the Prior Action sought more than just declaratory relief. **Howe 4**. Therefore, "traditional claim principles apply." *Sebra*, 990 A.2d at 542.

## B. The Court Lacks Jurisdiction to Hear MFRA's Claims, under the Rooker-Feldman Doctrine Because MRFA is Seeking an End Run Around its State Court Loss.

The Prior Action was dismissed with prejudice after significant contested litigation. **Howe 9**. MFRA then sought to have the Court amend its judgment dismissing the Prior Action with prejudice, to limit the preclusive effect of the judgment; that motion was denied. **Howe 9**. MFRA elected not to appeal the adverse judgments against it and its requested relief. **Howe 9.**[5]

After having lost in State court, and without even disclosing the Prior Action to this Court **Howe 6**, MRFA brought the Present Action seeking to re-address some of the very issues it had raised in the Prior Action. **Howe 7**. The Rooker-Feldman doctrine prevents a state court loser "from trying to achieve in federal district court what they could not in state court" and MFRA's complaint should be dismissed for lack of jurisdiction. See *Marcello v. Maine*, 464 F. Supp. 2d 38, 45 (D. Me. 2006). There are no exceptions to the Rooker Feldman doctrine for sophisticated mortgage parties who specialize in the collection of defaulted and defective mortgage debts.

"The *Rooker-Feldman* doctrine precludes federal jurisdiction over a challenge to a state court judgment to which the challenger was a party." *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Puerto Ricans for P.R. Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008); *see generally* 18 Wright, Miller Cooper, *supra*, § 4469.1). The Rooker-Feldman doctrine applies, traditionally, to cases where a federal action is an effort by a losing

---

[5] *See* Docket Record ALDSC-CV-2017-00161, entry dated April 8, 2021; Doc. 63-6, #644-45.

state-court litigant to either appeal a state-court decision in the lower federal courts or where they are attempting, as the Court in *Miller*, and others put it, an "end run" around the state court's decision. *Miller*, 586 F.3d 53, 59. *See also Efreom v. McKee*, No. 21-1382, at *16 (1st Cir. Aug. 18, 2022).

Here, as has been discussed in § A, *supra*, MFRA and its agent Fay sought relief in state court for coercive and injunctive relief related, not just to declaring rights under the mortgage, but to enforcing its rights under both the note and mortgage, specifically asking for findings and coercive relief related to the ownership, and enforcement of, the Howe note and mortgage. **Howe 4-5, 7-9**. The Prior Action was dismissed with prejudice and MRFA's efforts to limit the fallout of that dismissal with prejudice were denied and never appealed. **Howe 9**.

Here, MFRA now comes to this Federal Court seeking to assert rights related to the ownership, and enforcement of, the Howe note and mortgage, that barred from pursuing under the Rooker-Feldman Doctrine, because those issues have already been raised in the state court. On this additional basis, judgment against MFRA's affirmative claims in favor of Ms. Howe is necessary and appropriate.

## C. Ms. Howe is Entitled to Summary Judgment in her Favor on her Counterclaims under the FDCPA

Ms. Howe also moves for entry of partial summary judgment in her favor as to liability on Count I of her counterclaims against MFRA and Fay pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Counterclaim (Doc. 8) at ¶¶ 53-62. She is entitled to judgment against the Counter Defendants as to liability on her FDCPA claims pursuant to § 1692e. CC at ¶¶ 56-57. Alternatively, she is entitled to a judgment of liability on her FDCPA claims pursuant to § 1692f. CC at ¶¶ 58-59.[6] Because there is no dispute of material fact Ms. Howe is entitled to a

---

[6]    Further, of note, Fay freely admits that it has since Ms. Howe appeared in this action by counsel, it has continued to unlawfully communicate directly with her about the same debt even

judgment of liability in her favor on her FDCPA claims which will focus trial in this matter on damages only.

A mortgage servicer like Fay who acquires the servicing and collection rights of a consumer debt when it is in default and a debt purchaser like MFRA who buys defaulted debts with knowledge that the debt may not be collectable (because of ongoing litigation) qualify as debt collectors under the FDCPA.

> Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Rushmore, a business specializing in mortgage servicing, undoubtedly meets these criteria. Yet, Rushmore contends that, because its actions relate to enforcement of its security interest in the Property rather than collection of the debt, it is excluded from the scope of "debt collector" under the Supreme Court's recent decision in *Obduskey v. McCarthy & Holthus LLP*, —— U.S. ——, 139 S. Ct. 1029, 203 L.Ed.2d 390 (2019). Rushmore misconstrues the import of *Obduskey. Obduskey* holds that "those who engage in *only* nonjudicial foreclosure proceedings," e.g., a law firm managing the foreclosure process for a mortgage servicer, "are not debt collectors within the meaning of the Act." *Id.* at 1038 (emphasis added). Rushmore, however, did not "only" participate in the nonjudicial foreclosure proceedings; it also serviced Plaintiff's mortgage. Rushmore therefore does not fall within the scope of *Obduskey.*

*Weiner v. Rushmore Loan Mgmt. Servs., LLC*, 424 F. Supp. 3d 163, 167 (D. Mass. 2019); *Beaulieu v. Bank of Am., N.A.*, No. 1:14-CV-00023-GZS, 2014 WL 4843809, at *12 (D. Me. Sept. 29, 2014) (recognizing a mortgage servicer qualifies as a debt collector under the FDCPA if the debt was in default when it became the servicer); *Barbato v. Greystone All., LLC*, 916 F.3d 260, 267 (3d Cir. 2019)(holding a defaulted debt purchasing "entity that has the 'collection of any debts' as its 'most important' 'aim' is a debt collector" under the FDCPA); *Rivas v. Midland Funding LLC*, 398 F. Supp. 3d 1294, 1302 (S.D. Fla. 2019), aff'd, 842 F. App'x 483 (11th Cir. 2021)(recognizing "a debt buyer that does not service debt can still be a 'debt collector' under the FDCPA's principal purpose definition").

---

though it knows she is represented by counsel in this action which conduct is an express violation of § 1692c(a)(2) since it neither had this Court's permission to do so or Ms. Howe's consent. **Howe 17**.

"[T]he FDCPA that imposes open-ended prohibitions on, *inter alia,* 'false, deceptive,' § 1692e, or 'unfair' practices, § 1692f" related to conduct by debt collectors. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010). More specifically, 15 U.S.C.A. § 1692e broadly bars, in a non-exhaustive list of prohibited practices, "[a] debt collector [from using] any false, deceptive, or misleading representation or means in connection with the collection of any debt." And multiple courts have recognized that despite there being no right to foreclose, when a debt collector—like the Counter Defendants in this action (**Howe 12**)—threaten or pursue foreclosure or they seek to collect sums they are barred from collecting, such conduct violates § 1692e.[7] Alternatively, 15 U.S.C.A. § 1692f also broadly forbids "[a] debt collector [from using] unfair or unconscionable means to collect or attempt to collect any debt." And other courts have held that § 1692f prohibits mortgage servicers seeking to collect amounts not permitted by law or contract.[8]

Here, the undisputed material facts demonstrate that Fay and MFRA qualify as debt collectors (**Howe 10, 15**) pursuant to 15 U.S.C.A. § 1692a(6). *See also Barbosa,* 981 F.3d at 84; *Barbato*, 916 F.3d at 267; *Barbato,* 916 F.3d at 267; *Rivas,* 398 F. Supp. 3d at 1302. In addition, there is no dispute that

---

[7]     *See e.g. Holder v. Statebridge Co., L.L.C.*, 2022 WL 2389324, at *10 (N.D. Ga. Apr. 7, 2022), *adopted*, 2022 WL 3327197 (N.D. Ga. June 21, 2022) (§ 1692e claim stated against HELOC servicer that threatened to foreclose against borrower's residence although HELOC was secured by different property*); Muir v. AM Solutions, L.L.C.*, 2019 WL 3530521 (E.D. Pa. Aug. 1, 2019) (law firm asserted that fraudulently obtained mortgage was valid); *Truhn v. Equityexperts.org, L.L.C.*, 418 F. Supp. 3d 186 (E.D. Mich. 2019) (condo management firm threatened to enforce lien when it had not perfected any lien); *Bauer v. Roundpoint Mortg. Servicing Corp.*, 2018 WL 5388206 (N.D. Ill. Oct. 29, 2018) (threatened to foreclose when action could not legally be taken because of Illinois' rule allowing only one refiling of foreclosure action); *Baker v. Nationstar Mortg. L.L.C.*, 2018 WL 3496383 (S.D. Ohio July 20, 2018) (threatened foreclosure after statute of limitations to bring foreclosure action had expired); *Hall v. Nationstar Mortg. L.L.C.*, 2016 WL 3971428 (N.D. Ala. July 25, 2016). *See also* Kabir v. Freedman Anselmo Lindberg L.L.C., 2015 WL 4730053 (N.D. Ill. Aug. 10, 2015) (continued foreclosure action even after court had dismissed it with prejudice).

[8]     *See e.g. Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 376 (4th Cir. 2022).

the debt subject to these proceedings is a consumer debt arising out of a transaction in which the [money and property] was for personal or household purposes (**Howe 2**) and therefore qualifies as a debt pursuant to 15 U.S.C.A. § 1692a(5).  And finally, there is no dispute of material fact that Ms. Howe qualified as a protected consumer (**Howe 1-2**) pursuant to 15 U.S.C.A. § 1692a(3).

        i.     <u>There is No Dispute of Material Fact that the Counter Defendants Qualify as</u>
<u>Debt Collectors Subject to the FDCPA.</u>

Fay is a debt collector under the FDCPA since it acquired its servicing and collection rights on the Howe Loan on behalf of MFRA when it knew the debt was in default. **Howe 10**. See *Weiner*, 424 F. Supp. 3d at 167; *Beaulieu,* 2014 WL 4843809, at *12.  Fay has also admitted on its correspondence to Ms. Howe that it is a debt collector. **Howe 11**. These undisputed, material facts, even in a light most favorable to Fay, show there is no dispute of material fact that Fay qualifies as a debt collector under the FDCPA, and Ms. Howe is entitled to judgment in her favor on that issue.

MFRA's business is to acquire and collect upon defaulted debt.  **Howe 3-4, 15-16**.  MFRA "admit[s] attempting to collect upon the Howe Loan once in default."  Answer at ¶ 12(a).  Its business is to acquire defaulted consumer debts. **Howe 15-16**.  Here it acquired the Howe Loan when it knew the debt was in default and in litigation because there was a question about the weather debt was enforceable and during the Prior Action when it knew the debt was uncollectable through traditional means. **Howe 4**[9].  Therefore, based upon its own admissions, the record evidence, and the public records before the Court (**Howe 3-4, 15-16**), it is undisputed that MFRA qualifies as a debt collector pursuant to 15 U.S.C.A. § 1692a(6).  *See also Barbosa,* 981 F.3d at 84; *Barbato*, 916 F.3d at 267; *Barbato,* 916 F.3d at 267; *Rivas,* 398 F. Supp. 3d at 1302.

---

[9]    In the Prior Action MFRA also admitted its conduct there was governed by the FDCPA. See Prior Action Complaint's Notice to Ms. Howe; Doc. 63-5, #636.

      ii.    <u>There is No Dispute of Material Fact that the Howe Loan Subject to this Action Qualifies as a Consumer Debt Subject to the FDCPA</u>

The discovery record in this matter and the Counter Defendants' own judicial admissions also confirm that the Howe Loan subject to the claims before the Court qualifies as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5).  *See* **Howe 2**.  The Howe Loan was utilized by Ms. Howe and her former husband to acquire the Howe Property for personal use.  **Howe 2**.  Thus the Howe Loan qualifies as a debt under § 1692a(5).  *Compare Hernandez v. Dyck-O'Neal, Inc.*, No. 3:14-CV-1124-J-32JBT, 2015 WL 2094263, at \*3 (M.D. Fla. May 5, 2015) (holding that "because a right to a deficiency action would not exist but for the existence of a promissory note, it follows that the equitable remedy of a deficiency action arises under the same debt obligation created by the promissory note. Therefore, for purposes of the FDCPA and FCCPA, a deficiency action constitutes a debt collection activity").

      iii.    <u>There is No Dispute of Material Fact that Ms. Howe Qualifies as a Consumer Protected by the FDCPA.</u>

There is also no dispute from the discovery record and judicial admissions of the Counter Defendants that Ms. Howe qualifies as a "consumer" who is "allegedly obligated to pay" on the Howe Loan.  **Howe 1-2**.  Therefore as a matter of law, Ms. Howe is entitled to judgment that she is a "consumer" protected by the FDCPA as that term is defined by 15 U.S.C.A. § 1692a(3).

      iv.    <u>There is No Dispute of Material Fact that the Counter Defendants Used False, Deceptive, or Misleading Representations in Connection with Their Attempted Collection of the Howe Loan; alternatively, there is No Dispute of Material Fact that the Counter Defendants' Attempted Collection</u>

As shown *supra* in Argument §§ A-B, neither MFRA nor Fay had no right to commence this collection action after having lost in the Prior Action on principles of claim preclusion and under the Rooker Feldman doctrine.   Further, Counter Defendants concede in the discovery record of this case

14

that they have made false representations to Ms. Howe about their right to foreclose against her and the Howe Property when they had no such right. **Howe 12**.[10] Fay even demanded Ms. Howe pay its foreclosure costs and fees that it was not permitted to impose since it has no right to foreclose. **Howe 12, 16-17**.

Based upon these undisputed material facts, Ms. Howe is entitled to a judgment of liability in her favor and against each of the Counter Defendants for their violations of 15 U.S.C.A. § 1692e since the Counter Defendants admit by their acts and omissions that they made "false, deceptive, or misleading representation or means in connection with the collection of [the Howe Loan]." *Holder,* 2022 WL 2389324, at *10; *Muir,* 2019 WL 3530521; *Truhn,* 418 F. Supp. 3d 186; *Bauer,* 2018 WL 5388206; *Baker,* 2018 WL 3496383; *Hall,* 2016 WL 3971428; *Kabir*, 2015 WL 4730053. Alternatively, the undisputed facts also demonstrate that Counter Defendants have also utilized "unfair or unconscionable means to…attempt to collect [upon the Howe Loan]" in this action and also outside of these proceedings. *Alexander,* 23 F.4th at 376.

> Furthermore, it is well-established that lawyers can be "debt collectors" even if conducting litigation. *See Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) ("[T]he Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation."). In fact, the Act as originally enacted exempted attorneys from its coverage, but Congress amended the Act in 1986 "to provide that any attorney who collects debts on behalf of a client shall be subject to the provisions of [the] Act." Pub.L. No. 99–361, 100 Stat. 768 (codified at 15 U.S.C.A. 1692a); *see also Carroll v. Wolpoff & Abramson,* 961 F.2d 459, 461 (4th Cir.1992) (discussing repeal of the attorney exemption). If the principal purpose of a lawyer's work is the collection of debts, he is a "debt collector" under the Act. *See Scott v. Jones,* 964 F.2d 314, 316–17 (4th Cir.1992).

---

[10]     Counter Defendants' further false statements and misrepresentation are also exemplified by their pursuit of a sham order in the State of Florida during this litigation where they concealed from the Florida court this action and the jurisdiction of this Court (*see* MRFA Florida Lawsuit; Doc. 63-15, #729-83) and also failed to name Ms. Howe as an interested party in that proceeding (*see* MRFA Florida Lawsuit; Doc. 63-15, #729-83) even though it knew from the Prior Action in the state court here in Maine she was a necessary interested party to a declaratory judgment action and she was a party to this action (*see* Prior Action Complaint; Doc. 63-5, #599-636 and MFRA Complaint before this Court; Doc. 63-18, #793-819).

*Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006), <u>abrogated on other grounds</u> <u>by</u> *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019). The Counter Defendants' forum shopping from court to court is per se "unfair or unconscionable means" of debt collection. As a result, their conduct is also violative of 15 U.S.C.A. § 1692f.

Based on the foregoing, Ms. Howe is entitled to a judgment of liability in her favor on her FDCPA claims. "Because the FDCPA is a strict liability statute…debt collectors are liable if they perform any intentional act that results in a violation, regardless of fault. In order to escape liability, a debt collector must establish a *lack* of fault as an affirmative defense." *Shapiro v. Haenn*, 222 F. Supp. 2d 29, 43 (D. Me. 2002)(cleaned up). But in this case, since they had no legal rights to commence and maintain this action, (*see* Argument §§ A-B), or to threaten foreclosure, they cannot assert a bona fide legal error defense since it does not apply to the FDCPA. *Jerman*, 559 U.S. at 604–05. Finally, viewing the undisputed, material facts under the "hypothetical unsophisticated consumer" standard required by *Pollard v. L. Off. of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) also confirms Ms. Howe is entitled to partial summary judgment as to liability on her claims under the FDCPA since no person would believe the conduct by the Counter Defendants was fair or conscionable. The facts show quite the opposite situation of a consumer being forced into repetitive litigation by the Counter Defendants' debt collection errors barred by law in multiple court proceedings which is *per se* deceptive and/or unfair and unconscionable.

### D. Ms. Howe is Entitled to Summary Judgment in her Favor on her Counterclaims Against Fay under the Good Faith Statute

The Good Faith Statute requires that a "mortgage servicer shall act in good faith toward an obligor in the servicing of an obligation secured by a mortgage and in any foreclosure action relating to such an obligation." 14 M.R.S. § 6113(2). Here, Fay's forum shopping from the state court to this Court and also to the Florida courts (with no notice or opportunity to Ms. Howe or even disclosure

to this Court) is a prime example why the Legislature enacted the Good Faith Statute—i.e. to protect homeowners like Ms. Howe from servicers like Fay who continue to ignore the law and procedures that apply to every other person.

Under the Good Faith Statute, a "homeowner or obligor injured by a violation of the duty of good faith may bring an action against the mortgage servicer for all actual damages sustained by the homeowner or obligor." 14 M.R.S. § 6113(4)(A). Good faith, as defined by the statute, "means honesty in fact and the observance of reasonable commercial standards of fair dealing." 14 M.R.S. § 6113(1)(A). In addition, relevant to this action "servicing" means any one of the following:

> (4) Evaluating the obligor for loss mitigation or communicating with the obligor with respect to loss mitigation; . . . and (6) Taking any other action with respect to an obligation that affects the obligor's payment or performance of the obligation or that relates to the enforcement of the rights of the loan owner arising under the obligation.

14 M.R.S. § 6113(1)(F).

An obligation under the Good Faith Statute is "a debt or other duty or liability of an obligor secured by a mortgage of the type described in section 6111, subsection 1 and includes a mortgage deed even if the debt secured by the mortgage deed has been discharged in bankruptcy." 14 M.R.S. § 6113(1)(C). An obligor is a person that: (1) Owes payment or performance of an obligation; (2) Has provided property other than the mortgaged property to secure payment of the obligation; (3) Has granted a mortgage interest with respect to the mortgaged property; or (4) Is otherwise accountable in whole or in part for payment of the obligation."

     i.     <u>There is no Dispute that Fay is a Mortgage Servicer Servicing an Obligation Affecting Melanie Howe.</u>

There is no dispute that Fay is a mortgage servicer who has taken action related to the enforcement of the rights of the loan owner MFRA; the present action was commenced at Fay's direction as mortgage servicer. **Howe 10-13, 16-17**. There is no dispute that the Howe Loan is an "obligation"; the Howe Loan was secured by a mortgage to Champion Mortgage and the mortgage is for a premises which serves as Melanie Howe's primary residence. **Howe 2**. As such the Howe Loan is an obligation as defined by the Good Faith Statute. There is no dispute that Ms. Howe is an "obligor"; Ms. Howe also "granted a mortgage interest with respect to the mortgaged property." (**Howe 2**). As such, Melanie Howe is an obligor as defined by the Good Faith Statute

In light of the undisputed material facts and following the reasoning of Ms. Howe's arguments related to her FDCPA claims, Fay failed to act "honesty in fact and the [with] observance of reasonable commercial standards of fair dealing." Fay claimed to Ms. Howe a "right to invoke foreclosure," twice, in 2022, and at least once in 2021. **Howe 12**. But as was made eminently clear in the Prior Action, neither MFRA nor its servicer, Fay, had a right to invoke foreclosure, and Fay knew it. **Howe 9**. Similarly, Fay has maintained this action, on behalf of MFRA, and also sent Ms. Howe monthly statements from at least October of 2017 to March 2023, claiming expenses and costs related to the mortgage, which Fay and MFRA have no right to collect, since they have no enforceable mortgage interest in the Howe Property. **Howe 10**. As shown *supra*, Fay, on behalf of MRFA, failed to act in good faith by pursuing and maintaining this action in this Court that was barred by law and the Prior Action. *See* Argument §§ A-B *supra*. Fay's effort to forum shop in this Court without disclosing the Prior Action (**Howe 6, 13**) and seek an end around that adverse judgment against it here and then also during this action it pursued the sham litigation in Florida without naming Ms. Howe or even seek leave of this Court (*see* FN 10 supra) constitutes *per se* bad faith by Fay in violation of the Good Faith

Statute just like Fay's conduct violates its duties under the FDCPA (*see* Argument § C *supra*) also demonstrate *per se* bad faith.

For these reasons, Ms. Howe is entitled to judgment in her favor as to liability pursuant to Count II of her counterclaims under the Maine Mortgage Servicer Duty of Good Faith Statute against Fay.

**IV.  CONCLUSION**

Based upon the foregoing, Defendant/Counter Defendant Melanie Howe respectfully grants this motion and orders the following relief:

A.  Order and Find there is no dispute of material fact and Plaintiff MFRA's claims asserted against Ms. Howe are barred by claim preclusion and under the Rooker Feldman Doctrine and judgment on Plaintiff's claims shall be entered in favor of Ms. Howe and against MFRA.

B.  Order and Find that there is no dispute of material fact that Ms. Howe is entitled to a judgment of liability against MFRA and Fay in her favor on her claims arising under the FDCPA and damages available to her shall be determined at trial.

C.  Order and Find that there is no dispute of material fact that Ms. Howe is entitled to a judgment of liability against Fay in her favor on her claims arising under the Maine Mortgage Servicer Duty of Good Faith Statute and damages available to her shall be determined at trial.

Dated: September 5, 2023                          Respectfully submitted,


/s/ John Z. Steed                                /s/ Phillip R. Robinson
John Zachary Steed                               Phillip R. Robinson
Island Justice                                   *Admitted Pro Hac Vice*
P.O. Box 771                                     Consumer Law Center, LLC
Stonington, Maine 04681                          10125 Colesville Rd., Suite 378
                                                 Silver Spring, MD 20901
207.771.7011                                     Telephone: 301.448.1304

john@islandjusticelaw.com                        phillip@marylandconsumer.com

**Counsel for Defendant/Counter Plaintiff**     **Counsel for Defendant/Counter Plaintiff**
**Melanie Howe**                                 **Melanie Howe**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document, Melanie Howe's Supporting Statement of Material

Facts, was delivered to counsel for the Plaintiff and the Counter-Defendants by the Court's

CM/ECF electronic filing system. I also certify that I delivered a copy of this document in Word

format, consistent with the Court's Order at Doc. 60.


Dated: September 5, 2023                          /s/    John Z. Steed
                                                  John Z. Steed, Esq. Bar # 5399
                                                  Island Justice
                                                  P.O. Box 711
                                                  Stonington, Maine 04681
                                                  john@islandjusticelaw.com
                                                  (207) 200-7077