UNITED STATES DISTRICT COURT DISTRICT OF MAINE

| | |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1**<br>　　Plaintiff<br><br>v.<br><br>**HENRY W. HOWE IV**<br>&<br>**MELANIE B. HOWE**<br>　　Defendants | CIVIL ACTION NO: 2:21-CV-00278-NT |
| **MELANIE B. HOWE**<br>　　Counter Plaintiff<br><br>v.<br><br>**WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1**<br>&<br>**FAY SERVICING LLC**<br>　　Counter Defendants | |

**DEFENDANT AND COUNTER-PLAINTIFF MELANIE HOWE'S SUPPORTING STATEMENT OF MATERIAL FACTS IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HOWE 1**

At all times relevant and material to this action, Melanie Howe has resided with her two minor sons at 334 Deerwander Road, Hollis Center, ME 04042 ("Howe Property").[1] Fay Servicing, LLC ("Fay")

---

[1] Answer to Counter Complaint ("CC") at ¶ 2; Doc. 63-20, #852. *See also* Answer to CC at ¶¶ 12-13; Doc. 63-20, #854-55 and Deposition Transcript of Melanie B. Howe; Doc. 63-40, #1425.

1

and Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015- ("MRFA") have communicated with her at that address.[2]

**HOWE 2**

On April 20, 2007, Melanie Howe and her then-husband, Henry W. Howe, borrowed $208,000.00 from Challenge Financial Investors Corp., ("Challenge") to purchase a home for personal purposes, secured by a mortgage on the premises ("Howe Loan").[3] The terms and conditions of the Howe Loan are memorialized in a Note and a Mortgage.[4] The Howe Loan was modified by a loan modification agreement dated August 12, 2014, and signed by Melanie Howe and Henry Howe.[5]

**HOWE 3**

The Howe Loan was in default, for failure to make monthly payments, and had been accelerated by its terms on February 21, 2017, when Nationstar Mortgage LLC, the then servicer of the Howe Loan from March 4, 2013 until February 21, 2017, transferred servicing to Selene Finance.[6] Nationstar sent

---

[2] Notice of Sale of Ownership of Mortgage Loan to MFRA; Doc. 63-32, #1131-33. *See also* Answer to CC at ¶¶ 58-9; Doc. 63-20, #867 (admitting that Fay sent a letter on September 21, 2021 to Counter Plaintiff and regularly sent her monthly loan statements), Fay Servicing Rule 30(b)(1)(6) Dep. of M. Paterno ("Fay Paterno Dep.") at 81:20-85:22; Doc. 63-24, #1029-30 (confirming Fay sent several period statements with foreclosure delinquency notices to the Counter Plaintiff between December 2020 and December 2021), Answer to CC at ¶ 59; Doc. 63-20, #867 (admitting that Fay sent monthly loan statements to Counter Plaintiff), and Doonan Correspondence (April 14, 2023); Doc. 63-21, #954-68.

[3] Mortgage at ¶¶ D, E; Doc. 63-2, #563-64 ("'lender' means Challenge Financial Inventors, Corp."). *See also* Answer to CC at ¶ 12; Doc. 63-20, #854.

[4] Mortgage; Doc. 60-2, #563-79. *See also* Note; Doc. 63-1, #560-62, Answer to CC at ¶ 12; Doc. 63-20, #854, and Fay Paterno Dep. at 76:25-77:3; Doc. 63-24, #1028 (confirming the Howe Loan terms are memorized into the Note and Mortgage).

[5] Loan Modification Agreement ¶1; Doc. 63-4, #592-98. *See also* **Howe 1** and Fay Paterno Dep. at 120:18-22; Doc. 63-24, #1039 ("THE WITNESS: All right. So this is the loan modification that's dated the 12th of August of 2014. And that is between Henry Howe and Melanie Howe and Nationstar Mortgage, LLC.").

[6] Declaration of Nationstar Mortgage ("Nationstar Decl.") ¶¶ 7-10; Doc. 63-26, #1066-67.

a Notice of Default and Right to Cure to Melanie Howe, in compliance with 14 M.R.S. § 6111 on October 30, 2014, and on August 8, 2015 via certified mail confirming this fact and the acceleration.[7]

**HOWE 4**

On or about June 30, 2017 MTGLQ Investors, LP, ("MTGLQ") filed an action in state court asserting its interest in the Howe Loan and the Howe Mortgage (the "Prior Action").[8] Although it was styled as a "declaratory judgment," the Prior Action sought to enforce the Howe Loan[9] and could have sought and did seek more than mere declaratory relief.[10] MFRA was substituted at the named party plaintiff in the Prior Action on December 15, 2017.[11]

---

[7]  Nationstar Decl. ¶¶ 12-13; Doc. 63-26, #1067. *See also* Nationstar Decl.; Doc. 63-26, #1100-07 (Notice of Default and Right to Cure Letter, dated October 30, 2014) and Nationstar Decl.; Doc. 63-26, #1109-14 (Notice of Default and Right to Cure Letter, dated August 13, 2015).

[8]  Docket Record ALDSC-CV-2017-00161, entry dated June 30, 2017; Doc. 63-6, #638. *See also* June 26, 2017 Complaint filed by MTGLQ Investors, L.P. ("MTGLQ Complaint"); Doc. 63-5, #599-604 and Answer to Counter Complaint at ¶ 33; Doc. 63-20, #860-61.

[9]  Answer to CC at ¶ 33; Doc 63-20, #860-61 ("Counter Defendants admits (sic) the allegations in Paragraph 22(c)"). *See also* MTGLQ Complaint; Doc. 63-5, #599-637.

[10]  MTGLQ Complaint, at ¶ 28; Doc. 63-5, #603 (seeking in the body of the complaint "a confirmatory Nune Pro Tunc Order and an effective reaffirmation of the assignment from Mortgage Electronic Registration Systems"). *See also* MTGLQ Complaint; Doc. 63-5, #603-04 (seeking, in its prayers for relief, that the Court "Order the Confirmatory Transfer of Mortgage dated April 20, 2007, and recorded in the York County Registry of Deeds in Book 15139, Page 0540 to MTGLQ Investors, L.P"), MTGLQ Complaint; Doc. 63-5, #604 (seeking, in its prayers for relief "an in rem permanent injunction concerning the ownership of the subject property mortgage, subject to any rights of redemption held by the mortgagees, rests with the Plaintiff"), MTGLQ Complaint; Doc. 63-5, #604 (seeking in its prayers for relief, that the Court "find the Plaintiff is the owner of both the subject Note and Mortgage Deed and its ownership rights in the subject property"), and Answer to CC at ¶ 35; Doc. 63-20, #861.

[11]  Docket Record, ALDSC-CV-2017-00161, entry dated December 15, 2017; Doc. 63-6, #640 ("[I]t is hereby ordered that Wilmington Trust, National Association, not in its Individual Capacity, but Soley as Trustee for MFRA Trust 2105-1 is substituted for MTGLQ Investors, L.P. as the Plaintiff." *See also* Order Substituting MFRA; Doc. 63-9, #652.

**HOWE 5**

MFRA in the Prior Action, like the present action, attached the Howe Note and the Howe Mortgage to its complaint; it acquired the Howe Note and purported Mortgage when each were in default and Fay became the servicer collector when the Howe Loan was in default; states that the Howe Note remains in default; and named Melanie Howe and Henry Howe as parties.[12]

**HOWE 6**

In this action, MFRA did not disclose to this Court in its original Complaint any facts about the Prior Action even though it is represented by the same counsel it engaged in the state court.[13]

**HOWE 7**

The claims presented by the Plaintiff in this action could have been presented in the Prior Action.[14] MFRA admitted as much as demonstrated by its request to the state court to modify its judgment in the Prior Action against it to be limited to only claims advanced in that action which was denied.[15]

**HOWE 8**

Melanie Howe was the only active opponent to the Prior Action; she actively contested the Prior Action against the MFRA, opposing the Prior Action from its inception, including opposing MFRA's

---

[12]   MTGLQ Complaint; Doc. 63-5, #599-604. *See also* Answer to CC at ¶ 12(a); Doc. 63-20, #854, Answer to CC at ¶ 33(b); Doc. 63-20, #860, Answer to CC at ¶ 39; Doc. 63-20, #863, Answer to CC at ¶ 54(c); Doc. 63-20, #866, Answer to CC at ¶ 59; Doc. 63-20, #867, and MFRA Complaint in this Court; Doc. 63-18, #793-819.

[13]   **Howe 4**. *See also* Fay Paterno Dep. at 23:15-24; Doc. 63-24, #1015, MTGLQ Complaint; Doc. 63-5, #599-604, and MFRA Complaint in this Court; Doc. 63-18, #793-819.

[14]   MTGLQ Complaint; Doc. 63-5, #599-604. *See also* Nationstar Decl. ¶¶ 12-13; Doc. 63-26, #1067, Nationstar Decl.; Doc. 63-26, #1100-07 (Notice of Default and Right to Cure Letter, dated October 30, 2014), Nationstar Decl.; Doc. 63-26, #1109-14 (Notice of Default and Right to Cure Letter, dated August 13, 2015), and MFRA's Motion to Amend Judgment; Doc. 63-13, #707-26 (recognizing that the judgment with prejudice against MFRA applied to more than just the claims advanced in that action).

[15]   Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

Motion for Quiet Title, Default Judgment, and Judgment on the Pleadings, and successfully advocated for dismissal of the matter with prejudice, and against MRFA's motion to limit the preclusive effect of that dismissal with prejudice, in order to preserve her interest in her home.[16]

**HOWE 9**

The Prior Action was dismissed with prejudice on February 26, 2020, and MFRA asked the court in the Prior Action to limit the preclusive effect of the dismissal on March 11, 2020.[17] That Motion was denied on April 7, 2021.[18]

**HOWE 10**

Fay is a debt collector subject to the FDCPA. Fay is also a mortgage servicer and the Howe Loan was in default when Fay began servicing the Howe Loan on or about September 7, 2017, and Fay services defaulted loans as a regular part of its business.[19] Fay, as a mortgage servicer, collects payments from

---

[16] See e.g., Melanie Howe's Response to Plaintiff's Motion for Substitution of Parties; Doc. 63-8, #648-51. *See also* Melanie Howe's Opposition to Plaintiff's Motion for Quiet Title, Default Judgment and Judgment on the Pleadings and Incorporated Memorandum of Law; Doc. 63-11, #656-705, Docket Record, ALDSC-CV-2017-00161; Doc. 63-6, #638-45 (showing that Melanie Howe responded to all of MRFA's motions and ultimately succeeded in having the Prior Action dismissed with prejudice). *See also* Longoria Affirmation at ¶ 8; Doc. 63-13, #720-21 (affirming under penalties of perjury that Ms. Howe was an active party in the prior action).

[17] MFRA's Motion to Amend Judgement; Doc. 63-13, #707-26.

[18] Order Denying Motion to Amend in prior action; Doc. 63-14, #727-28. *See also* Answer to CC at ¶ 42; Doc. 63-20, #863 (admitting that Counter Defendants filed a Motion to Amend Judgement Pursuant to M.R.Civ. P. 59(e)), Answer to CC at ¶ 46; Doc. 63-20, #864 (admitting that the February 26, 2020 Order is a matter of public record and that Fay had knowledge of the Order), Answer to CC at ¶ 50; Doc. 63-20, #865 (admitting that the April 7, 2021 Order is a matter of public record), Fay Paterno Dep. at 47:22-48:2; 63-24, #1021 (confirming that the Prior Action's margin order says that the case was dismissed with prejudice), Fay Paterno Dep. at 48:23-49:3; Doc. 63-24, #1021 ("Q. So did the trust understand on March 11, 2020, that its claims in the DJ action had been dismissed with prejudice? A. It's specified here."), and Fay Paterno Dep. at 50:2-18; Doc. 63-24, #1022 (confirming Fay and MFRA were aware of the dismissal's margin orders of the of the April 7, 2021 order denying their motion).

[19] Answer to CC at ¶39; Doc. 63-20, #863. *See also* **Howe 5**, Fay Paterno Dep. at 13:3-10; Doc. 63-24, #1012 ("Q. And h– -- do you know when Fay Servicing became the mortgage servicer for the Howe

borrowers, pays insurance and taxes, brings loans through foreclosure and collects payments on behalf of others.[20]

**HOWE 11**

Fay admits, frequently, in its communications with Ms. Howe, that it is a debt collector seeking to collect a debt from her.[21]

**HOWE 12**

Fay has communicated with Melanie Howe threatening foreclosure when it knew it had no right to foreclose.[22]

---

loan? A.    It was late in 2017. I believe it was in November. Q.    And do you know what the status of the Howe loan was at that time? A.    That loan was in default at that time."), Fay Paterno Dep. at 13:11-22; Doc. 63-24, #1012 (confirming Fay collects on loans that are transferred to it when they are in default as part of its business), MFRA Complaint in this Court; Doc. 63-18, #808 (indicating loan default on October 1, 2014), MFRA's Florida Complaint at ¶ 20; Doc. 63-15, #732, and MFRA's Motion to Appoint Receiver at ¶18; Doc. 63-16, #787.

[20]    Fay Paterno Dep. at 12:6-13:2; Doc. 63-24, #1012 (admitting that Fay is a mortgage servicer, that they collect payments from borrowers on behalf of others, that they take mortgages through foreclosure, and that Fay is the servicer for the Howe loan). *See generally* 63-34 through 63-36, #1157-1363 (written correspondence and statements from Fay Servicing to Ms. Howe acknowledging it is a debt collector and it was seeking for her to make payments to it).

[21]    Fay Paterno Dep at 83:14-86:6; Doc. 63-24, #1030-31. *See also* FN 20 *supra.*

[22]    Selected Communications between Fay and Howe; Doc. 63-34, #1187-89 (Fay September 21, 2021 letter stating "we have the right to invoke foreclosure"). *See also* Selected Communications between Fay and Howe; Doc. 63-34, #1175-78 (Fay February 10, 2022 letter stating "we have the right to invoke foreclosure"); Selected Communications between Fay and Howe, Doc. 63-34, #1179-82 (Fay August 1, 2022 letter stating "we have the right to invoke foreclosure"), Fay Paterno Dep. at 98:5-102:12; Doc. 63-24, #1034-35 (admitting that the two communications referencing the right to invoke foreclosure were sent by Fay to Howe at the property address), Periodic Mortgage Statements; Doc. 63-35, #1190-1325 (Counter Defendants responses to RPDs at 482-617), Answer to CC at ¶ 58; Doc. 63-20, #867 (admitting that Fay sent a letter on September 21, 2021 and that the letter speaks for itself), Fay Paterno Dep. at 81:20-85:22; Doc. 63-24, #1029-30 (confirming Fay sent several period statements with foreclosure delinquency notices to the Counter Plaintiff between December 2020 and December 2021; confirming Fay's period statements did not include any notice that Fay did not have a right to foreclose), Fay Paterno Dep. at 86:25-87:3; Doc. 63-24, #1031 (confirming Fay's position that it had a right to foreclose in its December 11, 2021 period statement to Counter Plaintiff), Fay Paterno Dep. at 89:3-11;

**HOWE 13**

This action was commenced at the direction of Fay.[23] Fay sent Melanie Howe communications about loss mitigation options.[24]

**HOWE 14**

MFRA did not have standing to foreclose when it filed this Complaint, or at any time prior to filing this complaint as evidenced by its failed efforts in the Prior Action which resulted in a judgment against it with prejudice.[25]

---

Doc. 63-24, #1031 ("Q.    Sure. Does Fay thin' it's fair to be charging foreclosure fees when it doesn't have the right to foreclose by its own admission in the complaint filed in Florida a year later? A.    I do not specifically know the foreclosure fees that are included in the December 11, 2021, statement and whether those are fair or unfair. I have–o -- no knowledge to that."), MFRA's Florida Complaint at ¶¶ 16, 19; Doc. 63-15, #732, and MFRA's Motion to Appoint Receiver at ¶¶ 14, 17; Doc. 63-16, #787.

[23]    Fay Paterno Dep. at 22:20-22; Doc. 63-24, #1015 ("Q.    All right. And –s -- did Fay authorize the original complaint to be filed in this action? A.    Yes.")

[24]    *See* Assorted Communications from Fay Servicing to Melanie Howe; Doc. 63-34, #1157-89 (Communications from Fay to Howe from December 2017 to January 2023, offering means for Melanie Howe to mitigate potential foreclosure when there was no right to foreclose). *See also* Order of Dismissal with Prejudice in prior action; Doc.63-12, #706 and Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

[25]    **Howe 4-5, 7-9**. *See also* Fay Paterno Dep. at 87:20-88:9; Doc. 63-24, #1031 ("Q.    So if you can look at paragraphs 17, 18. A.    17 states: Plaintiff holds the original note evidencing the mortgage loan and thus seeks the appointment of a receiver to obtain an assignment reflecting its valid interest in the mortgage for the purpose of foreclosing the same. 18 says: Since 2014 unique case law in Maine provides, inter alia, that an assignment of mortgage from MERS' isn't effective to establish the standing necessary to enable the assignee to initiate foreclosure proceedings, t–t -- and that only an assignment directly from the originating lender will permit the assignee to foreclose the mortgage.")*,* Order of Dismissal with Prejudice in prior action; Doc.63-12, #706, and Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

**HOWE 15**

MFRA is in the business of buying defaulted mortgage debts.[26] The Howe loan was in default when MFRA acquired the Howe Loan.[27]

**HOWE 16**

Fay and MFRA filed this action to collect on the Howe Loan when they had no legal right to collect on the Howe Loan and admitted as much by their failed effort to avoid the preclusive effect of the Prior Action concealed from disclosure in their Complaint in this Court.[28]

**HOWE 17**

Fay sent mortgage statements and other communications to Howe, while this matter was pending, even though it knew she was represented by her counsel of record in this case.[29]

---

[26] Fay Paterno Dep. at 56:21-24; Doc. 63-24, #1023 (Q. Do you know of any facts that MFRA is not in the business of buying defaulted mortgage debts. A. I do not know"). *See also* Fay Paterno Dep. at 7:1-5, Doc. 63-24, #1011 (if I asked you the same questions that I inquired with your Fay Servicing corporate designee hat–o -- as the designee for the trust, would your answers being the same? A. Yes, they would.");

[27] Notice of Sale of Ownership of Mortgage Loan to MFRA; Doc. 63-21, #1131-33 (indicating that the Howe Loan was sold to MFRA on August 8, 2017). *See also* Nationstar Decl. ¶¶ 7-10; Doc. 63-26, #1066-67 and Order Substituting MFRA; Doc. 63-9, #652 (acknowledging MFRA acquired and substituted itself as the named plaintiff in the prior action in which it acknowledged there were legal bars to collection of the Howe Loan).

[28] **Howe 4-9**. *See also* Fay Paterno Dep. at 88:15-20; Doc. 63-24, #1031 ("Q. Right. So in that complaint filed by the trust with the authority of Fay in Florida, there's an admission that there's no right to foreclose but for the relief requested by the Florida court, correct? A. I think the document speaks for itself, yes.").

[29] Fay Paterno Dep. at 43:16-44:16; Doc. 63-24, #1020 (Q. All right. So did Fay Servicing know on or about December 6, 2021, that Mr. Steed was representing Ms. Howe? A. Yes"). *See also* Fay Paterno Dep. at 82:10-85:22; Doc. 63-24, #1030 (discussing periodic statements between December 10, 2020, and December 11, 2021, and admitting at 82:11-14 that statements were sent to Ms. Howe at the Property address), Fay Paterno Dep. at 90:22-91:13; Doc. 63-24, #1032 (Q. So those statements . . . from January 10, 2020, through March of 2023 were sent by Fay to Ms. Howe at the property address, correct? A: Correct"), Periodic Mortgage Statements while Matter was Pending; Doc. 63-36, #1326-1363

Dated: September 5, 2023                                         Respectfully submitted,

/s/ John Z. Steed                                                /s/ Phillip R. Robinson
John Zachary Steed                                               Phillip R. Robinson
Island Justice                                                   *Admitted Pro Hac Vice*
P.O. Box 771                                                     Consumer Law Center, LLC
Stonington, Maine 04681                                          10125 Colesville Rd., Suite 378
                                                                 Silver Spring, MD 20901
207.771.7011                                                     Telephone: 301.448.1304

john@islandjusticelaw.com                                        phillip@marylandconsumer.com

**Counsel for Defendant/Counter Plaintiff**                      **Counsel for Defendant/Counter Plaintiff**
**Melanie Howe**                                                 **Melanie Howe**


CERTIFICATE OF SERVICE

I hereby certify that a copy of this document, Melanie Howe's Supporting Statement of Material Facts, was delivered to counsel for the Plaintiff and the Counter-Defendants by the Court's CM/ECF electronic filing system. I also certify that I delivered a copy of this document in Word format, consistent with the Court's Order at Doc. 60.

Dated: September 5, 2023                                         /s/   John Z. Steed
                                                                 John Z. Steed, Esq. Bar # 5399
                                                                 Island Justice
                                                                 P.O. Box 711
                                                                 Stonington, Maine 04681
                                                                 john@islandjusticelaw.com
                                                                 (207) 200-7077

---

(Counter Defendants responses to RPDs at 580-617), and Doonan Correspondence (April 14, 2023); Doc. 63-21, #954-68.

9