UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1**<br>       **Plaintiff,** | **CIVIL ACTION NO: 2:21-cv-00278-NT** |
| **vs.** | **RE: 334 Deerwander Road, Hollis Center, ME 04042** |
| **Henry W. Howe IV and Melanie B. Howe**<br>       **Defendants,** | **Mortgage:**<br>**April 20, 2007**<br>**Book 15139, Page 0540** |
| **and**<br>**Melanie B. Howe,**<br>       **Counter Plaintiff,** | |
| **vs.**<br>**Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, and Fay Servicing, LLC**<br>       **Counter Defendants.** | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT AND COUNTER-PLAINTIFF
MELANIE HOWE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES the Plaintiff and Counter Defendant, Wilmington Trust, National Association, not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 (hereinafter "Plaintiff") and the Counter Defendant, Fay Servicing, LLC ("Fay"), and hereby oppose the Defendant/Counter Plaintiff, Melanie B. Howe's ("Howe") Motion for Partial Summary Judgment. Plaintiff and Fay incorporate their Response to Howe's Supporting Statement of Material Facts herein. As grounds therefore, Plaintiff and Fay state the following:

## I.     INTRODUCTION & BACKGROUND

This case advances four counts based on failure to pay the Promissory Note executed and delivered by Howe ("Howe Note"), which is a contract under seal between the parties that has been modified on three separate occasions. *See* Jt. Record of Materials for Melanie Howe's Mot. for Summ. J. ("Record"), Exhibits 3, 4, Loan Modification Agreements, ECF Docket Nos. 63-3, 63-4. The ever-evolving canvas of Maine case law relating to a mortgage lender's standing to foreclose has been

painted parallel to Howe's default and the lender's attempt to collect its debt thereunder. Prior to 2014, the assignments of mortgage of record executed by Mortgage Electronic Registration Systems, Inc. ("MERS") would have been sufficient to establish the lender's standing to foreclose. In the wake of *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, the Plaintiff and numerous other lenders filed "Declaratory Cases" in Maine to establish that, for the purpose of foreclosure only,[1] by transferring the Promissory Note, the originating lenders transferred all of the interest in the loan by operation of law and, as a result, the lender of record had standing to proceed with the foreclosure of their liens. *See* Record, Exhibit 5, Complaint for Declaratory Relief, ECF Docket No. 63-5. In many cases, courts adopted this analysis of the lender's standing based on possession of the original Note and entered judgment equitably assigning the Mortgage to establish the lender's standing to foreclose. Nevertheless, in October of 2019, the Law Court closed the door on this approach in its decision in *Beal Bank USA v. New Century Mortg. Corp.*, 2019 ME 150, 217 A.3d 731. The door was re-opened a crack with the Law Court's decision in *U.S. Bank Nat'l Ass'n v. Gordon*, 2020 ME 33, ¶¶ 28-30, 227 A.3d 577 (Horton, J., concurring), and is under further consideration in *Moulton*.[2] These are the shifting sands of the law during the Howe default. Meanwhile, the Plaintiff has continued to hold its unpaid loan obligation, interest accruing, advancing taxes and insurance, since 2014.

Against that backdrop, this case was brought on the Note to obtain a money judgment that would be enforceable through a Sheriff's sale. *See U.S. Bank v. Jones,* 330 F.Supp.3d 530 (D.Me. 2018), *aff'd* 925 F.3d 534 (1st Cir. 2019). Howe's primary defense to the claim at issue is to assert that the Plaintiff could have brought the suit on the Note against her together with its Prior Declaratory Action against the originator to establish standing to foreclose. This argument glosses over the sum and substance of that case brought against the loan originator in Maine and is contrary to precedent which

---

[1] *See* 33 M.R.S.A. § 508 (Eff. Oct. 15, 2015)("A person or entity that is named as nominee to hold a mortgage for another person or entity, in and instrument creating or assigning the mortgage, is presumed to have the authority to execute such assignment."); *Johnson-Toothaker v. Bayview Loan Servicing LLC*, Civil Action No. 20-CV-00371-JDL, 2022 WL 3278883, at *5 (D.Me. Aug. 11 2022)(rejecting argument that "the mortgage be treated as void as a matter of law" outside of an action to foreclose).

[2] *J.P.Morgan v. Moulton,* on appeal from the South Paris District Court, OXF-2021-412 (The Law Court invited amicus briefs and, during Oral Argument, focused on the question of whether "the dismissal with prejudice of a foreclosure action bars a second foreclosure action based on the same note and mortgage" under *Fed. Nat'l Mortg. Ass'n v. Deschaine,* 2017 ME 190, ¶ 37, 170 A.3d 230 and *Pushard. Bank of Am., N.A.*, 2017 ME 230, ¶ 36, 175 A.3d 103).

presently limits *res judicata* to prior failed foreclosure cases. *Johnson-Toothaker*, 2022 WL 3278883, at *5. The Prior Declaratory Action was not a foreclosure action or a suit on the Note, and the Plaintiff is not a "state court loser" that has come to this Court to disturb the state court decision. The Prior Declaratory Action was an attempt to address any issue concerning the assignment and ownership of the Mortgage created by *Greenleaf* and nothing more. There was no separate claim for an injunction or Motion to enjoin the originator let alone to enjoin or prevent Howe from taking any action. If Howe's theory regarding the preclusive effect of the Prior Declaratory Action were to play out, her counterclaims in this action would be barred as well as they too could have been brought in the Prior Declaratory Action. For these reasons, and as set forth more fully below, Howe cannot demonstrate that the Prior Declaratory Action should be excluded from the general rule regarding the preclusive effect of declaratory judgments based on the language set forth in the wherefor clause of the Prior Declaratory Complaint seeking injunctive relief prohibiting the originator from asserting a future interest in the Mortgage or otherwise. If Howe's *res judicata* defense fails, the balance of her counterclaims fail in turn.

## II.        STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court shall grant summary judgment if the movant shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute is "genuine" if "it can be resolved in favor of either party," and a fact is "material" if "it has the potential of affecting the outcome of the case." *Vesper Maritime v. Lyman Morse Boatbuilding, Inc.,* 502 F.Supp. 3d 551, 559 (D. Me. 2020)(quoting *Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020)(internal quotation marks omitted)). Defendant in this instant matter is the moving party and bears the initial burden of showing that no such dispute exists, and the Plaintiff must respond "with sufficient evidence to allow a reasonable jury to find in its favor with respect to each issue on which it has the burden of proof." *Id.* (internal quotation marks omitted). In considering the Motion, the record is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in its favor. *Id.* (citing *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015)). The Court is "not obliged either 'to draw unreasonable inferences or credit bad assertions [or]

empty conclusions.'" *Id.* (citing *Theriault v. Genesis HealthCare LLC*, 890 F.3d 342, 348 (1st Cir. 2018)). "Mere allegations, or conjecture unsupported in the record, are insufficient." *Barros-Villahermosa v. United States,* 642 F.3d 56, 58 (1st Cir. 2011). As this Court has explained, the "ground rules for summary judgment leave 'no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his [or her] own ideas of probability and likelihood (no matter how reasonable those ideas may be)' on the cold pages of the record." *Noveletsky v. Metropolitan Life Ins. Co., Inc.*, 12-CV-00021-NT, 2013 WL 2945058, at *2 (D. Me. June 14, 2013)(quoting *Rodriguez v. Municipality of San Juan,* 659 F.3d 168, 175 (1st Cir.2011)).

## III.    ARGUMENT

### A.  Howe Cannot Demonstrate that the Plaintiff's Claims are Barred by Claim Preclusion.

Under well-settled Maine law, "[t]he doctrine of res judicata prevents the relitigation of matters already decided" and "consists of two components: issue preclusion and claim preclusion." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097. "Claim preclusion prevents a party from bringing any claim in a subsequent action that could have been brought in the original action." *Burr v. Burford,* Civil Action No. 20-CV-00206-GZS, 2021 WL 311861 (D. Me. Jan. 29, 2021)(quoting *Sebra v. Wentworth*, 2010 ME 21, ¶ 11, 990 A.2d 538. It is claim preclusion that is at issue in the instant matter. To successfully invoke a defense under the doctrine of claim preclusion, and sustain his burden in this Motion, Howe must establish that "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Wilmington Trust Co. v. Sullivan-Thorne*, 2013 ME 94, ¶ 7, 81 A.3d 371 (quoting *Guardianship of Jewel M.,* 2010 ME 80, ¶ 40, 2 A.3d 301). Claim preclusion prevents a party from "asserting in a subsequent lawsuit other grounds for recovery for the same claim that the litigant had a reasonable opportunity to argue in the prior action." *Deschaine*, 2017 ME 190, ¶ 19, 170 A.3d 230 (quoting *Johnson v. Samson Constr. Corp.*. 1997 ME 220, ¶ 7, 702 A.2d 866.); *cf. Johnson-Toothacre*, 2022 WL 3278883, *5 (rejecting attempt to invoke claim preclusion).

As set forth more fully below, Howe cannot demonstrate, for the purposes of claim preclusion, that the Parties to the Prior Declaratory Action are identical to the Parties to the present action or that the claims at issue in the present action were or could have been litigated in the Prior Action. As such, Howe cannot demonstrate that the Plaintiff's claims are barred by claim preclusion.

1. **The Parties are not identical for the purposes of claim preclusion.**

Howe's contention that she was a "party" to the Prior Action for claim preclusion purposes because she actively participated and contested the claim at issue in the action is an oversimplification of the first prong of the claim preclusion analysis. In determining whether parties are identical for the purposes of claim preclusion, the court looks "beyond the nominal parties of record to the real parties in interest." *Estate of Treworgy v. Comm'r Dept. of Health and Human Svcs.*, 2017 ME 179, ¶ 13, 169 A.3d 416. To reach such a determination, courts consider whether "the later claims were or could have been brought against the original defendant in the original suit and the subsequent suit tried to hold related defendants liable on related claims." *Id.* (quoting *Airframe Sys. v. Raytheon Co.*, 601 F.3d 9, 17-18 (1st Cir. 2010)). For example, parties must be the same in both actions to meet the test. *See Burr*, 2021 WL 311861 at *7 (holding that claim preclusion did not apply because a "change in the capacity in which the defendants [were] being sued does not meet the requirement under Maine law that the same parties be involved in both **actions**."); *Roy v. Augusta*, 712 F.2d 1517, 1522 (1st Cir. 1983)(applying Maine law, the First Circuit determined that "an action brought against an individual in one capacity does not bar a later action brought against the same individual in a different capacity.").

Here, it is undisputed that Howe was only named as a Party-in-Interest in the Prior Declaratory Action and as a Defendant in the instant action. *See* Record, Exhibit 5, Maine Compl. for Decl. Relief ("Prior Decl. Compl."), ECF Docket No. 63-5 at #599. The Plaintiff's sole claim at issue in the Prior Declaratory Action sought declaratory relief confirming the assignment of the Howe Mortgage from the originator of the mortgage loan. *Id.*, ECF Docket No. 63-5 at #603-604. The claim at issue in the Prior Declaratory Action did not seek any relief, declaratory or otherwise, from Howe directly. *Id.* At the commencement of the Prior Declaratory Action, the original lender, Challenge Financial, was the holder of record of the Howe Mortgage notwithstanding the recorded assignment by MERS. *Cf.*

*Greenleaf*, 2014 ME 89, ¶¶ 16, 17, 96 A.3d 700 (holding that MERS may only assign the right to record the mortgage as nominee, and that an assignment of mortgage from MERS does not result in a transfer of legal title to the mortgaged premises); *cf. also* Record, Exhibit 5, Prior Decl. Compl., ECF Docket No. 63-5 at #603-604. As a result, the Plaintiff named the original lender, Challenge Financial, as the sole defendant in the Prior Declaratory Action. *See* Record, Exhibit 5, Prior Decl. Compl., ECF Docket No. 63-5 at #599. The Prior Declaratory Action was solely concerned with declaring the Plaintiff's rights under the Howe Mortgage and did not concern the Howe Note in any respect aside from the question of whether the Plaintiff's ownership of the Note conferred any correlating rights in the Mortgage. *See id.* ¶ 22-27, ECF Docket No. 63-5 at #602-603. Because the allegations pled in support of the claims at issue in the Prior Declaratory Action sought declaratory relief confirming the assignment of the Howe Mortgage by Challenge Financial, the Plaintiff could not have advanced said claim for declaratory relief against Howe, who was not the holder of the Mortgage and had no authority to assign the same. Howe was simply named in a *de minimis* role, out of an abundance of caution in the Maine declaratory action and should not have had an active role due to her lack of standing to challenge the Assignment of Mortgage. *Cf. Culhane v. Aurora Loan Servs. Of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013)(a mortgagor's standing to challenge an Assignment of Mortgage is limited to claims that would render the assignment wholly void, as opposed to merely voidable).

In contrast, the claims at issue in the instant action do not seek any relief under or otherwise relating to the Mortgage or any assignment thereof. *See* Record, Exhibit 18, Compl. ¶¶ 14-41, ECF Docket No. 63-18 at #796-801. Rather, each claim at issue herein seeks relief exclusively under or relating to the Promissory Note due to Howe's default thereunder. *See id.* The Plaintiff could not have advanced the claims at issue herein against Challenge Financial, the sole Defendant in the Prior Declaratory Action, as Challenge Financial had no liability for the debt owed under the Howe Note. Further, this action does not seek to hold Howe liable for the conduct alleged in the Prior Declaratory Action, which was solely related to the ineffective assignment of the Mortgage by MERS and/or Challenge Financial. *Compare* Record, Exhibit 5, Prior Decl. Compl. ¶ 22-27, ECF Docket No. 63-5 at #602-603, *with* Record, Exhibit 18, Compl. ¶¶ 14-41, ECF Docket No. 63-18 at #796-801.

Further, although Howe was named as a Party-in-Interest in the Prior Action, as set forth more fully in Section A(2) *infra*, the claims at issue therein relating to the ineffective assignment of the Howe Mortgage by MERS as nominee for Challenge Financial and the Plaintiff's ownership rights under the Mortgage, if any, do not arise out of the same nucleus of operative facts as the claims at issue herein, (note default) which exclusively relate to the Parties' respective rights and obligations under the Howe Note. The Complaint in the Prior Declaratory Action did not raise any allegations relating to Howe's non-payment, the default resulting from Howe's non-payment, the remedies available to the Plaintiff under the Note upon Howe's default thereunder, or any other allegations relating to the collection, servicing or foreclosure of the Howe Mortgage Loan. *See* Record, Exhibit 5, Prior Decl. Compl. ¶ 22-27, ECF Docket No. 63-5 at #602-603. Thus, the allegations relating to the ineffective assignment of the Howe Mortgage as pled in the Prior Declaratory Complaint could not have sustained a claim against Howe resulting from her failure to satisfy her payment obligations under the Note.

Where, as here, the Plaintiff could not have advanced the claims at issue in the instant action against the Defendant in the Prior Action and, the Plaintiff does not, in the instant action, seek to hold Howe liable for the conduct alleged in the Prior Action, Howe cannot demonstrate that her role as a Party-in-Interest to the Prior Declaratory Action is identical to that of her role as the Defendant in the instant action. As such, Howe cannot demonstrate that the Plaintiff's claims are barred by claim preclusion.

**2. <u>The claims at issue in the instant action are not identical to those adjudicated in the Prior Declaratory Action.</u>**

Contrary to Howe's self-serving misinterpretation of the claims at issue, the Prior Declaratory Action did not represent an action to enforce the Note or Mortgage against her. In considering whether the claims are identical for the purposes of claim preclusion, courts "examine whether the same cause of action was before the court in the prior case." *See Wilmington Trust Co.*, 2013 ME 94, ¶ 8, 81 A.3d 371. Claim preclusion is not necessarily concerned with whether the circumstances known to the Parties at the time of the Prior Action could support additional claims for unrelated relief. *See*

*20 Thames Street LLC v. Ocean State Job Lot of Maine 2017 LLC*, 2021 ME 33, ¶ 17, 252 A.3d 516; *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 22, 161 A.3d 696 ("Actions under the mortgage may be treated as separate and distinct from actions under the note . . ."). Rather,

> [i]n analyzing the cause of action, [the Court] appl[ies] a transactional test, examining the aggregate of connected operative facts that can be handled together conveniently for purposes of trial to determine if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong.

*20 Thames Street*, 2021 ME 33, ¶ 17, 252 A.3d 516 (quoting *Sebra*, 2010 ME 21, ¶ 11, 990 A.2d 538).

In that respect, the general rule in Maine is that a prior declaratory judgment action only precludes re-litigation of matters that were actually declared by the judgment in the prior action. *Bray v. Grindle*, 2002 ME 130, ¶ 20, 802 A.2d 1004 (citing *Markley v. Semle*, 1998 ME 145, ¶¶ 22-26, 713 A.2d 945 (Dana, J., concurring); Restatement (Second) of Judgments § 33 (1982); *Cassani v. Northfield Sav. Bank*, 179 VT 204, ¶ 13, 893 A.2d 325 (2005)(Citing *Bray* in rejecting an attempt to use a prior declaratory judgment case to bar a subsequent case to reform a deed and explaining that a "declaratory action determines only what it actually decides and does not have a claim preclusive effect on other contentions that might have been advanced.");[3] *see also Johnson-Toothacre*, 2022 WL 3278883, *5 (holding that the probate court's judgment dismissing the lender's claim to recover the debt owed under a promissory note against the deceased borrower's estate did not preclude a subsequent foreclosure action because the claim to recover the debt under the note at issue in the probate proceedings was not the same as the claim to enforce the mortgage at issue in the foreclosure action); *JP Morgan Chase Bank, Nat'l Ass'n v. Neil*, Civil Action No. Pen-22-46, Dec. No. Mem. 23-45 (Me. Mar. 16, 2023)(holding that a lender's second foreclosure action was not barred by claim preclusion even though the lender obtained a judgment in a prior foreclosure action and subsequently filed a written waiver of the

---

[3] The Vermont Court explained, "[b]ecause a plaintiff seeking a declaratory judgment is 'merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant,' it follows that either party 'may pursue further declaratory or coercive relief in a subsequent action.'" *Cassani*, 179 VT 204, ¶ 13, 893 A.2d 325; Restatement (Second) of Judgments § 33 cmt. c. The Supreme Judicial Court of Maine recognized this principle in modifying a declaratory judgment that defined the scope of a prescriptive easement when it held that "[n]othing prevents either party from bringing ... a new action because a declaratory judgment has preclusive effect in a subsequent action only as to the matters actually declared." *Bray*, 2002 ME 130, ¶ 20, 802 A.2d 1004.

foreclosure to allow time to modify the loan.).

Here, the sole transaction at issue in the Prior Declaratory Action was standing to enforce the Howe Mortgage. *See* Record, Exhibit 5, Prior Decl. Compl., ECF Docket No. 63-5. Although the Note is referenced in the Prior Complaint, said references solely relate to the rights of the noteholder in the context of an assignment of the underlying Mortgage, if any. *See* Record, Exhibit 5, Prior Decl. Compl. ¶ 11, 12, 13, 15, 16, 25, 26, ECF Docket No. 63-5 at #600-601, #603.  In contrast, the transaction at issue in the instant action is the default under the Howe Note. *See* Record, Exhibit 18, Compl. at ¶¶ 6-13, ECF Docket No. 63-18 at #794-796. In fact, other than a single reference to the recording information in the caption, the Howe Mortgage is not even mentioned in the Complaint at issue in the instant action. *See id.* ¶¶ 6-42, ECF Docket No. 63-18 at #794-801. The Maine Law Court has held that "[a]ctions under the mortgage may be treated as separate and distinct from actions under the note because notes are unsecured and separate from mortgages, presenting different issues that may, sometimes, be adjudicated in separate proceedings." *Knope*, 2017 ME 95, ¶ 22, 161 A.3d 696. *see also Johnson-Toothacre*, 2022 WL 3278883, *5. In *Johnson-Toothacre*, the U.S. District Court recognized the distinction between the remedies available under a Note and the remedies available under a Mortgage in determining that, even if a borrower's personal liability for the debt owed under the Note has been discharged in bankruptcy,

> the mortgage may still be enforced through available foreclosure remedies, such as an in rem foreclosure action, even if the note is unenforceable, because Maine is a title theory state. The Supreme Court has also explained that when the holder of a note's personal obligations to repay the debt have been extinguished through bankruptcy, that "[e]ven after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property."

2022 WL 3278883, at *5 (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Because the Prior Declaratory Action did not seek a declaration relating to the rights or remedies available under the Howe Note, the Defendant cannot demonstrate that the instant action and the Prior Action arise out of the same transaction.

Howe's reliance upon the decision in *Sebra* in attempting to carve an exception to the general rule regarding the preclusive effect of declaratory judgments is misplaced. In *Sebra*, the Law Court recognized that, although the preclusive effect of a declaratory judgment is limited to the matters actually declared, "in circumstances where the prior claim for declaratory relief was accompanied by a request for an injunction or other coercive relief, traditional claim preclusion principles apply." 2010 ME 21, ¶ 10, 990 A.22 538. Contrary to Howe's misapplication of the holding in *Sebra*, the language in the wherefore clause of the Prior Declaratory Complaint seeking to enjoin Challenge Financial from asserting a future interest in the Howe Mortgage does not provide an adequate basis for excluding the Judgment in the Prior Declaratory Action from the general rule relating to the preclusive effect of declaratory judgments. *Cf. 20 Thames Street, LLC*, 2021 ME 33, ¶ 21, 252 A.3d 516 (Rejecting a broad-brush attempt to apply the *Sebra* transactional test to two successive Forcible Detainer Cases on the basis that "successive [Forceable Entry and Detainer] actions will always address the same property and the same lease and seek eviction for defaults, because that is the singular purpose of [Forceable Entry and Detainer] actions. . . . Without more, such similarities are not a strong enough basis to apply claim preclusion.")(internal citations omitted).

A closer look at the facts at issue reveals that the decision in *Sebra* does not support the Defendant's argument that the Judgment in the Prior Declaratory Action should be excluded from the general rule regarding the preclusive effect of declaratory judgments. *Sebra* involved a driveway dispute between two neighbors when one neighbor took matters into his own hands when he did not get what he wanted from the Courts. *Sebra*, 2010 ME 21, ¶¶ 2-8, 990 A.2d 538. Wentworth initially brought a two-count complaint seeking 1) declaratory judgment based on a 1917 deed they asserted gave an easement across Sebra's property and 2) an injunction to prevent Sebra from interfering with the easement. *Id.* at ¶ 3. In the first action, the Law Court determined that Wentworth did not hold an easement over Sebra's property. *Id.* Nevertheless, over the next four years, the Wentworth continued moving boulders and clearing vegetation from Sebra's property to gain access to the same. *Id.* at ¶¶ 6-7. Sebra filed an action for common law trespass as a result of Wentworth' continued use of her property and refusal to respect the judgment determining that Wentworth did not hold an easement

over the same. *Id.* at ¶ 4. In the trespass action, Wentworth asserted an affirmative defense arguing that he held an easement by necessity. The Court rejected and held that the defense was precluded as a result of the judgment in the initial action. *Id.* at ¶ 13.

      *Sebra* is distinguishable from the instant action as the parties, Sebra and Wentworth, were the same in both cases at issue in *Sebra*. 2010 ME 21, ¶ 13, 990 A.2d 538. In contrast, Howe was not named as a defendant in the Prior Declaratory Action, only a party-in-interest. Further, in the Prior Declaratory Action, the Plaintiff did not seek any relief specifically from Howe, whether declaratory, injunctive or otherwise, did not seek relief as a result of conduct by Howe, did not seek to enforce the debt or the remedies available under the Note as a result of Howe's default, and did not advance any claim for foreclosure under the Mortgage. *See* Record, Exhibit 5, Prior Decl. Compl. ¶ 8-28, ECF Docket No. 63-5 at #600-603. The Plaintiff brought the Prior Declaratory Action solely for the purpose of obtaining a judgment declaring that it had acquired the rights under the Mortgage from the originating lender. *See id.*, ECF Docket No. 63-5 at #603-604. While the Plaintiff was unsuccessful in the Prior Declaratory Action in Maine, the Judgment entered therein did not adjudicate, one way or the other, the underlying merits of the loan or the default status of the loan; it simply determined that the Plaintiff could not establish its interest in the Mortgage through a declaratory judgment action from a Maine court.[4] *See* Record, Exhibit 12, Procedural Order, ECF Docket No. 63-12. Although the Prior Declaratory Complaint included a request for injunctive relief in the wherefore clause, the Plaintiff only sought to enjoin Challenge Financial from asserting future rights in the Mortgage Loan. *See* Record, Exhibit 5, Prior Decl. Compl., ECF Docket No. 63-5 at 6. Howe was not a party to the request for injunctive relief and would not have been subject to any such injunction, which solely concerned the potential future conduct of Challenge Financial. *Id.* Because Howe was not a party to the Plaintiff's request for injunctive relief in the Prior Declaratory Action, the exception to the general rule regarding the preclusive effect of declaratory judgments does not apply to the judgment entered therein. *Cf. Sebra*, 2010 ME 21, ¶ 10, 990 A.2d 538 (if a claim for declaratory relief is combined with

---

[4] It was for this reason that the Plaintiff, following the laws of the state of incorporation of Challenge Financial, went to Florida to have a Receiver appointed for the purpose of obtaining and recording a Quitclaim Assignment of the Howe Mortgage. *See* Record, Exhibit 15, Compl. for Dec. Relief and Appt. Rev'r., ECF Docket No. 63-15.

coercive relief, the claim preclusion rules that apply to actions for coercive relief, including the requirement that the parties be identical, apply with full force)(quoting 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Practice and Proc.* § 4446 at 313-14 (2002)).

Howe argues the Plaintiff could have brought its suit on the note and claims for foreclosure "with" the Prior Declaratory Complaint, however, as a result of the Law Court's decision in *Greenleaf*, the Plaintiff clearly could not have brought a foreclosure claim in the Prior Declaratory Action as under Maine law as it had not yet established its standing to advance such a claim or even sent an effective foreclosure demand under *CitiMortgage Inc. v. Chartier*, 2015 ME 17, ¶¶ 5, 9, 111 A.3d 39. Further, because Howe was only a party-in-interest to the Prior Declaratory Action, it is incorrect to assert that the Declaratory Action should have included a claim under the Note. If the Court were to adopt Howe's logic, she would likewise be precluded from advancing her counterclaims in this action where, as here, they were available to her, but not advanced in the Prior Declaratory Action. *See Wilmington Trust Co.*, 2013 ME 94, ¶ 8, 81 A.3d 371.

Moreover, the nucleus of operative facts at issue in the Prior Declaratory Action is the ineffective assignment of the Mortgage by MERS as nominee for the defunct Challenge Financial. *See* Record, Exhibit 5, Prior Decl. Compl., ECF Docket No. 63-5. The Prior Complaint did not advance any allegations relating to Howe's non-payment under the Note, the default resulting from Howe's non-payment, the remedies available to the Plaintiff under the Note upon Howe's default thereunder, or any other allegations relating to the collection, servicing or foreclosure of the Howe Mortgage Loan. *See id.* ¶ 8-28, ECF Docket No. 63-5 at #600-603. In contrast, the nucleus of operative facts at issue in the instant action is Howe's failure to honor her payment obligations under the Note. *See* Record, Exhibit 18, Compl. ¶¶ 6-13, ECF Docket No. 63-18 at #794-796. The Complaint at issue herein does not allege any facts relating to the assignment of or rights under the Howe Mortgage. *See id.* Accordingly, the claims at issue in the Prior Action did not arise out of the same nucleus of operative facts as the claims at issue in the instant action.

Moreover, even taken as a whole, the facts alleged in the Prior Declaratory Action and the facts alleged in the instant action do not seek relief relating to the same basic wrong. *See 20 Thames*

*Street*, 2021 ME 33, ¶ 17, 252 A.3d 516. The claims at issue in the Prior Declaratory Action sought relief arising out of Challenge Financial's failure to properly assign the Howe Mortgage to the Plaintiff. *See* Record, Exhibit 5, Prior Decl. Compl. ¶¶ 8-28, ECF Docket No. 63-5 at #600-603. The claims at issue in the instant action seek relief arising out of Howe's failure to satisfy her payment obligations under the Howe Note, *see* Record, Exhibit 18, Compl. ¶¶ 6-13, ECF Docket No. 63-18 at #794-796, which is a wholly separate and distinct contract from the Howe Mortgage. *See Knope*, 2017 ME 95, ¶¶ 21, 22, 161 A.3d 696. Stated differently, the claims at issue in the Prior Declaratory Action sought *in rem* relief relating to the rights accompanying the transfer of legal title to the Property as evidenced by the Howe Mortgage, *see KeyBank Nat'l Ass'n v. Keniston*, 2023 ME 38, ¶ 15, 298 A.3d 800 ("Maine is a title theory state and a mortgage is a conditional conveyance vesting legal title in the mortgagee . . ." (internal quotations omitted)), and the claims at issue in the instant action seek *in personam* relief to recover money damages as a result of Howe's failure to satisfy her payment obligations under the Note, *see Knope*, 2017 ME 95, ¶ 22, 161 A.3d 696. Thus, the claims at issue in the instant action do not seek redress for the same basic wrong as those at issue in the Prior Action. *See id.* (holding that a claim under the mortgage is a separate and distinct cause of action than that which advances claims under the Note); *see also Wilmington Trust*, 2013 ME 94, ¶ 8, 81 A.3d 371 (holding that, although the claims arose out of the same mortgage contract, claim preclusion did not bar the plaintiff's claims because the first action related to the borrower's default for failure to properly keep and maintain the mortgaged premises and the claims at issue in the subsequent action were based upon the borrower's non-payment related default).

The Prior Declaratory Complaint was not brought against Howe and did not name Howe as a Defendant for the purposes of obtaining any relief from her. Thus, the claim against Howe advanced in the present action was not and could not have been advanced in the Prior Declaratory Action as pled.

Similarly, the Judgment dismissing the Prior Declaratory Action with prejudice did not result in an adjudication on the merits of the Plaintiff's current claim relating to Howe's non-payment related default under the Note. "'With prejudice' . . . means an adjudication on the merits and final disposition,

barring right to bring or maintain an action on same claim or cause." *S.G. Marino Crane Svcs., Corp. v. Saxon Group, Inc.*, Civil Action No. CV-02-14, 2002 WL 31121325, at *5 (Me. Super. Ct. May 16, 2002). Simply put, the Judgment dismissing the Prior Declaratory Action only precluded a future Declaratory Action against Challenge Financial in Maine. *See id.*

Here, the claims at issue in the instant action, which seek relief relating to Howe's non-payment related default under the Note are not premised upon the same claim or cause as the Prior Declaratory Action, which was based on Challenge Financials' ineffective assignment of the Mortgage by virtue of the *Greenleaf* decision rendered after said assignment. *See Knope*, 2017 ME 95, ¶ 22, 161 A.3d 696. MERS as nominee for Challenge Financials' failure to effectively assign the Mortgage to the Plaintiff as a matter of subsequent case law has no effect on, or relevance to, Howe's failure to honor her payment obligations under the Note, which is a separate and distinct contract from that of the Mortgage. *Cf. id.* Thus, the Judgment in the Prior Declaratory Action dismissing, with prejudice, the Plaintiff's claim against Challenge Financial for declaratory relief relating to the assignment of the Howe Mortgage did not result in an adjudication on the merits of the Plaintiff's wholly separate and distinct claim against Howe for relief relating to her default under the Note.

Where, as here, the claims at issue in the Prior Declaratory Action arose out of the Mortgage and solely related to the ineffective assignment of the same, and the claims at issue in the instant action arise out of the Note and solely relate to Howe's non-payment related default, the Defendant cannot demonstrate that the claims based upon the same transaction, arise out of the same nucleus of operative facts or seek redress for the same wrong. As such, Howe's defense under the doctrine of claim preclusion is without merit as a matter of law.

**B. Howe Cannot Demonstrate that the Plaintiff's Claims are Barred under the *Rooker-Feldman* Doctrine.**

The *Rooker-Feldman* doctrine applies in limited circumstances where the losing party in state court filed suit in federal court after the state court proceedings ended, complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment. *Tyler v. Supreme Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019). As Howe repeatedly points out, the Complaint in this

action does not contain any allegations relating to or arising out of the judgment dismissing the Prior Action with prejudice. Additionally, notwithstanding Howe's bare allegation that this action seeks "to-readdress some of the very issues it had raised in the Prior Action," *see* Def.'s Mot. Summ. J., ECF Docket No. 64 at #1489, the claims herein seek recovery for Howe's non-payment under the Howe Note. This action does not involve standing to enforce the Mortgage or standing to seek an assignment of the Mortgage. There is nothing in the instant cause of action or the elements of the claims that would require this Court to determine that the state court judgment was not properly decided. In fact, it was because of the state court ruling that this Plaintiff, and others similarly situated, brought litigation in the states where the originators failed to wrap up their affairs including appointing Receivers to execute discharges and assignments of MERS mortgages where required. *See* Record, Exhibit 15, Compl. for Dec. Relief and Appt. Rcv'r., ECF Docket No. 63-15. Accordingly, this suit on the Howe Note is in no way a collateral attack on a state court judgment.

## C. Howe Cannot Demonstrate that she is Entitled to Summary Judgment on her Counterclaim under Fair Debt Collection Practices Act ("FDCPA").

As Howe acknowledges, in order to advance any claim under the federal or state consumer protection statute, she needs to succeed on her affirmative defense under r*es judicata*, which is wholly dependent upon her inaccurate characterization of the Prior Declaratory Action. *See* Mot. for Summ. J. § III(C)(iv), ECF Docket No. 64 at #1494. Contrary to Howe's baseless assertions, the Prior Declaratory Action in Maine only sought declaratory relief to confirm the Plaintiff's standing to bring a future foreclosure action based upon the Law Court's decision in *Greenleaf. See* Record, Exhibit 5, Prior Dec. Compl., ECF Docket No. 63-5 at #603. Howe's failure to establish that the Plaintiff's claims are barred by *res judicata* precludes Summary Judgment on her claim under the Fair Debt Collection Practices Act ("FDCPA").

Even if not precluded, Howe's FDCPA claim is barred by the applicable statute of limitations. It is well-settled that claims under the FDCPA are subject to a one-year statute of limitations. 15 USC § 1692k(d); *Poulin v. The Thomas Agency*, 760 F.Supp.2d 151, 157 (D.Me. 2011). In *Poulin*, the U.S. District Court for Maine recognized that a cause of action under the FDCPA arises, and the statute of

limitations begins to run once the alleged illegal debt collection activity occurs. *Poulin*, 760 F.Supp.2d at 157. Here, Howe alleges that the Plaintiff/Fay violated the FDCPA by sending mortgage statements beginning in 2017 and making phone calls beginning in 2019 asserting that it had the right to collect the debt owed under the Howe Mortgage Loan and the right to foreclose the same. *See* Record, Exhibit 19, Countercl. ¶¶ 48, 48(d), 51, ECF Docket No. 63-19 at #841, #842, #844. Accordingly, the statute of limitations began to run at least as of 2017 for allegations relating to mortgage statements and as of 2019 with respect to any collection calls. *See Poulin*, 760 F.Supp.2d at 157. Howe did not advance her claims under the FDCPA until she filed her Answer in this action on December 6, 2021, which was well after the one-year statute of limitations expired.

Howe's attempt to avoid the statute of limitations by alleging that the Plaintiff/Fay continued sending mortgage statements and making phone calls during the twelve-month period preceding the Complaint in the instant action is unavailing. In *O'Brien v. Deutsche Bank National Trust Company*, a borrower asserted that the lender violated the applicable consumer protection statute by sending notices that allegedly misrepresented the enforceability of the debt. 948 F.3d 31, 34, 36-37 (1st Cir. 2020). The lender began sending the notices at issue in 2005 and continued sending notices that included the disputed representations until the borrower commenced the action 2018. *See id.* In determining that the borrower's claim was time-barred, the First Circuit rejected her argument that the statute of limitations did not preclude her claim because the lender continued sending notices until she commenced the action, and each subsequent notice constituted a continuing violation. *Id.* at 37, 37 n. 4. In support of its decision, the First Circuit determined that the additional notices that the lender sent during the applicable limitations period did not give rise to any new claim, but rather, carried forward the disputed representations that were included in the prior notices. *See id.* at 36-37.

Here, Howe cannot avoid the statute of limitations as applied to her FDCPA claim. Howe alleges that the Plaintiff/Fay threatened foreclosure and misrepresented its right to collect the debt in a notice sent on September 21, 2021, and references additional correspondence sent on August 10, 2021, and November 10, 2021. *See* Record, Exhibit 19, Countercl. at ¶¶ 47, 48(a), 48(b), 48(c), 48(d), ECF Docket No. 63-19 at #841-843. These communications appear to fall within the one-year statute

of limitations applicable to Howe's FDCPA claim; however, Howe concedes that these communications began in 2017. *See id.* at ¶ 48(d), ECF Docket No. 63-19 at #842. Howe does not allege, nor can she demonstrate, that any notices sent or phone calls made within the twelve-month period preceding the Complaint in this action include any representations or other violations of the FDCPA that would give rise to a claim that could be brought independently of any claim arising out of the notices and phone calls made prior to September of 2020. Thus, under *O'Brien*, Howe's FDCPA claim would be barred notwithstanding the additional notices and correspondence sent in 2021. *See O'Brien*, 948 F.3d at 37.

Howe also cites non-binding caselaw to suggest that the bringing of this Complaint to enforce the Howe Note is analogous to attempts to collect time-barred debts, which may, under some circumstances constitute a violation of the FDCPA. The debt in Howe's case is not time-barred. Howe defaulted on the Note after the 2014, (third), modification of same. The Note is a document executed under seal and as such enforcement has a twenty (20) year statute of limitation. *See* 14 M.R.S.A. § 751. Howe appears to acknowledge this in that her argument that a violation of the FDCPA occurred hinges on proof that collection of the Note or Mortgage is barred by *res judicata*, as opposed to being barred by the statute of limitations. This matter does not come to this Court on the Petition of Howe to discharge the Mortgage or relieve her from liability under the Note. Further, the question of whether a prior adverse judgement, even in the case of an actual foreclosure, will bar a subsequent foreclosure or suit on the note is presently before the Law Court in *Moulton*. This is not a *subsequent* foreclosure or a *subsequent* suit on the Note, but even if it were, the questions being determined in *Moulton* may provide further guidance.

The summary judgment record is likewise insufficient to establish that the Plaintiff/Fay are debt collectors subject to the FDCPA. In evaluating a Motion for Summary Judgment, a Court "afford[s] no evidentiary weight to 'conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative.'" *Bowden v. Ditech Financial LLC*, Civil Action No. 16-CV-00195-JAW, 2017 WL 4183081, at *14 (D.Me. Sept. 20, 2017)(quoting *Tropigas de Puerto Rico, Inc. v. Underwriters of Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). The Motion

for Summary Judgment in this area is replete with allegations, not supported by the Summary Judgment record concerning Plaintiff and Fay's alleged status as a "debt collector' under the FDCPA. Although caselaw suggests that servicers who take on loans *only after they are in default* may qualify as a debt collector, *Cota v. U.S. Bank Nat'l Ass'n*, Civil Action No. 15-CV-486-GZS, 2016 WL 922784, at *4 (D.Me. 2016), the summary judgment record is insufficient to establish that Fay or Plaintiff only buy/acquire servicing rights to loans that are already in default. There is nothing in the record to support that buying defaulted debts is their primary business model or that the majority of Fay's servicing portfolio is made up of non-performing loans. Howe cites Michael Paterno's deposition testimony to support this claim, but Paterno testified that he did not have any knowledge of the Plaintiff's business model with respect to whether it solely purchases defaulted loans. *See* Record, Exhibit 24, Tr. Dep. of Michael Paterno of Fay Servicing, LLC ("Paterno Dep.") at 56:10-56-24, ECF Docket No. 63-24 at #1023. Contrary to Howe's misapplication of the law, including the FDCPA "attempt to collect a debt" disclosures do not convert an entity to a debt collector. *Laccionole v. Twin Oaks Software Dev., Inc.*, 2014 WL 2440400, at *10 (D.R.I. Mar 30, 2014)(recognizing that the argument that FDCPA disclosures regarding attempts to collect a debt set forth in a lender's collection notices constitutes an admission as to the lender's status as a debt collector has been rejected by every court to consider the same), *aff'd*, No. 14-1705, 2014 WL 2440400 (1st Cir. Apr. 27, 2015). Accordingly, there is a genuine issue of fact as to whether the Plaintiff/Fay qualify are debt collectors under the FDCPA even if the Court were to get to the merits of this claim.

Finally, Howe's attempt to bifurcate the evaluation of her claim and focus on liability, leaving the question of whether she has suffered damages to trial, is fatal to her FDCPA claim. Summary judgment is inappropriate as the record is devoid of proof that Howe has suffered a concrete and particularized injury, which is necessary to establish standing for her claim. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)(even if the Defendant provided incorrect information in violation of the Fair Credit Reporting Act, "Robins could not . . . allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.").

Where, as here, Howe's FDCPA claim is time-barred, cannot be bifurcated and the summary

judgment record is insufficient to establish that the Plaintiff/Fay attempted to collect an unenforceable debt or that they are debt collectors as contemplated by the FDCPA, Howe cannot satisfy her burden of demonstrating that there are no genuine issues of material fact in dispute.

**D.  Howe Cannot Demonstrate that she is Entitled to Summary Judgment in her Favor on her Counterclaim against Fay for Alleged Violations of 14 M.R.S. § 6113.**

Initially, the issue of whether a party has acted in bad faith presents a question of fact that is reserved for the jury. *See In re K.P. Enter.*, 135 B.R. 174, 179 n. 13 (Bankr.D.Me. 1992); *Woods v. Bath Indus. Sales, Inc.*, 549 A.2d 1129, 1132 (ME 1988); *Mechanics' Sav. Bank v. Berry*, 119 Me. 404, 111 A. 533, 534 (1920). Accordingly, Howe's counterclaim under Maine's good faith statute is not ripe for summary judgment.  Further, like her claim for violation of the FDCPA, Howe's claim under the state good faith statue relies on her ability to establish *that* the enforcement of the Howe Note or Mortgage are barred by *res judicata*. Howe cannot meet her burden under the state statute. Notwithstanding the fact that Fay has consistently paid the taxes and insurance relating to the Property and that Howe has remained in the home for nearly nine years without paying the mortgage loan, Howe alleges that she was damaged by the Plaintiff/Fay's efforts to collect its loan. Like the FDCPA claim, this record does not support, let alone "undisputedly support," the elements necessary to establish her claim under the state statute. It is Howe who has refused to go to the Foreclosure Diversion Program and has advanced a strained *res judicata* defense. Accordingly, Howe has not exhibited that she has approached a resolution on the issues in this case with good faith. Howe's loan has been in default since 2014, Fay and its predecessor have advanced taxes and insurance and have not realized the benefits of the bargain of this contract.

Howe faces a significant burden of demonstrating that the Plaintiff's efforts to establish its standing to enforce the Howe Mortgage somehow violated the state good faith statute. The Plaintiff may have standing to foreclose based solely on the prior modifications of the loan, however, given the uncertainty of Maine law on the issue, the Plaintiff took the additional step of engaging the Florida courts to take legal action necessary to confirm the transfer the legal interest in the Howe Mortgage through the appointment of a Receiver to act on behalf of Challenge Financial according to the laws

of that state. There is nothing even approaching "bad faith" in seeking the appointment of a Receiver to act on behalf of the defunct originating lender in accordance with the laws of the state in which Challenge Financial was incorporated and dissolved.

Moreover, Howe was not a necessary party to the Florida Receivership Action. The Complaint did not seek any relief from Howe, and the relief granted in that action did not affect Howe's rights in the mortgage loan or in the Property. The action sought the appointment of a Receiver to facilitate the assignment of the Howe Mortgage on behalf of the defunct originating lender, Challenge Financial, which is a company that Howe has no interest in. Thus, Howe cannot demonstrate that she was entitled to notice or the opportunity to be heard with respect to the Florida receivership action or that she was even in privity in regard to the assignment executed.

In Maine, the present potential for a "free house" in the event of even a small error in the foreclosure of a mortgage loan, and in this case based on a prior declaratory action, entices borrowers like Howe and their counsel to avoid mediation or settlement in the hopes of obtaining a "free house." Nothing in the Plaintiff or Fay's lawful and legitimate attempts to collect on the contractual obligation in default or their efforts to obtain the Quitclaim Assignment to confirm the transfer of the interest in the mortgage loan through the appointment of a Receiver under the binding law of the state in which Challenge Financial was formed and dissolved was a "sham" or constituted "bad faith." As such, Howe's Motion for Summary Judgment should be denied.

## IV.    CONCLUSION

WHEREFOR the Plaintiff and Fay respectfully request that this Court deny Howe's Motion for Summary Judgment and grant such other and further relief as this Court may deem just and proper.

DATED: October <u>16</u>, 2023

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 16th day of October, 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
83 Deer Crossing Road
Limerick, ME 04048

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614
(Attorney for Melanie B. Howe)