UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 | CIVIL ACTION NO: 2:21-cv-00278-NT |
| **Plaintiff** | |
| **vs.** | RE: 334 Deerwander Road, Hollis Center, ME 04042 |
| Henry W. Howe IV and Melanie B. Howe | Mortgage: April 20, 2007 Book 15139, Page 0540 |
| **Defendants** | |

**PLAINTIFF'S RESPONSE TO DEFENDANT COUNTER-PLAINTIFF MELANIE HOWE'S SUPPORTING STATEMENT OF MATERIAL FACTS IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES the Plaintiff in this matter, Wilmington Trust, National Association, not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 (hereinafter "Plaintiff"), and hereby RESPONDS to Defendant/Counter Plaintiff's Melanie B. Howe's ("Howe") Partial Summary Judgment and Memorandum of Law. Plaintiff incorporates its Supporting Response to Howe's Statement of Material Facts hereto. As grounds therefore, Plaintiff states the following:

**HOWE 1**

At all times relevant and material to this action, Melanie Howe has resided with her two minor sons at 334 Deerwander Road, Hollis Center, ME 04042 ("Howe Property").[1] Fay

---

[1]     Answer to Counter Complaint ("CC") at ¶ 2; Doc. 63-20, #852. *See also* Answer to CC at ¶¶ 12-13; Doc. 63-20, #854-55 and Deposition Transcript of Melanie B. Howe; Doc. 63-40, #1425.

Servicing, LLC ("Fay") and Wilmington Trust, National Association, Not in Its Individual

Capacity, but Solely as Trustee for MFRA Trust 2015- ("MRFA") have communicated with

her at that address.[2]

**PLAINTIFF'S RESPONSE**

Admitted, that the Defendant, Melanie Howe has resided in the Howe Property since

purchasing the home except for periods from 2014-2019 when she acknowledged that she

and Henry Howe were both in the home but arrested and out of the home various times. *See*

Joint Record of Materials for Melanie Howe's Mot. for Summ. J. ("Record"), Exhibit 40, Tr.

Dep. Melanie Howe ("Howe Dep.") at 24:16-24:23, 29:12-29:20, 45:13-45:25, ECF Docket

No. 63-40 at 8, 9, 13.  Further responding, the Plaintiff states that Howe's oldest child also

resided in the home until 2019 when she was removed. *See* Record, Exhibit 40, Tr. Howe

Dep. at 45:22-51:11, ECF Docket No. 603-40 at 14-15.

**HOWE 2**

On April 20, 2007, Melanie Howe and her then-husband, Henry W. Howe, borrowed

$208,000.00 from Challenge Financial Investors Corp., ("Challenge") to purchase a home for

personal purposes, secured by a mortgage on the premises ("Howe Loan").[3] The terms and

conditions of the Howe Loan are memorialized in a Note and a Mortgage.[4] The Howe Loan

---

[2]     Notice of Sale of Ownership of Mortgage Loan to MFRA; Doc. 63-32, #1131-33. *See also* Answer to CC at ¶¶ 58-9; Doc. 63-20, #867 (admitting that Fay sent a letter on September 21, 2021 to Counter Plaintiff and regularly sent her monthly loan statements), Fay Servicing Rule 30(b)(1)(6) Dep. of M. Paterno ("Fay Paterno Dep.") at 81:20-85:22; Doc. 63-24, #1029-30 (confirming Fay sent several period statements with foreclosure delinquency notices to the Counter Plaintiff between December 2020 and December 2021), Answer to CC at ¶ 59; Doc. 63-20, #867 (admitting that Fay sent monthly loan statements to Counter Plaintiff), and Doonan Correspondence (April 14, 2023); Doc. 63-21, #954-68.

[3]     Mortgage at ¶¶ D, E; Doc. 63-2, #563-64 ("'lender' means Challenge Financial Inventors, Corp."). *See also* Answer to CC at ¶ 12; Doc. 63-20, #854.

[4]     Mortgage; Doc. 60-2, #563-79. *See also* Note; Doc. 63-1, #560-62, Answer to CC at ¶ 12; Doc. 63-20, #854, and Fay Paterno Dep. at 76:25-77:3; Doc. 63-24, #1028 (confirming the

was modified by a loan modification agreement dated August 12, 2014, and signed by

Melanie Howe and Henry Howe.[5]

**PLAINTIFF'S RESPONSE**

Admitted, as to the Howe Note, the Howe Mortgage and 2014 Howe Loan Modification,

which was the third modification of the Howe Mortgage Loan as the first modification of

the Howe Mortgage loan was entered into with CitiMortgage, Inc. dated July 24, 2010,

*see* Record, Exhibit 21(F), Loan Modification dated July 24, 2010, ECF Docket No. 63-

21 at 48; the second modification of the Howe Mortgage loan was entered into with

Nationstar Mortgage, LLC dated July 26, 2011, *see* Record, Exhibit 21(G), Loan

Modification dated July 26, 2011, ECF Docket No. 63-21 at 52.

**HOWE 3**

The Howe Loan was in default, for failure to make monthly payments, and had been

accelerated by its terms on February 21, 2017, when Nationstar Mortgage LLC, the then

servicer of the Howe Loan from March 4, 2013 until February 21, 2017, transferred servicing

to Selene Finance.[6] Nationstar sent a Notice of Default and Right to Cure to Melanie Howe,

in compliance with 14 M.R.S. § 6111 on October 30, 2014, and on August 8, 2015 via

certified mail confirming this fact and the acceleration.[7]

**PLAINTIFF'S RESPONSE**

---

Howe Loan terms are memorized into the Note and Mortgage).

[5]     Loan Modification Agreement ¶1; Doc. 63-4, #592-98. *See also* **Howe 1** and Fay Paterno
Dep. at 120:18-22; Doc. 63-24, #1039 ("THE WITNESS: All right. So this is the loan
modification that's dated the 12th of August of 2014. And that is between Henry Howe and
Melanie Howe and Nationstar Mortgage, LLC.").

[6]     Declaration of Nationstar Mortgage ("Nationstar Decl.") ¶¶ 7-10; Doc. 63-26, #1066-67.

[7]     Nationstar Decl. ¶¶ 12-13; Doc. 63-26, #1067. *See also* Nationstar Decl.; Doc. 63-26,
#1100-07 (Notice of Default and Right to Cure Letter, dated October 30, 2014) and Nationstar
Decl.; Doc. 63-26, #1109-14 (Notice of Default and Right to Cure Letter, dated August 13,
2015).

Admitted, that the Howe Mortgage Loan is in default for failure to make monthly payments

and that Nationstar Mortgage, LLC served a Notice of Default and Right to Cure in

accordance with 14 M.R.S. § 6111 prior to the *Greenleaf* decision, that did not accelerate the

loan under Maine law. The Plaintiff objects to the legal conclusion set forth in Paragraph 3

relating to the acceleration of the debt owed under the terms of the Howe Mortgage Loan.

In light of the *Greenleaf* and *Chartier* decisions, the Nationstar Notice of Right to Cure did

not and could not accelerate the debt, pursuant to *Greenleaf,* Nationstar did not yet have

standing to send the Notice. Subject to the foregoing and without waiving its objections, the

Plaintiff states that where, as here, the promissory note includes an optional acceleration

clause, the debt may be accelerated by commencing a foreclosure action and no such action

has been commenced. *See Fed. Nat'l Mortg. v. Deschaine*, 2017 ME 190, ¶¶ 26, 170 A.3d 230

(2017); *see also* Record, Exhibit 1, April 20, 2007 Promissory Note ¶ 6(C), ECF Docket No.

63-1 at 2 (providing that the Lender *may* accelerate the debt upon the borrower's failure to

cure their default).  The legal issue, what acts constitute acceleration in Maine, is one of the

issues before the Law Court in *Moulton* and there is statutory support for the position that

the debt is not accelerated until the sale.

**HOWE 4**

On or about June 30, 2017 MTGLQ Investors, LP, ("MTGLQ") filed an action in state

court asserting its interest in the Howe Loan and the Howe Mortgage (the "Prior Action").[8]

Although it was styled as a "declaratory judgment," the Prior Action sought to enforce the

---

[8]    Docket Record ALDSC-CV-2017-00161, entry dated June 30, 2017; Doc. 63-6, #638.
*See also* June 26, 2017 Complaint filed by MTGLQ Investors, L.P. ("MTGLQ Complaint"); Doc.
63-5, #599-604 and Answer to Counter Complaint at ¶ 33; Doc. 63-20, #860-61.

Howe Loan[9] and could have sought and did seek more than mere declaratory relief.[10] MFRA

was substituted at the named party plaintiff in the Prior Action on December 15, 2017.[11]

**PLAINTIFF'S RESPONSE**

Admitted, that the Plaintiff was substituted in place of MTGLQ Investors, LP ("MTGLQ")

in an action that MTGLQ filed in state court seeking a declaratory judgment as to its

ownership of both the subject Note and Mortgage. *See MTGLQ Inv., LP v. Challenge Fin. Inv.*

*Corp.*, ALFSC-CV-2017-161 (Super. Ct. 2017)(the "Prior Action"); *see also* Record, Exhibit 5,

Superior Court Complaint, ECF Docket No. 63-5. Denied, that MTGLQ or the Plaintiff

sought to "enforce" the Howe Mortgage Loan in the Prior Action as the Prior Action only

sought declaratory relief as to the Plaintiff's rights under the Howe Mortgage Loan. *See*

Record, Exhibit 5, Superior Court Complaint ¶¶ 25-28, ECF Docket No. 63-5. The Plaintiff

objects to the allegations set forth in Paragraph 4 relating to the alleged remedies potentially

available to the Plaintiff in the Prior Action on the basis that said allegations call for a legal

conclusion and are in no way a factual statement.

---

[9]     Answer to CC at ¶ 33; Doc 63-20, #860-61 ("Counter Defendants admits (sic) the
allegations in Paragraph 22(c)"). *See also* MTGLQ Complaint; Doc. 63-5, #599-637.
[10]     MTGLQ Complaint, at ¶ 28; Doc. 63-5, #603 (seeking in the body of the complaint "a
confirmatory Nune Pro Tunc Order and an effective reaffirmation of the assignment from
Mortgage Electronic Registration Systems"). *See also* MTGLQ Complaint; Doc. 63-5, #603-04
(seeking, in its prayers for relief, that the Court "Order the Confirmatory Transfer of Mortgage
dated April 20, 2007, and recorded in the York County Registry of Deeds in Book 15139, Page
0540 to MTGLQ Investors, L.P"), MTGLQ Complaint; Doc. 63-5, #604 (seeking, in its prayers
for relief "an in rem permanent injunction concerning the ownership of the subject property
mortgage, subject to any rights of redemption held by the mortgagees, rests with the Plaintiff"),
MTGLQ Complaint; Doc. 63-5, #604 (seeking in its prayers for relief, that the Court "find the
Plaintiff is the owner of both the subject Note and Mortgage Deed and its ownership rights in the
subject property"), and Answer to CC at ¶ 35; Doc. 63-20, #861.
[11]     Docket Record, ALDSC-CV-2017-00161, entry dated December 15, 2017; Doc. 63-6,
#640 ("[I]t is hereby ordered that Wilmington Trust, National Association, not in its Individual
Capacity, but Soley as Trustee for MFRA Trust 2105-1 is substituted for MTGLQ Investors, L.P.
as the Plaintiff." *See also* Order Substituting MFRA; Doc. 63-9, #652.

**HOWE 5**

MFRA in the Prior Action, like the present action, attached the Howe Note and the Howe

Mortgage to its complaint; it acquired the Howe Note and purported Mortgage when each

were in default and Fay became the servicer collector when the Howe Loan was in default;

states that the Howe Note remains in default; and named Melanie Howe and Henry Howe as

parties.[12]

**PLAINTIFF'S RESPONSE**

Admitted, that the Plaintiff attached copies of the subject Note and Mortgage to its

Complaint filed in the Prior Action; that it acquired the Note and Mortgage while the Howe

Mortgage Loan was in default; that Fay acquired the servicing rights while the Howe

Mortgage Loan was in default and that the Defendants remain in default. Further

responding, the Plaintiff states that, although Melanie Howe and Henry Howe were parties

to the Prior Action, they were named in their capacity as parties-in-interest and neither

MTGLQ nor the Plaintiff sought relief specifically from the Howes or as a result of conduct

by the Howes in the Prior Action. *See* Record, Exhibit 5, Superior Court Complaint ¶¶ 5, 6,

25-28, ECF Docket No. 63-5.

**HOWE 6**

In this action, MFRA did not disclose to this Court in its original Complaint any facts about

the Prior Action even though it is represented by the same counsel it engaged in the state

court.[13]

---

[12]    MTGLQ Complaint; Doc. 63-5, #599-604. *See also* Answer to CC at ¶ 12(a); Doc. 63-20, #854, Answer to CC at ¶ 33(b); Doc. 63-20, #860, Answer to CC at ¶ 39; Doc. 63-20, #863, Answer to CC at ¶ 54(c); Doc. 63-20, #866, Answer to CC at ¶ 59; Doc. 63-20, #867, and MFRA Complaint in this Court; Doc. 63-18, #793-819.

[13]    **Howe 4**. *See also* Fay Paterno Dep. at 23:15-24; Doc. 63-24, #1015, MTGLQ Complaint; Doc. 63-5, #599-604, and MFRA Complaint in this Court; Doc. 63-18, #793-819.

**PLAINTIFF'S RESPONSE**

Admitted that the Plaintiff did not allege facts relating to the Prior Action in its Complaint filed in the present action and that counsel for the Plaintiff in the instant action also represented the Plaintiff in the Prior Action. The Plaintiff objects to the allegations set forth in Paragraph 6 to the extent that they call for a legal conclusion that the Plaintiff was required to allege facts relating to the Prior Action, or that the declaratory relief sought therein, is part of the essential elements necessary to establish its claim to enforce the Howe Note in the instant action or relevant in any way.

**HOWE 7**

The claims presented by the Plaintiff in this action could have been presented in the Prior Action.[14] MFRA admitted as much as demonstrated by its request to the state court to modify its judgment in the Prior Action against it to be limited to only claims advanced in that action which was denied.[15]

**PLAINTIFF'S RESPONSE**

The Plaintiff objects to the allegations set forth in Paragraph 7 on the basis that said allegations call for a legal conclusion as to the alleged remedies potentially available to the Plaintiff in the Prior Action. Denied, that the Plaintiff's Motion to Amend the Judgment entered in the Prior Action represents an admission that the claims at issue in the instant action could have been raised in the Prior Action or that the Plaintiff "admitted" that the

---

[14]  MTGLQ Complaint; Doc. 63-5, #599-604. *See also* Nationstar Decl. ¶¶ 12-13; Doc. 63-26, #1067, Nationstar Decl.; Doc. 63-26, #1100-07 (Notice of Default and Right to Cure Letter, dated October 30, 2014), Nationstar Decl.; Doc. 63-26, #1109-14 (Notice of Default and Right to Cure Letter, dated August 13, 2015), and MFRA's Motion to Amend Judgment; Doc. 63-13, #707-26 (recognizing that the judgment with prejudice against MFRA applied to more than just the claims advanced in that action).

[15]  Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

claims could have been brought or that the Judgment barred anything other than a future

declaratory action in Maine to establish standing. *See* Record, Exhibit 13, Mot. to Amend J.,

ECF Docket No. 63-13 at 2. The Motion filed in the Prior Action clearly contemplates

amending the Judgment to clarify whether the Plaintiff is precluded from bringing a

subsequent claim to establish standing to foreclose, as opposed to enforcing the Note

personally against the Defendants. *See id.* ("It is acknowledged that this method of

establishing standing through a declaratory action brought against the originator and any

Party-in-Interest . . . was precluded by the Law Court's decision in *Beal Bank v. New Century . .*

*.*").

**HOWE 8**

Melanie Howe was the only active opponent to the Prior Action; she actively contested the

Prior Action against the MFRA, opposing the Prior Action from its inception, including

opposing MFRA's Motion for Quiet Title, Default Judgment, and Judgment on the

Pleadings, and successfully advocated for dismissal of the matter with prejudice, and against

MRFA's motion to limit the preclusive effect of that dismissal with prejudice, in order to

preserve her interest in her home.[16]

**PLAINTIFF'S RESPONSE**

Admitted that Howe filed an Answer in the Maine Declaratory Case, denied that her

---

[16]     See e.g., Melanie Howe's Response to Plaintiff's Motion for Substitution of Parties; Doc. 63-8, #648-51. *See also* Melanie Howe's Opposition to Plaintiff's Motion for Quiet Title, Default Judgment and Judgment on the Pleadings and Incorporated Memorandum of Law; Doc. 63-11, #656-705, Docket Record, ALDSC-CV-2017-00161; Doc. 63-6, #638-45 (showing that Melanie Howe responded to all of MRFA's motions and ultimately succeeded in having the Prior Action dismissed with prejudice). *See also* Longoria Affirmation at ¶ 8; Doc. 63-13, #720-21 (affirming under penalties of perjury that Ms. Howe was an active party in the prior action).

involvement in the case in anyway justifies the legal conclusion that the doctrine of *res judicata* precludes the instant case. The pleadings speak for themselves and the balance of the statements in this paragraph are arguments not factual statements. The statement within footnote 16 is an inaccurate restatement of paragraph 4 of the Longoria Affidavit which states that Howe filed "an opposition and Request for Dismissal with Prejudice" two days after the Plaintiff filed a Motion to Dismiss its Declaratory Complaint without prejudice. (Doc. 63-13, 720 para 3)

**HOWE 9**

The Prior Action was dismissed with prejudice on February 26, 2020, and MFRA asked the court in the Prior Action to limit the preclusive effect of the dismissal on March 11, 2020.[17] That Motion was denied on April 7, 2021.[18]

**PLAINTIFF'S RESPONSE**

Admitted that the Prior Action was dismissed with prejudice on February 26, 2020, and that the Plaintiff's Motion to amend the Judgment to clarify the preclusive effect of the same was denied. The Plaintiff objects to the allegations set forth in Paragraph 9 to the extent that said allegations call for a legal conclusion that the Plaintiff's claims at issue in the instant action are precluded as a result of the Judgment entered in the Prior Action. Subject to the

---

[17]   MFRA's Motion to Amend Judgement; Doc. 63-13, #707-26.

[18]   Order Denying Motion to Amend in prior action; Doc. 63-14, #727-28. *See also* Answer to CC at ¶ 42; Doc. 63-20, #863 (admitting that Counter Defendants filed a Motion to Amend Judgement Pursuant to M.R.Civ. P. 59(e)), Answer to CC at ¶ 46; Doc. 63-20, #864 (admitting that the February 26, 2020 Order is a matter of public record and that Fay had knowledge of the Order), Answer to CC at ¶ 50; Doc. 63-20, #865 (admitting that the April 7, 2021 Order is a matter of public record), Fay Paterno Dep. at 47:22-48:2; 63-24, #1021 (confirming that the Prior Action's margin order says that the case was dismissed with prejudice), Fay Paterno Dep. at 48:23-49:3; Doc. 63-24, #1021 ("Q.   So did the trust understand on March 11, 2020, that its claims in the DJ action had been dismissed with prejudice?        A.    It's specified here."), and Fay Paterno Dep. at 50:2-18; Doc. 63-24, #1022 (confirming Fay and MFRA were aware of the dismissal's margin orders of the of the April 7, 2021 order denying their motion).

foregoing and without waiving its objections, the Plaintiff states that the Court summarily denied its Motion to Alter the Judgment in the Prior Action without issuing written findings of fact or conclusions law sufficient to understand the Court's reasoning in denying the Motion. *See* Record, Exhibit 14, Order Denying Mot. to Amend J., ECF Docket No. 63-14 at 2.

**HOWE 10**

Fay is a debt collector subject to the FDCPA. Fay is also a mortgage servicer and the Howe Loan was in default when Fay began servicing the Howe Loan on or about September 7, 2017, and Fay services defaulted loans as a regular part of its business.[19] Fay, as a mortgage servicer, collects payments from borrowers, pays insurance and taxes, brings loans through foreclosure and collects payments on behalf of others.[20]

**PLAINTIFF'S RESPONSE**

The Plaintiff objects to the allegations set forth in Paragraph 10 to the extent that they call for a legal conclusion that Fay is a debt collector subject to the FDCPA. There are no citations to the Summary Judgment record to support this statement of fact nor are there citations to the record to support the statement with regard to the portion of Fay's servicing

---

[19]     Answer to CC at ¶39; Doc. 63-20, #863. *See also* **Howe 5**, Fay Paterno Dep. at 13:3-10; Doc. 63-24, #1012 ("Q.    And h– -- do you know when Fay Servicing became the mortgage servicer for the Howe loan? A.    It was late in 2017. I believe it was in November. Q.    And do you know what the status of the Howe loan was at that time? A.    That loan was in default at that time."), Fay Paterno Dep. at 13:11-22; Doc. 63-24, #1012 (confirming Fay collects on loans that are transferred to it when they are in default as part of its business), MFRA Complaint in this Court; Doc. 63-18, #808 (indicating loan default on October 1, 2014), MFRA's Florida Complaint at ¶ 20; Doc. 63-15, #732, and MFRA's Motion to Appoint Receiver at ¶18; Doc. 63-16, #787.
[20]     Fay Paterno Dep. at 12:6-13:2; Doc. 63-24, #1012 (admitting that Fay is a mortgage servicer, that they collect payments from borrowers on behalf of others, that they take mortgages through foreclosure, and that Fay is the servicer for the Howe loan). *See generally* 63-34 through 63-36, #1157-1363 (written correspondence and statements from Fay Servicing to Ms. Howe acknowledging it is a debt collector and it was seeking for her to make payments to it).

business that services loans in default verses performing loans. Admitted, as to the balance

of the allegations set forth in Paragraph 10.

**HOWE 11**

Fay admits, frequently, in its communications with Ms. Howe, that it is a debt collector

seeking to collect a debt from her.[21]

**PLAINTIFF'S RESPONSE**

Admitted, that Fay includes standard disclosures under the FDCPA relating to the collection

of debts in its communications with Ms. Howe. The Plaintiff objects to the allegations set

forth in Paragraph 11 to the extent that said allegations call for a legal conclusion that Fay is

a debt collector subject to the FDCPA as that conclusion is contrary to the law as set forth

in the Opposition.

**HOWE 12**

Fay has communicated with Melanie Howe threatening foreclosure when it knew it had no

right to foreclose.[22]

---

[21]    Fay Paterno Dep at 83:14-86:6; Doc. 63-24, #1030-31. *See also* FN 20 *supra.*
[22]    Selected Communications between Fay and Howe; Doc. 63-34, #1187-89 (Fay
September 21, 2021 letter stating "we have the right to invoke foreclosure"). *See also* Selected
Communications between Fay and Howe; Doc. 63-34, #1175-78 (Fay February 10, 2022 letter
stating "we have the right to invoke foreclosure"); Selected Communications between Fay and
Howe, Doc. 63-34, #1179-82 (Fay August 1, 2022 letter stating "we have the right to invoke
foreclosure"), Fay Paterno Dep. at 98:5-102:12; Doc. 63-24, #1034-35 (admitting that the two
communications referencing the right to invoke foreclosure were sent by Fay to Howe at the
property address), Periodic Mortgage Statements; Doc. 63-35, #1190-1325 (Counter Defendants
responses to RPDs at 482-617), Answer to CC at ¶ 58; Doc. 63-20, #867 (admitting that Fay sent
a letter on September 21, 2021 and that the letter speaks for itself), Fay Paterno Dep. at 81:20-
85:22; Doc. 63-24, #1029-30 (confirming Fay sent several period statements with foreclosure
delinquency notices to the Counter Plaintiff between December 2020 and December 2021;
confirming Fay's period statements did not include any notice that Fay did not have a right to
foreclose), Fay Paterno Dep. at 86:25-87:3; Doc. 63-24, #1031 (confirming Fay's position that it
had a right to foreclose in its December 11, 2021 period statement to Counter Plaintiff), Fay
Paterno Dep. at 89:3-11; Doc. 63-24, #1031 ("Q.    Sure. Does Fay thin' it's fair to be charging
foreclosure fees when it doesn't have the right to foreclose by its own admission in the complaint

**PLAINTIFF'S RESPONSE**

Admitted, that Fay indicated that it may foreclose if the Defendant failed to cure her default.

The Plaintiff objects to the allegations set forth in Paragraph 12 to the extent that said

allegations call for a legal conclusion relating to Fay's foreclosure rights. Denied, that Fay

had no right to foreclose the thrice modified mortgage and denied that it "knew that it had

no right to foreclose" when sending written communications to Ms. Howe. *See* Record,

Exhibit 14, Order Denying Mot. to Alter J., ECF Docket No. 63-14 at 2 (denying the

Plaintiff's Motion to Alter the Judgment entered in the Prior Action without written findings

of fact or conclusions of law as to Fay's foreclosure rights).

**HOWE 13**

This action was commenced at the direction of Fay.[23] Fay sent Melanie Howe

communications about loss mitigation options.[24]

**PLAINTIFF'S RESPONSE**

Admitted that the action was commenced at the direction of Fay denied as to the statements

in footnote 24 which include incorrect statements of law including that Fay has "no right to

foreclose."

**HOWE 14**

---

filed in Florida a year later? A.      I do not specifically know the foreclosure fees that are included in the December 11, 2021, statement and whether those are fair or unfair. I have–o -- no knowledge to that."), MFRA's Florida Complaint at ¶¶ 16, 19; Doc. 63-15, #732, and MFRA's Motion to Appoint Receiver at ¶¶ 14, 17; Doc. 63-16, #787.

[23]      Fay Paterno Dep. at 22:20-22; Doc. 63-24, #1015 ("Q.   All right. And –s -- did Fay authorize the original complaint to be filed in this action? A.   Yes.")

[24]      *See* Assorted Communications from Fay Servicing to Melanie Howe; Doc. 63-34, #1157-89 (Communications from Fay to Howe from December 2017 to January 2023, offering means for Melanie Howe to mitigate potential foreclosure when there was no right to foreclose). *See also* Order of Dismissal with Prejudice in prior action; Doc.63-12, #706 and Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

MFRA did not have standing to foreclose when it filed this Complaint, or at any time prior to filing this complaint as evidenced by its failed efforts in the Prior Action which resulted in a judgment against it with prejudice.[25]

**PLAINTIFF'S RESPONSE**

The Plaintiff objects to the allegations set forth in Paragraph 14 on the basis that said allegations call for a legal conclusion as to the Plaintiff's standing to foreclose the Howe Mortgage Loan especially to the extent that they challenge Plaintiff's standing today.

**HOWE 15**

MFRA is in the business of buying defaulted mortgage debts.[26] The Howe loan was in default when MFRA acquired the Howe Loan.[27]

**PLAINTIFF'S RESPONSE**

Denied, that the statement cited in this section, phrased to include a double negative, supports the factual statement that Plaintiff is in the business of buying defaulted mortgage

---

[25]     **Howe 4-5, 7-9**. *See also* Fay Paterno Dep. at 87:20-88:9; Doc. 63-24, #1031 ("Q.     So if you can look at paragraphs 17, 18. A.     17 states: Plaintiff holds the original note evidencing the mortgage loan and thus seeks the appointment of a receiver to obtain an assignment reflecting its valid interest in the mortgage for the purpose of foreclosing the same. 18 says: Since 2014 unique case law in Maine provides, inter alia, that an assignment of mortgage from MERS isn't effective to establish the standing necessary to enable the assignee to initiate foreclosure proceedings, t–t -- and that only an assignment directly from the originating lender will permit the assignee to foreclose the mortgage.")*, Order of Dismissal with Prejudice in prior action; Doc.63-12, #706, and Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

[26]     Fay Paterno Dep. at 56:21-24; Doc. 63-24, #1023 (Q.     Do you know of any facts that MFRA is not in the business of buying defaulted mortgage debts. A.      I do not know"). *See also* Fay Paterno Dep. at 7:1-5, Doc. 63-24, #1011 (if I asked you the same questions that I inquired with your Fay Servicing corporate designee hat–o -- as the designee for the trust, would your answers being the same? A.    Yes, they would.");

[27]     Notice of Sale of Ownership of Mortgage Loan to MFRA; Doc. 63-21, #1131-33 (indicating that the Howe Loan was sold to MFRA on August 8, 2017). *See also* Nationstar Decl. ¶¶ 7-10; Doc. 63-26, #1066-67 and Order Substituting MFRA; Doc. 63-9, #652 (acknowledging MFRA acquired and substituted itself as the named plaintiff in the prior action in which it acknowledged there were legal bars to collection of the Howe Loan).

debts. Michael Paterno, upon whose testimony the Defendant relies, testified that he has no

knowledge as to whether the Plaintiff is in the business of buying defaulted mortgage debts.

*See* Record, Exhibit 24, Tr. Dep. of Michael Paterno of Fay Servicing, LLC ("Paterno Dep.")

at 56:10-56-24, ECF Docket No. 63-24 at 16. Admitted, that the Howe Mortgage Loan was

in default when the Plaintiff acquired the same.

**HOWE 16**

Fay and MFRA filed this action to collect on the Howe Loan when they had no legal right to

collect on the Howe Loan and admitted as much by their failed effort to avoid the preclusive

effect of the Prior Action concealed from disclosure in their Complaint in this Court.[28]

**PLAINTIFF'S RESPONSE**

The Plaintiff objects to the allegations set forth in Paragraph 16 first because they are

arguments not factual statements and secondly on the basis that said allegations call for a

legal conclusion as to the Plaintiff's foreclosure and collection rights. Denied, that the

Plaintiff's Motion to Amend the Judgment entered in the Prior Action represents an

admission that the claims at issue in the instant action could have been raised in the Prior

Action. *See* Record, Exhibit 13, Motion to Amend Judgment at 1, ECF Docket No. 63-13.

The Motion filed in the Prior Action clearly contemplates amending the Judgment to clarify

whether the Plaintiff is precluded from bringing a subsequent claim to establish standing to

foreclose, as opposed to enforcing the Note personally against the Defendants. *See id.* ("It is

acknowledged that this method of establishing standing through a declaratory action brought

against the originator and any Party-in-Interest . . . was precluded by the Law Court's

---

[28]     **Howe 4-9**.  *See also* Fay Paterno Dep. at 88:15-20; Doc. 63-24, #1031 ("Q.      Right. So
in that complaint filed by the trust with the authority of Fay in Florida, there's an admission that
there's no right to foreclose but for the relief requested by the Florida court, correct? A.     I think
the document speaks for itself, yes.").

decision in *Beal Bank v. New Century . . .*").  Further denied that the Florida action was

concealed from either counsel for Howe or the Court and that once the Quitclaim

Assignment was executed and recorded the Plaintiff sought to amend the Complaint to

include a foreclosure count and refer the matter to the Foreclosure Diversion Program and

Howe opposed.

**HOWE 17**

Fay sent mortgage statements and other communications to Howe, while this matter was

pending, even though it knew she was represented by her counsel of record in this case.[29]

**PLAINTIFF'S RESPONSE**

Admitted that regular monthly mortgage statements were sent by Fay and that the 14 M.R.S.

6111 Notice was required to be sent to Howe as set forth in the stipulated record.


DATED: October 16th, 2023

> /s/ Reneau J. Longoria, Esq.
> Reneau J. Longoria, Esq. Bar No. 005746
> Attorney for Plaintiff
> Doonan, Graves & Longoria, LLC
> 100 Cummings Center, Suite 303C
> Beverly, MA 01915
> (978) 921-2670
> RJL@dgandl.com

---

[29]   Fay Paterno Dep. at 43:16-44:16; Doc. 63-24, #1020 (Q.    All right.  So did Fay Servicing know on or about December 6, 2021, that Mr. Steed was  representing Ms. Howe? A.    Yes"). *See also* Fay Paterno Dep. at 82:10-85:22; Doc. 63-24, #1030 (discussing periodic statements between December 10, 2020, and December 11, 2021, and admitting at 82:11-14 that statements were sent to Ms. Howe at the Property address), Fay Paterno Dep. at 90:22-91:13; Doc. 63-24, #1032 (Q.    So those statements . . . from January 10, 2020, through March of 2023 were sent by Fay to Ms. Howe at the property address, correct? A: Correct"), Periodic Mortgage Statements while Matter was Pending; Doc. 63-36, #1326-1363 (Counter Defendants responses to RPDs at 580-617), and Doonan Correspondence (April 14, 2023); Doc. 63-21, #954-68.

**CERTIFICATE OF SERVICE**

I, Reneau J. Longoria, Esq., hereby certify that on this <u>16th</u> day of October, 2023, I served a

copy of the above document by electronic notification using the CM/ECF system and/or First

Class Mail to the following:

<u>/s/ Reneau J. Longoria, Esq.</u>
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042

Henry W. Howe IV
83 Deer Crossing Road
Limerick, ME 04048

John Z Steed, Esq.
PO Box 386
Blue Hill, ME 04614
(Attorney for Melanie B. Howe)