## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 | CIVIL ACTION NO: 2:21-cv-00278-NT |
| **Plaintiff** | |
| vs. | RE:<br>334 Deerwander Road, Hollis Center, ME 04042 |
| Henry W. Howe IV and Melanie B. Howe | Mortgage:<br>April 20, 2007<br>Book 15139, Page 0540 |
| **Defendants** | |

## MELANIE HOWE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT COUNTER-PLAINTIFF MELANIE HOWE'S SUPPORTING STATEMENT OF MATERIAL FACTS IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES the Plaintiff in this matter, Wilmington Trust, National Association, not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 (hereinafter "Plaintiff"), and hereby RESPONDS to Defendant/Counter Plaintiff's Melanie B. Howe's ("Howe") Partial Summary Judgment and Memorandum of Law. Plaintiff incorporates its Supporting Response to Howe's Statement of Material Facts hereto. As grounds therefore, Plaintiff states the following:

### HOWE 1

At all times relevant and material to this action, Melanie Howe has resided with her two minor sons at 334 Deerwander Road, Hollis Center, ME 04042 ("Howe Property").[1] Fay

---

[1]     Answer to Counter Complaint ("CC") at ¶ 2; Doc. 63-20, #852. *See also* Answer to CC at ¶¶ 12-13; Doc. 63-20, #854-55 and Deposition Transcript of Melanie B. Howe; Doc. 63-40, #1425.

Servicing, LLC ("Fay") and Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015- ("MRFA") have communicated with her at that address.[2]

**PLAINTIFF'S RESPONSE**

Admitted, that the Defendant, Melanie Howe has resided in the Howe Property since purchasing the home except for periods from 2014-2019 when she acknowledged that she and Henry Howe were both in the home but arrested and out of the home various times. *See* Joint Record of Materials for Melanie Howe's Mot. for Summ. J. ("Record"), Exhibit 40, Tr. Dep. Melanie Howe ("Howe Dep.") at 24:16-24:23, 29:12-29:20, 45:13-45:25, ECF Docket No. 63-40 at 8, 9, 13.  Further responding, the Plaintiff states that Howe's oldest child also resided in the home until 2019 when she was removed. *See* Record, Exhibit 40, Tr. Howe Dep. at 45:22-51:11, ECF Docket No. 603-40 at 14-15.

**HOWE 1 REPLY**

HOWE 1 should be deemed admitted the asserted fact. The Plaintiff's response does not contradict the statements of fact in HOWE 1 and instead raises non-material facts in response which do not actually dispute the fact asserted. To the extent that the Response attempts to add additional, unverified facts to the record, those facts are not property presented. The proper way for the Plaintiff to present additional facts is through an Opposing Statement of Material Facts under Local Rule 56(c).

---

[2]     Notice of Sale of Ownership of Mortgage Loan to MFRA; Doc. 63-32, #1131-33. *See also* Answer to CC at ¶¶ 58-9; Doc. 63-20, #867 (admitting that Fay sent a letter on September 21, 2021 to Counter Plaintiff and regularly sent her monthly loan statements), Fay Servicing Rule 30(b)(1)(6) Dep. of M. Paterno ("Fay Paterno Dep.") at 81:20-85:22; Doc. 63-24, #1029-30 (confirming Fay sent several period statements with foreclosure delinquency notices to the Counter Plaintiff between December 2020 and December 2021), Answer to CC at ¶ 59; Doc. 63-20, #867 (admitting that Fay sent monthly loan statements to Counter Plaintiff), and Doonan Correspondence (April 14, 2023); Doc. 63-21, #954-68.

The Plaintiff has made no such filing.

**HOWE 2**

On April 20, 2007, Melanie Howe and her then-husband, Henry W. Howe, borrowed $208,000.00 from Challenge Financial Investors Corp., ("Challenge") to purchase a home for personal purposes, secured by a mortgage on the premises ("Howe Loan").[3] The terms and conditions of the Howe Loan are memorialized in a Note and a Mortgage.[4] The Howe Loan was modified by a loan modification agreement dated August 12, 2014, and signed by Melanie Howe and Henry Howe.[5]

**PLAINTIFF'S RESPONSE**

Admitted, as to the Howe Note, the Howe Mortgage and 2014 Howe Loan Modification, which was the third modification of the Howe Mortgage Loan as the first modification of the Howe Mortgage loan was entered into with CitiMortgage, Inc. dated July 24, 2010, *see* Record, Exhibit 21(F), Loan Modification dated July 24, 2010, ECF Docket No. 63-21 at 48; the second modification of the Howe Mortgage loan was entered into with Nationstar Mortgage, LLC dated July 26, 2011, *see* Record, Exhibit 21(G), Loan Modification dated July 26, 2011, ECF Docket No. 63-21 at 52.

**HOWE 2 REPLY**

HOWE 2 should be deemed admitted. To the extent that the Response attempts to

---

[3]     Mortgage at ¶¶ D, E; Doc. 63-2, #563-64 ("'lender' means Challenge Financial Inventors, Corp."). *See also* Answer to CC at ¶ 12; Doc. 63-20, #854.

[4]     Mortgage; Doc. 60-2, #563-79. *See also* Note; Doc. 63-1, #560-62, Answer to CC at ¶ 12; Doc. 63-20, #854, and Fay Paterno Dep. at 76:25-77:3; Doc. 63-24, #1028 (confirming the Howe Loan terms are memorized into the Note and Mortgage).

[5]     Loan Modification Agreement ¶1; Doc. 63-4, #592-98. *See also* **Howe 1** and Fay Paterno Dep. at 120:18-22; Doc. 63-24, #1039 ("THE WITNESS: All right. So this is the loan modification that's dated the 12th of August of 2014. And that is between Henry Howe and Melanie Howe and Nationstar Mortgage, LLC.").

add additional, non-material facts to dispute the fact asserted. A fact not properly controverted, is admitted. Local Rule 56(e).

## HOWE 3

The Howe Loan was in default, for failure to make monthly payments, and had been accelerated by its terms on February 21, 2017, when Nationstar Mortgage LLC, the then servicer of the Howe Loan from March 4, 2013 until February 21, 2017, transferred servicing to Selene Finance.[6] Nationstar sent a Notice of Default and Right to Cure to Melanie Howe, in compliance with 14 M.R.S. § 6111 on October 30, 2014, and on August 8, 2015 via certified mail confirming this fact and the acceleration.[7]

## PLAINTIFF'S RESPONSE

Admitted, that the Howe Mortgage Loan is in default for failure to make monthly payments and that Nationstar Mortgage, LLC served a Notice of Default and Right to Cure in accordance with 14 M.R.S. § 6111 prior to the *Greenleaf* decision, that did not accelerate the loan under Maine law. The Plaintiff objects to the legal conclusion set forth in Paragraph 3 relating to the acceleration of the debt owed under the terms of the Howe Mortgage Loan. In light of the *Greenleaf* and *Chartier* decisions, the Nationstar Notice of Right to Cure did not and could not accelerate the debt, pursuant to *Greenleaf,* Nationstar did not yet have standing to send the Notice. Subject to the foregoing and without waiving its objections, the Plaintiff states that where, as here, the promissory note includes an optional acceleration

---

[6]    Declaration of Nationstar Mortgage ("Nationstar Decl.") ¶¶ 7-10; Doc. 63-26, #1066-67.
[7]    Nationstar Decl. ¶¶ 12-13; Doc. 63-26, #1067. *See also* Nationstar Decl.; Doc. 63-26, #1100-07 (Notice of Default and Right to Cure Letter, dated October 30, 2014) and Nationstar Decl.; Doc. 63-26, #1109-14 (Notice of Default and Right to Cure Letter, dated August 13, 2015).

clause, the debt may be accelerated by commencing a foreclosure action and no such action has been commenced. *See Fed. Nat'l Mortg. v. Deschaine*, 2017 ME 190, ¶¶ 26, 170 A.3d 230 (2017); *see also* Record, Exhibit 1, April 20, 2007 Promissory Note ¶ 6(C), ECF Docket No. 63-1 at 2 (providing that the Lender *may* accelerate the debt upon the borrower's failure to cure their default).  The legal issue, what acts constitute acceleration in Maine, is one of the issues before the Law Court in *Moulton* and there is statutory support for the position that the debt is not accelerated until the sale.

## HOWE 3 REPLY

The Declaration of Nationstar, states, unequivocally, that the "Howe Loan was in default, accelerated, and due for October 1, 2014, when servicing of the loan was transferred Nationstar to Selene Finance, effective February 21, 2017." Nationstar Decl. ¶15; Doc. 63-26, #1067. ""[W]hether a holder has accelerated a note is a fact question" *Wilmington Tr. v. Rob*, 891 F.3d 174, 176 (5th Cir. 2018) (quoting *Holy Cross Church of God in Christ v. Wolf* , 44 S.W.3d 562, 568 (Tex. 2001)). The Plaintiff offers no contravening facts in its response, or elsewhere, to create a disputed as to this fact.

The Plaintiff's objections also do not undermine this determination and seem intended to create a red herring defense. The gist of what argues is the mere sending of a notice of default pursuant to the note stating that the debt *may be* accelerated does not accelerate the debt. But, it offers no admissible evidence to rebut the fact asserted and verified under penalties of perjury. The second, argument, that the two notices of default in 2014 and 2015 were insufficient to satisfy 14 M.R.S.A. § 6111 are not relevant; service of a satisfactory notice of default under 14 M.R.S.A. § 6111 one of eight elements required to succeed in a foreclosure action, which is not at

issue here. What is at issue here is whether the debt had been accelerated.

The Plaintiff has not property controverted or disputed the factual statement that the "Howe Loan was in default . . . and had been accelerated . . . on February 21, 2017, when Nationstar Mortgage LLC, . . . transferred servicing to Selene Finance." A fact not properly controverted, is admitted. Local Rule 56(e).

**HOWE 4**

On or about June 30, 2017 MTGLQ Investors, LP, ("MTGLQ") filed an action in state court asserting its interest in the Howe Loan and the Howe Mortgage (the "Prior Action").[8] Although it was styled as a "declaratory judgment," the Prior Action sought to enforce the Howe Loan[9] and could have sought and did seek more than mere declaratory relief.[10] MFRA was substituted at the named party plaintiff in the Prior Action on December 15, 2017.[11]

**PLAINTIFF'S RESPONSE**

Admitted, that the Plaintiff was substituted in place of MTGLQ Investors, LP ("MTGLQ")

---

[8]     Docket Record ALDSC-CV-2017-00161, entry dated June 30, 2017; Doc. 63-6, #638. *See also* June 26, 2017 Complaint filed by MTGLQ Investors, L.P. ("MTGLQ Complaint"); Doc. 63-5, #599-604 and Answer to Counter Complaint at ¶ 33; Doc. 63-20, #860-61.

[9]     Answer to CC at ¶ 33; Doc 63-20, #860-61 ("Counter Defendants admits (sic) the allegations in Paragraph 22(c)"). *See also* MTGLQ Complaint; Doc. 63-5, #599-637.

[10]     MTGLQ Complaint, at ¶ 28; Doc. 63-5, #603 (seeking in the body of the complaint "a confirmatory Nune Pro Tunc Order and an effective reaffirmation of the assignment from Mortgage Electronic Registration Systems").  *See also* MTGLQ Complaint; Doc. 63-5, #603-04 (seeking, in its prayers for relief, that the Court "Order the Confirmatory Transfer of Mortgage dated April 20, 2007, and recorded in the York County Registry of Deeds in Book 15139, Page 0540 to MTGLQ Investors, L.P"), MTGLQ Complaint; Doc. 63-5, #604 (seeking, in its prayers for relief "an in rem permanent injunction concerning the ownership of the subject property mortgage, subject to any rights of redemption held by the mortgagees, rests with the Plaintiff"), MTGLQ Complaint; Doc. 63-5, #604 (seeking in its prayers for relief, that the Court "find the Plaintiff is the owner of both the subject Note and Mortgage Deed and its ownership rights in the subject property"), and Answer to CC at ¶ 35; Doc. 63-20, #861.

[11]     Docket Record, ALDSC-CV-2017-00161, entry dated December 15, 2017; Doc. 63-6, #640 ("[I]t is hereby ordered that Wilmington Trust, National Association, not in its Individual Capacity, but Soley as Trustee for MFRA Trust 2105-1 is substituted for MTGLQ Investors, L.P. as the Plaintiff." *See also* Order Substituting MFRA; Doc. 63-9, #652.

in an action that MTGLQ filed in state court seeking a declaratory judgment as to its

ownership of both the subject Note and Mortgage. *See MTGLQ Inv., LP v. Challenge Fin. Inv.*

*Corp.*, ALFSC-CV-2017-161 (Super. Ct. 2017)(the "Prior Action"); *see also* Record, Exhibit 5,

Superior Court Complaint, ECF Docket No. 63-5. Denied, that MTGLQ or the Plaintiff

sought to "enforce" the Howe Mortgage Loan in the Prior Action as the Prior Action only

sought declaratory relief as to the Plaintiff's rights under the Howe Mortgage Loan. *See*

Record, Exhibit 5, Superior Court Complaint ¶¶ 25-28, ECF Docket No. 63-5. The Plaintiff

objects to the allegations set forth in Paragraph 4 relating to the alleged remedies potentially

available to the Plaintiff in the Prior Action on the basis that said allegations call for a legal

conclusion and are in no way a factual statement.

> ### HOWE 4 REPLY
>
> The Parties' arguments about what the Prior Action sought and the legal impact of
> the Prior Action is discussed at length in the parties' memoranda in support of and
> opposition to summary judgment.  There are no disputes of material fact and
> Plaintiff has not offered any facts to raise a dispute of material fact.  A fact not
> properly controverted, is admitted. Local Rule 56(e).

## HOWE 5

MFRA in the Prior Action, like the present action, attached the Howe Note and the Howe

Mortgage to its complaint; it acquired the Howe Note and purported Mortgage when each

were in default and Fay became the servicer collector when the Howe Loan was in default;

states that the Howe Note remains in default; and named Melanie Howe and Henry Howe as

parties.[12]

**PLAINTIFF'S RESPONSE**

Admitted, that the Plaintiff attached copies of the subject Note and Mortgage to its Complaint filed in the Prior Action; that it acquired the Note and Mortgage while the Howe Mortgage Loan was in default; that Fay acquired the servicing rights while the Howe Mortgage Loan was in default and that the Defendants remain in default. Further responding, the Plaintiff states that, although Melanie Howe and Henry Howe were parties to the Prior Action, they were named in their capacity as parties-in-interest and neither MTGLQ nor the Plaintiff sought relief specifically from the Howes or as a result of conduct by the Howes in the Prior Action. *See* Record, Exhibit 5, Superior Court Complaint ¶¶ 5, 6, 25-28, ECF Docket No. 63-5.

> **HOWE 5 REPLY**
>
> HOWE 5 should be deemed admitted. The Plaintiff's response does not contradict the statements of fact in HOWE 5.  A fact not properly controverted, is admitted. Local Rule 56(e).

**HOWE 6**

In this action, MFRA did not disclose to this Court in its original Complaint any facts about the Prior Action even though it is represented by the same counsel it engaged in the state court.[13]

---

[12]  MTGLQ Complaint; Doc. 63-5, #599-604. *See also* Answer to CC at ¶ 12(a); Doc. 63-20, #854, Answer to CC at ¶ 33(b); Doc. 63-20, #860, Answer to CC at ¶ 39; Doc. 63-20, #863, Answer to CC at ¶ 54(c); Doc. 63-20, #866, Answer to CC at ¶ 59; Doc. 63-20, #867, and MFRA Complaint in this Court; Doc. 63-18, #793-819.

[13]  **Howe 4**.  *See also* Fay Paterno Dep. at 23:15-24; Doc. 63-24, #1015, MTGLQ Complaint; Doc. 63-5, #599-604, and MFRA Complaint in this Court; Doc. 63-18, #793-819.

**PLAINTIFF'S RESPONSE**

Admitted that the Plaintiff did not allege facts relating to the Prior Action in its Complaint filed in the present action and that counsel for the Plaintiff in the instant action also represented the Plaintiff in the Prior Action. The Plaintiff objects to the allegations set forth in Paragraph 6 to the extent that they call for a legal conclusion that the Plaintiff was required to allege facts relating to the Prior Action, or that the declaratory relief sought therein, is part of the essential elements necessary to establish its claim to enforce the Howe Note in the instant action or relevant in any way.

**HOWE 6 REPLY**

HOWE 6 should be deemed admitted. The Plaintiff's response does not contradict the statements of fact in HOWE 6. A fact not properly controverted, is admitted. Local Rule 56(e). Plaintiff's admission also constitutes further evidence of its unsafe and unsound business practices indicative of a debt collector subject to the Fair Debt Collection Practices Act and not any bona fide creditor who would not knowingly or recklessly pursue an action in this Court while omitting it lost in the Prior Action and forfeited its right to have that decision reviewed by the state appellate court.

**HOWE 7**

The claims presented by the Plaintiff in this action could have been presented in the Prior Action.[14] MFRA admitted as much as demonstrated by its request to the state court to

---

[14]    MTGLQ Complaint; Doc. 63-5, #599-604. *See also* Nationstar Decl. ¶¶ 12-13; Doc. 63-26, #1067, Nationstar Decl.; Doc. 63-26, #1100-07 (Notice of Default and Right to Cure Letter, dated October 30, 2014), Nationstar Decl.; Doc. 63-26, #1109-14 (Notice of Default and Right to Cure Letter, dated August 13, 2015), and MFRA's Motion to Amend Judgment; Doc. 63-13,

modify its judgment in the Prior Action against it to be limited to only claims advanced in that action which was denied.[15]

**PLAINTIFF'S RESPONSE**

The Plaintiff objects to the allegations set forth in Paragraph 7 on the basis that said allegations call for a legal conclusion as to the alleged remedies potentially available to the Plaintiff in the Prior Action. Denied, that the Plaintiff's Motion to Amend the Judgment entered in the Prior Action represents an admission that the claims at issue in the instant action could have been raised in the Prior Action or that the Plaintiff "admitted" that the claims could have been brought or that the Judgment barred anything other than a future declaratory action in Maine to establish standing. *See* Record, Exhibit 13, Mot. to Amend J., ECF Docket No. 63-13 at 2. The Motion filed in the Prior Action clearly contemplates amending the Judgment to clarify whether the Plaintiff is precluded from bringing a subsequent claim to establish standing to foreclose, as opposed to enforcing the Note personally against the Defendants. *See id.* ("It is acknowledged that this method of establishing standing through a declaratory action brought against the originator and any Party-in-Interest . . . was precluded by the Law Court's decision in *Beal Bank v. New Century* . . .").

### HOWE 7 REPLY

The Parties' arguments about what the Prior Action sought and the legal impact of the Prior Action is discussed at length in the parties' memoranda in support of and opposition to summary judgment. A fact not properly controverted, is admitted.

---

#707-26 (recognizing that the judgment with prejudice against MFRA applied to more than just the claims advanced in that action).

[15]     Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

Local Rule 56(e).  Further, a fact may involve a mixed question of law and facts appropriate for adjudication especially when the conduct at issue involves debt collection by litigation.  *See e.g Heintz v. Jenkins*, 514 U.S. 291 (1995) (holding FDCPA applies to litigation conduct).

**HOWE 8**

Melanie Howe was the only active opponent to the Prior Action; she actively contested the Prior Action against the MFRA, opposing the Prior Action from its inception, including opposing MFRA's Motion for Quiet Title, Default Judgment, and Judgment on the Pleadings, and successfully advocated for dismissal of the matter with prejudice, and against MRFA's motion to limit the preclusive effect of that dismissal with prejudice, in order to preserve her interest in her home.[16]

**<u>PLAINTIFF'S RESPONSE</u>**

Admitted that Howe filed an Answer in the Maine Declaratory Case, denied that her involvement in the case in anyway justifies the legal conclusion that the doctrine of *res judicata* precludes the instant case. The pleadings speak for themselves and the balance of the statements in this paragraph are arguments not factual statements. The statement within footnote 16 is an inaccurate restatement of paragraph 4 of the Longoria Affidavit which

---

[16]     See e.g., Melanie Howe's Response to Plaintiff's Motion for Substitution of Parties; Doc. 63-8, #648-51. *See also* Melanie Howe's Opposition to Plaintiff's Motion for Quiet Title, Default Judgment and Judgment on the Pleadings and Incorporated Memorandum of Law; Doc. 63-11, #656-705, Docket Record, ALDSC-CV-2017-00161; Doc. 63-6, #638-45 (showing that Melanie Howe responded to all of MRFA's motions and ultimately succeeded in having the Prior Action dismissed with prejudice). *See also* Longoria Affirmation at ¶ 8; Doc. 63-13, #720-21 (affirming under penalties of perjury that Ms. Howe was an active party in the prior action).

states that Howe filed "an opposition and Request for Dismissal with Prejudice" two days

after the Plaintiff filed a Motion to Dismiss its Declaratory Complaint without prejudice.

(Doc. 63-13, 720 para 3)

**HOWE 8 REPLY**

HOWE 8 should be deemed admitted. The Plaintiff's response does not

contradict the statements of fact in HOWE 8.  A fact not properly controverted, is

admitted. Local Rule 56(e).

**HOWE 9**

The Prior Action was dismissed with prejudice on February 26, 2020, and MFRA asked the

court in the Prior Action to limit the preclusive effect of the dismissal on March 11, 2020.[17]

That Motion was denied on April 7, 2021.[18]

**PLAINTIFF'S RESPONSE**

Admitted that the Prior Action was dismissed with prejudice on February 26, 2020, and that

the Plaintiff's Motion to amend the Judgment to clarify the preclusive effect of the same was

denied. The Plaintiff objects to the allegations set forth in Paragraph 9 to the extent that said

allegations call for a legal conclusion that the Plaintiff's claims at issue in the instant action

are precluded as a result of the Judgment entered in the Prior Action. Subject to the

---

[17]     MFRA's Motion to Amend Judgement; Doc. 63-13, #707-26.
[18]     Order Denying Motion to Amend in prior action; Doc. 63-14, #727-28. *See also* Answer
to CC at ¶ 42; Doc. 63-20, #863 (admitting that Counter Defendants filed a Motion to Amend
Judgement Pursuant to M.R.Civ. P. 59(e)), Answer to CC at ¶ 46; Doc. 63-20, #864 (admitting
that the February 26, 2020 Order is a matter of public record and that Fay had knowledge of the
Order), Answer to CC at ¶ 50; Doc. 63-20, #865 (admitting that the April 7, 2021 Order is a
matter of public record), Fay Paterno Dep. at 47:22-48:2; 63-24, #1021 (confirming that the Prior
Action's margin order says that the case was dismissed with prejudice), Fay Paterno Dep. at
48:23-49:3; Doc. 63-24, #1021 ("Q.    So did the trust understand on March 11, 2020, that its
claims in the DJ action had been dismissed with prejudice?         A.      It's specified here."), and
Fay Paterno Dep. at 50:2-18; Doc. 63-24, #1022 (confirming Fay and MFRA were aware of the
dismissal's margin orders of the of the April 7, 2021 order denying their motion).

foregoing and without waiving its objections, the Plaintiff states that the Court summarily denied its Motion to Alter the Judgment in the Prior Action without issuing written findings of fact or conclusions law sufficient to understand the Court's reasoning in denying the Motion. *See* Record, Exhibit 14, Order Denying Mot. to Amend J., ECF Docket No. 63-14 at 2.

### HOWE 9 REPLY

HOWE 9 should be deemed admitted. The Plaintiff's response does not contradict the statements of fact in HOWE 9.  A fact not properly controverted, is admitted. Local Rule 56(e).

**HOWE 10**

Fay is a debt collector subject to the FDCPA. Fay is also a mortgage servicer and the Howe Loan was in default when Fay began servicing the Howe Loan on or about September 7, 2017, and Fay services defaulted loans as a regular part of its business.[19] Fay, as a mortgage servicer, collects payments from borrowers, pays insurance and taxes, brings loans through foreclosure and collects payments on behalf of others.[20]

### PLAINTIFF'S RESPONSE

---

[19]     Answer to CC at ¶39; Doc. 63-20, #863. *See also* **Howe 5**, Fay Paterno Dep. at 13:3-10; Doc. 63-24, #1012 ("Q.     And do you know when Fay Servicing became the mortgage servicer for the Howe loan? A.     It was late in 2017. I believe it was in November. Q.     And do you know what the status of the Howe loan was at that time? A.     That loan was in default at that time."), Fay Paterno Dep. at 13:11-22; Doc. 63-24, #1012 (confirming Fay collects on loans that are transferred to it when they are in default as part of its business), MFRA Complaint in this Court; Doc. 63-18, #808 (indicating loan default on October 1, 2014), MFRA's Florida Complaint at ¶ 20; Doc. 63-15, #732, and MFRA's Motion to Appoint Receiver at ¶18; Doc. 63-16, #787.

[20]     Fay Paterno Dep. at 12:6-13:2; Doc. 63-24, #1012 (admitting that Fay is a mortgage servicer, that they collect payments from borrowers on behalf of others, that they take mortgages through foreclosure, and that Fay is the servicer for the Howe loan). *See generally* 63-34 through 63-36, #1157-1363 (written correspondence and statements from Fay Servicing to Ms. Howe acknowledging it is a debt collector and it was seeking for her to make payments to it).

The Plaintiff objects to the allegations set forth in Paragraph 10 to the extent that they call for a legal conclusion that Fay is a debt collector subject to the FDCPA. There are no citations to the Summary Judgment record to support this statement of fact nor are there citations to the record to support the statement with regard to the portion of Fay's servicing business that services loans in default verses performing loans. Admitted, as to the balance of the allegations set forth in Paragraph 10.

### HOWE 10 REPLY

The Plaintiff has not cited any source in the Record to contradict or create question of material fact as to the factual statements in this paragraph, and the statements should be admitted.  A fact not properly controverted, is admitted. Local Rule 56(e). The fact that Fay is a debt collector is established by the other well-supported statements in Howe 10. The elements to establish that a mortgage servicer is a debt collector is discussed in the Parties' supporting and opposing memoranda.

## HOWE 11

Fay admits, frequently, in its communications with Ms. Howe, that it is a debt collector seeking to collect a debt from her.[21]

### PLAINTIFF'S RESPONSE

Admitted, that Fay includes standard disclosures under the FDCPA relating to the collection of debts in its communications with Ms. Howe. The Plaintiff objects to the allegations set forth in Paragraph 11 to the extent that said allegations call for a legal conclusion that Fay is a debt collector subject to the FDCPA as that conclusion is contrary to the law as set forth in the Opposition.

---

[21]     Fay Paterno Dep at 83:14-86:6; Doc. 63-24, #1030-31. *See also* FN 20 *supra.*

**HOWE 11 REPLY**

HOWE 11 should be deemed admitted. The Plaintiff's response does not contradict the statements of fact in HOWE 11. A fact not properly controverted, is admitted. Local Rule 56(e).

## HOWE 12

Fay has communicated with Melanie Howe threatening foreclosure when it knew it had no right to foreclose.[22]

**PLAINTIFF'S RESPONSE**

Admitted, that Fay indicated that it may foreclose if the Defendant failed to cure her default. The Plaintiff objects to the allegations set forth in Paragraph 12 to the extent that said allegations call for a legal conclusion relating to Fay's foreclosure rights. Denied, that Fay had no right to foreclose the thrice modified mortgage and denied that it "knew that it had

---

[22]     Selected Communications between Fay and Howe; Doc. 63-34, #1187-89 (Fay September 21, 2021 letter stating "we have the right to invoke foreclosure"). *See also* Selected Communications between Fay and Howe; Doc. 63-34, #1175-78 (Fay February 10, 2022 letter stating "we have the right to invoke foreclosure"); Selected Communications between Fay and Howe, Doc. 63-34, #1179-82 (Fay August 1, 2022 letter stating "we have the right to invoke foreclosure"), Fay Paterno Dep. at 98:5-102:12; Doc. 63-24, #1034-35 (admitting that the two communications referencing the right to invoke foreclosure were sent by Fay to Howe at the property address), Periodic Mortgage Statements; Doc. 63-35, #1190-1325 (Counter Defendants responses to RPDs at 482-617), Answer to CC at ¶ 58; Doc. 63-20, #867 (admitting that Fay sent a letter on September 21, 2021 and that the letter speaks for itself), Fay Paterno Dep. at 81:20-85:22; Doc. 63-24, #1029-30 (confirming Fay sent several period statements with foreclosure delinquency notices to the Counter Plaintiff between December 2020 and December 2021; confirming Fay's period statements did not include any notice that Fay did not have a right to foreclose), Fay Paterno Dep. at 86:25-87:3; Doc. 63-24, #1031 (confirming Fay's position that it had a right to foreclose in its December 11, 2021 period statement to Counter Plaintiff), Fay Paterno Dep. at 89:3-11; Doc. 63-24, #1031 ("Q.     Sure. Does Fay thin' it's fair to be charging foreclosure fees when it doesn't have the right to foreclose by its own admission in the complaint filed in Florida a year later? A.     I do not specifically know the foreclosure fees that are included in the December 11, 2021, statement and whether those are fair or unfair. I have–o -- no knowledge to that."), MFRA's Florida Complaint at ¶¶ 16, 19; Doc. 63-15, #732, and MFRA's Motion to Appoint Receiver at ¶¶ 14, 17; Doc. 63-16, #787.

no right to foreclose" when sending written communications to Ms. Howe. *See* Record, Exhibit 14, Order Denying Mot. to Alter J., ECF Docket No. 63-14 at 2 (denying the Plaintiff's Motion to Alter the Judgment entered in the Prior Action without written findings of fact or conclusions of law as to Fay's foreclosure rights).

### HOWE 12 REPLY

The Plaintiff cites nothing in the record that creates a dispute over the facts alleged in HOWE 12, and the allegations in HOWE 12 are well-supported. A fact not properly controverted, is admitted. Local Rule 56(e).

The Counterclaim Defendants also admit that they invoked the specter of foreclosure. The Counterclaim Defendants deny that they had no right to foreclose, but in the Florida Action say, (as cited in the penultimate reference in footnote 22, above), that "[n]otwithstanding the fact that Plaintiff is the current owner and holder of the Howe Note evidencing the Howe Mortgage Loan on the Property, **Plaintiff is unable to foreclose** the Mortgage Loan under Maine Law," and that the Plaintiff's assignments are "**ineffective to provide standing to foreclose.**" MFRA's Florida Complaint at ¶¶ 16, 19; Doc. 63-15, #732. The Florida Complaint is dated August 26, 2022. The statements in the Florida action constitute judicial admissions by the Plaintiff which also admit its status as a debt collector under the FDCPA.

### HOWE 13

This action was commenced at the direction of Fay.[23] Fay sent Melanie Howe

---

[23]    Fay Paterno Dep. at 22:20-22; Doc. 63-24, #1015 ("Q.   All right. And –s -- did Fay authorize the original complaint to be filed in this action? A.   Yes.")

communications about loss mitigation options.[24]

**PLAINTIFF'S RESPONSE**

Admitted that the action was commenced at the direction of Fay denied as to the statements

in footnote 24 which include incorrect statements of law including that Fay has "no right to

foreclose."

> ### HOWE 13 REPLY
>
> HOWE 13 should be deemed admitted. The Plaintiff's response does not
>
> contradict the statements of fact in HOWE 13.  A fact not properly controverted, is
>
> admitted. Local Rule 56(e).

**HOWE 14**

MFRA did not have standing to foreclose when it filed this Complaint, or at any time prior

to filing this complaint as evidenced by its failed efforts in the Prior Action which resulted in

a judgment against it with prejudice.[25]

**PLAINTIFF'S RESPONSE**

The Plaintiff objects to the allegations set forth in Paragraph 14 on the basis that said

allegations call for a legal conclusion as to the Plaintiff's standing to foreclose the Howe

---

[24]    *See* Assorted Communications from Fay Servicing to Melanie Howe; Doc. 63-34, #1157-89 (Communications from Fay to Howe from December 2017 to January 2023, offering means for Melanie Howe to mitigate potential foreclosure when there was no right to foreclose). *See also* Order of Dismissal with Prejudice in prior action; Doc.63-12, #706 and Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

[25]    **Howe 4-5, 7-9**. *See also* Fay Paterno Dep. at 87:20-88:9; Doc. 63-24, #1031 ("Q.    So if you can look at paragraphs 17, 18. A.    17 states: Plaintiff holds the original note evidencing the mortgage loan and thus seeks the appointment of a receiver to obtain an assignment reflecting its valid interest in the mortgage for the purpose of foreclosing the same. 18 says: Since 2014 unique case law in Maine provides, inter alia, that an assignment of mortgage from MERS isn't effective to establish the standing necessary to enable the assignee to initiate foreclosure proceedings, t–t -- and that only an assignment directly from the originating lender will permit the assignee to foreclose the mortgage."), Order of Dismissal with Prejudice in prior action; Doc.63-12, #706, and Order Denying Motion to Amend in prior action; Doc. 63-14, #728.

Mortgage Loan especially to the extent that they challenge Plaintiff's standing today.

**HOWE 14 REPLY**

HOWE 14 should be deemed admitted. The Plaintiff's response does not contradict the statements of fact in HOWE 14. A fact not properly controverted, is admitted. Local Rule 56(e). Ms. Howe's Reply to HOWE 12, addresses whether the Plaintiff had standing to foreclose and that reply is incorporated by this reference.

**HOWE 15**

MFRA is in the business of buying defaulted mortgage debts.[26] The Howe loan was in default when MFRA acquired the Howe Loan.[27]

**PLAINTIFF'S RESPONSE**

Denied, that the statement cited in this section, phrased to include a double negative, supports the factual statement that Plaintiff is in the business of buying defaulted mortgage debts. Michael Paterno, upon whose testimony the Defendant relies, testified that he has no knowledge as to whether the Plaintiff is in the business of buying defaulted mortgage debts. *See* Record, Exhibit 24, Tr. Dep. of Michael Paterno of Fay Servicing, LLC ("Paterno Dep.") at 56:10-56-24, ECF Docket No. 63-24 at 16. Admitted, that the Howe Mortgage Loan was in default when the Plaintiff acquired the same.

---

[26]     Fay Paterno Dep. at 56:21-24; Doc. 63-24, #1023 (Q.    Do you know of any facts that MFRA is not in the business of buying defaulted mortgage debts. A.     I do not know"). *See also* Fay Paterno Dep. at 7:1-5, Doc. 63-24, #1011 (if I asked you the same questions that I inquired with your Fay Servicing corporate designee hat–o -- as the designee for the trust, would your answers being the same? A.    Yes, they would.");

[27]     Notice of Sale of Ownership of Mortgage Loan to MFRA; Doc. 63-21, #1131-33 (indicating that the Howe Loan was sold to MFRA on August 8, 2017). *See also* Nationstar Decl. ¶¶ 7-10; Doc. 63-26, #1066-67 and Order Substituting MFRA; Doc. 63-9, #652 (acknowledging MFRA acquired and substituted itself as the named plaintiff in the prior action in which it acknowledged there were legal bars to collection of the Howe Loan).

**HOWE 15 REPLY**

HOWE 15 should be deemed admitted. The Plaintiff's response does not properly contradict the statements of fact in HOWE 15. A fact not properly controverted, is admitted. Local Rule 56(e).  A deposition notice was issued to the Plaintiff to designate a corporate designee to appear in its behalf for a Rule 30(b)(6) deposition to provide testimony about its business.  See 30(b)(6) Deposition Notice of MFRA, Doc. 63-23, #1001. Specifically, that notice sought inquiry into facts supporting MFRA's Affirmative Defenses. *Id,* at #1005. MFRA's Twelfth Affirmative Defense is, specifically, that MRFA is not a debt collector under *Henson v. Santander Consumer USA Inc*., 137 S. Ct. 1718 (2017).  Doc 43, #282. *Santander* establishes that default debt buyers can be sued under the FDCPA if their principal business is collecting defaulted debts.

The Plaintiff choose to appoint a designee with no knowledge as admitted by the response.  Plaintiff cannot however avoid its duties under the discovery rules governing the action it commenced in this Court while choosing to conceal from its own papers and pleadings why it is barred from proceeding in this action.  Rule 37. To permit it to do so would violate Rule 1.  In addition, a Rule 30(b)(6) corporate representative's "lack of knowledge answer is itself an answer which will bind the corporation at trial." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012) (citing *Fraser Yachts Fla., Inc. v. Milne*, No. 05–21168–CIV–JORDAN, 2007 WL 1113251, at *3 (S.D.Fla. Apr. 13, 2007); *Chick–fil–A v. ExxonMobil Corp.*, No. 08–61422–CIV, 2009 WL 3763032, at *13 (S.D.Fla. Nov. 10, 2009); *Ierardi v. Lorillard, Inc.*, No. 90–7049, 1991 WL 66799, *3 (E.D.Pa. Apr. 15, 1991) (if party's 30(b)(6) witness, because of lack of knowledge or failing memory, provides a "don't

know" answer, then "that is itself an answer" and the corporation "will be bound by that answer"). In addition Rule 37(c)(d) provides for sanctions against the responding party that disregards its obligations imposed by the discovery rules, even when there is no existing order specific to discovery." Further, if an organization produces an unprepared witness just like the Plaintiff did here, the court should consider that as "tantamount to a failure to appear," which is equally sanctionable. *Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)("If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all").

**HOWE 16**

Fay and MFRA filed this action to collect on the Howe Loan when they had no legal right to collect on the Howe Loan and admitted as much by their failed effort to avoid the preclusive effect of the Prior Action concealed from disclosure in their Complaint in this Court.[28]

**PLAINTIFF'S RESPONSE**

The Plaintiff objects to the allegations set forth in Paragraph 16 first because they are arguments not factual statements and secondly on the basis that said allegations call for a legal conclusion as to the Plaintiff's foreclosure and collection rights. Denied, that the Plaintiff's Motion to Amend the Judgment entered in the Prior Action represents an admission that the claims at issue in the instant action could have been raised in the Prior

---

[28] **Howe 4-9**. *See also* Fay Paterno Dep. at 88:15-20; Doc. 63-24, #1031 ("Q.     Right. So in that complaint filed by the trust with the authority of Fay in Florida, there's an admission that there's no right to foreclose but for the relief requested by the Florida court, correct? A.     I think the document speaks for itself, yes.").

Action. *See* Record, Exhibit 13, Motion to Amend Judgment at 1, ECF Docket No. 63-13. The Motion filed in the Prior Action clearly contemplates amending the Judgment to clarify whether the Plaintiff is precluded from bringing a subsequent claim to establish standing to foreclose, as opposed to enforcing the Note personally against the Defendants. *See id.* ("It is acknowledged that this method of establishing standing through a declaratory action brought against the originator and any Party-in-Interest . . . was precluded by the Law Court's decision in *Beal Bank v. New Century* . . ."). Further denied that the Florida action was concealed from either counsel for Howe or the Court and that once the Quitclaim Assignment was executed and recorded the Plaintiff sought to amend the Complaint to include a foreclosure count and refer the matter to the Foreclosure Diversion Program and Howe opposed.

### HOWE 16 REPLY

The Parties' positions on whether the Prior Action precluded collection of the Howe Loan is discussed at length in the parties' supporting and opposing memoranda. Further, a fact may involve a mixed question of law and fact appropriate for adjudication especially when the conduct at issue involves debt collection by litigation. *See e.g Heintz v. Jenkins*, 514 U.S. 291 (1995) (holding FDCPA applies to litigation conduct).

### HOWE 17

Fay sent mortgage statements and other communications to Howe, while this matter was pending, even though it knew she was represented by her counsel of record in this case.[29]

---

[29]   Fay Paterno Dep. at 43:16-44:16; Doc. 63-24, #1020 (Q.    All right.   So did Fay Servicing know on or about December 6, 2021, that Mr. Steed was   representing Ms. Howe? A.    Yes"). *See also* Fay Paterno Dep. at 82:10-85:22; Doc. 63-24, #1030 (discussing periodic statements between December 10, 2020, and December 11, 2021, and admitting at 82:11-14 that statements

**PLAINTIFF'S RESPONSE**

Admitted that regular monthly mortgage statements were sent by Fay and that the 14 M.R.S. 6111 Notice was required to be sent to Howe as set forth in the stipulated record.

### HOWE 17 REPLY

Fay and the Plaintiff admits it knowingly and willingly communicated directly with Ms. Howe was represented by counsel and relies upon state law to claim some excuse when Federal law and the Federal rules of Civil Procedure control this issue and cannot be reconciled with the Counter Defendants' conduct.

Dated: November 16, 2023

Respectfully submitted,

*/s/ John Z. Steed*

John Zachary Steed
Island Justice
P.O. Box 771
Stonington, Maine 04681

207.771.7011

john@islandjusticelaw.com

***Counsel for Defendant/Counter Plaintiff Melanie Howe***

*/s/ Phillip R. Robinson*

Phillip R. Robinson
*Admitted Pro Hac Vice*
Consumer Law Center, LLC
10125 Colesville Rd., Suite 378
Silver Spring, MD 20901
Telephone: 301.448.1304

phillip@marylandconsumer.com

***Counsel for Defendant/Counter Plaintiff Melanie Howe***

---

were sent to Ms. Howe at the Property address), Fay Paterno Dep. at 90:22-91:13; Doc. 63-24, #1032 (Q.     So those statements . . . from January 10, 2020, through March of 2023 were sent by Fay to Ms. Howe at the property address, correct? A: Correct"), Periodic Mortgage Statements while Matter was Pending; Doc. 63-36, #1326-1363 (Counter Defendants responses to RPDs at 580-617), and Doonan Correspondence (April 14, 2023); Doc. 63-21, #954-68.

**CERTIFICATE OF SERVICE**

I, John Z. Steed., hereby certify that on this <u>16th</u> day of November, 2023, I served a copy of the above document by electronic notification using the CM/ECF to counsel for the Plaintiff and Counterclaim Defendants.

/s/ John Z. Steed
(Attorney for Melanie B. Howe)