# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1** | **CIVIL ACTION NO: 2:21-cv-00278-NT** |
| | **SUPPLEMENTAL MEMORANDUM OF LAW** |
| vs. | **RE:** <br> **334 Deerwander Road, Hollis Center, ME 04042** |
| **Henry W. Howe, IV and Melanie B. Howe** <br><br> Defendants | **Mortgage:** <br> **April 20, 2007** <br> **Book 15139, Page 0540** |

NOW COMES the Plaintiff in this matter, Wilmington Trust, National Association, not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 (hereinafter "Plaintiff"and/or "Wilmington Trust"), and hereby submits this its Supplemental Memorandum of Law, pursuant to Order dated January 19, 2024, granting Motion for Leave to File Supplemental Memorandum [ECF No. 75], specifically pertaining to the Law Court's recent decisions in *Finch v. U.S. Bank,* __A.3d. __, 2024 ME 2, 2024 WL 118478, ("*Finch*").  On January 30, 2024, the Law Court issued it Opinion in the related case, *J.P. Morgan Mortgage Acquisition Corp. v. Moulton,* __A.3d. __, 2024 ME 13, 2024 WL 358047, ("*Moulton*") and this Memorandum will address the impact of both of these decisions on this case.

## I.      INTRODUCTION

In light of the Law Court's clear holdings in *Finch* and *Moulton,* explicitly outlining what does and does not constitute acceleration of a loan, Howe cannot demonstrate that a Prior Declaratory Action bars the instant Complaint on the Note. It is now well-settled in Maine that "where a lender has not complied with the prerequisites to acceleration under section 6111, a court

1

cannot conclude that initiation of a foreclosure action nevertheless accelerates the note balance." *Moulton*, 2024 ME 13, ¶ 12, *citing Finch*, 2024 ME 2, ¶ 6.

If the initiation of a judicial foreclosure and sale action by a party that lacks standing cannot result in acceleration of the mortgage debt, then the Court should reject Howe's request to extend the principles of *Pushard* and *Deschaine* regarding the preclusive effect of the dismissal of such an action, which have been overturned by *Finch*, 2024 ME 2, ¶ 51, to the dismissal of a Declaratory Judgment action brought to *establish* standing to foreclose (wherein it is alleged that the instant suit on a Note could have been brought). This is as it should be where, as here, the general rule in Maine is that declaratory judgments do not have a *res judicata* or preclusive effect. *See Bray v. Grindle*, 2002 ME 130, ¶ 20, 802 A.2d 1004, *citing Markley v. Semle*, 1998 ME 145, ¶¶ 22-26, 713 A.2d 945; *see also Johnson-Toothacre*, 2022 WL 3278883, *5 (holding that the probate court's judgment dismissing the lender's claim to recover the debt owed under a promissory note against the deceased borrower's estate did not preclude a subsequent foreclosure action because the claim to recover the debt under the note at issue in the probate proceedings was not the same as the claim to enforce the mortgage at issue in the foreclosure action). This general principle is even more true following the decision in *Finch* overturning *Pushard* and *Deschaine*. 2024 ME 2, ¶ 51. Highlighting the flawed reasoning behind the Court's prior holding that a loan may be accelerated through a defective 14 M.R.S. ¶ 6111 notice, the Law Court explained that "despite the plain statutory prohibition on acceleration without compliance with the statute, we held that the lender had accelerated the maturity of the loan by filing a foreclosure action that asserted that the entire balance was then due." *Finch*, 2024 ME 2, ¶ 2, *citing Pushard*, 2017 ME 230, ¶¶ 27, 31-33. Where, as here, Howe's *res judicata* defense fails in light of the recent decision in *Finch*, the balance of her counterclaims likewise fail. In light of the recent binding precedent, Summary Judgment in favor of Wilmington Trust on Howe's *res judicata* defense as well as her counterclaims is warranted.

## II. ARGUMENT

A. *Finch* and *Moulton* resolve Howe's defense under the doctrine of *res judicata* as a matter of law.

In *Finch*, the Law Court did not mince words in clarifying that a failed section 6111 notice does not accelerate a loan:

> In the Bank's foreclosure action against Finch, the Bank's failure to comply with section 6111 means that the Bank could not accelerate the note balance or enforce the mortgage. For claim preclusion purposes, the fact that the Bank could not accelerate the note balance or enforce the mortgage means that the Bank's claim for the full amount due on the note and for foreclosure of the mortgage was not and could not have been litigated, and a subsequent foreclosure action would therefore not be barred. That, in turn, means that the Bank's note and mortgage have not been rendered unenforceable.

2024 ME 2, ¶ 7; *see Moulton*, 2024 ME 13, ¶ 12.

This Motion for partial Summary Judgment presents an attempt to press the concept of *res judicata* even beyond what the litigants in *Finch* or *Moulton* were advocating. Howe claims that the 6111 notices were sent by Nationstar before it had established standing under *Greenleaf*[1], 2014 ME 89, ¶ 18, accelerated this loan. The analysis in the *Moulton Amicus* Brief is the same as that which Wilmington Trust relies upon in its Memorandum of Law filed in Opposition to the Motion for partial Summary Judgment and is based upon the reasoning adopted by the Law Court in *Finch*, and clearly extinguishes Howe's claims. The defective section 6111 notices did not and could not accelerate this loan. *Finch*, 2024 ME 2, ¶ 39. *Finch* and *Moulton* went even further to hold that the initiation of an actual foreclosure case does not accelerate the loan if the demand is insufficient. *Id.*; *Moulton*, 2024 ME 13, ¶ 12. It follows that the initiation of a declaratory judgment case, filed for the purpose of establishing standing to *then* send a §6111 notice, cannot in any way result in the

---

[1] *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89.

acceleration of the mortgage debt and, thus, cannot and does not bar either this case or a future foreclosure case under the doctrine of *res judicata*.

B.  *Finch* and *Moulton* **resolve Howe's Counterclaims which also depend on the doctrine of** *res judicata* **as a matter of law.**

This case was brought on the Note to obtain a money judgment that would be enforceable through a Sheriff's sale. *See U.S. Bank v. Jones*, 330 F.Supp.3d 530 (D.Me. 2018), aff'd 925 F.3d 534 (1st Cir. 2019). Howe's primary defense to the claims at issue is to assert that the Plaintiff could have brought a suit on the Note against her together with its Prior Declaratory Action against the originator to establish standing to foreclose.

The Prior Declaratory Action was not a foreclosure action or a suit on the Note, and the Plaintiff is not a "state court loser" that has come to this Court to disturb a state court decision. The Prior Declaratory Action was an attempt to address the *Greenleaf* issue concerning the assignment and ownership of the Mortgage and nothing more.

Howe's *res judicata* defense as well as her counterclaims hinge on proving acceleration of the loan. In support of the Motion for Summary Judgment on her counterclaims Howe argued that, based on an affidavit her attorneys prepared and presented to Nationstar for signature containing legal conclusions, that the loan was accelerated. The exhibit itself states that it is "being submitted provisionally pending clarification from Nationstar." It is irrelevant what Nationstar believed or did not believe was the legal significance of the letters they sent as demonstrated by the recent rulings from the Law Court. A pitcher does not get to call his or her own pitches to be strikes, that is the job of the umpire. Here, Howe attempted to establish "acceleration" as a "fact" in her Motion and Statement of Fact, by claiming the prior servicer "said it was." *See* Jt. Record of Materials for Melanie Howe's Mot. for Summ. J., ECF Docket Nos. 72 6-7. Wilmington Trust explained that acceleration is a question of law and a loan cannot be accelerated before an entity with standing has sent a valid 6111 notice. The Law Court adopted this reasoning, reversed its prior decisions to the

contrary, and clarified that mortgage loans such as the instant one have not been accelerated through prior ineffectual letters.

### III. CONCLUSION

This Complaint advances four counts based on failure to pay the Howe Note, which is a contract under seal between the parties that has been modified on three separate occasions.[2] The significance of the analysis is *Moulton* and *Finch* was argued in Plaintiff's early pleadings.[3] The sea-change in Maine case law reflected in the Law Court's analysis these decisions, including the explicit historical analysis relating to a mortgage lender's standing to foreclose, resolves the legal arguments advanced by Howe and the Partial Summary Judgment may now be decided in Wilmington Trust's favor as a matter of law.

DATED: February 2, 2024

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

---

[2] *See* Jt. Record of Materials for Melanie Howe's Mot. for Summ. J. ("Record"), Exhibits 3, 4, Loan Modification Agreements, ECF Docket Nos. 63-3, 63-4.

[3] ECF 36 "For example, MFRA admits attempting to collect upon the Howe Loan obligation, acknowledged and modified three times and in default since 2014, but denies that it is without right to do so; denies that it is precluded from doing so by a declaratory action brought against Challenge Financial Investors Corp. (the "Challenge Declaratory Judgment Action") in which Howe was a Party-in-Interest; denies that the Challenge Declaratory Judgment Action is "prior litigation;" denies that it is "splitting its claims" and the outcome of the *Moulton* decision, particularly if the Law Court overturns its prior decisions,[*Pushard* and *Deschaine*] would certainly foreclose Howe's arguments that the instant action is precluded."

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this <u>2nd</u> day of February 2024, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

<u>/s/ Reneau J. Longoria, Esq.</u>
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
334 Deerwander Road
Hollis Center, ME 04042

Henry W. Howe IV
83 Deer Crossing Road
Limerick, ME 04048

John Z. Steed, Esq.
P.O. Box 386
Blue Hill, ME 04614