UNITED STATES DISTRICT COURT DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1<br>      Plaintiff<br><br>v.<br><br>HENRY W. HOWE IV<br>&<br>MELANIE B. HOWE<br>      Defendants | CIVIL ACTION NO: 2:21-CV-00278-NT |
| MELANIE B. HOWE<br>      Counter Plaintiff<br><br>v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1<br>&<br>FAY SERVICING LLC<br>      Counter Defendants | |

### DEFENDANT MELANIE HOWE'S SUPPLEMENTAL BRIEF ON FINCH

NOW COMES Melanie Howe and presents the Court this supplemental brief on the impact of the recent decision of the Maine Supreme Judicial Court in *Finch v. U.S. Bank*, __A.3d. __, 2024 ME 2, 2024 WL 118478, ("*Finch*") on the issues presented and pending before the Court in this case.

### INTRODUCTION

Generally, *Finch* involved the impact of an improper notice under 14 M.R.S.A. § 6111 when that notice serves as grounds for a judgment in favor of the mortgagee in a foreclosure action. *Id.* Finch specifically held that since a proper notice under Section 6111 is required to accelerate the debt on a note secured by a residential mortgage, that, when judgment is granted for a mortgagee

based on a defective 6111 notice, the debt cannot have been accelerated. *Id.* at ¶ 34. And so, a mortgagee who loses a foreclosure because of a defective 6111 notice may bring another foreclosure action on the unaccelerated balance. *Id.* at ¶ 39. While Finch alters the landscape of certain foreclosure litigation and issues, those issues have little direct baring on this action on a promissory note which was subject to prior, non-foreclosure litigation.

However, as discussed below, in getting to its holding *Finch* directly supports and affirms Ms. Howe's main argument already presented in this case: that a prior action concerning a promissory note bars collection on those portions of the note that could have been collected as part of the Prior Action. *Id.* at ¶ 51, fn 18. Since the Maine Supreme Court's ruling based upon Maine law is binding on this Court sitting in diversity, Howe's pending motion (ECF. 64) should be granted as the law is clear and the facts are undisputed and the Plaintiff is not entitled to the relief it seeks and Howe is entitled to a judgment in her favor, which *Finch* affirms.

## ARGUMENT

By in large the primary issue addressed in Finch has little baring on this case. Plaintiff's now alternative argument that, since it lacked standing to foreclose, it's notices could not comply with 6111, changes nothing. The Defendant agrees that the Plaintiff had no right to bring a foreclosure and unlawfully threaten foreclosure, but not based upon its defective notices. See ECF. 64 at Section III(C)(iv) pp. 14-15.

The Parties are bound by the terms of the promissory note attached to the Prior Action and which the Plaintiff seeks to enforce in this action. The Note signed by Ms. Howe provides:

> "if I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and the interest I owe on that amount"

ECF 63-1. #561, ¶ 6(C).

As discussed in the Parties' prior briefing, the Note, according to the prior authorized servicer assigned to collect upon it—i.e. Nationstar Mortgage LLC—from March 4, 2013 to February 21, 2017, had been accelerated by its terms before the Prior Action was filed and its full balance was due. ECF 64 at Section III(A)(iii), pp. 6-8. In addition, the Note was still accelerated and payable in full in February of 2017 when servicing transferred to another servicer and when the Prior Action was filed some few months later. ECF 63-6, #638. The Plaintiff has failed to offer any evidence to contradict this material fact which forecloses any relief sought by the Plaintiff in this action and further confirms the Plaintiff and its agent have no lawful right to collect from Howe. Nor does the Plaintiff cite any law that suggests that Nationstar cannot testify as to this most basic fact concerning the loan it was servicing: the balance due and payable on the Note. ECF 63-26 # 1067, ¶ 14. The record on summary judgment and Statement of Material Facts also point to two notices of default and right to cure which satisfy the Note's acceleration language. See HOWE 3; ECF 63-26 #1100, (Exhibit D); ECF 63-26 #1108 (Exhibit E).

While the core issue in this case is not in dispute, Footnote 18 in *Finch*, however, does clarify a point of law Howe already advanced in her argument. Footnote 18 says:

> The issue of the lender's compliance with section 6111 may arise in different contexts, such as on a motion to dismiss, a motion for summary judgment, or even at trial. The result is the same regardless of the context in which the issue arises—if the court determines that the lender has not complied with section 6111's notice requirements, the note balance cannot be accelerated, the foreclosure claim cannot be litigated, and the resulting judgment does not preclude a subsequent foreclosure action. *[But if] no claim for the unaccelerated amount due has been asserted, the effect of the judgment, under the rule against claim-splitting and the claim preclusion doctrine, is to bar any future claim for that amount because the claim could have been litigated regardless of the lender's failure to comply with section 6111.*

*Finch*, 2024 ME 2, ¶ 51 fn 18. (emphasis added).

While *Finch* addresses compliance with 6111, the rationale applied in Finch for that purpose also applies to any other action on a note, just like this action, for the relief which *could have been brought* at the time of a hypothesized, failed prior action but has been barred on the bases of claim preclusion and claim splitting.

Assuming arguendo that the Howe Note was not accelerated and fully due (notwithstanding the undisputed material facts before the Court showing that it was), all amounts owed as of the April 8, 2021 final judgment in the Prior Action are precluded from collection. See ECF 63-6 #644 (the Docket Record in the Prior Action); ECF 63-35 #1276-77 (mortgage statement date April 10, 2021, showing missed payments due of $115,514.90, a deferred balance of $23,199.73, and escrow balance of ($34,585.54) . So, to the extent res judicata applies to the Prior Action, at a minimum, summary judgment should be entered declaring that the sums due as of the date of the final judgment in the Prior Action, are not due under the Note and were not lawfully due when the Plaintiff and its authorized agents thereafter sought to collect from Ms. Howe those amounts.

## **CONCLUSION**

Finch supports Ms. Howe's arguments in her Motion for Partial Summary Judgment and summary judgment should be entered for Ms. Howe as requested in ECF 63 or, in the alternative as argued above.

| | |
|---|---|
| Dated: February 16, 2023 | Respectfully submitted, |

| | |
|---|---|
| */s/ John Z. Steed* | */s/ Phillip R. Robinson* |
| John Zachary Steed | Phillip R. Robinson |
| Island Justice | *Admitted Pro Hac Vice* |
| P.O. Box 771 | Consumer Law Center, LLC |
| Stonington, Maine 04681 | 10125 Colesville Rd., Suite 378 |
| | Silver Spring, MD 20901 |
| 207.771.7011 | Telephone: 301.448.1304 |
| john@islandjusticelaw.com | phillip@marylandconsumer.com |
| ***Counsel for Defendant/Counter Plaintiff Melanie Howe*** | ***Counsel for Defendant/Counter Plaintiff Melanie Howe*** |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing was served upon counsel for the Plaintiff and

Counterclaim Defendants when filed with the Court's CM/ECF system.

/s/ John Z. Steed
John Z. Steed
