UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1<br><br>      Plaintiff<br><br>v.<br><br>Melanie B. Howe and Henry W. Howe IV,<br><br>      Defendants<br><br>Asset Acceptance LLC<br>Credit Acceptance Corporation<br><br>      Parties-In-Interest<br>_____<br><br>Melanie B. Howe,<br><br>      Counter-Plaintiff<br>v.<br><br>Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1<br>and<br>Fay Servicing, LLC,<br><br>      Counter-Defendants | CIVIL ACTION NO: 2:21-cv-00278-SDN<br><br><br><br><br><br><br><br><br>RE:  334 Deerwander Road, Hollis Center, ME 04042<br><br>Mortgage:<br>April 20, 2007<br>Book 15139, Page 0540 |

**JOINT STATEMENT OF STIPULATED FACTS**

NOW COMES the Plaintiff, **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1**, and Defendant, **Melanie B. Howe**, through their respective undersigned counsel, and hereby file the following Statement of Stipulated Facts pursuant to the Court's Report of Final Pretrial Conference and Order [ECF 118].

1. On April 20, 2007, Melanie B. Howe and Henry W. Howe, IV, purchased the property located at 334 Deerwander Road, Hollis Center, Maine (the "Property") from Christopher J. Cote and Heather L. Cote, ("Cotes"), and the Cotes conveyed the Property to Melanie B. Howe and Henry W. Howe, IV, by Warranty Deed, which is recorded in the York County Registry of Deeds in Book 15139, Page 538. (A true but redacted copy of the deed is **Exhibit 1** in the Plaintiff's Trial Binder.)

2. Melanie B. Howe and Henry W. Howe, IV, financed their purchase of the Property with a loan from Challenge Financial Investors Corp.

3. Melanie B. Howe currently resides at the Property and has done so for most times relevant to this case since 2007.

4. Melanie B. Howe has had three children: a daughter, Jewell Colibrianna, born in 2003, a son, Henry W. Howe V. born in 2006, and second son, Hayden J. Howe, born in 2009.

5. In early 2005, the Defendants, Melanie B. Howe and Henry W. Howe, IV, met each other, and they were married in May 2005.

6. Henry W. Howe, IV, resided at the Property for over ten years after the Property was conveyed to the Defendants, but he does not currently reside in the property.

7. Challenge Financial Investors Corp. is a Florida corporation with a former place of business at 3505 E. Frontage Road, #165, Tampa, FL 33607.

8. On April 20, 2007, Melanie B. Howe and Henry W. Howe, IV, executed and delivered a Note under seal to Challenge Financial Investors Corp. in the amount of $208,000.00. (A true but redacted copy of the Note is **Exhibit 2** in the Plaintiff's Trial Binder.)

9. The Note provides for yearly interest at a rate of 7.250% with monthly principal and interest payments of $1,418.93 beginning on June 1, 2007, and continuing over a 30-year term.

10. The Note shows signatures of both Melanie B. Howe and Henry W. Howe, IV, but Melanie B. Howe signed for both of them while in the presence of Mr. Howe.

11. Challenge Financial Investors Corp. endorsed the Note to CitiMortgage, Inc., and said endorsement appears on the Note itself.

12. CitiMortgage, Inc. endorsed the Note in blank, and said endorsement appears on the Note itself.

13. On April 20, 2007, Melanie B. Howe and Henry W. Howe, IV, executed a Mortgage Deed concerning the Property to secure the Note (the "Mortgage"), and both Ms. Howe and Mr. Howe signed the Mortgage themselves. (A true but redacted copy of the Mortgage is **Exhibit 3** in the Plaintiff's Trial Binder.)

14. The Mortgage was in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Challenge Financial Investors Corp. and is recorded in the York County Registry of Deeds in Book 15139, Page 540.

15. Prior to 2009, Melanie B. Howe and Henry W. Howe, IV, fell behind on their payments under the Note and Mortgage and filed an application to bring their loan current through a modification of the mortgage loan.

16. On July 24, 2010, Melanie B. Howe and Henry W. Howe, IV, signed a loan modification agreement naming MERS as Mortgagee of record and Citimortgage Inc., as ("Lender"). (A true but redacted copy of the agreement is **Exhibit 4** in the Plaintiff's Trial Binder.)

17. On September 24, 2010, Challenge Financial Investors Corp. was administratively dissolved by the Florida Secretary of State, Division of Corporations, and the State of Florida currently lists the entity as an inactive Florida Profit Corporation.

18. In November 2010, Nationstar Mortgage became the servicer for the mortgage loan evidenced by the Note and Mortgage, and on or about November 11, 2010, Nationstar Mortgage sent a welcome letter to Melanie B. Howe and Henry W. Howe, IV. (A true but redacted copy of the welcome letter is **Exhibit 5** in the Plaintiff's Trial Binder.)

19. The Howe's communicated to Nationstar in 2010 that they could no longer afford the modified mortgage due to a loss of income and heath issues, and that they wanted to cure the default with a further modified loan.

20. In July 2011, Melanie B. Howe and Henry W. Howe, IV, signed a loan modification agreement with Nationstar Mortgage LLC designated as lender and MERS designated as mortgagee. (A true but redacted copy of the agreement is **Exhibit 6** in the Plaintiff's Trial Binder.)

21. On or about July 30, 2011, Melanie B. Howe and Henry W. Howe, IV, also executed a compliance agreement. (A true but redacted copy of the agreement is **Exhibit 7** in the Plaintiff's Trial Binder.)

22. On or about March 1, 2013, MERS assigned its interest in the Mortgage to Nationstar Mortgage LLC, and said assignment is recorded in the York County Registry of Deeds in Book 16559, Page 45. (A true but redacted copy of the assignment is **Exhibit 8** in the Plaintiff's Trial Binder.)

23. On or about August 12, 2014, Melanie B. Howe and Henry W. Howe, IV, executed another

loan modification agreement with Nationstar Mortgage LLC and MERS. (A true but redacted copy of the agreement is **Exhibit 9** in the Plaintiff's Trial Binder.)

24. On January 17, 2017, Nationstar Mortgage LLC assigned its interest in the Mortgage to MTGLQ Investors, LP, and said assignment is recorded in the York County Registry of Deeds in Book 17411, Page 360. (A true but redacted copy of the assignment is **Exhibit 12** in the Plaintiff's Trial Binder.)

25. On January 19, 2017, Nationstar Mortgage LLC inadvertently again assigned its interest in the Mortgage to MTGLQ Investors, LP, and said assignment is recorded in the York County Registry of Deeds in Book 17448, Page 478. (A true but redacted copy of the assignment is **Exhibit 13** in the Plaintiff's Trial Binder.)

26. On or about January 20, 2017, a notice of the assignment to MTGLQ Investors, LP, was sent to Melanie B. Howe and Henry W. Howe, IV. (A true but redacted copy of the notice is **Exhibit 14** in the Plaintiff's Trial Binder.)

27. On or about March 1, 2017, a notice with servicing transfer information was sent by Selene Finance to Melanie B. Howe and Henry W. Howe, IV, and it stated that the servicer for the mortgage loan was changing from Nationstar Mortgage LLC to Selene Finance LP. (A true but redacted copy of the notice is **Exhibit 15** in the Plaintiff's Trial Binder.)

28. On or about August 15, 2017, a notice with servicing transfer information was sent by Selene Finance to Melanie B. Howe and Henry W. Howe, IV, and it stated that the servicer for the mortgage loan was changing from Selene Finance LP to Fay Servicing, LLC. (A true but redacted copy of the notice is **Exhibit 18** in the Plaintiff's Trial Binder.)

29. On or about September 11, 2017, Fay Servicing sent a welcome package to Melanie B. Howe

and Henry W. Howe, IV. (A true but redacted copy of the welcome package is **Exhibit 19** in the Plaintiff's Trial Binder.)

30. On September 12, 2017, MTGLQ Investors, LP, assigned its interest in the Mortgage to the Plaintiff, and said assignment is recorded in the York County Registry of Deeds in Book 17568, Page 206. (A true but redacted copy of the assignment is **Exhibit 20** in the Plaintiff's Trial Binder.)

**31.** On December 5, 2017, the inadvertent second assignment of the Mortgage to MTGLQ Investors, LP, was rescinded. (See the July 19, 2017 assignment above. A true but redacted copy of the rescission is **Exhibit 21** in the Plaintiff's Trial Binder.)

**32. Henry W. Howe, IV, and Melanie B. Howe were divorced in 2022.**

33. On February 3, 2022, Henry W. Howe, IV, conveyed his rights and interests in the Property to Melanie B. Howe by a Quitclaim Deed, which is recorded in the York County Registry of Deeds in Book 18944, Page 635. (A true copy of the deed is **Exhibit 25** in the Plaintiff's Trial Binder.)

34. On August 26, 2022, the Plaintiff filed a Complaint with the Florida Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in which the Plaintiff sought declaratory relief and the appointment of a receiver for Challenge Financial Investors Corp. (A true copy of the complaint with the exhibits thereto is **Exhibit 23** in the Plaintiff's Trial Binder.)

35. On or about January 18, 2023, the Plaintiff filed a Motion to Appoint Receiver with the Florida Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in which the Plaintiff sought the appointment of a receiver for Challenge Financial

Investors Corp. (A true copy of the motion with the exhibits thereto is **Exhibit 27** in the Plaintiff's Trial Binder.)

36. On February 3, 2023, the Florida Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida issued an order appointing Paul Wersant, Esq., as the Receiver for Challenge Financial Investors Corp. (A true copy of the order is **Exhibit 28** in the Plaintiff's Trial Binder.)

37. On February 21, 2023, Paul Wersant, Esq., solely in his capacity as Receiver for Challenge Financial Investors Corp., executed a quitclaim assignment of the Mortgage on behalf of Challenge Financial Investors Corp. to the Plaintiff, and said quitclaim assignment is recorded in the York County Registry of Deeds in Book 19237, Page 344. (A true copy of the quitclaim assignment is **Exhibit 29** in the Plaintiff's Trial Binder.)

38. On or before May 26, 2023, Melanie B. Howe had notice of (a) the Florida Court's order appointing the receiver and (b) the quitclaim assignment of the mortgage by the receiver, because they were attached as exhibits to the Plaintiff's Motion to Amend Complaint filed in his case on [ECF 47].

39. On August 5, 2024, Doonan, Graves & Longoria, LLC, sent another a Notice of Mortgagor's Right to Cure to Melanie B. Howe and Henry W. Howe, IV, by certified mail and regular U.S. first class mail, and said notice was sent on behalf of Fay Servicing, LLC, and the Plaintiff pursuant to 14 M.R.S. § 6111. (A true copy of the notice is Exhibit 35 in the Plaintiff's Trial Binder.)

40. Melanie W. Howe is currently in possession and control of the Property.

41. Melanie W. Howe has appeared in this proceeding and is not in the military.

42. Henry W. Howe is not in the military.

43. Plaintiff and Defendant completed mediation via the Maine Foreclosure Diversion Program, as required by 14 M.R.S. § 6321-A.


Dated: December 11, 2025          /s/Reneau J. Longoria, Esq.
                                  Reneau J. Longoria, Esq., Bar No. 005746
                                  Attorneys for Plaintiff
                                  Doonan, Graves & Longoria, LLC
                                  100 Cummings Center, Suite 303C
                                  Beverly, MA 01915
                                  (978) 921-2670
                                  RJL@dgandl.com

Dated: December 11, 2025          /s/John Z. Steed, Esq.
                                  John Z. Steed, Esq., Bar No. 5399
                                  Island Justice Law
                                  P.O. Box 771
                                  Stonington, ME 04681
                                  (207) 200-7077
                                  John@islandjusticelaw.com

CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on December 11, 2025, I served a copy of the above document by electronic notification using the CM/ECF system or by U.S. First Class Mail Postage Prepaid to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

**Electronic Service:**

John Z. Steed, Esq.
Island Justice Law
40 School St.
P.O. Box 771
Stonington, ME 04681

**Service by U.S. First Class Mail:**

Henry W. Howe IV
350 River Road
Standish, ME 04084

Henry W. Howe IV
83 Deer Crossing Road
Limerick, ME 04048

Asset Acceptance LLC
c/o Corporation Service Company, 45 Memorial Circle
Augusta, ME 04330

Credit Acceptance Corporation
c/o Kimmel Beach & Fitzpatrick, P.A., Attorney
62 Portland Road, Suite 1
Kennebunk, ME 04043