UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:21-cv-00278-SDN |
| HENRY W. HOWE IV and MELANIE B. HOWE, | ) | |
| Defendants, | ) | |
| ASSET ACCEPTANCE, LLC, and CREDIT ACCEPTANCE CORPORATION, | ) | |
| Parties-in-Interest. | ) | |
| MELANIE B. HOWE, | ) | |
| Counter-Plaintiff, | ) | |
| v. | ) | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1 and FAY SERVICING, LLC, | ) | |
| Counter-Defendants. | ) | |

**ORDER FOR ADDITIONAL BRIEFING**

Following the December 16 and 17, 2025, bench trial in this matter, the parties submitted proposed findings of fact and conclusions of law, ECF Nos. 154 & 155, and supplemental briefing, ECF Nos. 156, 160, 161, 164 & 165. Having considered the parties'

testimony and reviewed the exhibits, briefs, and post-trial submissions, the Court concludes that additional briefing is necessary before it can determine the appropriate monetary relief, if any, on the claims presented.

The Court has reviewed the parties' calculations of the amounts sought under Counts I and II and finds those calculations rely on the principal balance, interest rate, and fee schedule set forth in the 2014 Loan Modification. The viability of that loan modification remains at issue, however. The parties have not addressed the extent to which the amounts sought would differ if calculated under the terms of the original Note and Mortgage executed on April 20, 2007—which included an original principal balance of $208,000.00 and the Note's stated interest rate of 7.25% per annum—rather than the terms introduced by the 2010, 2011, or 2014 modification agreements. Accordingly, additional briefing is necessary to give the Court a basis to determine the amounts properly recoverable under Counts I and II.

The parties are therefore **ORDERED** to brief the following, with supporting calculations and record citations for each figure proposed:

1. The total interest accrued under the Note's 7.25% per annum rate, calculated from the date of the Howes' asserted default in October 2014 through December 17, 2025, together with the calculation methodology and the record citations supporting the calculation;
2. The amount of late fees, if any, recoverable under the terms of the original Note—as distinct from any late-fee schedule introduced by the 2010, 2011, or 2014 modification agreements—together with the contractual provision authorizing the fee and the record evidence establishing the amount assessed;

3. The amount of escrow advances for real estate taxes and property insurance attributable to obligations under the original Mortgage, together with record citations establishing that these amounts were not calculated using terms unique to the modification agreements (relevant to both Count I and Count II);
4. The amount of pro rata mortgage insurance premium/private mortgage insurance (MIP/PMI) costs attributable to obligations under the original Mortgage, together with supporting record citations (relevant to Count I only); and
5. Any additional costs and expenses, including reasonable attorneys' fees, recoverable under the terms of the original Note and Mortgage for enforcing the Note, together with supporting documentation.

For each category, the parties should propose a specific dollar figure. Where a party contends that a category or amount is unsupported by the record or unrecoverable under the original Note and Mortgage, the party should identify the legal and factual basis for that position, with record citations.

The parties are **ORDERED** to submit briefing addressing the foregoing issues on or before **September 4, 2026**, with each submission limited to 12 pages. The parties may submit rebuttal briefs addressing the opposing party's submission on or before **September 9, 2026**, with each rebuttal limited to 7 pages. No reply memoranda are permitted.

This briefing is limited to the calculation of monetary relief on Counts I and II of the Note Action. The parties should not reargue liability, standing, the enforceability of the modification agreements, or any other issue previously addressed in their post-trial

submissions. A party's failure to address a category or figure identified in this Order shall be deemed a waiver of argument on that point.

**SO ORDERED.**

Dated this 28th day of August, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**